Case No. 13-CI-400421       Jefferson Circuit Court, Division 13
  C/W 13-CI-400451         Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC            Plaintiff

v.        **Harper Counterclaimants'**
    **Third Amended Counterclaim and Intervening Complaint**

Rose Harper, Deddo Goldsmith,        Defendants
Phillip R. Julian and  Karyn Julian

and

Rose Harper, Deddo Goldsmith       Counterclaim Plaintiffs/
Phillip R. Julian, Karyn Julian        Intervening Plaintiffs
James Brown, Theresa Cambron,
Phillip Leigh, and Emil Walther III
v.

Tax Ease Lien Servicing, LLC,       Counterclaim Defendants
Tax Ease Lien Investments 1, LLC, Blue Grass
Abstract, LLC, Lien Data Services, LLC, Phil
Migicovsky, Hayden Craig & Grant, PLLC,
Richard Eric Craig, Sherrow, Sutherland &
Associates, PSC, and Billy W. Sherrow  * * * * * *

> **WHEREAS, since [2005], it has come to the attention of the General Assembly that some private purchasers have been attempting to exact unconscionable attorneys' fees and costs from individuals paying certificates of delinquency. . . .**
>
> **2007 Ky. Acts Ch. 14, preamble.**

Rose Harper, Deddo Goldsmith, Phillip Julian, Karen Julian, James Brown, Theresa Cambron, Philip Leigh, and Emil Walther III, by counsel and on behalf of others similarly situated (collectively referred to as the Harper Counterclaimants), for their counterclaim/intervening complaint against Tax Ease Lien Servicing, LLC ("TELS"); Tax Ease Lien Investments 1, LLC ("TELI"); Blue Grass Abstract, LLC ("BGA"); Lien Data Services, LLC ("LDS"); Phillip S. Migicovsky; Hayden, Craig & Grant, PLLC (n/k/a Craig Law Office), PLLC ("HCG"); Richard Eric Craig; Sherrow, Sutherland & Associates, PSC ("SSA"); and Billy W. Sherrow; (collectively the TELS Defendants), state as follows:

1

## INTRODUCTION

1. This is a class action brought on behalf of Ms. Harper, Mr. Goldsmith, Mr. and Mrs. Julian, Mr. Brown, Ms. Cambron, Mr. Leigh, Mr. Walther and a class of all Kentucky property owners, lenders, and purchasers who have had fraudulent, unlawful, non-actual, and unreasonable attorneys' fees and costs sought or extracted from them in connection with the collection of tax certificates of delinquency by the TELS Defendants and their various associations-in-fact. The TELS Defendants, individually and through associations-in-fact, operate a state-wide fraudulent scheme to collect excessive and unlawful costs many times more than the legal total return on tax certificates of delinquency.

## THE PARTIES

2. Rose Harper is 77 years old and has been widowed for over 20 years. She and her son Deddo Goldsmith, along with other family members, live in a house at 304 N. 17th Street in Louisville. Ms. Harper has lived in this house since 1974, although she has sold, rented, and repurchased the house in the intervening 40 years. Mr. Goldsmith is a truck driver. Unless otherwise specified, references in this counterclaim to Ms. Harper include Mr. Goldsmith.

3. Mrs. Julian has owned the house at 2219 West Kentucky St., in Louisville, since 1983. She and her husband Phillip are both disabled and retired.

4. James Brown has owned the house located at 3411 W. Muhammad Ali Boulevard since 1977.

5. Theresa Cambron is 83 years old and has owned the house at 1416 S. 8th St., in Louisville since 1989. She worked for Shoney's for 25 years until she became ill in 2004. In 2005, she had a defibrillator implanted and was placed on oxygen. In 2006 she became totally disabled and eventually received a disability exemption that reduced the taxable

assessment on her property to zero. Prior to that determination, however, TELI purchased certificates of delinquency for tax years 2004, 2005, 2006, and 2008.

6. Philip Leigh, individually and through his business Third Century Development Corporation, develops residential real estate in Jefferson and Bullitt counties.

7. Emil Walther owns several parcels on Arcade Avenue, just west of Churchill Downs. The property includes the site of the florist business started by his grandfather, as well as a family home.

8. TELS is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is in the business of purchasing and collecting certificates of delinquency resulting from unpaid real property taxes. It also sells financial services in the form of payment plans. TELS has been one of the top five purchasers of certificates of delinquency in Jefferson County over the last five years and was the largest by dollar amount in 2012. Phillip S. Migicovsky was the sole manager of TELS until this counterclaim was filed and is identified as its organizer in the records of the Kentucky Secretary of State.

9. TELI is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is TELS alter ego, it is substituted for TELS without explanation by TELS's attorneys, and it is referred to by those attorneys as an "a/k/a" for TELS. See Exhibits 1 and 2. Phillip S. Migicovsky was the sole manager of TELI until this counterclaim was filed and is identified as its organizer in the records of the Kentucky Secretary of State. For purposes of this counterclaim, references to TELS include TELI.

10. BGA is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys with abstracts of title for real property located throughout Kentucky. Phillip S. Migicovsky was the sole manager of BGA until this counterclaim was filed. See Exhibit 3.

11. LDS is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys services in connection with tax lien foreclosures. Phillip S. Migicovsky was the sole manager of LDS until this counterclaim was filed, See Exhibit 4.

12. Phil Migicovsky is, upon information and belief, a resident of Texas. He controls TELS, TELI, BGA, and LDS and their business transactions in Kentucky either as a manager or the sole manager of those entities, and was the organizer of TELS and TELI in Kentucky. Mr. Migicovsky is subject to service through the Kentucky Secretary of State at 14901 Quorum Dr., Suite 900, Dallas, TX 75254.

13. HCG is a Kentucky professional limited liability company with its principal office at 718 West Main St., Suite 202, Louisville KY 40202. Its registered agent at that address is Richard Eric Craig. HCG participates in the management and operation of TELS's tax lien foreclosure business in Kentucky. It prepares and mails various letters required under Kentucky statutes regulating tax liens, calculates payoff amounts and sends those through the mails and interstate wires, establishes payment plans, and forecloses on the liens, causing process and other papers to be sent through the mails. In performing all these functions, HCG asserts and collects claims on behalf of TELS for purportedly actual and reasonable costs arising out of services provided by BGA, LDS and HCG.

4

14. Richard Eric Craig is an attorney licensed to practice law in the Commonwealth of Kentucky. He is a member of HCG, and performs and supervises the functions of HCG described above.

15. SSA is a Kentucky professional service corporation with its principal office at 200 Southland Drive, Lexington, Kentucky, 40503. SSA allows TELS and others to place its name and address on letters prepared by LDS and mailed by LDS through a third party vendor. These letters are later misrepresented to Kentucky courts and others as evidence of actual work performed by SSA attorneys for the purpose of manufacturing the maximum amount of prelitigation attorney's fees authorized by KRS 134.452.

16. Billy W. Sherrow is the president and a director of SSA. He allows TELS and others to place a facsimile of his signature on letters prepared by LDS and mailed by LDS through a third party vendor. These letters are later misrepresented to Kentucky courts and others as evidence of actual work performed by Mr. Sherrow for the purpose of manufacturing the maximum amount of prelitigation attorney's fees authorized by KRS 134.452.

17. All of the TELS Defendants conduct and participate in the conduct of the affairs of an association-in-fact enterprise made up of at least TELS, TELI, BGA, LDS, Phillip S. Migicovsky, HCG, Richard Eric Craig, SSA, and Billy W. Sherrow.

18. All of the TELS Defendants reside in and/or transact business in the Commonwealth of Kentucky either themselves or by agents. The claims in this action arise out of their business transacted in Kentucky.

### THE TAX LIEN OVERCHARGING SCHEME

19. When Kentucky property taxes remain unpaid beyond statutory deadlines, the tax liability is converted to a certificate of delinquency held by the county clerk in the county where the property is located. Those certificates are ultimately sold to private purchasers,

including TELS and TELI, who pay cash in the amount of the back taxes and assorted statutory fees.

20. The certificates bear interest at the rate of 12% per year and are a lien on the real property of the taxpayer superior to all other liens, including prior mortgages. They also support an *in personam* claim against the owner of the real property on the date of assessment.

21. To provide an incentive even beyond the 12% interest, Kentucky statutes entitle private purchasers to collect actual and reasonable attorneys' fees and costs in collecting the certificates, subject to both statutory and court-supervised limitations.

22. Because of the sort of abuses referenced in the preamble to this counterclaim, the statutes governing the tax lien collection process have been under almost constant revision since 2007. But the limitation that attorney's fees and costs recovered as part of the collection be both "actual" and "reasonable" has been part of the statute since the creation of KRS 134.452 in 2007 and has survived all amendments. The same standard has also long applied to attorney's fee recoveries in all actions and is an ethical limitation enforced under SCR 3.130(1.5).

23. This super-secured net 12% return is not enough for the TELS Defendants, who devised a scheme to multiply the total return on the certificates of delinquency by a factor of two, three, or more, while also extracting fees for work not performed along the way.

24. The TELS Defendants have executed this scheme by creating shell entities, including BGA and LDS, to fabricate and charge themselves non-actual and unreasonable attorney's fees and litigation costs, which they then attempt to pass on to property owners, to the detriment of both the property owners and junior lien holders.

**The BGA scheme fabricates $300 in charges per lien.**

25. BGA purports to be a title abstract company ("Blue Grass Abstract") that performs the title work necessary to identify proper defendants in foreclosure actions relating to

6

certificates of delinquency. In fact, it has no presence in Kentucky, no ability to perform meaningful title review in Kentucky, and relies completely on subcontractors to perform its actual work.

26. A substantial portion of the actual title work is subcontracted to Court Street USA, LLC, a Kentucky company located in Pendleton County and doing business as Document Retrieval Network ("DRN"). DRN maintains a network of title abstractors throughout Kentucky who are capable of actually inspecting and reporting on Kentucky titles. DRN has performed nearly 6000 title searches and other related services for the TELS Defendants since 2010. Its average charge to the TELS Defendants for this work is approximately $106, and its work product alone is sufficient for a competent attorney to use to prepare a foreclosure complaint. DRN's work product in connection with Rose Harper's parcel is attached as Exhibit 5. The Harper property was an outlier in terms of DRN's charges, with a total cost to BGA of $259.

27. BGA received DRN's work, added no value whatsoever, and billed HGA $595, the same amount demanded by HGA of Ms. Harper and Mr. Goldsmith.

28. BGA adds approximately $300 in bogus fees to nearly every title report associated with a TELS Defendant foreclosure while adding no value to title work that it typically purchases for approximately $106. This fraudulent charge alone often effectively doubles the total return for the TELS Defendants, while concealing the fraud as a purported litigation expense. To ensure that these unlawful charges are collected, they are added to the files well before litigation actually commences, and in some cases before any title work is actually performed.

29. In at least one instance, TELS purports to have charged its own attorney $205 for purported title work, who then claimed to have charged the same amount back to TELS. This was after the same attorney affirmed that he had already paid BGA $195 for a title search in the same action, for a total of $400 for purported title review. See Exhibit 6.

The court in that action limited TELS to a reasonable charge of $100 for all title work. See Exhibit 7.

**The LDS scheme fabricates hundreds of dollars of bogus attorney's fees.**

30. TELS is a debt collection mill and, like most such businesses, regularly and repeatedly duns its debtors to encourage payment.

31. Some letters are internally described as "soft," and attempt to extract money through offers of cooperation. See Exhibit 8.

32. Some letters written to make it sound like the debtors are lucky to be dealing with a company such as TELS, which is always "***READY TO MAKE A DEAL!!!***" at "***VERY favorable terms.***" See Exhibit 9.

33. Not surprisingly, some letters are internally described as "hard," and simply threaten to foreclose if payment is not made. See Exhibit 10.

34. The TELS Defendants, and particularly LDS, maintain complex computer databases to create and track all of this correspondence. Unfortunately for the TELS Defendants, Kentucky law does not allow them to recover directly for all these letters, meaning that the cost has to come from the guaranteed 12% return on the certificates of delinquency. The TELS Defendants have found a fraudulent way around this limitation, however.

35. Kentucky law *does* allow third-party producers to recover some prelitigation attorney's fees, contemplating the third-party purchasers will actually hire real Kentucky lawyers and pay them to actually attempt to collect the debt. That doesn't put money in TELS pockets, however, so the TELS Defendants simply pretend to be using lawyers to prepare their dunning letters. Using the same LDS mechanisms that already exist to send dunning letters, the TELS Defendants send nearly identical letters purporting to come from SSA and Billy Sherrow. The TELS Defendants then represent to courts throughout the Commonwealth that these letters were actually prepared by SSA at a cost of

approximately $75 per letter and that TELS should be reimbursed these amounts as attorney's fees.

36. Examples of these phony attorney's letters are attached as Exhibit 11. It's no coincidence that they are nearly identical in format to the other collection letters, as they are prepared by the same LDS employees, under the direction of Phil Migicovsky, Michelle Le and others.

37. The bogus letters are then shipped, hundreds or thousands at a time, to a mail processing vendor in Lexington, Kentucky, which mails them and returns paperwork to LDS making it appear that the mailing was performed for SSA.

38. To make this system work, the TELS Defendants need a Kentucky lawyer willing to allow his name to be used, and they found him in Billy Sherrow of SSA. Mr. Sherrow's scanned signature and firm name appear atop tens, if not hundreds, of thousands of letters created by TELS/LDS in Dallas. LDS creates the letters, the mailing database merges, the associated postal records, and everything else associated with these letters, and then sends them, not to Mr. Sherrow, but to a mailing vendor in Lexington, who sends them to the victims of the scheme.

39. When the TELS Defendants collect from the victims of their scheme, either through foreclosure action, or otherwise, they simply multiply $60-$75 by the number of letters required to reach the maximum prelitigation attorney's fees statutorily authorized for that particular lien, thus converting their own clerical work into "attorney's fees" in order to increase their own recovery while giving the appearance of complying with Kentucky law.

40. A well-documented example of this scheme is seen in the Lincoln County action styled *TELI v. Betty Ann Martin*, 10-CI-00197. In that action, the tax lien in question was

purchased for $267.33. Under KRS 134.452, the maximum prelitigation attorney's fees recoverable were $267.33.

41. In the *Martin* case, Trey Gulledge, now the COO of TELS, presented an affidavit representing to the court that Mr. Sherrow and SSA had prepared a series of letters supporting a claim for attorney's fees. According to Mr. Gulledge, TELI "incurred" $69.50 for two of the letters, $62.50 for another, and $65.83 for the last letter (the exact amount left to maximize the attorney's fees allowed by law). See Exhibit 12.

42. In fact, the letters were prepared and mailed by Michelle Le, a leased employee of LDS who, upon information and belief, is not an attorney. Ms. Le mailed the letters in question, along with thousands more, through a vendor in Lexington. One of the letters to Ms. Martin referenced in Mr. Gulledge's affidavit is attached as Exhibit 13. It was obtained through subpoena of the Lexington mailing vendor. As is almost universally the case, the same mailing batch included a confirmation letter to Ms. Le, attached is Exhibit 14. Exhibits 13 and 14 cost $.74 each to mail, and the TELS Defendants demanded nearly one hundred times that amount.

43. Kentucky law authorizes up to $700 in prelitigation attorney's fees for a single lien, depending on the amount of the certificate of delinquency. The TELS Defendants have manufactured a scheme to pocket that money in support of their dunning operation without actually paying the millions of dollars supposedly represented by these letters to any attorney. On a typical-sized certificate of delinquency, the LDS scheme by itself can more than double the 12% return authorized by law.

44. In addition to the phony attorney's fees, the TELS Defendants also include a uniform $100 charge for LDS in their payoff communications, further increasing their return through the collection of unauthorized fees. This charge is in no way authorized by any interpretation of Kentucky law. See additional examples Exhibits 1, 18, 20, 23, 30, 31, and 32. While in reality this bogus charge simply supports the same dunning operation,

Mr. Craig has a different explanation, discussed in connection with several of the individual counterclaim defendants below.

45. Through the BGS scheme, the LDS scheme, and other methods, the TELS Defendants dramatically increase their return on the certificates of delinquency by fraudulently inflating attorneys' fees and costs and using the United States mails and wires to assert claims for attorneys' fees and costs against taxpayers that are neither actual nor reasonable, nor authorized by statute. These charges include:

    a.   charges for title reports that are inflated by more than 800%,

    b.   charges for warning order attorneys that are inflated by up to 900%,

    c.   charges for address checks that are *50 times* the statutory maximum cost to TELS, and which are not recoverable under Kentucky law,

    d.   charges for unreasonable attorneys' fees,

    e.   charges for attorney's fees based on work done by LDS, and

    f.   duplicated charges otherwise awarded through statutory allowances.

46. TELS claims to be the largest private purchaser of certificates of delinquency in the Commonwealth and to be active in all 120 counties. It represents that it has purchased over 60,000 certificates of delinquency in the Commonwealth Kentucky for over $50 million. Court records from other actions involving members of the association-in-fact enterprise indicate that the scheme is being applied in many actions and in multiple counties.

47. TELS promotes itself to public officials as a low-cost alternative to consumer loans. In fact, after the operation of its scheme, the costs TELS charges are substantially higher than loans for the actual liabilities under the certificates of delinquency.

48. In a small percentage of claims, the scheme has been brought to the attention of judges and other court officers, the unreasonable charges have been questioned or rejected. See Exhibits 7 and 15. Exhibit 15 contains a report from the Jefferson County Master

Commissioner's office and a separate judgment, annotated by the Master
Commissioner's office, both rejecting the BGA scheme and questioning the LDS scheme.

49. But TELS is aware that most assertions of these charges will never come to the attention
of any court, and thus TELS continues to assert them throughout the Commonwealth.

50. When challenged by property owners with counsel, the TELS Defendants repeatedly
settle or attempt to withdraw their claims, focusing their efforts on those unable to mount
a defense.

## THE SCHEME IN ACTION—Rose Harper

51. On April 26, 2011 Ms. Harper and Mr. Goldsmith purchased 304 N. 17th Street. They
had previously been tenants in the property. Their seller, Trinity Christian Action, Inc.,
had not paid property taxes for several years prior to the sale. Almost immediately upon
closing, Ms. Harper received a delinquent tax notice for tax year 2010 from Jefferson
County Attorney Michael O'Connell.

52. On June 27, 2011 Ms. Harper entered into a payment plan with County Attorney
O'Connell's office for the 2010 taxes, and successfully paid them off by November 2011,
for $870.00. See Exhibit 16.

53. On August 6, 2010 TELS purchased a certificate of delinquency resulting from real
property taxes assessed as of January 1, 2009 on 304 N. 17th Street. These taxes were an
obligation of Trinity Christian Action, Inc., the owner of 304 N. 17th Street on January 1,
2009. The purchase price of the certificate of delinquency was $855.76; essentially the
same tax amount as the 2010 bill Ms. Harper paid.

54. On July 1, 2011, three days after Ms. Harper entered into the payment plan with County
Attorney McConnell, TELS, using the LDS scheme, sent a letter to Ms. Harper through
the U.S. mail regarding the 2009 certificate of delinquency it had purchased for $855.76.
The letter demanded a payoff of $1535.40. See Exhibit 17.

55. The July 1, 2011 letter sent by TELS/LDS was part of the fraudulent scheme to obscure the amounts sought by TELS, as evidenced by the multiple ways that the letter fails to comply with the requirements of KRS 134.490. The deficiencies include:

   a.      failure to state the intent to institute legal action to collect the amount due,

   b.      failure to state that the certificate bears interest at the statutorily specified rate,

   c.      failure to separately state the purchase price for the certificate of delinquency,

   d.      failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency, and

   e.      failure to state separately the fees imposed by the third party purchaser.

56. On or about September 1, 2011 TELS/LDS sent another letter to Ms. Harper regarding the lien. The September 1 letter also fails to contain much of the information required by KRS 134.490.

57. Both the July 1 and September 1, 2011 letters were part of the LDS scheme to defraud Mr. Harper into paying attorney's fees not authorized by law.

**THE $4221.46 HARPER PAYOFF DEMAND**

58. After being served with the complaint in this action, counsel for Ms. Harper contacted HCG to request a payoff demand for the lien.

59. After multiple requests, HCG finally produced the payoff demand for $4221.46 when Ms. Harper personally came to their office on Main Street. See Exhibit 18.

60. The TELS Defendants payoff demand includes $595 for a "title report fee," supposedly for a report prepared by BGA. In fact, BGA paid DRN $259 for the actual title report, marking it up 230% or up to 800% above the usual and customary rate in Jefferson County for a residential lot. TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, did not actually pay multiples of the going rate for title report on an unremarkable urban residential lot. The reasonable cost of obtaining a title

report sufficient to support the complaint involving 304 N. 17th Street is substantially less than $595.

61. The overcharging for title reports purportedly prepared by BGA, an entity under control of the TELS Defendants, is an essential part of the TELS Defendants' fraudulent scheme.

62. The TELS Defendants also demand $270 for a warning order fee. The payoff quote was generated weeks after the complaint in this action was filed. The complaint included three warning orders. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 for each additional defendant. Although TELS claims that this number is an "estimate," HCG demanded the amount as "necessary" to redeem the tax bill in the payoff. There is no need to estimate a fee that is already capable of precise determination. Despite this, the TELS Defendants demand 135% of the actual warning order cost in this action and the $270 demand is part of a scheme by the TELS Defendants to improperly increase recoveries for the enterprise through the certificate of delinquency process.

63. The TELS Defendants also demand $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA required by KRS 134.490(3), which has a maximum statutory cost of $2. Mr. Craig claimed that the TELS Defendants used a "belt and suspenders" approach by doing further address checks beyond simply reviewing PVA data. As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2. Regardless of what TELS paid to update this information, that cost is not recoverable from property owners pursuant to KRS 134.452.

64. The complaint signed by Mr. Craig avers that the Jefferson County PVA was the actual source of the address check used in the purported notices, and Mr. Craig attached a page from the PVA website to his complaint as confirmation. See Exhibit 19.

65. The illegal charging for address checks purportedly performed by LDS, an entity under control of the TELS Defendants, is an essential part of the TELS Defendants' fraudulent scheme.

66. The TELS Defendants seek to recover $961 in attorneys' fees beyond those recoverable in the prelitigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Ms. Harper that fail on their face as a matter of law, 3) fails to assert claims in the body against parties named in the caption and 4) on information and belief, is generated by an automatic template populated through a database, $961 is not a reasonable attorneys' fee for preparing such a document.

67. The payoff also seeks $25 for the filing of what are apparently two *lis pendens*, as well as an additional $28 for releasing them. As of the date of the original counterclaim, no *lis pendens* appeared in the online records of the Jefferson County Clerk indexed against Rose Harper or Deddo Goldsmith. Such costs are not actual, as defined by statute. The lis pendens further assert that TELS action seeks to enforce a lien against parcel for which TELS owns no certificate of delinquency. This fraudulent overcharge was likely to end up in Mr. Craig's pocket.

68. By March 2013, the TELS Defendants' legitimate 12% interest return on its $855.76 investment in the lien on 304 N. 17th Street was $299.52. Entities under common control with TELS added approximately $2000 of bogus "attorney's fees" and "costs" to that amount, pushing the effective interest rate on the original deficiency to approximately 88%.

69. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

## THE SCHEME IN ACTION— Habitat Louisville

70. The TELS Defendants' scheme is very consistent from parcel to parcel.

15

71. On August 6, 2010, the same day that TELS purchase the certificate of delinquency on 304 N. 17th Street, TELS also purchased a certificate of delinquency resulting from unpaid real property taxes assessed as of January 1, 2009 on 509 Marret Avenue, Louisville. The purchase price of the certificate of delinquency was $842.67.

72. In December 2011, Habitat for Humanity of Metro Louisville, Inc. ("Habitat Louisville") purchased 509 Marret Avenue.

73. Habitat Louisville is a Kentucky nonprofit corporation with its principal place of business at 1620 Bank Street, Louisville, Kentucky. Habitat Louisville was created in 1986 for the purpose of building simple, decent housing in partnership with God's people in need. It is an affiliate of Habitat for Humanity International, an entity created in 1976 by Millard and Linda Fuller and dedicated to the elimination of poverty housing worldwide.

74. Habitat Louisville's headquarters is directly across 17th St. from Ms. Harper's house.

75. From the date of Habitat Louisville's closing on 509 Marret Avenue in December 2011 to the service of a complaint in January 2013, TELS did not contact Habitat Louisville regarding the certificate of delinquency.

76. After being served with a complaint, Habitat Louisville contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

77. Mr. Craig responded with a payoff demand and an October 31, 2011 notice letter signed by Mr. Craig. See Exhibits 1 and 20. Although the statutes mandate letters in addition to the one provided by HCG, Mr. Craig refused to provide any other notice letters, informing Habitat Louisville that it would have to obtain such letters in discovery and would become subject to an additional award of attorneys' fees associated with that discovery. In fact, LDS maintains an automated system to provide copies of such letters to attorneys for the TELS Defendants.

78. The October 31, 2011 letter sent by Mr. Craig fails to comply with the requirements of KRS 134.490. The deficiencies include:

   a.    failure to separately state the purchase price for the certificate of delinquency,

   b.    failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,

   c.    failure to state separately the fees imposed by the third party purchaser; and

   d.    failure to provide the legal name of the third-party purchaser.

79. In addition to those failures to comply with statutory prerequisites, the letter demands sums far in excess of those allowed by KRS 134.452, which enumerates the only amounts recoverable in connection with a certificate of delinquency.

80. TELS's notice initially demands, as a lump sum prohibited by statute, $1675.77, an amount in excess of the mathematical statutory maximum amount for attorneys' fees, interest, and principal associated with the lien. TELS then demands an additional $250 for writing the very letter containing the unlawful demand, $2.20 for mailing it, $300 for a title report nowhere authorized by statute (and at least double or triple the reasonable amount in Jefferson County), and an additional $100 for checking the address to which to the send the letter (for which service the PVA is statutorily limited to a $2 charge).

81. In fact, the title report for which Mr. Craig demanded $300 did not exist on October 31, 2011, and was not even ordered from DRN until January, 2012.  Since a settlement would obviate the need for any title report, no amount for title report would be reasonable under the circumstances of the October 31, 2011 letter.

82. This amounts to a demand for 210% of the fees, costs, and interest recoverable on top of the purchase price of the certificate of delinquency, increasing the TELS Defendants' return from the 12% authorized by statute to an effective return of at least 128%.

83. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

84. TELS's complaint was ultimately dismissed as a result of Mr. Craig's October 31, 2011 letter's failure to comply with statutory requirements.

## THE $4440.09 HABITAT LOUISVILLE PAYOFF DEMAND

85. In addition to the deficient October 31, 2011 letter, Mr. Craig provided Habitat Louisville with a payoff demand for the $842.67 certificate of delinquency totaling $4440.09, effective February 12, 2013.

86. The TELS Defendants' payoff demand includes $560 for "title report fee," supposedly for a report prepared by BGA. This $560 demand for a title report is up to 700% above the usual and customary rate in Jefferson County.  In fact, BGA paid DRN $263.50 (another outlier in Jefferson County) for the title report, marking up the report 211%. The actual and reasonable cost of obtaining a title report sufficient to support the complaint involving 509 Marret Avenue is substantially less than $560.

87. The TELS Defendants also demand $500 for a warning order fee. The payoff quote was generated weeks after the complaint in the action was filed. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $500 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the TELS Defendants demand 900% of the actual warning order cost in that action and on information and belief the $500 demand is part of a scheme by the TELS Defendants to improperly increase recoveries in the certificate of delinquency process.

88. The TELS Defendant also demand $100 reimbursement for a charge from LDS identified again as "County PVA."  According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA, which has a maximum statutory cost of $2.  As the Jefferson County PVA has a well-maintained website which is a statutorily

permissible source of the address information, the actual cost was almost certainly less than $2. Regardless of what TELS paid to update this information, that cost is not recoverable from property owners pursuant to KRS 134.452.

89. The TELS Defendants also seek to recover $1,083 in attorneys' fees beyond those recoverable in the prelitigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Habitat Louisville that fail on their face as a matter of law, and 3) on information and belief, is generated by an automatic template populated through a database, $1,083 is not a reasonable attorneys' fee for preparing such a document.

90. By February 2013, the TELS Defendants' legitimate 12% interest return on its $842.67 investment in the lien on 509 Marret Avenue was $286.54. Entities under common control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

### THE SCHEME IN ACTION— Phillip and Kayrn Julian

91. Even after the filing of this counterclaim, the scheme continued.

92. Yet another of the liens purchased by TELS on August 6, 2010 encumbered 2219 West Kentucky Street, owned by Phillip and Karyn Julian. The purchase price of the certificate of delinquency was $843.90; nearly identical to the Harper and Habitat Louisville certificates.

93. After being served with a complaint, Mr. and Mrs. Julian contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

94. As was the case with Ms. Harper, HCG was nonresponsive, and it was only after they hired attorney David Branger that a payoff was finally generated, weeks after the first request. See Exhibit 21.

95. Once again, the payoff contains multiple non-actual and unreasonable fees and costs.

## THE $3993.20 JULIAN PAYOFF DEMAND

96. The TELS Defendants' payoff demand includes $350 for "title report fee," supposedly for a report prepared by BGA. This $350 demand for a title report is up to 450% above the usual and customary rate in Jefferson County, and BGA paid DRN $250 for the actual title report.[1] The reasonable cost of obtaining a title report sufficient to support the complaint involving 2219 W. Kentucky Street is substantially less than $350.

97. The TELS Defendants also demand $150 for a warning order fee. The Julian payoff quote was generated over a month after the complaint in the action was filed, over two months after Habitat Louisville pointed out inappropriate warning order charges and the very same day that HCG and Mr. Craig were sued for, among other things, overcharging for warning order costs. Nonetheless, the TELS Defendants continued with their overcharging practices.

98. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $150 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the TELS Defendants demand 150% of the actual warning order cost in that action and on information and belief the $150 demand is part of a scheme by the TELS Defendants to improperly increase recoveries in the certificate of delinquency process.

99. The TELS Defendants also demand $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for

---

[1] These three property owners are in the minority in Jefferson County in that their actual title reports cost is greater than $100. Of the 844 jobs DRN performed for BGA in Jefferson County, 677 had title retrieval fees of $115 or less. The TELS Defendants most often seek $400 for title work.

the address check from the Jefferson County PVA required by KRS 134.490(3), which

has a maximum statutory cost of $2.  Mr. Craig claimed that the TELS Defendants used a

"belt and suspenders" approach by doing further address checks beyond simply

reviewing PVA data.  As the Jefferson County PVA has a well-maintained website which

is a statutorily permissible source of the address information, the actual cost was almost

certainly less than $2. Regardless of what TELS paid to update this information, that cost

is not recoverable from property owners pursuant to KRS 134.452.

100. The TELS Defendants also sought to recover $13 for filing a lis pendens in connection

with the action, as well as $28 for releasing it.  In fact, the lis pendens was not filed until

April 24, over three weeks after the payoff was tendered, and after HGC and Mr. Craig

had been sued.  Yet the $41 was "necessary" to redeem the lien on April 2.  This

fraudulent overcharge was likely to end up in Mr. Craig's pocket.

101. The TELS Defendants also seek to recover $1,119 in attorneys' fees beyond those

recoverable in the prelitigation phase of the proceedings. Given that TELS's complaint 1)

contains multiple inaccurate statutory references, and 2) on information and belief, is

generated by an automatic template populated through a database, $1,119 is not a

reasonable attorneys' fee for preparing such a document.

102. By February 2013, the TELS Defendants' legitimate 12% interest return on its $843.90

investment in the lien on 509 Marret Avenue was $303.76.  Entities under common

control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that

amount, pushing the effective interest rate to approximately 91%.

103. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

### THE SCHEME IN ACTION— James Brown

104. While the TELS Defendants grossly overcharge property owners who end up in

litigation with them, they must incur some actual fees to prepare and file complaints.

Their real opportunity to gouge property owners comes when a property owner responds to one of their dunning letters before a suit is filed.

105. James Brown owns a house at 3411 West Muhammad Ali Boulevard.

106. TELI purchased a 2004 Certificate Delinquency on 3422 West Muhammad Ali Boulevard from another third party purchaser.

107. On November 15, 2011, Mr. Craig mailed the letter attached as Exhibit 22 to Mr. Brown. As is the case with all of Mr. Craig's other letters, it fails to comply with KRS 134.490. The deficiencies include:

    a.  failure to separately state the purchase price for the certificate of delinquency;

    b.  failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency; and

    c.  failure to state separately the fees imposed by the third party purchaser.

108. TELI's notice initially demands, as a lump sum prohibited by statute, $2,344.95. TELI then demands an additional $250 for writing the very letter containing the demand, $2.20 for mailing it, $300 for a title report nowhere authorized by statute (and at least double or triple the reasonable amount in Jefferson County), and an additional $100 for checking the address to which to the letter was sent (for which service the PVA is statutorily limited to a $2 charge).

109. Consistent with other property owners, Mr. Craig demands $300 for a title report that is not yet complete. When DRN completed the report 45 days after Mr. Craig's letter, it charged BGA $103 for the report.

110. After receiving the letter, Mr. Brown contacted Mr. Craig's office and inquired about a payment plan. Mr. Craig responded with the January 9, 2012 letter attached as Exhibit 23. That letter included both a payoff quote and a proffered "forbearance agreement" between Mr. Brown and TELI and these were sent through the U.S. mail. In addition to

the overcharges described above, the title report now cost Mr. Brown $400 (maintaining the BGA $300 margin even though absolutely no additional work was performed).

111. In addition to the already excessive attorney's fees, Mr. Craig demands an additional $500 for attorney's fees for a complaint he had not yet written, and would not write.

112. Mr. Craig also demands $300 in attorney's fees for the 24 month forbearance agreement. When combined with the attorney's fees for the unwritten complaint, Mr. Craig is effectively charging four times the already-generous statutory administrative fee for a tax lien settlement agreement. When combined with the $250 supposedly earned by writing the deficient 45-day letter, this claim for attorney's fees also matches what Mr. Craig demands for cases that he actually plans to litigate.

113. Among the representations made by the TELS Defendants in the settlement agreements are that "TELI is lawfully entitled to collect the amount shown for the above described tax bill," and "statutorily recoverable administrative and attorney's fees, costs and accumulated statutory interest is $3,659.48."

114. Those statements are false, as much of the amount claimed is fabricated by the BGA scheme, the LDS scheme, and other misrepresentations of the TELS Defendants.

115. The TELS Defendants made those statements with the intent of causing Mr. Brown to rely upon them to his detriment.

116. Mr. Brown did, in fact, rely upon the false statements of the TELS Defendants in executing the forbearance agreement.

117. Mr. Brown paid the TELS Defendants under the forbearance agreement, including sums falsely represented by the TELS Defendants to be statutorily authorized.

118. The amounts collected by the TELS Defendants include prelitigation attorney's fees of $591.68, the statutory maximum given the amount of Certificate of Delinquency. As represented by the TELS Defendants to the Kentucky courts, those prelitigation fees are

based on letters purportedly written by SSA and Mr. Sherrow, including the letter attached as Exhibit 24. In fact, that letter was prepared by LDS, not SSA, cost $.77 to mail, and cannot support any claim for attorney's fees. By January, 2012, the legitimate return of TELS Defendants Certificate of Delinquency in connection with 3411 West Muhammad Ali Boulevard was approximately $870 in connection with the 24 month settlement agreement. The demand of $3,659.48 is almost four times that amount, and includes bogus fees and costs sufficient to give TELS Defendants an effective return on the Certificate of Delinquency of approximately 45%.

### THE SCHEME IN ACTION— Theresa Cambron

119. Following illnesses that resulted in the implantation of defibrillator, dependency on oxygen, and finally a determination of total disability, Theresa Cambron did not pay property taxes on her home from 2004 through 2008. TELI purchased certificates of delinquency for 2004, 2005, 2006, and 2008.

120. After the certificates of delinquency were purchased, the LDS letters started traveling through the U.S. Mail, including multiple examples reprinted from BlueGrass Mailing Services files attached as Exhibit 25.

121. By June 2010, there was no further perceived value to the TELS Defendants to send more letters, so TELI file the simple form complaint attached as Exhibit 26.

122. Ms. Cambron promptly contacted TELI's lawyer to attempt to settle, and he mailed her the settlement agreement/agreed judgment attached as Exhibit 27.

123. Of the $7,323.84 that the agreement required Ms. Cambron to pay, $3,095.82 represents the principal amount of the certificates of delinquency, $1,308.45 represents interest at 12% on the certificates of delinquency, and $2,695 represents the TELS Defendants' claimed prelitigation attorney's fees, litigation attorney's fees, administrative fees, and title search costs.

124. Those purported fees break down to $938 for prelitigation attorney's fees, $957 for litigation attorney's fees, $400 for title search costs, and $400 for administrative fees for releasing four lien recordings (for which the total clerk's fee is $52).

125. In fact, TELI had not paid $938 in actual, reasonable prelitigation attorney's fees and, in any event, this amount exceeds the statutory maximum allowed under KRS 134.452. This is the LDS scheme at work.

126. Additionally, the $957 demanded is not a reasonable attorney's fee for preparing a form complaint and agreed judgment, which is all counsel for TELI did in connection with the action. In fact, TELI's attorney in the Cameron action, Donald Jones, had filed an essentially identical complaint the very same day against Arnold Coates. See Exhibit 28. In a subsequent affidavit supporting a claim for $997 in fees for preparing an essentially identical complaint, Mr. Jones claims to have spent two hours at $295 per hour filling in the form after his partner spent one hour, also at $295 per hour, on title examination. See Exhibit 29. This is on top of the $400 that the TELS Defendants want for BGA's "work" associated with the actual title report performed by legitimate vendor DRN, which cost $89.25. None of these charges are reasonable, and the affidavit reflects that TELS won't even agree to pay these amounts, but purports to pay approximately one half of the amounts claimed for the work allegedly done. Even this amount is likely contingent. When the property owner is paying, however, there is no discount.

127. The TELS Defendants pay an average of $106 for title reports sufficient to file a foreclosure action, and $400 is not a reasonable demand for an event of title work in connection with Ms. Cambron's property.

128. The representations regarding prelitigation attorney's fees, the reasonableness of the litigation attorney's fees and the purported legal expense for title search in the settlement agreement/agreed judgment tendered to Ms. Cambron by the TELS Defendants were false, and were made with the intent that Ms. Cambron rely upon them.

129. Ms. Cambron did rely upon the false statements as justification for payments that she was legally obligated to pay when, in fact, she was not. As a result of these misrepresentations, Ms. Cambron signed the agreed judgment, and returned it to counsel for TELI, who subsequently arranged for it to be entered in the action.

130. Ms. Cambron made payments towards the settlement agreement/agreed judgment, causing her damages and injury to her property based upon the fraudulent misrepresentations contained in the settlement agreement/agreed judgment tendered to her.

**THE SCHEME IN ACTION— Philip Leigh**

131. The TELS Defendants do not limit their victims solely to charities and elderly widows trying to stay in their long-time homes. Philip Leigh purchased and developed large tracts of land in Jefferson and Bullitt counties in the 1990s, selling several hundred lots. These developments were successful, and by 2009, Mr. Leigh retained only a few dozen lots.

132. As was the case with anyone involved in real estate development during that time, Mr. Leigh developed cash flow problems, and was unable to pay property taxes on many of these lots. Multiple private purchasers, including TELS, purchased many of these certificates of delinquency. Although Mr. Leigh received letters like all of the other class representatives, his status as a developer gave the TELS Defendants another opportunity to get at him, as he regularly sells real estate.

133. In August, 2013, Mr. Leigh was preparing to sell 6506 Brightstone, Louisville TELS owned a certificate of delinquency on that property for the 2009 tax year, for which it had paid $342.29. TELS had foreclosed on the property, and the closing attorneys contacted TELS's attorney for payoff. They received the payoff attached as Exhibit 30.

134. This payoff seeks $24 less than the statutory maximum allowed for prelitigation attorney's fee for the relatively small lien, but seeks the same illegal LDS $100 PVA fee

26

as Mr. Craig's payoffs, a $400 title search fee for a report that BGA purchased for $101.50, and $901 in litigation attorney's fees for a case where TELS's attorneys had to amend their own complaint and do nothing else.

135. The total interest on this lien was $126.54. The TELS Defendants added $718 in bogus charges to this amount, plus the difference between the claimed litigation fees and the lesser amount the TELS Defendants almost unquestionably paid to their attorney.

136. After Mr. Leigh objected to the outrageous expenses, the TELS Defendants actually reduced their demand by $500, making their illegal margin closer to 200% rather than the original 600%.

137. Examples of additional payoff demands from TELI to Mr. Leigh, both personally and to Third Century, are attached as Exhibits 31 and 32. Exhibit 31 includes claims for attorney's fees that exceed the statutory maximum and the illegal "warning letter update fee." Exhibit 32 contains attorney's fees generated through the LDS scheme, $550 in claimed title report expense for which BGA paid $145, and $800 in litigation attorney's fees for a form complaint.

138. Mr. Leigh has paid the TELS Defendants for multiple liens which included many of the bogus charges described above, causing him injury to his property as a result of the fraudulent scheme of the TELS Defendants.

**THE SCHEME IN ACTION— Emil Walther III**

139. Emil Walther III lives at the site of his family's florist shop and greenhouses, a short walk from Churchill Downs. Following his father's death, Mr. Walther had difficulty keeping up with his tax obligations. On the same day in August 2010 that TELS purchased the certificates of delinquency associated with Rose Harper, the Julians, and Habitat Louisville, it purchased a single certificate of delinquency encumbering Mr. Walther's property.

140. In order to rack up bogus "attorney's fees," the LDS scheme accelerated, sending Mr. Walther letters every other month by the end of 2011. See Exhibit 33. Each letter added another claim for $75 for every $.74 invested.

141. Anxious to save the land on which his grandfather started their florist business, Mr. Walther contacted TELS, and received the settlement agreement attached as Exhibit 34.

142. The settlement agreement is a completely generic form, with all information relating to Mr. Walther on a payoff made exhibit to the document. It includes the statutory-maximum attorney's fee demand of $700 and $400 for title work for which the TELS Defendants paid $127.50. That cost is split in exactly the same manner rejected by the Shelby Circuit Court as set forth in Exhibits 6 and 7. The agreement also requires $490 for "preparing" the generic agreement and one-page payoff.

143. Mr. Walther has paid and continues to pay the money demanded by the TELS Defendants. See Exhibit 35.

## CLASS CERTIFICATION ALLEGATIONS

144. The Harper Counterclaimants seek certification of a class under both CR 23.02(b) and (c).

145. **Definition of the Class.** The Harper Counterclaimants bring this action on their own behalf and on behalf of a class of all Kentucky property owners, lenders, and purchasers who have had unlawful, non-actual, and unreasonable attorneys' fees and costs demanded from or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact.

146. Excluded from the Class are the TELS Defendants; officers, directors or employees of the TELS Defendants; any entity in which the TELS Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of the TELS Defendants; any federal, state, or local governmental entity; persons who properly

28

execute and file a timely request for exclusion from the class; the legal representatives, successors or assigns of any such excluded persons; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.  The Harper Counterclaimants reserve the right to modify or amend this Class definition if discovery and/or further investigation so necessitate.

147. **Numerosity.**  The exact number of the members of the Class is unknown and not available to The Harper Counterclaimants, but it is clear that individual joinder is impracticable.  TELS and TELI purchased 4032 certificates of delinquency in Jefferson County alone since 2000, and court records indicate it is active throughout the state. Class members likely number in the thousands, but can be easily identified through TELS Defendants' records, which they are required by statute to maintain.

148. **Commonality.**  Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members.  These common questions include:

a.  Are the title search costs charged by the TELS Defendants actual?

b.  Are the title search costs charged by the TELS Defendants reasonable?

c.  Are the prelitigation attorney's fees sought by the TELS Defendants actual and reasonable?

d.  Is it reasonable to charge $100 for an address check service available from the property valuation administrator for $2 or less and which is not authorized by statute for recovery from property owners?

e.  Is that $100 charge for an address check actual?

f.  Are the other charges, including attorneys' fees demanded and collected by the TELS Defendants actual and reasonable?

g.  Have the TELS Defendants complied with the statutes governing tax lien foreclosure, including KRS 134.452 and .490?

h.  Are the Harper Counterclaimants and the Class entitled to relief, and what is the nature of such relief?

149. **Typicality.**  The Harper Counterclaimants' claims are typical of the claims of other members of the Class, as The Harper Counterclaimants and other Class members are entitled to declaratory and injunctive relief and/or sustained damages arising out of the wrongful and unlawful assertion of liens and/or collection of money for unreasonable and non-actual fees and charges by the TELS Defendants, based upon the same pattern of conduct.

150. **Adequate Representation**.  The Harper Counterclaimants will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex litigation and class actions.  The Harper Counterclaimants have no interest antagonistic to those of the Class, and the TELS Defendants have no defenses unique to counterclaim plaintiffs.

151. **Predominance and Superiority**.  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the wrongful and unlawful actions of the TELS Defendants.  It would be virtually impossible for the individual members of the class to obtain effective relief from the misconduct of the TELS Defendants.  Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a

single Court. Economies of time, effort, and expense will be promoted and uniformity of decisions will be ensured.

152. **Policies Generally Applicable to the Class**. This class action is also appropriate for certification because the TELS Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The challenged policies and practice of the TELS Defendants apply and affect members of the Class, and counterclaim plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to the Harper Counterclaimants.

## COUNT 1 – RICO Section 1962(c)

153. The Harper Counterclaimants restate the averments of all previous paragraphs.

154. The defendants in this count are the TELS Defendants. The TELS Defendants are RICO persons who are each associated with the RICO enterprise.

155. The TELS Defendants created, participated in, and conducted the affairs of an association-in-fact RICO enterprise that affected interstate commerce through, among other thing, the use of the mails and interstate wires.

156. The purpose of the enterprise is to collect excessive, unreasonable, and non-actual fees and costs from property owners through the Kentucky tax certificate of delinquency system.

157. The TELS Defendants knowingly participated and conducted the affairs of the enterprise through a pattern of racketeering activity, individually, collectively, and through agents.

158. In order to further the fraudulent scheme, the TELS Defendants pattern of racketeering activity consisted of a continuing course of mail fraud, in violation of 18 U.S.C. 1341, and wire fraud, in violation of 18 U.S.C. 1341. The predicate acts include:

a. causing the July 1 and September 1, 2011 letters to be sent to Ms. Harper and Mr. Goldsmith;

b. sending the October 11, 2011 demand letter through the mails to Habitat Louisville's predecessor in title;

c. sending the February 12, 2013 payoff demand through the wires to counsel for Habitat Louisville;

d. causing the April 2, 2013 payoff letter to be sent to Mr. Mrs. Julian's attorney by the US mail;

e. sending the November 15, 2011 letter through the mails to Mr. Brown;

f. sending the January 9, 2012 forbearance agreement through the mails to Mr. Brown;

g. sending the fraudulent LDS letters through interstate wires from Texas to Kentucky on dozens of occasions;

h. sending invoices and other mail and wire communications between persons in the enterprise in an effort to legitimize the overcharges;

i. causing the Jefferson Circuit Court clerk to use the mails to serve the complaint in this and other actions on multiple parties in furtherance of the scheme; and

j. sending similar letters and demands to other class representatives and members.

159. For each Class member, KRS 134.452 and .490 required the TELS Defendants to send through the mails and interstate wires written notices of claimed amounts due. The TELS Defendants also sent many other letters to class representatives and members that were not required by law, but which were intended to further the fraudulent scheme. The precise date and substance of the fraudulent assertion of non-actual and unreasonable charges is contained within each letter. The TELS Defendants also utilized the mails for purposes of service of process in numerous other civil actions involving class members.

160. The false and fraudulent statements supporting the scheme are the assertions that the fees and costs in the communications are actual and reasonable, "necessary," and are otherwise authorized by statute.

161. TELS has been purchasing liens in the Commonwealth since at least 2000, and the scheme is believed to have been operating at least that long.

162. The scheme is part of an ongoing tax certificate of delinquency collection business, and there is a specific threat that the past conduct of the TELS Defendants will project into the future. TELS purchased over $250,000 worth of tax liens in Jefferson County alone in 2013 which will not be eligible for collection until later in 2014.  The fraudulent representations in mailings and wire communications are an essential part of the scheme, and will likely continue into the future.

163. As a direct and proximate result of the conduct of the TELS Defendants, the Harper Counterclaimants were injured in their property through the assertion of inflated and improper liens against their property, collection of unreasonable and non-actual attorney's fees and costs, and the need to hire counsel as a result of the assertion of those improper liens.  Other Class members were damaged when they paid non-actual and unreasonable fees and costs asserted by the TELS Defendants.

## COUNT 2 – DECLARATION OF RIGHTS

164. The Harper Counterclaimants restate the averments of all previous paragraphs.

165. An actual controversy exists between the Harper Counterclaimants and the Class on one side and the TELS Defendants on the other over the TELS Defendants' compliance with KRS 134.452 and .490.

166. The TELS Defendants seek to recover costs and attorneys' fees from the Class that are neither reasonable, actual, nor authorized by the referenced statutes and have asserted a lien against the Class's real property for those amounts.

167. TELS's statutory violations have resulted in the suspension of the accrual of all interest and fees until TELS provides proper notice.

168. The Harper Counterclaimants and the Class are entitled to a declaration of rights under the above-referenced statutes that TELS Defendants are not entitled to collect the fees

and charges they have demanded under the liens they assert against Class member's real property and that the accrual of all interest and fees have been suspended.

169. The Harper Counterclaimants and the Class are entitled to further relief based upon the declaration of rights.

## COUNT 3 – INJUNCTIVE RELIEF

170. The Harper Counterclaimants restate the averments of all previous paragraphs.

171. The Harper Counterclaimants and the Class have concrete personal rights to use their real property without unlawful interference by the TELS Defendants.

172. The Harper Counterclaimants and the Class have concrete personal right not to have unlawful, non-actual, and unreasonable attorneys' fees and costs demanded from or extracted from them in connection with the collection of tax certificates of delinquency by the TELS Defendants and their various associations-in-fact.

173. The TELS Defendants have asserted liens against the real property of the Harper Counterclaimants and the Class grossly in excess of the amount authorized by Kentucky law, impairing the Harper Counterclaimants and the Class's ability to use their real property.

174. The equities and public interest are in favor of compelling the TELS Defendants to comply with statutory limitations on fees and charges and to prohibit the TELS Defendants from seeking such charges from all Class members.

175. The Harper Counterclaimants have raised a serious question on the merits in light of undisputed evidence produced by the TELS Defendants.

176. The Harper Counterclaimants and all other Class members are entitled to temporary and permanent injunctive relief against the TELS Defendants to preclude any further statutory violations and to vindicate their concrete personal rights to use their property and to require the TELS Defendants to repay all sums collected in violation of Kentucky law.

177. That injunction should protect the property interests of the rest of the Class.

### COUNT 4 –DAMAGES PURSUANT TO KRS 446.070

178. The Harper Counterclaimants restate the averments of all previous paragraphs.

179. The TELS Defendants have violated KRS 134.452, .490, and .990(11)(a)(1) and (2).

180. The TELS Defendants' violations of those statutes and its assertion of a lien against the Class member's real property for excessive and unlawful fees have damaged all Class members in an amount in excess of the minimum jurisdictional limits of this Court.

181. Pursuant to KRS 446.070, the Class is entitled to recover damages from TELS for its violations of the above-referenced statutes.

### COUNT 5 –FRAUD

182. The Harper Counterclaimants restate the averments of all previous paragraphs.

183. The TELS Defendants' representations to Mr. Brown, Ms. Cambron, Mr. Leigh, and Mr. Walther as described above constitute fraud.

184. Identical representations have been made to some or all members of the Class, and have been relied upon in making payments to the TELS Defendants.

185. Mr. Brown, Ms. Cambron, Mr. Leigh, Mr. Walther and all other Class members who have made payments to the TELS Defendants have been damaged as a result of the fraud of the TELS Defendants, and are entitled to damages, including punitive damages, as a result of that fraud.

### COUNT 6 –FRAUDULENT INDUCEMENT

186. The Harper Counterclaimants restate the averments of all previous paragraphs.

187. The conduct of the TELS Defendants described above constitutes fraudulent inducement of Mr. Brown, Ms. Cambron, Mr. Leigh, and Mr. Walther with regard to the forbearance agreement and the settlement agreement/agreed judgment.

188. Identical representations have been made to some or all members of the Class, and have been relied upon in making payments to the TELS Defendants.

189. Mr. Brown, Ms. Cambron, Mr. Leigh, Mr. Walther and all other Class members have the right to rescind any agreement with the TELS Defendants entered into as a result of the TELS Defendants' fraudulent conduct.

## COUNT 7 –KENTUCKY CONSUMER PROTECTION ACT

190. The Harper Counterclaimants restate the averments of all previous paragraphs.

191. Mr. Brown, Ms. Cambron, and Mr. Walther entered into a transaction for the purchase of financial services primarily for personal, family or household purposes when they entered into the forbearance agreement and/or agreed judgment.

192. As a result of the TELS Defendants' use of methods, acts, and practices declared unlawful by KRS 367.170, Mr. Brown, Ms. Cambron, and Mr. Walther have been damaged, and are entitled to actual damages and equitable relief as the Court sees proper.

193. The conduct of the TELS Defendants also entitles Mr. Brown, Ms. Cambron, Mr. Walther, and all other Class members to punitive damages under this count.

194. In addition to the relief described above, Mr. Brown, Ms. Cambron, Mr. Walther and all other Class members should be awarded a reasonable attorney's fee and costs in connection with the TELS Defendants violation of the Kentucky Consumer Protection Act.

## COUNT 8-UNJUST ENRICHMENT

195. The Harper Counterclaimants restate the averments of all previous paragraphs.

196. The Harper Counterclaimants and the Class have conferred benefits upon the TELS Defendants, which have been appreciated by them, and which it is unjust that they retain.

197. The Harper Counterclaimants are entitled to restitution to the extent that the TELS Defendants have been unjustly enriched.

WHEREFORE, having stated its counterclaim against the TELS Defendants, the Harper Counterclaimants respectfully request the Court for:

a.  a declaration that the TELS Defendants have asserted a lien against the Class members' real property for unlawful and unreasonable sums;

b.  a temporary and permanent injunction requiring the TELS Defendants to demand and recover no more than the statutorily allowable fees and costs in connection with lien rights;

c.  damages caused by the TELS Defendants' unlawful conduct,

d.  treble damages for Count 1;

e.  punitive damages for Counts 5 and 7;

f.  an order requiring all TELS Defendants to divest all interests in TELS, TELI, BGA, LDS, and HCG;

g.  restitution;

h.  a reasonable attorneys' fee;

i.  the imposition of fines pursuant to KRS 134.990(11)(a)(1) and (2);

j.  leave to amend this complaint upon completion of reasonable discovery; and

k.  trial by jury on all issues so triable.

Respectfully submitted,

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY 40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com

# EXHIBIT

# 1

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

October 31, 2011

Lela Mae Garner
7902 Gable Road
Louisville, KY 40219

RE:   NOTICE OF INTENT TO ENFORCE LIEN
      509 MARRETT AVE/JEFFERSON COUNTY, KY

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid 2009 ad valorem taxes on the real property at the address listed above. Pursuant to KRS 134.490, our client is required to inform you of the following:

1.   The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2.   The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3.   If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law. **Collection actions may include foreclosure.** If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4.   Pursuant to KRS 134.490(3)(f), the following information is provided to you:

   a.   The legal name of our client is Tax Ease Lien Investments 1, LLC.
   b.   Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
   c.   Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5.   A complete listing of the amount due as of September 1, 2011, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $1675.77 |
| Notice of Intent Foreclosure Warning Letter 10-30-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 10-31-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) estimate | $300.00 |
| Lien Data Services – County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| TOTAL | $2327.97 |

**Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. Please call us at (502) 690-3095 to make arrangements to enter into payment plans.**

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

If arrangements have already been made with this office, please disregard this notice.

Sincerely,

R. Eric Craig
HAYDEN CRAIG & GRANT, PLLC

MSN: JEF301882
PM    228.01302

# EXHIBIT

# 2

LB 01 3 1 2 PG 0 8 8 8

CASE NO. 12-CI-401879                          JEFFERSON CIRCUIT COURT
                                               DIVISION_____

TAX EASE LIEN SERVICING, LLC                                    PLAINTIFF
AKA TAX EASE LIEN INVESTMENTS 1, LLC

v.                  LIS PENDENS (NOTICE OF ACTION)

HS DEVELOPERS, LLC, ET AL                                      DEFENDANTS

* * * * * * * * * *

The undersigned hereby gives the following notice pursuant to KRS 382.440:

1.      In the above-styled action in HS Developers, LLC Circuit Court, Plaintiff, Tax

Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1, LLC, seeks to enforce a tax lien

on property located in Jefferson County, Kentucky, known as **17105 Hillrock Place,**

Louisville, Kentucky, 40245, Parcel/Map ID# 21369206320000 and is more fully described

as follows:

> BEING Revised Tract 4 as shown on the Minor Subdivision
> Plat approved by the Louisville and Jefferson County
> Planning Commission on June 6, 2001, Docket No 114-01,
> which Minor Subdivision Plat is attached to and made part of
> a Deed of record in Deed Book 7671, Page 901, in the office
> of the Clerk of Jefferson County, Kentucky.
>
> Being the same property in which HS Developers, LLC,
> acquired an interest by virtue of a General Warranty Deed,
> dated May 23, 2003, of record in Deed Book 8148, Page 747,
> of the Jefferson County Clerk's Office.

2.      The person(s) whose right, title, interest or claim to said real property is

involved or affected are as follows:

> a.   Tax Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1,
>
> LLC,

1

LB 0 1 3 1 2 PG 0 8 8 9

    b.    HS Developers, LLC,

    c.    Unknown Occupants of 17105 Hillrock Pl, If any,

    d.    Polo Fields Community Association, Inc.,

    e.    Nebraska Alliance Realty Company, and

    f.    Commonwealth of Kentucky, County of Jefferson.

DATED: _MAY 21_, 2012

**THIS INSTRUMENT PREPARED BY:**

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

2

LB 0 1 3 1 2 PG 0 8 9 8

**THIS INSTRUMENT EXECUTED BY:**

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

STATE OF KENTUCKY        )
                                              ) SS
COUNTY OF JEFFERSON  )

    Signed and acknowledged before me, Notary Public in and for the State of Kentucky and County of Jefferson aforesaid by R. Eric Craig personally known to me this *21* day of _____*MAY*_____, 2012.

    My commission expires: *08-19-2014*

NOTARY PUBLIC, STATE AT LARGE

Document No.: DN2012073806
Lodged By: HAYDEN CRAIG & GRANT
Recorded On: 05/24/2012        09:25:40
Total Fees:                13.00
Transfer Tax:                .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

# END OF DOCUMENT

3

# EXHIBIT

# 3

# BLUE GRASS ABSTRACT, LLC

## General Information

| | |
|---|---|
| **Organization Number** | 0710906 |
| **Name** | BLUE GRASS ABSTRACT, LLC |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FLC - Foreign Limited Liability Company |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | TX |
| **File Date** | 8/5/2008 |
| **Authority Date** | 8/5/2008 |
| **Last Annual Report** | 6/13/2013 |
| **Principal Office** | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| **Registered Agent** | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| | |
|---|---|
| **Manager** | Philip Migicovsky |
| **Manager** | Mark Shapiro |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| **Organizer** | PHIL MIGICOVSKY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/13/2013 | 1 page | PDF | |
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual report | 6/13/2013<br>12:52:26 PM | 6/13/2013<br>12:52:26 PM | |

3/13/2014                                   Welcome to Fasttrack Organization Search

| | | |
|---|---|---|
| Registered agent address change | 6/21/2012 3:07:45 PM | 6/21/2012 |
| Annual report | 2/20/2012 4:24:54 PM | 2/20/2012 4:24:54 PM |
| Annual report | 2/16/2011 3:32:39 PM | 2/16/2011 3:32:39 PM |
| Annual report | 3/15/2010 5:22:56 PM | 3/15/2010 5:22:56 PM |
| Annual report | 7/2/2009 1:26:48 PM | 7/2/2009 1:26:48 PM |
| Add | 8/5/2008 10:23:35 AM | 8/5/2008 |

## Microfilmed Images

# EXHIBIT

# 4

3/13/2014

Welcome to Fasttrack Organization Search

# LIEN DATA SERVICES, LLC

## General Information

| | |
|---|---|
| **Organization Number** | 0710908 |
| **Name** | LIEN DATA SERVICES, LLC |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FLC - Foreign Limited Liability Company |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | TX |
| **File Date** | 8/5/2008 |
| **Authority Date** | 8/5/2008 |
| **Last Annual Report** | 6/13/2013 |
| **Principal Office** | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| **Registered Agent** | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| | |
|---|---|
| **Manager** | Philip Migicovsky |
| **Manager** | Mark Shapiro |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| **Organizer** | PHIL MIGICOVSKY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/13/2013 | 1 page | PDF | |
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual report | 6/13/2013<br>1:15:22 PM | 6/13/2013<br>1:15:22 PM | |

| | | |
|---|---|---|
| Registered agent address change | 6/21/2012 3:06:50 PM | 6/21/2012 |
| Annual report | 2/20/2012 3:18:38 PM | 2/20/2012 3:18:38 PM |
| Annual report | 2/16/2011 3:30:13 PM | 2/16/2011 3:30:13 PM |
| Annual report | 3/15/2010 5:26:58 PM | 3/15/2010 5:26:58 PM |
| Annual report | 7/2/2009 1:29:01 PM | 7/2/2009 1:29:01 PM |
| Add | 8/5/2008 10:36:29 AM | 8/5/2008 |

## Microfilmed Images

# EXHIBIT

# 5



# Document Retrieval Network

101 Data Farm Rd.   Falmouth KY, 41040
Phone (859) 654-2890   Fax (859) 654-2892

| | | |
|---|---|---|
| To: | Blue Grass Abstract, LLC | Loan Number: JEF301589 |
| Attn: | Monthly Project | |
| Address: | 14901 Quorum Drive Suite 900 | Job Number: January Order |
| | Dallas, TX 75254 | |
| Phone: | Fax | |

## Completed Order Report

| | |
|---|---|
| County: | Jefferson |
| Borrower: | HARPER ROSE & GOLDSMITH DEDDO, |
| Property Address: | 304 N 17TH ST |
| | , KY |
| Lender: | |
| Loan Amt: | $0.00 |
| PIN: | 03015F02320000 |
| Legal Desc.: | |
| Loan Date: | |
| Rec. Date: | |
| Instrument # | |
| Book/Page: | |

Comments:

Pendleton DataFarm, LLC, dba Document Retrieval Network (DRN) personally guarantees to Blue Grass Abstract, LLC the accuracy of our finished product up to a liability of $1,500.00 with the following exceptions. If the county PVA records do not show a deed reference for a property then it will be the sole responsibility of Blue Grass Abstract, LLC to determine if the title search was done on the correct property. In no event shall DRN be liable to Blue Grass Abstract, LLC for any amount above $1,500.00. This report is an abstract of title only and only includes public records found in the property section of the county recorder's, PVA, and clerk's office during the scope of our search. This report does not make any representation with regard to (a) any interests not of record for the period of the search; (b) accuracy or completeness of the index books and electronic records of the county recording offices, including misspelled names and records improperly indexed; (c) any facts that would be revealed by an examination of the records of the State Courts, Federal District Courts, and Federal Bankruptcy Courts; (d) any questions of security interests or liens under the Uniform Commercial Code; (e) accuracy of any records in Elliot County KY; (f) correct property being searched when the PVA does not list the correct deed book and page number. DRN agrees to immediately inform Blue Grass Abstract, LLC in the case of discrepancies/inaccuracies being found.

Order #: 819551 _____

Date Search Performed: _____

Effective Date: _____

Name Provided: HARPER ROSE GOLDSMITH DEDDO _____

Address Provided: 304 N 17TH ST KY _____

County: Jefferson _____

[ ] This search should only include the property encumbered in the tax bill purchased by Tax Ease. Other parcels, such as mobile homes or adjoining parcels taxed separately, even if the same PIN should not be reported

Tax Search Checklist
[ ✓ ] Copy of property card from PVA
[ ✓ ] Copy of current year county and city tax bills
[ ] Copy of all delinquent tax bills (city and county) for ALL owners in the past 11 years on this property.
[ ✓ ] Provide a copy of the lien filed on purchased taxes. If a lien was not filed provide a printout showing they were purchased and make note there was no lien. (Information only needed on taxes purchased by Tax Ease Lien)

NOTE: Taxes are filed in the name of the person who owned property on Jan 1st of each year. Take special care during the year of any property transfers to check under the name of the seller also.

**TAX INFORMATION**

Parcel/Map #: 03-015F-0232~0000          Land: 5,000

Brief Legal: 17TH ST WS 20' 45' N o F Duncan St.   Improvements: + 29,000

Mobile Home ☑ No ☐ Yes _____          Total: $ 34,000

VIN# _____

TLS ☑ No ☐ Yes _____          Exemptions: - _____

                                    Type of Exemption: _____

                                    Total Taxable Value: $ 34,000

AOC ☑ No ☐ Yes _____

**CITY TAXES**

Do city taxes apply for this property? ☐ No ☑ Yes   City Name: Louisville Urban

Tax Year: _____   Tax Bill #: _____

Taxes Due $: _____   Date Due: _____   Amount Pd: $ _____   Date Pd: _____

Were there any delinquent city taxes found?   ☐ No ☑ Yes

Year: 2003       Bill# 200303UG69225  Payoff Amount $ 499.44

Year: _____    Bill# _____   Payoff Amount: $ _____

Year: _____    Bill# _____   Payoff Amount: $ _____

Year: _____    Bill# _____   Payoff Amount: $ _____

Order #: 619551

**CURRENT YEAR COUNTY TAXES**

Tax Year: _2011_   Tax Bill #: _P.I.N._

Taxes Due $: _438.97_   Date Due: _12/31/11_   Amount Pd: $_____   Date Pd: _____

**DELINQUENT COUNTY TAXES?   No   Yes (Payoff not needed.)**

| | |
|---|---|
| Year: _2001_  Bill# _2001030014149_ | Year: _2011_  Bill# _201103 0002541_ |
| Year: _2002_  Bill# _2002 030015262_ | Year: _____  Bill# |
| Year: _2003_  Bill# _2003030002276_ | Year: _____  Bill# |
| Year: _2004_  Bill# _2004030002096_ | Year: _____  Bill# |
| Year: _2006_  Bill# _200603 0001992_ | Year: _____  Bill# |
| Year: _2007_  Bill# _200703 0002064_ | |

**SOLD COUNTY TAXES**                                              _Delayed Filing_

Year: _2005_   Bill# _2005030002097_   Holder Name: _VESTA Holding_

BK/PG _1114 X 261_   Date Filed _11/2/09_   ✓

Year: _2008_   Bill# _2008030002224_   Holder Name: _SOUTHERN TAX SERVICES, LLC_

BK/PG _1097 X 487_   Date Filed _8/20/09_

Year: _2009_   Bill# _2009030007099_   Holder Name: _TAX EASe_

BK/PG _1180 X 651_   Date Filed _8/13/10_

Year: _____   Bill# _____   Holder Name: _____

BK/PG _____   Date Filed _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG _____   Date Filed _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG _____   Date Filed _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG _____   Date Filed _____

①

Order #: 819551

DEEDS CHECKLIST

[ ] Copy of current deed and out-sales. Information only on all prior deeds.
-Take out of family to a good warranty deed.
- If under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: GWD
Grantor: TRINITY CHRISTIAN ACTION, INC.
Grantee: ROSE HARPER unmarried, and Deddo Goldsmith, unmarried
Dated: 4/26/11   Recorded: 5/2/11   Bk/Pg: 9714 X 619   Consideration: $ 3,900 00
Notes: DEED CONTAINS Payment Agreement, and Agreement To Pay Back Taxes

Type of Deed: GWD
Grantor: ANDREW RADER and PATRICIA RADER, H/W
Grantee: TRINITY CHRISTIAN ACTION, INC.
Dated: 3/21/94   Recorded: 3/21/94   Bk/Pg: 6431 X 658   Consideration: $ 4,500 00
Notes: DEED CONTAINS MULTIPLE PARCELS

Type of Deed: GWD
Grantor: ANDREW RADER and PATRICIA RADER, H/W BOTH P; SHELLY RADER, unmarried, POTSHD P
Grantee: ANDREW RADER and PATRICIA RADER, H/W ; and TRINITY CHRISTIAN, ACTION, INC.
Dated: 11/13/92   Recorded: 11/18/92   Bk/Pg: 6247 X 395   Consideration: $ 4,500 00
Notes: * BOTH WITH LIFE ESTATE

Type of Deed: QCD
Grantor: TRINITY CHRISTIAN ACTION, INC.
Grantee: ANDREW RADER and PATRICIA RADER, H/W
Dated: 4/9/91   Recorded: 4/10/91   Bk/Pg: 6052 X 544   Consideration: $ VALUABLE
Notes:

Type of Deed: GWD
Grantor: ANDREW RADER and PATRICIA RADER, H/W
Grantee: TRINITY CHRISTIAN ACTION, INC
Dated: 6/26/90   Recorded: 10/3/90   Bk/Pg: 6000 X 176   Consideration: $ -0-
Notes:

TELS-000073

Order # 819551

DEEDS CHECKLIST

[ ]  Copy of current deed and out-sales. Information only on all prior deeds.
    -Take out of family to a good warranty deed.
    - if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: Q C D

Grantor: Bill D. Harper and Rose M. Harper his wife

Grantee: Andrew Rader and Patricia Rader H/w

Dated: 7/12/90   Recorded: 7/18/90   Bk/Pg: 5976 X 10         Consideration. $___0

Notes: See "Contract For Deed" on separate sheet - this is included
        because it is made part of the chain

Type of Deed: Q C D

Grantor: Bill D. Harper and Rose M. Harper, H/w

Grantee: Andrew Rader and Patricia Rader, H/w

Dated: 2/22/88   Recorded: 9/14/88   Bk/Pg: 5804 X 330       Consideration. $___

Notes: ___

Type of Deed: G W D

Grantor: Andrew Rader and Patricia Rader, H/w

Grantee: Rose M. Harper and Bill D. Harper, H/w

Dated: 2/22/88   Recorded: 4/1/88   Bk/Pg: 5759 X 852        Consideration: $___

Notes: ___

Type of Deed: Q C D

Grantor: Bill D. Harper & Rose M. Harper, H/w

Grantee: Andrew Rader and Patricia Rader, H/w

Dated: 9/2/87   Recorded: 4/1/88   Bk/Pg: 5759 X 847         Consideration: $___

Notes: ___

Type of Deed: G W D

Grantor: Andrew Rader and Patricia Rader, H/w

Grantee: Bill D. Harper and Rose M. Harper, H/w

Dated: 9/2/87   Recorded: 10/7/87   Bk/Pg: 5717 X 565        Consideration: $___

Notes: ___

TELS-000074

③

Order #:  819551

DEEDS CHECKLIST

[ ]  Copy of current deed and out-sales. Information only on all prior deeds.
    -Take out of family to a good warranty deed.
    - if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: _QCD_

Grantor: _Bill D. Harper and Rose M. Harper, H/w_

Grantee: _Andrew Rader and Patricia Harper, H/w_

Dated: _5/7/86_  Recorded: _10/7/87_  Bk/Pg: _5717X572_  Consideration: $ _0_

Notes: _____

Type of Deed: _GwD_

Grantor: _Andrew Rader and Patricia Rader, H/w_

Grantee: _Bill D Harper And Rose M. Harper, H/w_

Dated: _5/7/86_  Recorded: _5/8/86_  Bk/Pg: _5578X985_  Consideration: $ _0_

Notes: _____

Type of Deed: _GwD_

Grantor: _West End Supermarket, Inc_

Grantee: _Andrew Rader and Patricia Rader, H/w_

Dated: _7/1/74_  Recorded: _11/6/74_  Bk/Pg: _4760X31_  Consideration: $ _5,500⁰⁰_

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $_____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $_____

Notes: _____

TELS-000075

Order #: 819551

## DEEDS CHECKLIST

[ ] Copy of current deed and out-sales. Information only on all prior deeds.
   -Take out of family to a good warranty deed.
   - if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: _CONTRACT FOR DEED_

Grantor: _Andrew Raden and Patricia Raden H/W_

Grantee: _Bill D. Harper And Rose M. Harper H/W_

Dated: _8/10/88_ Recorded: _9/14/88_ Bk/Pg: _5804 X366_ Consideration: $ _6,705.00_

Notes: _See Page ② of Deed chart/_
_Note on Ded 5476 X10_

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

TELS-000076

Order #: 819551

MORTGAGE CHECKLIST

[ ] Copy of first, amount, address, signature, notary, recording, and legal of all open mortgages
[ ] Copy of all assignments

Mortgage:

Signed by: _TRiNiTy CHRiSTiAN AcTioN, Inc._

Mortgagee: _ANDRew RadeR & PaTRicia RadeR, H/w_

Amount: $ _300,000 ⁰⁰_ Dated: _6/26/90_ Recorded: _10/3/90_ Bk/Pg: _DB 6000 V591_

_62 PARcELs_ 

Assignments: _____ X ___ NoT RELeAsed oN ouR PARcEL_

Assignor (1): _____ Assignor (2): _____

Assignee (1): _____ Assignee (2): _____

Recorded: _____ Bk/Pg: _____ Recorded _____ Bk/pg: _____

Notes: _See DeeD in cHAiN  DB 6000X176 Dated 6/26/90 Rec 10/3/90_

Mortgage:

Signed by: _____

Mortgagee: _____

Amount: $ _____ Dated: _____ Recorded: _____ Bk/Pg: _____

Assignments:

Assignor (1): _____ Assignor (2): _____

Assignee (1): _____ Assignee (2): _____

Recorded: _____ Bk/Pg: _____ Recorded _____ Bk/pg: _____

Notes: _____

Mortgage:

Signed by: _____

Mortgagee: _____

Amount: $ _____ Dated: _____ Recorded: _____ Bk/Pg: _____

Assignments:

Assignor (1): _____ Assignor (2): _____

Assignee (1): _____ Assignee (2): _____

Recorded: _____ Bk/Pg: _____ Recorded _____ Bk/pg: _____

TELS-000077

Order #: 819551

LIENS/JUDGMENTS/COURT CASES

[ ] For unreleased Lis Pendens, provide a copy of the case history and dismissal
[ ] Copy of all liens and judgments, including purchased tax liens.
  – Information only on purchased tax liens by Tax Ease Lien.
  – Do not rule out liens based on a woman's middle initial.

☐ None found

| | | |
|---|---|---|
| Type: _Assigned Tax Lien_ Bk/Pg/Doc/File# _1114X261_ | File Date: _11/2/09_ |
| " " " _1097X487_ | _8/20/09_ |
| Type: _" " "_ Bk/Pg/Doc/File# _1180X651_ | File Date: _8/13/10_ |
| _Fed Tax Lien_ _896X526_ | _896X526_ |
| Type: _" " "_ Bk/Pg/Doc/File# _1007X340_ | File Date: _5/6/08_ |
| Type: _____ Bk/Pg/Doc/File# _____ | File Date: _____ |
| Type: _____ Bk/Pg/Doc/File# _____ | File Date: _____ |
| Type: _____ Bk/Pg/Doc/File# _____ | File Date: _____ |
| Type: _____ Bk/Pg/Doc/File# _____ | File Date: _____ |
| Type: _____ Bk/Pg/Doc/File# _____ | File Date: _____ |

DIVORCE/PROBATE

List ALL names checked for probate (required): _Rose Harper, Deddo Goldsmith_

Were any Probate cases found? ☑ No ☐ Yes Case Number: _____
If yes, provide copies of: case history, will, petition, order appointing fiduciary/administrator/executor, and all docs pertaining to the property.

Is there a divorce case on the current owners? ☑ No ☐ Yes Case Number: _____
If yes, provide case history, decree, property settlement pages

Were any marriage licenses found on current owner during their ownership? ☑ No ☐ Yes. If yes, copy of marriage license

Special Notes:

    

JEFFERSON
COUNTY
SHERIFF

Louisville, Kentucky



Home
Start a New Search

## Property Tax Search

### Search by the Property ID

| Property ID: | Property Owner: | Tax Year: |
|---|---|---|
| 03015F02320000 | HARPER ROSE | 2011 |
| Property Location Address: | 304 N 17TH ST | Invoice Number: |
| 304 N 17TH ST | | 2111100 |
| Property's Taxable Assessment: | LOUISVILLE KY 40203 | Mortgage Company Name: |
| $34000 | Gross Amt: $438.97 | NONE |

Scan Line: 03 015F 0232 0000 2111100 01 0000430207 0000438978 0000460910

| Homestead Exemption Amount: | $0 | |
|---|---|---|
| Disability Exemption Amount: | $0 | |
| **Payment Periods** | **Amount** | **If Paid By:** |
| Discount Amount: | $430.2 | 12/01/11 |
| Gross Amount: | $438.97 | 12/31/11 |
| 5% Penalty Amount: | $460.91 | 01/31/12 |
| 10% + 10% Penalty Amount: | $531.15 | 04/15/12 |
| | | |
| Amount Paid: | $0 | |
| Paid on: | 00/00/0000 | |
| | | |
| Balance Due: | $531.15 | |

### Would you like to run another Property ID search?

Property ID:  03015F02320000    [ Search ]

* When searching by Property ID, you must have all 14 digits exactly right.
Partial searches will not produce any results.

Disclaimer: The tax data found on this site is unofficial. For official
property tax information call: (502) 574-5479.

© 2011 Jefferson County Sheriff's Office          Home | Contacts | Site Map | Links

TELS-000079

Jefferson County Sheriff's Office - Louisville, KY






**JEFFERSON COUNTY SHERIFF**
Louisville, Kentucky

531 Court Place
Suite 604
Louisville, KY 40202
Phone: 502-574-5400
Hours: 8:00 am to 4:00
Monday through Friday

**How We Serve**

Property Taxes
Sex Offender Search
Criminal Division
   Process Unit
   Warrants / EPOs
   Auto Inspections
   Evictions
Court Security
Community Services
School Resource Officers
Concealed Deadly Weapons
Reserve Unit - Volunteer

**Other JCSO Link**

Command Staff
History
Mission & Ethics Statements
Internal Affairs
Employment
Links

Home

### Property Taxes
The Sheriff's Office is the primary property tax collector in Jefferson County. We collect approx. 550 million a year, from over 300 thousand tax...

Property Tax Search



### Process Unit
The Sheriff's Office is responsible for the expedient service/execution of all court-ordered documents directed to the Sheriff of Jefferson...

Process Paper Search



### Sex Offender Search
Find out if any Sex Offenders have moved in to your neighborhood or receive notifications if they do.

Sex Offender Search



### Auto Inspection
Kentucky law requires all vehicles purchased in another state to be inspected by the Sheriff.....

Inspection Locations
What will be inspected?
What do I need to bring?



### Courts
By order of KRS chapter 70.140, the Sheriff or a deputy, shall attend and keep order in any court of justice and shall obey the orders of said courts.

Court Docket
Items Not Allowed in Court



### Criminal Division
The critical and timely service of 7,000 protective and domestic violence orders received annually, is of the highest priority...

Subpoenas, Summons,
Warrants, Evictions....



© 2011 Jefferson County Sheriff's Office

Home | Contacts | Site Map | Links

http://www.jcsoky.org/

6/12/2012

TELS-000080

Return to Bill Edit

◄ ▶ 1 / 1 ▼ | 🔍 | 🖐 100% ▼ | Business-Objects

# JEFFERSON COUNTY CLERK'S OFFICE
## TOTAL TAXES DUE STATEMENT

DESCRIPTION OF PROPERTY: 304 N 17TH ST
PARCEL ID: 030I5F02320000
CALCULATED AS OF: 6/1/2012

OWNER NAME & ADDRESS:
TRINITY CHRISTIAN ACTION
INC 628 N 19TH ST
LOUISVILLE, KY 40203

| Tax Year | Bill Number | Assessment Value | Tax | Penalties | Payments | Current Total | Jul-12 Total | Aug-12 Total | Sep-12 Total | Oct-12 Total | Suit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | 2001I09I04149 | 34,120.00 | 273.29 | 645.68 | 0.00 | 918.97 | 923.08 | 927.20 | 931.31 | 935.43 | |
| 2002 | 2002I09015062 | 34,120.00 | 284.90 | 619.53 | 0.00 | 904.43 | 908.72 | 913.00 | 917.29 | 921.50 | |
| 2003 | 2003I08I589225 | 34,120.00 | 127.71 | 388.99 | 0.00 | 495.70 | 501.10 | 502.18 | 504.02 | 505.85 | |
| 2004 | 2003I010I002278 | 34,120.00 | 413.28 | 803.28 | 0.00 | 1,216.58 | 1,222.01 | 1,228.81 | 1,234.93 | 1,241.05 | |
| 2005 | 2004I08I002009 | 34,120.00 | 410.07 | 737.81 | 0.00 | 1,159.88 | 1,162.05 | 1,169.23 | 1,174.44 | 1,180.62 | |
| 2006 | 2005I09I001992 | 45,280.00 | 533.08 | 826.49 | 0.00 | 1,485.85 | 1,489.26 | 1,505.54 | 1,514.84 | 1,524.14 | |
| 2007 | 2007I09I002064 | 45,280.00 | 557.50 | 708.55 | 0.00 | 1,284.45 | 1,272.88 | 1,281.31 | 1,289.74 | 1,298.18 | |
| 2011 | 2011I03I002541 | 34,000.00 | 439.97 | 326.88 | 0.00 | 767.93 | 774.02 | 762.00 | 783.06 | 795.16 | |
| | | | | **Totals:** | 0.00 | 8,211.79 | 8,243.04 | 8,305.29 | 8,355.64 | 8,404.79 | |

MAIL CERTIFIED CHECK OR MONEY ORDER TO:

Jefferson County Clerk
Jefferson Co Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

TELS-000081



### Jefferson County Clerk's Office
Louisville, KY

Bobbie Holsclaw
Jefferson County Clerk

527 W. Jefferson Street
Louisville, KY 40202
502.574.5700

Home    Motor Vehicle & Boats    On-Line Renewal    Legal Records    Liens    Voter Info

Search

About

Delinquent Taxes

Community Relations

E-mail Us

FAQ

Job Opportunities

Your County Clerk

Links

Contact Us

## Welcome to the
## Jefferson County Clerk's Office

Your Opinion is Valuable to Our Services

Comment Card

The Courier-Journal
courier-journal.com

Automobiles are licensed. People record legal documents. Businesses file property liens. Couples apply for marriage licenses. Notary publics are commissioned. Delinquent real estate taxes are collected. Citizens register to vote. These services, and many others, are offered at the Jefferson County Clerk's Office. By visiting our Web site, you get an up close and personal glimpse of our services and the records in our office. As you navigate your way through the site, keep in mind that while our duties are varied, our mission is clear – we are here to serve you. It is our goal to give you the type of service you deserve by handling each transaction with Value, Integrity and Performance. We believe all citizens deserve VIP service!

Chat service by BoldChat
Monday through Friday
10:00 A.M. until 2:00 P.M.

Where Do I Vote?

2012 Official Primary
Election Results

Delinquent Tax Search

Independence Day
Observance

VIP 2012 Spring
Newsletter Online

View Your Local Motor
Vehicle Branch LIVE!

New Service! Renew
Vehicle Registration by
Phone: 569-3300

Return to Bill Edit

 

**Receipt Of Payment**

Commonwealth of Kentucky
2005 Jefferson County Standard2 Bill
Today's Date: Friday, June 1, 2012

Make Check Payable To:
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

TRINITY CHRISTIAN ACTION
INC 329 N 19TH ST
LOUISVILLE, KY 40203

Vesta Holdings
1268 WEST PACES FERRY RD #517
ATLANTA, GA 30327
404-949-9755

Bill Number: 2005030002047
Map Number:
Parcel ID: 03015F02520000
Tax District: 03

Property Location:
304 N 17TH ST

Deed Book / Deed Page:
/

Property Description:
304 N 17TH ST

Farm Acres: 0
County Clerk: Jefferson Co Clerk

**Assessment:**

| Property Class | Assessed Value | Tax Authority | Rate / $100 | Tax |
|---|---|---|---|---|
| REAL_ESTATE | 46,280.00 | ESTATE | 0.1310 | 59.32 |
| REAL_ESTATE | 46,280.00 | COUNTY | 0.1290 | 57.56 |
| REAL_ESTATE | 46,280.00 | SCHOOL | 0.6250 | 283.00 |
| REAL_ESTATE | 46,280.00 | URBAN SERVICES | 0.3753 | 169.03 |
| | | | Total Assessment: | 568.31 |

**Adjustments:**

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 11.00 |
| Advertisement Fee | | | 18.00 |
| Penalty - 10% | | | 56.83 |
| Sheriff Fee | | | 5.00 |
| Monthly Delinquent Fee | | | 97.09 |
| Co. Attorney Fee | | | 144.67 |
| Co. Clerk Fee | | | 72.33 |
| County Clerk Fee | | | 19.00 |
| | | Total Adjustments: | 413.62 |

**Payments:**

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200005-2005030002047-921 | | VESTA HOLDINGS AS NO | Conversion | Cash | 7/8/2007 12:00:00AM | $982.34 |
| | | | | | Total Payments: | $982.34 |

**Balance Due: 0.00**

Comments:

TELS-000083

LB9I114PG026I



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, Jefferson County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY
PER KRS 134.480

Date of Assignment: 2007-07-08 00:00:00.000

**Assignee Information**
VESTA HOLDINGS AS NOMINEE FOR
1266 WEST PACES FERRY ROAD #51
ATLANTA GA 30327
HEARTWOOD 16  404-949-3850

**Description of Property**
304 N 17TH ST

**Parcel ID**
03015F02320000

| Year | Bill No. | Assessed in the name of | Original Assignment Fee | Total Paid |
|------|----------|-------------------------|-------------------------|------------|
| 2005 | 2005030002047 | TRINITY CHRISTIAN ACTION | | |
| | | | $11.00 | 982.34 |
| | | TOTAL | | 982.34 |

Assigned by: _____
                                    Deputy Clerk

This instrument was prepared by: Bobbie Holsclaw, Jefferson County Clerk
527 W. Jefferson Street, Room 100.
Louisville, KY 40202

*Bobbie Holsclaw*
                                    Clerk

Document No.: DN2009164149
Lodged By: VESTA HOLDINGS
Recorded On: 11/02/2009     06:18:46
Total Fees:                 .00
Transfer Tax:               .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: KELTAR

## END OF DOCUMENT

# VESTA HOLDINGS I, LLC

## General Information

| | |
|---|---|
| Organization Number | 0642293 |
| Name | VESTA HOLDINGS I, LLC |
| Profit or Non-Profit | Unknown |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | GA |
| File Date | 7/6/2006 |
| Authority Date | 7/6/2006 |
| Last Annual Report | 8/12/2011 |
| Principal Office | 1266 W PACES FERRY ROAD, #517 ATLANTA , GA 30327 |
| Registered Agent | UNITED STATES CORPORATION AGENTS, INC. 2333 ALEXANDRIA DRIVE LEXINGTON, KY 40504 |

## Current Officers

| | |
|---|---|
| Member | John E Ramsey |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | JOHN E. RAMSEY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as so images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images ar created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 2/16/2012 2:20:20 PM | 1 page | PDF | |
| Annual Report | 8/12/2011 | 1 page | PDF | |
| Annual Report | 9/15/2010 | 1 page | PDF | |
| Annual Report | 9/15/2009 | 1 page | PDF | |
| Annual Report | 1/17/2008 | 1 page | PDF | |
| Annual Report | 5/21/2007 | 1 page | PDF | |
| Application for Certificate of Authority | 7/6/2006 | 2 pages | tiff | PDI |

## Assumed Names

TELS-000085

Return to Bill Edit

  100% 

Make Check Payable To:
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

**Receipt Of Payment**
Commonwealth of Kentucky
2008 Jefferson County Standard2 Bill
Today's Date: Friday, June 1, 2012

TRINITY CHRISTIAN ACTION
INC
1848 BAIRD ST
LOUISVILLE, KY 40203

Southern Tax Services, LLC
108 West Maple Street
Nicholasville, KY 40356
859-885-1515

Bill Number: 2008030002224
Map Number:
Parcel ID: 03015F02329300
Tax District: 03

Property Location:
304 N 17TH ST

Dead Book / Deed Page:
/

Property Description:
304 N 17TH ST

Farm Acres: 0
County Clerk: Jefferson Co Clerk

Assessment:

| Property Class | Assessed Value Tax Authority | Rate / $100 | Tax |
|---|---|---|---|
| REAL_ESTATE | 45,280.00 STATE | 0.1220 | 55.24 |
| REAL_ESTATE | 45,280.00 COUNTY | 0.1256 | 56.53 |
| REAL_ESTATE | 45,280.00 SCHOOL | 0.6250 | 283.00 |
| REAL_ESTATE | 45,280.00 URBAN SERVICES | 0.3656 | 166.00 |
| | | Total Assessment: | 561.07 |

Adjustments:

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 28.00 |
| Advertisement Fee | | | 30.00 |
| Penalty + 10% | | | 56.11 |
| County Clerks Ad Fee | | | 5.00 |
| Mail Fee - 30day | | | 1.00 |
| Monthly Delinquent Fee | | | 27.85 |
| Lien Fee | | | 10.20 |
| Co. Attorney Fee | | | 128.01 |
| Co. Clerk Fee | | | 64.50 |
| Ad Fee - 10% | | | 61.72 |
| Commission | | | 17.67 |
| Mail Fee - 60day | | | 1.00 |
| | | Total Adjustments: | 431.87 |

Payments:

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200908-2008030002224-125 | 0 | Southern Tax Services, LL | Griffin | Check | 6/11/2009  8:14:15PM | $992.94 |
| | | | | | Total Payments: | $992.94 |

**Balance Due: 0.00**

Comments:

TELS-000086

BK 01097 PG 0487



## JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/11/2009

**Assignee Information**
Southern Tax Services, LLC
108 West Maple Street
Nicholasville, KY 40356
859-885-1616

**Description of Property**
304 N 17TH ST

**Parcel ID**
03015F02320000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total Paid |
|---|---|---|---|---|---|---|---|
| 2008 | 2008030002224 | TRINITY CHRISTIAN ACTION | 45,280.00 | 696.57 | 298.37 | 10.00 | 964.94 |
| | | | | | Certification/Assignment Fee: | | 28.00 |
| | | | | | | TOTAL: | 992.94 |

Assigned by: _____ Deputy Clerk

This instrument was prepared by:  Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

_Bobbie Holsclaw_ _____ Clerk

Document No.: DN2009126897
Lodged By: SOUTHERN TAX SERVICES LLC
Recorded On: 08/28/2009   11:40:47
Total Fees: .00
Transfer Tax: .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARRRR

## END OF DOCUMENT

TELS-000087

Welcome to Fasttrack Organization Search

## SOUTHERN TAX SERVICES, LLC

### General Information

| | |
|---|---|
| Organization Number | 0680813 |
| Name | SOUTHERN TAX SERVICES, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | KLC - |
| Status | A - Active |
| Standing | G - Good |
| State | KY |
| File Date | 12/13/2007 |
| Organization Date | 12/13/2007 |
| Last Annual Report | 6/9/2011 |
| Principal Office | 108 WEST MAPLE STREET NICHOLASVILLE, KY 40356 |
| Managed By | Members |
| Registered Agent | WILLIAM MILES ARVIN, JR. 108 WEST MAPLE STREET NICHOLASVILLE, KY 40356 |

### Current Officers

| | |
|---|---|
| Member | Daren Carter |
| Member | William Arvin, Jr. |

### Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | WILLIAM MILES ARVIN, JR. |

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/9/2011 | 1 page | PDF | |
| Annual Report Amendment | 12/2/2010 | 1 page | PDF | |
| Annual Report | 3/13/2010 | 1 page | PDF | |
| Principal Office Address Change | 11/5/2009 10:47:49 AM | 1 page | PDF | |
| Annual Report | 1/16/2009 | 1 page | PDF | |
| Annual Report | 6/29/2008 | 1 page | PDF | |
| Principal Office Address Change | 6/4/2008 | 1 page | tiff | PDF |
| Articles of Organization (LLC) | 12/13/2007 | 2 pages | tiff | PDF |

### Assumed Names

### Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|

TELS-000088

DB 09714 PG 0619   √ 4

## DEED

THIS DEED, made and entered into this _26th_ day of April, 2011, by and between TRINITY CHRISTIAN ACTION, INC., a Kentucky Corporation, of 1849 Baird Street, Louisville, Kentucky 40203, Party of the First Part, and ROSE HARPER, unmarried and DEDDO GOLDSMITH, unmarried, of 304 N. 17th Street, Louisville, KY 40203, Parties of the Second Part, mail tax bills to 304 N. 17th Street, Louisville, KY 40203:

### WITNESSETH

That for the valuable consideration of $3,900.00, to be paid by the Parties of the Second Part to the Party of the First Part at the rate of $300.00 per month beginning on May 3, 2011 and continuing each and every month thereafter on the 3rd day of the month until the entire sum is paid in full, without interest, the Party of the First Part hereby conveys unto the Parties of the Second Part for and during their joint lives with remainder in fee simple to the survivor of them, with covenant of GENERAL WARRANTY the following real estate located at 302 N. 17th Street and 304 N. 17th Street, Louisville, KY 40203 situated in Jefferson County, Kentucky and described as follows to wit;

TRACT 1    BEGINNING at the point on the West line of 17th Street 23 feet North of Duncan Street, thence Northwardly along the West side of 17th Street 20 feet, and extending back Westwardly 90 feet, between lines parallel with Duncan Street, to a 10 foot alley.

BEING the same property acquired by the Party of the First Part by deed dated _July 14, 1994_ and recorded in Deed Book _06540_ Page _0063_ in the Office of the County Clerk of Jefferson County, Kentucky.

TRACT 2    BEGINNING on the West side of 17th Street 45 feet North of Duncan Street, thence Northwardly along the West side of 17th Street 20 feet, and extending back Westwardly of that width throughout between lines parallel with Duncan Street, 90 feet.

BEING a portion of the same property acquired by the Party of the First Part by deed dated March 21, 1994 and recorded in Deed Book 06431, Page 0658 in the Office of the County Court Clerk of Jefferson County, Kentucky.

BK 09714 PG 0620

The Party of the First Part further covenants that it is lawfully seized of the estate hereby conveyed, that it has full right and power to convey same and that said real estate is free and clear of all liens and encumbrances, except those filed of record.

PROVIDED HOWEVER, there is excepted from the foregoing warranty and covenants of title, and this conveyance is made subject to, any existing easements, restrictions and stipulations of record, zoning laws and regulations of Jefferson County, Kentucky which may affect the property and any and all real estate taxes and/or assessments owed for the tax years of 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010, which the Parties of the Second Part do hereby assume and agrees to pay, jointly and severally, subsequent state, county, school, city and special district taxes, and all subsequent taxes, which the Parties of the Second Part do hereby assume and agrees to pay jointly and severally.

IN TESTIMONY WHEREOF, Witness the signature of the Party of the First Part, this 26th day of April, 2011.

TRINITY CHRISTIAN ACTION, INC.

By: _Shelly Rader_
SHELLY RADER, President
Party of the First Part

## CERTIFICATION OF CONSIDERATION

We, TRINITY CHRISTIAN ACTION, INC., Grantor, and ROSE HARPER and DEDDO GOLDSMITH, Grantees, do hereby certify, pursuant to KRS Chapter 382, that the fair cash value of the property herein conveyed is $4,000.00, and we understand that falsification of the stated full estimated value is a Class D felony, subject to one to five years imprisonment and fines up to $10,000.00.

TRINITY CHRISTIAN ACTION, INC.

By: _Shelly Rader_
SHELLY RADER, President
Grantor

2

TELS-000090

DB 09714PG0622

NOTARY PUBLIC, STATE AT LARGE,
KENTUCKY

THIS INSTRUMENT PREPARED BY:
No Title Examination Requested or Completed.

BRYAN N. COOMER
Attorney at Law
605 Republic Building
429 West Muhammad Ali Blvd.
Louisville, Kentucky 40202
(502) 585-2115

Document No.: BN2011054347
Lodged By: RADER
Recorded On: 05/02/2011       10:29:39
Total Fees:                24.00
Transfer Tax:               4.00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: AMASRO

4

END OF DOCUMENT

TELS-000091

# TRINITY CHRISTIAN ACTION, INC.

## General Information

| | |
|---|---|
| Organization Number | 0272947 |
| Name | TRINITY CHRISTIAN ACTION, INC. |
| Profit or Non-Profit | N - Non-profit |
| Company Type | KCO - Kentucky Corporation |
| Status | I - Inactive |
| Standing | G - Good |
| State | KY |
| File Date | 5/16/1990 |
| Organization Date | 5/16/1990 |
| Last Annual Report | 5/10/1993 |
| Principal Office | 529 N. 19TH. ST. LOUISVILLE, KY 40203 |
| Registered Agent | SHELLY RADER 529 N. 19TH. ST. LOUISVILLE, KY 40203 |

## Current Officers

## Individuals / Entities listed at time of formation

| | |
|---|---|
| Director | ANDREW RADER |
| Director | SHELLY SCHMITT |
| Director | KATHERINE RADER |
| Director | PATRICIA RADER |
| Director | FAYE BAILEY |
| Incorporator | ANDREW RADER |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as s... images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images ar... created.

| | | | | |
|---|---|---|---|---|
| Dissolution | 3/28/1994 | 4 pages | tiff | PDI |
| Annual Report | 7/1/1993 | 1 page | tiff | PDI |
| Amendment | 6/30/1993 | 3 pages | tiff | PDI |
| Statement of Change | 2/2/1993 | 1 page | tiff | PDI |
| Annual Report | 7/1/1992 | 1 page | tiff | PDI |
| Annual Report | 7/1/1991 | 1 page | tiff | PDI |
| Amendment | 7/10/1990 | 4 pages | tiff | PDI |

TELS-000092

Welcome to Fasttrack Organization Search                    Page 2 of 2

Articles of Incorporation        5/16/1990          8 pages        tiff        PDI

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Dissolution | 3/28/1994 | 3/28/1994 | |
| Amendment - Miscellaneous amendments | 6/30/1993 | 6/30/1993 | |
| Amendment - Miscellaneous amendments | 7/10/1990 | 7/10/1990 | |

## Microfilmed Images

Microfilm images are not available online. They can be ordered by faxing a Request For Corporat Documents to the Corporate Records Branch at 502-564-5687.

| | | |
|---|---|---|
| Dissolution | 3/28/1994 | 4 pages |
| Annual Report | 7/1/1993 | 1 page |
| Amendment | 6/30/1993 | 3 pages |
| Statement of Change | 2/2/1993 | 1 page |
| Annual Report | 7/1/1992 | 1 page |
| Annual Report | 7/1/1991 | 1 page |
| Amendment | 7/10/1990 | 3 pages |
| Articles of Incorporation | 5/16/1990 | 7 pages |

TELS-000093

Trinity Christian Action Inc - Louisville. KY -- OnLineYellowPages.com          Page 1 of 1



Business Datacard

Business Name: TRINITY CHRISTIAN ACTION INC
Phone: 502-772-0018
Location: 525 N 19th St
Louisville, KY 40203-1638

View Map
Add to ePhoneBook
SMS listing to cell phone

Home | Company | Contact | Terms of Use | Site Map

Copyright © 2012 OnlineYellowPages.com
A Yellow Pages Online, Inc. site. All Rights Reserved.

TELS-000094

BOOK 6000 PAGE 191

## REAL ESTATE SALES AGREEMENT

This Real Estate Sales Agreement this 26th day of June, 1990 between:
ANDREW RADER and PATRICIA RADER, his wife, 2002 Portland Ave., Louisville, Kentucky 40203, hereafter referred to as Sellers, and
TRINITY CHRISTIAN ACTION, INC., 3109 Portland Ave., Louisville, Kentucky 40212, hereafter referred to as Buyer,

WITNESSETH: Sellers agree to transfer, convey and sell to Buyer the properties listed on the attached list, which is incorporated and made a part hereof by reference as reproduced in its entirety herein, subject to the following terms and conditions:

1.     Sellers agree to sell the above properties for the sum of Three Hundred Thousand Dollars ($300,000.00) with a Vendor's lien thereon in order to secure payment of the sum of Three Hundred Thousand Dollars ($300,000.00) payable at the rate of One Thousand Dollars ($1,000.00) per month with interest on the unpaid balance at the rate of two per cent (2%) per annum beginning on the First day of July, 1990.  Furthermore Buyer shall assume full responsibility for any and all outstanding expenses as well as any future expenses of the Sellers incurred in the interest of or on behalf of the incorporation of the Buyer or the subject properties herein.

2.     Any and all tools, equipment and building materials in the possession of the Sellers, excluding personal items, shall become the property of the Buyer.  Sellers retain the right to use, dispose of, or add to such items in a manner deemed appropriate by Sellers in their sole discretion.

3.     In the event the Buyer cannot assume the management of said properties or fails to begin the payments aforesaid, then Sellers shall, at their sole option, reserve the right to retain control and management of the properties and the income and proceeds generated from said properties.

4.     Any future properties obtained by the Sellers may be sold to Buyer by Sellers at a price of no greater than twenty per cent (20%) more than the purchase price paid to obtain same by Sellers, plus expenses.  Such additional properties' prices are to be in addition to the sums mentioned in paragraph one above.

5.     Sellers reserve the right, in their sole discretion, not to take the full amount of said payment in any given month, allowing same to accumulate without interest, but capable of being withdrawn in the future.

6.     Upon the death of both of the Sellers, regardless of the amount, all indebtedness (accumulated or future amounts) owing to the Sellers shall be deemed paid in full and said properties are to be free and clear, except for any obligation owing to third parties to which all of such properties shall remain subject.

7.     Upon the deaths of the Sellers, a full release in conformity with paragraph 7 herein shall be delivered to Buyer by the personal representative of the Sellers.

8.     Additionally, Buyer shall provide for the well-being of the Sellers as follows:

    a.  Furnish a rent-free, appropriate residence with all maintenance and utilities paid.

    b.  Pay for all medical expenses not covered by Sellers' medical insurance, Social Security and/or Veterans' benefits.

BOOK 6000 PAGE 191

TELS-000095

BOOK 6000 PAGE 192

c.   Upon Seller's death(s), Buyer shall take full
responsibility for all burial expenses, including the
cost of future gravesite care and a modest headstone.

9.   Upon the execution and delivery of the Deed to the
subject properties by Sellers, Andrew Rader will continue to
advise consult and/or control the management and care of said
properties until the Buyer, through its Board of Directors,
determines that it can assume the responsibility of managing
the rental and sales of said properties, both financially and
knowledgeably.  Andrew Rader will continue to perform in the
same manner as he handled them previously, but according to
the authority vested in him as Chairman of the Board, as
provided for in the Constitution and Bylaws.

10.   Unless forced to do so due to an emergency, such complete
assumption by Buyer shall occur on the first of January of the
year mutually determined in advance for such an assumption.

11.   The name of the Buyers shall not be used in any way
with the management of said properties until the foregoing
transfer and assumption of responsibilities is completed.

12.   Sellers, as partial consideration for continuing to be
responsible for the management of said properties, shall
continue to collect all rents, profits and sale payments, to
maintain said properties and to pay any and all expenses and
taxes associated with same from such proceeds.

13.   Sellers shall hold Buyer harmless from any liability
during the transition period until the complete takeover by
Buyers is accomplished.

14.   After said takeover is complete, said management of
said properties shall be performed in accordance with the
Bylaws and the Articles of Incorporation and non-profit tax
regulations to insure that the tax-exempt status of Buyer is
kept intact.

Witness the signature of the Parties hereto this 26th
day of June, 1990.

_andrew Rader_
ANDREW RADER

_Patricia Rader_
PATRICIA RADER

TRINITY CHRISTIAN ACTION, INC.,
by its duly authorized agents

_Shelly Schmidt_
President and its agent

_Katherine Rader_
Vice-President and its agent

Commonwealth of Kentucky)
County of Jefferson      )

The foregoing instrument was produced and acknowledged
by Andrew Rader and Patricia Rader, his wife, before the
undersigned this _26th_ day of June, 1990.

The foregoing instrument was produced and acknowledged
by Shelly Schmitt, President and duly authorized agent of
Trinity Christian Action, and Katherine Rader, Vice-President
and duly authorized agent of Trinity Christian Action, before
the undersigned this _26th_ day of June, 1990.

_Denver Mosier Jr._
NOTARY PUBLIC, State at Large
Kentucky
My Commission expires, _5-3-93_

BOOK 6000 PAGE 192

BOOK 6000 PAGE 203

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated September 13, 1988, and recorded in Deed Book 5804, Page 323, in the Office of the Clerk of the County Court of Jefferson County, Ky.

Tract #47 - 2307-2309 Rowan Street

BEGINNING at a point in the North line of Rowan Street 55 feet 6 inches West of the Northwest corner of 23rd and Rowan Streets; thence Westwardly with said line of Rowan Street 60 feet, more or less, to the Southwestern corner of the tract of land described in Deed to Irving X. Small and others dated January 5, 1967, and recorded in Deed Book #095, Page 319, in the Office of the Clerk of the County Court of Jefferson County, Kentucky; thence Northwardly and parallel with 23rd Street, 106 feet to a 20 foot alley; thence Eastwardly with the South line of said alley 46 feet, 5 inches, more or less, to the intersection of said line of said alley with a Southern line of the tract of land conveyed to Abraham Ralnick and others by Deed dated December 1, 1969, and recorded in Deed Book 4319, Page 470, in the Office of the Clerk aforesaid; thence Southwardly and parallel with 23rd Street 38 feet, 11 inches; thence Eastwardly and parallel with Rowan Street 13 feet, 6 inches; thence Southwardly and parallel with 23rd Street 161 feet, more or less, to the point of beginning.

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated January 5, 1988, and recorded in Deed Book 5742, Page 405, in the Office of the Clerk of the County Court of Jefferson County, Ky.

Tract #48 - 306 North 17th Street

BEGINNING on the West side of 17th Street 45 feet North of Duncan Street; running thence Northwardly along the West side of 17th Street 20 feet; and extending back Westwardly of that width throughout between lines parallel with Duncan Street, 90 feet.

BEING Parcel #1 conveyed to Andrew Rader and Patricia Rader by Deed dated February 22, 1988, and recorded in Deed Book 5976, Page 10, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

Tract #49 - 513 North 17th Street

BEGINNING on the East side of Seventeenth Street 460 feet South of Portland Avenue; thence Southwardly with the East side of 17th Street, 25 feet; thence Eastwardly at right angles to 17th Street 110 feet to an alley; thence Northwardly with the West line of said alley and said West line extended 25 feet; thence Westwardly 110 feet to the beginning.

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated May , 1988, and recorded in Deed Book 5858, Page 781, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

Tract #50 - 515 North 17th Street

BEGINNING on the East side of 17th Street 92-1/2 feet South of Lytle Street; running thence Southwardly with 17th Street 22-1/2 feet; thence Eastwardly at right angles to 17th Street 110 feet; thence Northwardly and parallel with 17th Street 22-1/2 feet; and thence Westwardly 110 feet to the point of beginning; together with the right to use the private alley as established in Deed dated February 8, 1870, and recorded in Deed Book 146, Page 518, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

-11-

BOOK 6000 PAGE 203

TELS-000097

BOOK6000 PAGE206

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated November 4, 1987, and
recorded in Deed Book 5946, Page 45, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

Tract #61 - 1343 South 38th Street

BEGINNING at a point in the East side of 28th Street
(formerly Amber Street) 525 feet South of Dumesnil Street;
thence Southwardly along the East line of 28th Street,
50 feet;   and extending back Eastwardly of that width
throughout, between lines parallel with Dumesnil Street,
150 feet to a 14-foot alley.  BEING Lots 59 and 60,
Block 5, Plat of Homestead Association, of record in
Deed Book 189, Page 640, in the Office of the County
Court Clerk of Jefferson County, Kentucky.

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated February 5, 1985, and
recorded in Deed Book 5498, Page 275, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

Tract #62 - 608 South 34th Street

BEGINNING at a point on the West side of 34th Street,
120 feet North of the Northwest corner of 34th and
Magazine Streets;   thence Northwardly along the West
side of 34th Street 40 feet;   thence Eastwardly parallel
with Magazine Street 77 feet 10 inches to the point of
beginning.

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated February 25, 1977, and
recorded in Deed Book 5522, Page 295, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

The Sellers, Andrew and Patricia Rader, deed with lien the
above listed properties to the aforesaid Buyers, with the full
understanding that some of these properties have been previously
sold to individuals on Deed with Mortgage or on Contract for
Deed, and recorded as such.  Therefore the Buyers assume the
responsibility of giving to these individual Buyers a clear
Deed when they pay off the obligation in full.

The total consideration herein is $300,000.00.  The
foregoing properties are conveyed in an "as-is" condition and
subject to any contracts, liens and encumbrances of record,
all City of Louisville, Jefferson County and State taxes
presently due and that come due and payable hereafter.

IN TESTIMONY WHEREOF, witness the signatures of the
Parties of the First Part on the date above first written.

_____          _____
ANDREW RADER                     PATRICIA RADER

Prepared by:
Patricia Rader
202 Portland Ave.
Lous. Ky. 40203
778-8309

BOOK6000 PAGE206

-14-

TELS-000098

LB 00896PG0526

1872

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

**Form 668 (Y)(c)**
(Rev. February 2004)

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>307048506 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Document No.: DN2006138368
Lodged By: INTERNAL REVENUE SERVICE
Recorded On: 08/16/2006    02:22:42
Total Fees:                    12.68
Transfer Tax:                    .68
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: EVEMAY

Name of Taxpayer TRINITY CHRISTIAN ACTION INC , a Corpor

Residence     1854 PORTLAND AVE
              LOUISVILLE, KY 40203-1060

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 940 | 12/31/2004 | 61-1183152 | 10/17/2005 | 11/16/2015 | 246.50 |
| 940 | 12/31/2005 | 61-1183152 | 05/01/2006 | 05/31/2016 | 230.35 |
| 941 | 06/30/2004 | 61-1183152 | 05/02/2005 | 06/01/2015 | 2171.74 |
| 941 | 09/30/2004 | 61-1183152 | 10/10/2005 | 11/09/2015 | 617.38 |
| 941 | 12/31/2004 | 61-1183152 | 10/10/2005 | 11/09/2015 | 1943.40 |
| 941 | 03/31/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 4344.94 |
| 941 | 06/30/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 3993.54 |
| 941 | 09/30/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 2332.03 |
| 941 | 12/31/2005 | 61-1183152 | 04/17/2006 | 05/17/2016 | 1999.97 |

| Place of Filing | | | |
|---|---|---|---|
| COUNTY COURT CLERK<br>JEFFERSON COUNTY<br>LOUISVILLE, KY 40202 | | Total $ | 17879.94 |

This notice was prepared and signed at        DETROIT, MI        , on this,

the  02nd  day of  August  , 2006    **END OF DOCUMENT**

| Signature  R. A. Mitchell<br>for JANE RILEY | Title<br>REVENUE OFFICER<br>(502) 420-1563 | 22-02-3141 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

TELS-000099

LB01007PG0340

| Form 668 (Y)(c) (Rev. February 2004) | 6152 | Department of the Treasury - Internal Revenue Service | |
|---|---|---|---|
| | | **Notice of Federal Tax Lien** | |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2 Lien Unit Phone: (800) 913-6050 | Serial Number 440747908 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer TRINITY CHRISTIAN ACTION INC , a Corporation

Residence        1849 BAIRD ST.
                 LOUISVILLE, KY 40203-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 940 | 12/31/2006 | 61-1183152 | 04/02/2007 | 05/02/2017 | 143.54 |
| 941 | 03/31/2006 | 61-1183152 | 08/14/2006 | 09/13/2016 | 598.70 |
| 941 | 06/30/2006 | 61-1183152 | 09/04/2006 | 10/04/2016 | 646.38 |
| 941 | 09/30/2006 | 61-1183152 | 06/11/2007 | 07/11/2017 | 1153.88 |
| 941 | 12/31/2006 | 61-1183152 | 04/02/2007 | 05/02/2017 | 1614.27 |
| 941 | 06/30/2007 | 61-1183152 | 10/01/2007 | 10/31/2017 | 54.39 |

| Place of Filing | COUNTY COURT CLERK JEFFERSON COUNTY LOUISVILLE, KY 40202 | Total $ | 4211.16 |
|---|---|---|---|

This notice was prepared and signed at        DETROIT, MI        , on this,

the   24th   day of   April   ,   2008

Signature *R. A. Mitchell*        Title REVENUE OFFICER
for KEVIN R. WOOLFOLK                (502) 420-1558

Document No.: DN2008065723
Lodged By: IRS
Recorded: 05/06/2008   08:55:58
Total Fees:            12.00
Transfer Tax:           .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG   22-02-3162

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)        Part         Form 668(Y)(c) (Rev. 2-2004)
                                                          CAT. NO 60025X

END OF DOCUMENT

Contact My Local Office in the District of Columbia          http://www.irs.gov/localcontacts/article/0,,id=98267,00.html



Contact My Local Office in the District of Columbia

**Face-to-face Tax Help**

IRS Taxpayer Assistance Centers are your source for personal tax help when you believe your tax issue cannot be handled online or by phone, and you want face-to-face assistance.

If you need to resolve a tax problem, have questions about how the tax law applies to your individual tax return, or you're more comfortable talking with someone face-to-face, visit your local Taxpayer Assistance Center where you can spread out your records and talk with an IRS representative across the counter. No appointment is necessary - just walk in. If you prefer, you may call a local number (see chart, below) to learn about available and alternate services, and to reschedule appointments with IRS personnel. If you have an ongoing, complex tax account problem or a special need, such as a disability, an appointment may be requested. All other issues will be handled without an appointment.

Note: Before visiting your local office click on "Services Provided" in the chart below to see what services are available. Services may vary from site to site. You can get these services on a walk-in, non-advance appointment basis.

Caution: Many of our offices are located in Federal Office Buildings. These buildings may not allow visitors to bring in cell phones with camera capabilities.

Multilingual assistance is available in every office. Hours of operation are subject to change.

* Note: The phone numbers in the chart above are not toll-free for all locations. When you call, you will reach a recorded business message with information about office hours, locations and services provided in that office. You may leave a message to request an appointment for help resolving a tax issue or to reschedule an existing appointment. You will receive a return call within two business days. If face-to-face assistance is not a priority for you, you may also get help with IRS letters or resolve tax account issues by phone, toll free 1-800-829-1040 (individuals) or 1-800-829-4933 (businesses).

| City | Street Address | Days/Hours of Service | Telephone* |
|------|----------------|-----------------------|------------|
| Washington, DC | 77 K Street NE Washington, DC 20002 | Monday-Friday 8:30 a.m.-4:30 p.m. Services Provided | (202) 874-8748 |

For information on where to file your tax return please see Where to File Addresses.

The Taxpayer Advocate Service: Call (202) 874-7203 or 1-877-777-4778 or see Publication 1546, The Taxpayer Advocate Service of the IRS.

For further information, see Tax Topic 104.

**Partnerships**

IRS and organizations all over the country are partnering to assist taxpayers. Through these partnerships, organizations are also achieving their own goals. These mutually beneficial partnerships are strengthening outreach efforts and bringing education and assistance to millions.

For more information about these programs for individuals and families, contact the Stakeholder Partnerships, Education and Communication Office at:

Internal Revenue Service
Metro Plex 1
8401 Corporate Drive, Suite 300
Landover, MD 20785

For more information about these programs for businesses, your local Stakeholder Liaison office establishes relationships with organizations representing small business and self-employed taxpayers. They provide information about the policies, practices and procedures the IRS uses to ensure compliance with the tax laws. To establish a relationship with us, use this list to find a contact in your state:

Stakeholder Liaison (SL) Phone Numbers for Organizations Representing Small Businesses and Self-employed Taxpayers.

*Page Last Reviewed or Updated: July 22, 2011*

8/18/2011 9:56 AM

TELS-000101

# EXHIBIT

# 6

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO.: 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                      PLAINTIFF

v.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE                                              DEFENDANTS

## AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

The undersigned Attorney for the Petitioner, Tax Ease Lien Investments 1, LLC, being first duly sworn, states:

1. Wilensky & Jones, LLP, Attorneys, to date, has invoiced Petitioner, Tax Ease Lien Investments 1, LLC, in attorney's fees in exchange for the litigation of the collection of the amounts due and payable with respect to the 2004 Tax Bill made the basis of this suit and the foreclosure of its lien upon the Property described in these proceedings the following itemized amounts:

   A. $205.00 for issuance of a Warning Letter and Title Examination,
   B. $552.00 for drafting and filing of the Complaint,
   C. $395.00 for drafting and filing of the Summary Judgment and Order of Sale.
   D. Further, simultaneously with the Court's granting of its Summary Judgment and Order of Sale, Wilensky and Jones will bill Plaintiff $148.00 to attend the Master Commissioner sale herein

2. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid Blue Grass Abstract, LLC, and invoiced Petitioner, Tax Ease Lien Investments 1, LLC, $195.00 for a title search for the Property made the basis of this suit

3. Wilensky & Jones, LLP, Attorneys, to date, has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $619.37 in filing fees, court costs and service costs in these proceedings.

4. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $205.00 for (a) an abstract of title (b) vetting of title; (c) service of process information for each Defendant hereto, and (d) copies of all back-up documents including copies of mortgages and other year's tax bills and/or certificates and that, the additional title search information and research significantly reduces Wilensky & Jones, LLP's time and ultimately its attorney's fees for this matter.

SHE100148 Master Stock Number
AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

5. Had the Defendant satisfied the claim at any given stage of the litigation prior hereto, Plaintiff would have only been invoiced the amount of attorney fees relative to that stage of the litigation.

BY: <u>Don Jones</u>

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

STATE OF TEXAS            )
COUNTY OF DALLAS          )

Subscribed and sworn to before me by Donald R. Jones this 3rd day of November, 2011.

[SEAL]


RANDIE RAVKIND ELLIS
MY COMMISSION EXPIRES
June 25, 2015

<u>Randie Ellis</u>
Notary Public

SHE100148 Master Stock Number
AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

# EXHIBIT

# 7

TENDERED __11|7|11__

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO : 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                    PLAINTIFF

v.

> FILED
> LOWRY S. MILLER, CLERK
> **DEC - 7 2011**
> SHELBY CIRCUIT/DISTRICT COURT
> BY:_____D.C.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE
                                                                   DEFENDANTS

## SUMMARY JUDGMENT and
## ORDER FOR SALE

        Upon Motion for Summary Judgment by Plaintiff, Tax Ease Lien Investments 1, LLC
against Defendant(s), Terry L. Carriss and Flora M. Carriss, it appearing that said Defendant(s)
has failed to timely plead or otherwise defend this matter after having been served with process,
and the Court being otherwise sufficiently advised,

        **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**
On motion of Plaintiff, IT IS ORDERED AND ADJUDGED THAT:

1.  Plaintiff, Tax Ease Lien Investments 1, LLC, shall recover:

    a.  Judgment against the against Defendant(s), Terry L. Carriss and Flora M. Carriss the
        following amounts:

        i.   $933.64 being Plaintiffs' acquisition cost of the 2004 tax bill made the basis of this
             suit, plus twelve percent (12%) interest per annum from the date of Plaintiff's
             acquisition of said bill of August 15, 2005, (pursuant to KRS 134.500);

        ii.  an administration fee of $100.00 for the preparation and filing of the Release of Lien
             and the Clerk's cost of recordation, (pursuant to KRS 134.452(4));

        iii. pre-litigation attorney fees of $~~751.50~~ *653.20* (pursuant to KRS 134.452(3)(a) & (b)).

    b.  actual and reasonable attorney's fees of $~~1,300.00~~ *$1,000.00* arising in the prosecution of Collection
        Remedies and/or in Litigation (pursuant to KRS 134.452 (3)(c)); $~~400.00~~ *$100.00* for (a) a title
        search for the Property made the basis of this suit (pursuant to KRS 134.452(3)(c)); (b) an

P a g e | 1

Master Stock Number SHE100148
SUMMARY JUDGMENT and
ORDER FOR SALE

Lien Book E31, Page 76.

11. Wachovia Bank, Defendant, was made a party hereto, but failed to Answer herein and is not entitled to the protection of its interest.

12. In the event Plaintiff becomes the successful purchaser of said real estate at the commissioner's sale, and should the bid of Plaintiff be less than its liens herein, Plaintiff may comply with the terms of sale by taking credit upon its judgment without making the cash deposit or executing the sale bond as hereinabove provided.

13. This is a final and appealable judgment and there is no just reason for delay in its entry.

14. Jurisdiction is retained to confirm the sale; to distribute the proceeds; to adjudge junior liens; and for entry of such further orders as may be necessary.

15 Said property shall be sold subject to such right of redemption as may exist in favor of the Defendant.

16. Neither the Master Commissioner nor anyone in his/her employ including, but not limited to, office staff, auctioneers, or appraisers, shall act as surety on the bond of any purchaser of property at any judicial sale.

17 Sale date is set by the Master Commissioner as _____ .

Dated: _____ *12/7* _____ , 2011.

*Chas L. Spickman*
JUDGE, SHELBY CIRCUIT COURT


CHECKED, EXAMINED AND APPROVED

BY: _____
SHELBY    CIRCUIT    COURT    MASTER
COMMISSIONER

Master Stock Number SHE100148
SUMMARY JUDGMENT and
ORDER FOR SALE

# EXHIBIT

# 8

**\*JEF300282-SFT-CL-0312\***

TAX EASE LIEN SERVICING, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254


HUMPHREY SAMUEL
3712 CUTLER RD
LOUISVILLE KY 40219-3712

August 6, 2012

### NOTICE OF OFFER OF SETTLEMENT

Dear Humphrey Samuel:

Our office recently sent a Notice of Delinquency and Impending Action to this mailing address. That letter stated that it was our final attempt to advise you of the status of your delinquent tax lien. Tax Ease Lien Servicing, LLC purchased the delinquent tax bill(s) from the Jefferson County taxing authorities. This bill was assessed against your property (land, house, building, or mobile home), which was located at 1525 Rowan St at the time of assessment. The parcel ID number for this property is 03015A00760000.

However, since we have not heard from you, it is clear that you may be experiencing some financial difficulties right now and you simply cannot afford to pay the outstanding balance as it stands. *We can assure you that if this account does not get settled in a timely manner, action will be taken against you and/or your property.*

However, we want to assist you in repaying this obligation and give you an opportunity for repayment while saving you money that you could use towards your other bills and obligations. With that said, *we can offer you several repayment options that may assist you in paying this obligation.* These options range from *settlements offers*, which would lower the amount due, to *payment plans* that would allow you to repay this account in smaller installments with terms agreeable to both parties. Call us today to let us know which option is best for you and your family. *We can settle this issue together as long as both parties are cooperative.*

Payment must be made in the form of a cashier's check or money order, not by personal check. Payment should be made payable to: **Tax Ease Lien Servicing, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Please reference master stock number **JEF300282** on your payment.

We would prefer to provide you with the opportunity to resolve this delinquency short of litigation. You must make payment arrangements immediately to stop the filing of a legal action against you and to avoid further expenses, such as interest charges and legal fees. The next notice that you receive will be a foreclosure warning letter from our attorney.

If you have any questions, please visit our website at www.teliky.com or contact us directly at (214) 420-5999 or email us at collect@taxease.com

Sincerely,
Brandon Buchanan, Senior Loss Mitigation Analyst
Tax Ease Lien Servicing, LLC


# MASTER STOCK NUMBER:  JEF300282

# EXHIBIT

# 9

**\*ADR100002-NMR-CL-0812\***

TAX EASE LIEN INVESTMENTS 1, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254


JAMES R MURRAY
286 WINDHAVEN TRL
COLUMBIA KY 42728-8892

August 6, 2012

Dear James R Murray:

Tax Ease Lien Investments 1, LLC purchased the delinquent tax bill(s) from Adair County, and the bill was assessed against your property (land, house, building, or mobile home), which was located at 170 Murray Ln at the time of assessment. The parcel ID number for this property is 51E-009.

We know it is a brand new year, and now you may have some funds becoming available to take care of this obligation. And because it is a new year, we are ***READY TO MAKE A DEAL!!!*** I have been authorized to help you get this obligation paid in ***VERY favorable terms*** that will be in your best interest to accept.

Call me today and let's make a deal!!! I'm wanting to sign up **hundreds of people** on payment plans and hoping to save them **thousands of dollars** with generous settlement offers to give you the best opportunity to stop the calls and letters.

I understand bad things happen to good people and sometimes money is tight. I also understand a new year may be a golden opportunity to take care of this obligation. If you are excited about the New Year and want to settle this account once and for all – CALL ME TODAY at 214-420-5999 so I can get you qualified for savings!!!



*I can assure you that if this account does not get settled in a timely manner; action could be taken against you personally and/or your property.* However, we still want to assist you in repaying this obligation. Call us today to let us know which option is best for you and your family.

CALL NOW TO SAVE BIG!!! You will NOT be disappointed! All reasonable offers will be considered!

Payment must be made in the form of a cashier's check or money order, not by personal check. Payment should be made payable to: **Tax Ease Lien Investments 1, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Please reference master stock number **ADR100002** on your payment.

To set up payment arrangements, please contact us directly at (214) 420-5999 or email me at collect@taxease.com
Sincerely,
Brandon Buchanan, Senior Loss Mitigation Analyst
Tax     Ease     Lien     Investments     1,     LLC

**MASTER STOCK NUMBER:  ADR100002**

# EXHIBIT

# 10

**\*CLY300096-HRD-CL-0812\***

TAX EASE LIEN SERVICING, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254

GRUBB TOLE & LAWRENCE
4880 TODD RD
LEXINGTON, KY 40515

August 6, 2012

### NOTICE OF DELINQUENCY & IMPENDING ACTION

Attention Grubb Tole & Lawrence:

This letter is our **FINAL ATTEMPT** to advise you of the status of your delinquent tax lien(s).  Tax Ease Lien Servicing, LLC purchased the delinquent tax bill(s) from the Clay County taxing authorities. This bill was assessed against your property (land, house, building, or mobile home), which was located at Hubbard Fork Rd at the time of assessment. The parcel ID number for this property is 158-00-00-004.00.

To obtain the outstanding balance of the tax lien(s) you must call as soon as possible. Payment must be made in the form of a cashier's check or money order, not by personal check.  Payment should be made payable to: **Tax Ease Lien Servicing, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.**  Please reference master stock number CLY300096 on your payment.

Under Kentucky law, the delinquent taxes are your responsibility, as you currently own or once owned the subject property. To date, there has been no response to our repeated attempts to contact you and to collect on the unpaid balance of the delinquent tax lien(s).

In such situations, the Commonwealth of Kentucky provides several remedies for third party purchasers, such as our company, to collect the outstanding delinquent tax lien(s). **A judicial foreclosure action may be filed against you forcing the sale of the property at public auction.  A deficiency judgment or personal judgment may be filed against you to collect on any of the bill that remains unpaid after a foreclosure action.  Such a judgment will attach to all other property you own in the Commonwealth of Kentucky.  Additionally, you may be subject to employer-mandated wage garnishments and the seizure of your personal funds held in your bank or other financial institution.**

Tax Ease would like to avoid the expensive legal actions above.  We would prefer to provide you with the opportunity to resolve this delinquency short of litigation.  You must make payment arrangements immediately to stop the filing of a legal action against you and to avoid further expenses, such as interest charges and legal fees.  The next notice that you receive will be a foreclosure warning letter from our attorney.

If you have any questions, please contact us directly at (214) 420-5999 or email us at collect@taxease.com.

Sincerely,
Tax Ease Lien Servicing, LLC

## MASTER STOCK NUMBER:  CLY300096

# EXHIBIT

# 11

**\*312483-CL-111012\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

HOLLAND CALVIN L
2803 HOSKINS DR
JEFFERSONVILLE IN 47130-5923

November 3, 2010

To Holland Calvin L:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011275 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 5521 Ailanthus Trl, which is further identified by map number 23091100640000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,442.19. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312483* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312483**

**\*312484-CL-1110112\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

JONES ROSS
2206 BLANKENBAKER RD
JEFFERSONTOWN KY 40299-2410

November 3, 2010

To Jones Ross:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011324 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 5308 Regent Way, which is further identified by map number 23093405010000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,495.02. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

## PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC,* and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312484* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312484**

**\*312487-CL-1110112\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

THOMAS DAVID A DR & BECKY E
2217 BONNYCASTLE AVE
LOUISVILLE KY 40205

November 3, 2010

To Thomas David A Dr & Becky E:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011526 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 4405 Newport Rd, which is further identified by map number 23201504240000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,980.55. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

## PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312487* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312487**

**\*312488-CL-111042\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

BLUE LICK APARTMENTS LTD
9306 NEW LAGRANGE RD STE 100
LOUISVILLE KY 40242

November 3, 2010

To Blue Lick Apartments Ltd:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011717 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 4902 Shumake Ct, which is further identified by map number 23203001250000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $685.24. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *312488* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312488**

*31249-CL-1110N2*

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


BLUE LICK APARTMENTS LTD
9306 NEW LAGRANGE RD STE 100
LOUISVILLE  KY  40242


November 3, 2010


To Blue Lick Apartments Ltd:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011718 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 4911 Shumake Ct, which is further identified by map number 23203001350000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $685.24. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC,* and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312489* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.


Sincerely,

Sherrow, Sutherland & Associates, PSC


Billy Sherrow


**STOCK NUMBER: 312489**

# EXHIBIT

# 12

**COMMONWEALTH OF KENTUCKY**
**LINCOLN CIRCUIT COURT**
**CIVIL ACTION NO. 10-CI-00197**
**DIVISION I**

TAX EASE LIEN INVESTMENTS 1, LLC                                    PLAINTIFF

v.      **AFFIDAVIT OF TREY GULLEDGE, CHIEF OPERATING OFFICER OF**
                    **TAX EASE LIEN INVESTMENTS 1, LLC**

BETTY ANN MARTIN, et. al.                                    DEFENDANTS

**\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\***

Comes now the Affiant, Trey Gulledge ("Affiant"), and after being duly sworn and cautioned states as follows:

1.      Affiant is Chief Operating Officer of Tax Ease Lien Investments 1, LLC, Lien Division (hereinafter "Tax Ease").

2.      Affiant is familiar with the pre-litigation collection efforts of Tax Ease and the actual attorney's fees which Tax Ease incurs as a result of these collection efforts prior to litigation.

3.      Affiant states that Tax Ease has engaged the law firm of Sherrow, Sutherland & Associates, P.S.C. to send periodic notice letters in efforts to collect its certificates of delinquency prior to litigation.

4.      Tax Ease has incurred the following actual attorneys' fees for services performed by Sherrow, Sutherland & Associates, P.S.C. for collection efforts prior to litigation:

**2007 Lincoln County Tax Bill Number 8422**

| Date | Service | Attorney's Fee |
|------|---------|----------------|
| June 19, 2008 | 50-Day Notice Letter (KRS § 134.490) | $ 62.50 |
| August 12, 2009 | 1 Year Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 0.00 |
| September 9, 2008 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 69.50 |

EXHIBIT
**B**

| December 15, 2008 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 69.50 |
| March 9, 2009 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 65.83 |
| **Total** | | **$ 267.33** |

    5.    Tax Ease has incurred Two Hundred Sixty-Seven Dollars and 33/100 ($267.33) in actual attorney's fees for efforts at collecting its Certificates of Delinquency prior to litigation.

    6.    Tax Ease has incurred administrative fees for preparing and recording its Certificate of Delinquency in the Lincoln County Clerk's office, and will incur further administrative fees for releasing its Certificates of Delinquency. Tax Ease's total administrative fees are one hundred dollars and no/100 ($100.00) per certificate.

    FURTHER AFFIANT SAYETH NAUGHT.

TREY GULLEDGE, AFFIANT

STATE OF TEXAS    )
                   )
COUNTY OF Dallas )

    Subscribed, sworn to, and acknowledged before me on this the 1st day of Sept, 2010, by Trey Gulledge, Affiant.

My Commission Expires: 3/8/2011

Notary Public, State at Large, Texas

CATHRYN J.M. ABSHIER
MY COMMISSION EXPIRES
March 8, 2011

# EXHIBIT

# 13

*LAW OFFICES*
**SHERROW, SUTHERLAND
& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

**3/4/2009**

To:   132974-PF-0309B1
      C/O BETTY ANN MARTIN
      330 KY HWY 643
      WAYNESBURG KY 40489

Dear Betty Ann Martin:

This letter is our final attempt to make you aware that Tax Ease Lien Investments 1, LLC ("TELI1") purchased a lien for 2007 unpaid *ad valorem* taxes on your property located at 330 Ky Hwy 643 in Lincoln County. This is a lien of record against this property and it takes priority over virtually all other claims against the property. It cannot be defeated by a sale or other transfer of the property.

To date, neither we nor our client have received any positive response from our efforts to contact you and clear this lien against your property. Therefore, your file has been turned over to our offices for collection, which if unpaid, will result in a foreclosure being filed against the property. *The foreclosure process could and most likely will result in the court-ordered sale of your property.* If we are forced to collect through the foreclosure process, all court costs, sheriff's fees, attorney fees and master commissioner fees will be added to the amount that you already owe.

**It is imperative that you contact our client immediately at (214-)420-5927 for a payoff in order to avoid the accumulation of further collection fees and to prevent the foreclosure of your property.**

The outstanding balance of the 2007 Tax Lien as of 3/4/2009 is $664.03 ("March Payoff"), and that amount continues to accrue interest at the rate of 12% per annum as permitted by Kentucky law in KRS 134.500. However, in the event our client incurs additional expenses as the result of this or any other collection actions, those legal fees and costs will be added to the payoff figures set forth above as also permitted by Kentucky law. (KRS 134.520)

Payment of the 2007 Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by the dates listed for the payoff to be valid. Postmarks are NOT accepted as the delivery date. **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

If you need to contact our client about this tax lien please reference the information below:

| |
|---|
| **Stock No. 132974** |
| Tax Bill Number 8422          Map ID: |

The following information is provided pursuant to KRS 134.490:

Legal name of purchaser:
    Tax Ease Lien Investments 1, LLC

Purchaser's physical address and address for payments:
    14901 Quorum Drive, Suite 900
    Dallas, TX 75254

Purchaser's telephone number:
    (214) 420-5927

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client TELI directly at (214) 420-5927 or email to payoffs@TELIKY.com.

Very truly yours,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

## NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU HAVE THIRTY (30) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER TO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREON, OR ELSE THIS DEBT WILL BE ASSUMED VALID. IF YOU DO HAVE A DISPUTE ABOUT THIS DEBT, WE WILL SEND YOU VERIFICATION FIGURES UPON WRITTEN REQUEST BY YOU WITHIN SAID THIRTY (30) DAY PERIOD. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

# EXHIBIT

# 14

*LAW OFFICES*
**SHERROW, SUTHERLAND**
**& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

**3/4/2009**

To:   030409-PF-0309B1
      MICHELLE LE
      14901 QUORUM DRIVE, SUITE 900
      DALLAS TX 75254

Dear Michelle Le:

        This letter is our final attempt to make you aware that Tax Ease Lien Investments 1, LLC ("TELI1") purchased a lien for 2009 unpaid *ad valorem* taxes on your property located at 123 Cloudy Road in Dallas County.  This is a lien of record against this property and it takes priority over virtually all other claims against the property.  It cannot be defeated by a sale or other transfer of the property.

        To date, neither we nor our client have received any positive response from our efforts to contact you and clear this lien against your property.  Therefore, your file has been turned over to our offices for collection, which if unpaid, will result in a foreclosure being filed against the property.  *The foreclosure process could and most likely will result in the court-ordered sale of your property.*  If we are forced to collect through the foreclosure process, all court costs, sheriff's fees, attorney fees and master commissioner fees will be added to the amount that you already owe.

        **It is imperative that you contact our client immediately at (214-)420-5927 for a payoff in order to avoid the accumulation of further collection fees and to prevent the foreclosure of your property.**

        The outstanding balance of the 2009 Tax Lien as of 3/4/2009 is $0 ("March Payoff"), and that amount continues to accrue interest at the rate of 12% per annum as permitted by Kentucky law in KRS 134.500.  However, in the event our client incurs additional expenses as the result of this or any other collection actions, those legal fees and costs will be added to the payoff figures set forth above as also permitted by Kentucky law. (KRS 134.520)

        Payment of the 2009 Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check.  Payment must be received in our client's office by the dates listed for the payoff to be valid.  Postmarks are NOT accepted as the delivery date.  **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

        If you need to contact our client about this tax lien please reference the information below:

| | |
|---|---|
| **Stock No. 030409** | |
| Tax Bill Number 123 | Map ID:  123-456-789 |

# EXHIBIT

# 15

NO.   10CI402027                                    JEFFERSON CIRCUIT COURT

                                                           DIVISION 9

TAX EASE LIEN INVESTMENTS 1, LLC                          PLAINTIFF

VS.                    **MASTER COMMISSIONER'S REPORT**
         **RE: DEFENDANT'S SUMMARY JUDGMENT-LIABILITY**

WILSON, MAGGIE MAE, ET. AL.                               DEFENDANTS

* * * * * * *

This matter was referred to the Commissioner for a recommendation on Ms. Wilson's

January 18, 2011, motion for Summary Judgment on her counterclaim against TELI as to

liability.  A hearing was conducted April 19, 2011, at which TELI was represented by Marcy

Spratt, and Ms. Wilson was represented by John Young.

The statutes which govern the collection of taxes are fairly detailed, and the following

sections of KRS Chapter 134 have been added to the record for ease of reference: 119, 122, 128,

452, 490, 546, and 990.  The Defendant's Memorandum correctly lays out the statutory path for

collection of third-party certificates of delinquency.  The Defendant also correctly observes that

pre-litigation attorneys fees are capped by Section 452(3)(a)(1) at $156.63, representing TELI's

acquisition cost, for tax amounts in the lowest dollar range.

What, then is the basis for TELI's demand for a $750.00 litigation attorney's fee, as

embodied in the January 25, 2010, Forbearance Agreement, which appears as Exhibit 1 to the

Complaint?  TELI's February 17, 2011, Response lists:

| | |
|---|---|
| Title Search | $400.00 |
| Drafting and monitoring Forbearance Agreement | $200.00 |
| Foreclosure Warning Letter | $150.00 |
| | $750.00 |

Your Commissioner considers a title search to be both an essential preliminary step in the collection process, and a recoverable cost under Section 452(3)(c). Likewise, your Commissioner considers TELI to be entitled to charge for the warning letter and the Agreement under Section 490(5).

At issue is the reasonableness of the charges, which exceeds the scope of this hearing. With regard to the $400 title search, your Commissioner pays $70.00 for 30-year title searches in his private practice, and notes that almost 25 years of indexes and document images are available free on the County Clerk's website. This Office routinely allows a maximum of $150.00 for title searches in other types of lien enforcement actions. The only evidence in the record of attorney time and expenses appears to be Ms. Spratt's December 20, 2010, Affidavit, Exhibit C to TELI's Response to Request for Production of Documents.

Ms. Wilson foolishly signed the Forbearance Agreement without sufficient inquiry. The cases collected in 5A Kentucky Digest, Contracts §93(2), suggest that she is bound by her signature to every aspect of the Agreement. If, however, she develops evidence that TELI knowingly overcharged her, then not only should her balance be reduced, but the fine provided by Section 990(11) should also be assessed. As burdensome as it may be require TELI to examine its Agreements in other cases, a pattern of abuse can be fined at up to $500.00 per offense. Discovery should continue.

For now, sufficient questions of material fact exist to preclude her partial summary judgment.

2

RECOMMENDATION: Unless objections are filed within 10 days from the date of service by the Clerk, as prescribed by CR 53.06, the defendant's tendered judgment should be DENIED.


Respectfully submitted,
EDITH F. HALBLEIB
MASTER COMMISSIONER

By: _R. C. Oldham Jr._____ , D.M.C.
Richard C. Oldham, Jr.

Commissioner's fee: $100.00 to Plaintiff
RCO/aw

| Marcy Spratt | John Young |
|---|---|
| P. O. Box 23800 | 416 W. Muhammad Ali Blvd., Suite 300 |
| Lexington, KY 40523-3800 | Louisville, KY 40202 |

Copies were mailed to the attorneys listed above.

# EXHIBIT

# 16



# MIKE O'CONNELL

## JEFFERSON COUNTY ATTORNEY

531 Court Place, Suite 900
Louisville, KY 40202

(502) 574-6333
Fax (502) 574-5573

June 27, 2011

RE: DISTRICT: 03 BLOCK: 015F LOT: 0232 SUBLOT: 0000 ( TAX YEAR: 2010)
ADDRESS: 334 N. 17TH ST.

Dear Ms. Turner and Ms. Goldsmith:

This will confirm your conversation with our office, wherein you agreed to enter the Jefferson County Attorney's Delinquent Tax Payment Program. You agreed to make monthly payments of **$174.00** a month starting in July through November. Listed below is your payment schedule:

| Month | Amount | Paid | Date |
|---|---|---|---|
| July, 2011 | $174.00 | 174.00 | 7/13/11 |
| August, 2011 | $174.00 | 174.00 | 8/29/11 |
| September, 2011 | $174.00 | 174.00 | 9/30/11 |
| October, 2011 | $174.00 | 174.00 | 10/31/11 |
| November, 2011 | $174.00 | 174.00 | 11/29/11 |

Your check is to be made payable to the **Jefferson County Attorneys Delinquent Tax Fund**, and is to be sent to the following address:

**JEFFERSON COUNTY ATTORNEY'S OFFICE**
**FISCAL COURT BUILDING**
**531 COURT PLACE, SUITE 900**
**LOUISVILLE, KY 40202**
**ATTN: SARA R. ESTES**

Your payments are due by and must be postmarked by the end of each month.  If this agreement is not kept, we are allowed to terminate the payment plan and any money received will be applied to the delinquent bill(s). Your cooperation in keeping to the terms of the agreement will be most appreciated.

Sincerely,

Sara R. Estes
Sara R. Estes
Supervisor, Delinquent Tax Dept.
Phone: (502) 574-6331

# EXHIBIT

# 17



LAW OFFICES
SHERROW, SUTHERLAND & ASSOCIATES, PSC
200 SOUTHLAND DR., LEXINGTON, KY 40503


HARPER ROSE & GOLDSMITH DEDDO
304 N 17TH ST
LOUISVILLE KY 40203

July 1, 2011

To Harper Rose & Goldsmith Deddo:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009030007099 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 304 N 17Th St, which is further identified by map number 03015F02320000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of July 1, 2011 is $1,535.40. This payoff is good through July 31, 2011. If you are unable to pay the tax lien by July 31, 2011, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *July 31, 2011* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312833* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312833**

# EXHIBIT

# 18

**HAYDEN CRAIG & GRANT, PLLC**
**718 WEST MAIN STREET, SUITE 202**
**LOUISVILLE, KY 40202**
**502-638-2836**

March 27, 2013

PAYOFF QUOTE GOOD THRU MARCH 31, 2013

ATTN: Deddo Goldsmith &
Lisa with Attorney Mark Levy's office

Owner Name:          ROSE HARPER & DEDDO GOLDSMITH
County:              JEFFERSON
Property Address:    304 N 17TH ST.
                     PARCEL ID 03015F02320000

JEFFERSON CIRCUIT ACTION NO 13-CI-400421

| | |
|---|---|
| Stock Number | 312833 |
| Tax Bill # | 2009030007099 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.56 |

| | |
|---|---|
| TE Principal | $855.76 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $299.52 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $599.03 |
| **SUBTOTAL** | $1,854.31 |

| | |
|---|---|
| **HC&G Legal Fees** | $961.00 |
| **SUBTOTAL** | $961.00 |

| | |
|---|---|
| **HC&G Costs of Litigation** | |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Rose Harper & Deddo GoldSmith | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $61.80 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Complaint Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee –Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Additional Recording Fee for Extra Tract | $12.00 |
| Foreclosure Costs and/or Expenses: KY Secretary of State – Process of Service for Vesta Holdings | $14.75 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fees - Estimate | $270.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses:<br>Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $595.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses:<br>Postage/Photocopies/Long Distance/Facsimile | $28.40 |
| SUBTOTAL | $1,405.95 |
| TOTAL: | $4,221.26 |

As of March 27, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through March 31, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301589/Harper-Goldsmith on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301589
PM 228.01251

# EXHIBIT

# 19

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



## Property Details

| | |
|---|---|
| **TYPE** | 1 : Single family |
| **YEAR BUILT** | 1900 |
| **EXTERIOR WALL** | W2 Wood siding |
| **ROOFING STRUCTURE** | Gable |
| **BASEMENT FOUNDATION** | Full Crawl |
| **CONDITION** | normal for age |
| **CONSTRUCTION FRAME** | Wood frame w/sheath |
| **HEATING TYPE** | 1 Central Warm Air |
| **CENTRAL AIR** | N |
| **FIREPLACE** | N |
| **BUILDING TYPE** | 22 Older convent'l 2/2+ story |
| **STORIES** | 2.00 |
| **FULL BATHROOMS** | 1 |
| **HALF BATHROOMS** | 0 |

| | |
|---|---|
| **MAILING ADDRESS** | 304 N 17TH ST LOUISVILLE, KY 40203 |
| **OWNER** | HARPER ROSE & GOLDSMITH DEDDO |
| **PARCEL ID** | 015F02320000 |
| **LAND VALUE** | $5,000 |
| **IMPROVEMENTS VALUE** | $29,000 |
| **ASSESSED VALUE** | $34,000 |
| **APPROXIMATE ACREAGE** | 0.0401 |
| **PROPERTY CLASS** | 520 Res 2 family dwell Duplex |
| **DEED BOOK/PAGE** | 9714 0619 |
| **DISTRICT NUMBER** | 100023 |
| **OLD DISTRICT** | 03 |
| **FIRE DISTRICT** | City of Louisville |
| **SCHOOL DISTRICT** | Jefferson County |
| **NEIGHBORHOOD** | 105124 / 18TH/MARKET |
| **SATELLITE CITY** | Urban Service District |
| **SHERIFF'S TAX INFO** | View Tax Information |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| MAIN UNIT | | 1,690 |
| BASEMENT | 0 | 0 |
| ATTIC | None | 0 |
| ATTACHED GARAGE | | |
| DETACHED GARAGE | | |



The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps

EXHIBIT C

# EXHIBIT

# 20

**HAYDEN CRAIG & GRANT, PLLC**
**718 WEST MAIN STREET, SUITE 202**
**LOUISVILLE, KY 40202**
**502-638-2836**

February 12, 2013

PAYOFF QUOTE GOOD THRU FEBRUARY 28, 2013

ATTN: John Dwyer via email: jdwyer@zielkeyfirm.com

Owner Name:         LELA MAE GARNER
County:              JEFFERSON
Property Address:    509 MARRET AVE
                       PARCEL ID 023D00770000

JEFFERSON CIRCUIT ACTION NO 13-CI-400354

| | |
|---|---|
| Stock Number | 313128 |
| Tax Bill # | 2009090003027 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.43 |

| | |
|---|---|
| TE Principal | $842.67 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $286.54 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $589.87 |
| SUBTOTAL | $1,819.08 |

| | |
|---|---|
| HC&G Legal Fees | $1,083.00 |
| SUBTOTAL | $1,083.00 |

| | |
|---|---|
| HC&G Costs of Litigation | |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses:<br>Jefferson County Clerk – Recording Fee – Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Certified Mail | $83.40 |
| Foreclosure Costs and/or Expenses:<br>Kentucky Secretary of State – Process of Service on Capital One Bank | $14.55 |
| Foreclosure Costs and/or Expenses:<br>Warning Order Attorney Report Fee for Unknown Occupants - ESTIMATE | $500.00 |
| Foreclosure Costs and/or Expenses:<br>Lexis | $50.00 |
| Foreclosure Costs and/or Expenses:<br>Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $560.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |

| Foreclosure Costs and/or Expenses: | | |
|---|---|---|
| Postage/Photocopies/Long Distance/Facsimile | | $36.06 |
| | SUBTOTAL | $1,538.01 |
| | TOTAL: | $4,440.09 |

As of February 12, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through February 28, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301882/L. Garner – Habitat for Humanity on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301882
PM 228.01302

# EXHIBIT

# 21

**CRAIG LAW OFFICE, PLLC**
P.O. Box 3287
LOUISVILLE, KY 40201
(502)638-2836

April 2, 2013

David Branger
436 S 7th Street
Louisville, KY 40203

Re:    Property Address: 2219 W Kentucky St, 40210
       Tax Year(s): Jefferson County 2009
       TELIS Master Stock Number: JEF301741

Dear Mr. Branger:

Pursuant to your request, enclosed please find a payoff quote good through April 30, 2013.

Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. The enclosed payoff quote does not reflect the monthly interest and preparation fees (for documents) which would be included in a payment plan (or Forbearance agreement) breakdown. To begin a payment plan, we usually have you send in a down payment of at least $300.00, which we deduct from the amended total. Once we apply that payment to the total, we prepare the plan from the balance owed.

Otherwise, full payment in the amount shown in the enclosed statement should be by certified check or money order made out to Craig Law Office, PLLC, and mailed to us at P.O. Box 3287, Louisville, Kentucky, 40201. Please reference the above TELIS Master Stock Number.

Sincerely,

*Jill Sullivan*

Jill Sullivan
Legal Assistant

Enclosures

THE ABOVE REFERENCED TAXPAYER MAY HAVE MORE THAN ONE DELINQUENT TAX BILL. CRAIG LAW OFFICE, PLLC, DOES NOT CLAIM THAT THE ABOVE-REFERENCED DELINQUENT TAX BILL(S) IS THE ONLY ONE(S) FOR THE ABOVE REFERENCED TAXPAYER.

**CRAIG LAW OFFICE, PLLC**
P.O. Box 3287
LOUISVILLE, KY 40201
502-638-2836

April 2, 2013

PAYOFF QUOTE GOOD THRU APRIL 30, 2013

ATTN: David Branger (Attorney) via USPS: 436 S 7ᵗʰ St, Louisville, KY 40203

Owner Name:       KARYN D & PHILLIP R JULIAN
County:           JEFFERSON
Property Address: 2219 W KENTUCKY ST
                  LOUISVILLE, KY 40210-1158
                  PARCEL ID 07038B00410000

JEFFERSON CIRCUIT ACTION NO 13-CI

| | |
|---|---|
| Stock Number | 312985 |
| Tax Bill # | 2009070001500 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.44 |

| | |
|---|---|
| TE Principal | $843.90 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $303.76 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $590.73 |
| SUBTOTAL | $1,838.39 |
| | |
| CLO Legal Fees | $1,119.00 |
| SUBTOTAL | $1,119.00 |
| | |
| CLO Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $52.50 |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Phillip Julian & Karyn Julian | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee – Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Kentucky Secretary of State – Process of Service for Deutsche Bank National Trust Co. | $14.55 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fee – Estimate | $150.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |
| Foreclosure Costs and/or Expenses: Lien Data Services – County PVA | $100.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $350.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses:<br>Postage/Photocopies/Long Distance/Facsimile | $44.76 |
| SUBTOTAL | $1,035.81 |
| TOTAL | $3,993.20 |

As of April 2, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through April 30, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Craig Law Office, PLLC, and mail to the address above and reference JEF301741/JULIAN on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill. Craig Law Office, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301741
PM 228.01283

# EXHIBIT

# 22

## HAYDEN CRAIG & GRANT, PLLC

718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

November 15, 2011

James Brown
4431 Parker Ave.
Louisville, KY 40212

**RE:** **NOTICE OF INTENT TO ENFORCE LIEN**
**3411 W. MUHAMMAD ALI BLVD./JEFFERSON COUNTY**

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid ad valorem taxes on the real property at the address listed above. Pursuant to KRS 134.490, our client is required to inform you of the following:

1. The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2. The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3. If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law. **Collection actions may include foreclosure.** If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4. Pursuant to KRS 134.490(3)(f), the following information is provided to you:

   a. The legal name of our client is Tax Ease Lien Investments 1, LLC.
   b. Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
   c. Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5. A complete listing of the amount due, as of the date of this notice, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $2344.95 |
| Notice of Intent Foreclosure Warning Letter 11-15-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 11-15-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) | $300.00 |
| Lien Data Services – **Jefferson** County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| **TOTAL** | **$2997.15** |

**Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. Please call us at (502) 690-3095 to make arrangements to enter into payment plans.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

Sincerely,

R. Eric Craig
HAYDEN & CRAIG, PLLC

**MSN: JEF300984**

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



UNITED STATES POSTAGE

PITNEY BOWES

$ 000.44⁰

02  1P
0003974919  NOV 15 2011
MAILED FROM ZIP CODE 40202

Hayden, Craig & Grant PLLC
718 West Main St., Suite 202
Louisville, KY 40202

James Brown
4431 Parker Ave.
Louisville, KY 40212

40212*2739  C018

5-8-12    192.00
6-8-12    182.00
7-8-82    192.00
8-8-82    192.00
9-8-12    192.00
10-4-12   192.00
12-13-12  192.00

# EXHIBIT

# 23

## HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

January 9, 2012

James C. Brown
4431 Parker Ave.
Louisville, KY 40212

Re:     Forbearance Agreement for Unpaid Property Tax Bill
        Property Address: **3411 W. Muhammad Ali Blvd./Parcel ID 01 007E 0080 0000,
        Louisville, KY**
        Tax Year(s): **Jefferson** County 2004
        TELIS Master Stock Number: JEF300984

Dear Mr. Brown:

Pursuant to your request, enclosed please find a forbearance agreement which provides for twenty-four (24) monthly payments in the amount of **$152.48** to Tax Ease Lien Servicing, LLC, ("TELS") **beginning on January 25, 2012.**

If you continue to make payments in accordance with the agreement, our client has agreed to delay the filing of any legal action and/or the pursuit of pending legal action to give you an opportunity to pay all amounts owed without incurring additional litigation expenses.

Please read the agreement carefully and sign before a notary public on the signature line(s).

The original signed and notarized agreement along with a cashier's check or money order in the amount of **$152.48**, made payable to "Hayden Craig & Grant", should be returned to this office in the enclosed pre-addressed, return envelope via U.S. Mail.  Failure to return the executed agreement and check to our office will cause us to proceed/continue with the appropriate legal action and will result in the accrual of additional litigation expenses, interest, etc.  Please be sure TELS's Master Stock Number, **JEF300984**, is referenced on any form of payment.

**The signed/notarized agreement and first payment should be sent to our office in the enclosed return envelope.  Please make/keep a copy of the agreement for future reference.**

Sincerely,

R. Eric Craig, Esq.

Enclosures

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KY 40202
502-638-2836

JANUARY 10, 2012

PAYOFF QUOTE VALID THROUGH JANUARY 31, 2012

| Owner Name: | JAMES C. BROWN |
| County: | JEFFERSON |
| Property Address: | 3411 W. MUHAMMAD ALI BLVD. |

| Stock Number | 500615 | |
|---|---|---|
| Tax Bill # | 010000327 | |
| Tax Year | 2004 | |
| Purchase Date | 8/14/2005 | |
| Monthly Interest | | $8.45 |
| JEF300984/228.850 | | |

| | | |
|---|---|---|
| TE Principal | | $845.25 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | | $667.55 |
| Interest during 24 Month Forbearance Agreement period | | $202.80 |
| Administrative Fees (KRS 134.452(1)(d)) | | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | | $591.68 |
| Notice of Intent to Foreclose Warning Letter (August Order - (KRS 134.452(1)(c)(3)) | | $250.00 |
| United States Post Office- Certificate of mailing demand letter 11/15/2011 | | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) | | $400.00 |
| Lien Data Services – Jefferson County PVA (KRS 134.452(1)(c)(3)) | | $100.00 |
| Attorney Fees – Foreclosure Complaint per August TE Order (KRS 134.452(1)(c)(3)) – (filing to be held in abeyance pending expiration of Forbearance Agreement) | | $500.00 |
| Attorney fees: 24 Month Forbearance Agreement | | $300.00 |
| Less Payment of $300.00 on 12/28/2011, check no. 2476 | | ($300.00) |
| **TOTAL:** | | **$3659.48** |

As of January 6, 2012, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through the end of the current month. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore you must call prior to sending payment, because additional legal fees may have been incurred.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PLEASE MAKE CHECKS PAYABLE TO HAYDEN CRAIG & GRANT, PLLC, AND MAIL TO THE ADDRESS ABOVE. PLEASE REFERENCE JEF300984/BROWN ON ANY FORM OF PAYMENT.**

# FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT (this "Agreement") is effective the 2 7 day of January, 2012 (the "Effective Date"), by and between James C. Brown whose current mailing address is 4431 Parker Avenue, Louisville, KY 40212, ("Owners" whether one or more) and **Tax Ease Lien Investments 1, LLC**, whose address is 14901 Quorum Drive, Suite 900, Dallas, Texas 75254 ("TELI").

WHEREAS, Owner is the owner of certain real property known as 3411 W. Muhammad Ali Blvd., Louisville, Jefferson County, KY, Parcel Number 01 007E 0080 0000, situated in Jefferson County, Kentucky (the "Property").

AND WHEREAS, Owner acknowledges that TELI is the Holder of Certificate(s) of Delinquency for the tax year(s) 2004 ("Certificate") and that, pursuant to KRS 134.490(2)(b), TELI has a valid enforceable lien against the Property for any and all amounts owed as a result of said unpaid taxes.

NOW THEREFORE, in consideration of the mutual promises and covenants herein and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties do hereby agree as follows:

1.      Owners acknowledge that more than one (1) year has passed since TELI acquired the Certificate(s), that all notices required under KRS 134.452 have been properly sent, and that TELI is entitled to pursue legal action in Jefferson Circuit Court to enforce its lien based on the following: Certificates of Delinquency for real estate taxes due for tax year 2004, Tax Bill Number(s) 010000327.

2.      Owner agrees that TELI is lawfully entitled to collect the amounts shown for the above-described tax bill. Owner expressly acknowledges that he/she has expressly and voluntarily contacted TELI and requested to enter into this Agreement. Owners further expressly state that they were not coerced in any manner by TELI or any of its agents, employees, representatives, or attorneys to enter into an installment payment agreement.

3.      As of the Effective Date, the total payoff of the Certificate, statutorily recoverable administrative and attorney fees, costs, and accumulated statutory interest is $3659.48. Owners have expressly and voluntarily requested to enter into payment arrangements with TELI up through and including January 31, 2014, to make installment payments of the amounts owed on the Certificate (the "Debt").

4.      All payments made will first be applied to recoverable costs of collection of the Debt and Certificate and then toward principal and interest owed.

5.      Owner also agrees that in the event any third party initiates litigation regarding the Property, that they will be liable for Tax Ease's attorneys fees and expenses incurred in responding to and otherwise defending such litigation and that all such fees and expenses will be automatically added to the unpaid balance of the Debt and will be due and payable upon demand in addition.

6.      In consideration of TELI entering into this Agreement, Owner has agreed to make 24 monthly payments in the amount of $152.48 with the first payment being due on the 25th day of January, 2012, and each subsequent payment being due on the last day of each calendar month thereafter, until all amounts due and owing have been paid in full.

1

7.     In the event any payment is not received within fifteen (15) calendar days of the due date, TELI will be entitled to collect a late charge equal to 5% of the past due payment, or a minimum late charge of $10.00. In the event that any check tendered by Owner is for any reason returned unpaid, TELI will be entitled to collect a returned check fee of $25.00.

8.     In consideration of Owners agreeing to pay all amounts owed to TELI, and expressly contingent on TELI' receipt thereof in accordance with this Agreement, TELI agrees that it will forbear from taking further legal action to collect the Debt as set out in this Agreement.

9.     Notwithstanding any other provision of this Agreement, if any payment due under the terms of this Agreement is not received by TELI within thirty (30) days of the due date, then Owners shall be deemed to be in default of this Agreement, in which event TELI may declare the entire remaining amount of the Debt to be immediately due and payable and may immediately exercise all rights and remedies available to it under the laws of the Commonwealth of Kentucky, the Uniform Commercial Code, and/or other applicable law, including but not limited to foreclosure against the Property. Owners further expressly agree that the Debt is not dischargeable in bankruptcy and that, should they file any bankruptcy during the term of this Agreement, they shall not seek to discharge the Debt. In the event Owners default, TELI may also recover all statutorily allowable costs, expenses, and attorney fees pursuant to KRS Ch. 134 to enforce the Certificate(s). In the event Owner defaults and this Agreement and the Certificate(s) are placed in the hands of an attorney for collection or is collected through proceedings in any court, including any bankruptcy court, Owners hereby promise to pay to TELI its reasonable attorneys' fees, expenses, and costs incurred in collecting or attempting to collect the Debt, including but not limited to all reasonable attorneys' fees, costs, and expenses related to foreclosure proceedings against the Property, as well as all accumulated interest at the rate of 12% simple interest per annum, as provided under KRS 134.460.

10.     Owners specifically agree that nothing contained in this Agreement shall be deemed to be a substitute for, invalidate, or otherwise affect the integrity of the liens of TELI, and that any and all liens granted to TELI by the laws of the Commonwealth of Kentucky shall continue to be valid, enforceable liens until such time as all amounts due TELI have been paid in full.

11.     Owners agree that this is intended to be a legal and binding contract, that Owners have had time to read this Agreement and consult with independent legal counsel, and that Owners fully understand the terms and obligations created by signing it. This Agreement constitutes the entire agreement and understanding between the parties hereto and supersedes all prior and contemporaneous oral or written agreements, correspondence, arrangements, and/or understandings relating to this matter. This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all of the parties. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original.

12.     If any provision of this Agreement, or portion thereof, or the application thereof to any persons or circumstances shall to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such provision, or portion thereof, to any other person or circumstances shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

13.     **Time is of the essence in the performance by Owner of all of Owner's covenants, obligations, and agreements under this Agreement.**

14.     This Agreement shall be governed under the laws of the Commonwealth of Kentucky and if any legal proceedings are hereinafter brought to enforce any provision of this Agreement, or if there shall be an event of default or breach of this Agreement, Owner expressly consents

2

and agrees that Jefferson County, Kentucky shall be the proper venue and jurisdiction to bring such legal action. The parties expressly acknowledge that the time and expense required for trial by jury exceed the time and expense required for a bench trial and hereby knowingly and voluntarily waive, to the fullest extent permitted by law and after having consulted or having ample opportunity to consult their respective legal counsel concerning the consequences of such waiver, trial by jury in any action or other proceeding brought to enforce or defend against collection of or otherwise in connection with this Agreement or the Certificate(s).

15.     This Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. TELI may assign its rights under this Agreement in conjunction with any assignment or other transfer of the Debt and/or the Certificate(s).

16.     Owner acknowledges that this Agreement shall not enter into force until Owners return a signed and dated copy hereof with Owner's first payment. If TELI does not timely receive the first payment together with the signed copy of this Agreement, then TELI shall promptly commence its legal collection action.

IN WITNESS WHEREOF, the parties have executed this Agreement as of January _20th_, 2012.

JAMES C. BROWN

COMMONWEALTH OF KENTUCKY            }
                                    } SS:
COUNTY OF Jefferson                 }

OFFICIAL SEAL
L'TANNAE TYSON
NOTARY PUBLIC – KENTUCKY
STATE-AT-LARGE
My Comm. Expires July 18, 2012

Subscribed and sworn before me by James C. Brown this 20th day of January, 2012.

My Commission Expires: July 18, 2012

Notary Public, State-at-Large, KY

TAX EASE LIEN INVESTMENTS 1, LLC

By: _____
    R. Eric Craig

## NOTICE

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

3

**US bank**

PERSONAL MONEY ORDER

No. 1344006052

DATE: JANUARY 27, 2012

$ 152.48

ONE HUNDRED FIFTY TWO DOLLARS AND 48 CENTS

Payee

Location: 1344 35TH & BANK,KY KROGER

PLEASE COMPLETE AND SIGN MONEY ORDER PROMPTLY

NON NEGOTIABLE

SAVE THIS RECORD

HARLAND CLARKE  30745 (03/10)  11386701

IF THIS INSTRUMENT IS DESIGNATED ON ITS FACE
AS A MONEY ORDER THE FOLLOWING APPLIES:

## TERMS OF THIS MONEY ORDER

**PURCHASER'S AGREEMENT:**
You, the purchaser, agree to immediately complete
this Money Order by filling in the front of the Money
Order, signing it, and addressing it at the bottom. The
terms of this Money Order bind you, your heirs, or
others who receive this Money Order from you.

**LIMITED RECOURSE:**
The Money Order will not be paid if it has been forged,
altered or stolen, and recourse is only against the
endorser. This means that persons receiving this
Money Order should accept it only from those known
to them and against whom they have effective
recourse.

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.640

02 1P
0001701973   JAN 09 2012
MAILED FROM ZIP CODE 40202

200.00   A month

Taxes-

152.48

410-065-6442

Hayden Craig & Grant PLLC
718 West Main St., Suite 202
Louisville, KY 40202

James C. Brown
4431 Parker Ave.
Louisville, KY 40212

40212:2799 C018



# EXHIBIT

# 24

**\*500615-CL-1110TM2\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


BROWN JAMES C
4431 PARKER AVE
LOUISVILLE KY 40212


November 3, 2010

To Brown James C:

The purpose of this letter is to remind you that Tax Ease Lien Investments 1, LLC purchased the 2004 delinquent tax bill number 010000327 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 3411 W Muhammad Ali Blvd, which is further identified by map number 01007E00800000 arising from the unpaid real estate taxes for the 2004 tax year (the "2004 Tax Lien").

The outstanding balance of the 2004 tax lien as of November 3, 2010 is $1,804.05. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2004* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Investments 1, LLC,* and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *500615* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow


**STOCK NUMBER: 500615**

# EXHIBIT

# 25

*LAW OFFICES*
**SHERROW, SUTHERLAND**
**& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

1/8/2009

128564-OY-0109B2
THERESA J CAMBRON
1416 S 8TH ST
LOUISVILLE KY 40208

Dear Theresa J Cambron:

The purpose of this letter is to advise you Tax Ease Lien Investments 1, LLC purchased from Jefferson County the tax lien on your property located at 1416 S 8Th St arising from the unpaid real estate taxes for the 2004 tax year (the "2004 Tax Lien"). The 2004 Tax Lien is a lien of record against all property of the owner. **According to KRS 134.490, because one year has passed since the date of the purchase of this tax lien, our client is now free to pursue the collection of this debt and to enforce their tax lien, which may result in foreclosure action against you.**

If you wish to pay off the 2004 Tax Lien, please contact our client at (214) 420-5927 to obtain the exact payoff amount. If you do not pay off the 2004 Tax Lien, plus accrued interest and fees as referenced in KRS 134.452, you may incur additional charges, such as collection expenses and attorney's fees, as provided by state law.

Payment of the *2004* Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by the dates listed for the payoff to be valid. Postmarks are NOT accepted as the delivery date. **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

The outstanding balance of the 2004 Tax Lien as of 1/8/2009 is $1,349.60 ("January Payoff"), and such amount accrues interest at the rate of 12% per annum as described in KRS 134.500. The January Payoff is good through January 31, 2009. However, in the event our client incurs additional expenses, such as legal fees and costs to respond to any court filings against you prior to January 31, 2009, such expenses will be added to the payoff figures set forth above.

If you need to contact our client about this tax lien please reference the information below:

**Stock No. 128564**
Tax Bill Number: 80004683          Map ID: 031J00890000

The following information is provided pursuant to KRS 134.490:

Legal name of purchaser:
   Tax Ease Lien Investments 1, LLC

Purchaser's physical address and address for payments:
   14901 Quorum Drive, Suite 900
   Dallas, Texas 75254

Purchaser's telephone number:
   (214) 420-5927

   If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client TELI directly at (214) 420-5927 or email to payoffs@TELIKY.com.

Very truly yours,

Billy Sherrow

## NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU HAVE THIRTY (30) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER TO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREON, OR ELSE THIS DEBT WILL BE ASSUMED VALID.  IF YOU DO HAVE A DISPUTE ABOUT THIS DEBT, WE WILL SEND YOU VERIFICATION FIGURES UPON WRITTEN REQUEST BY YOU WITHIN SAID THIRTY (30) DAY PERIOD.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

*LAW OFFICES*

## SHERROW, SUTHERLAND
## & ASSOCIATES, PSC

215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

7/10/2009

144827-FD-0709B2
CAMBRON THERESA J
1416 S 8TH ST
LOUISVILLE KY 40208

To Cambron Theresa J:

This letter is to inform you that Tax Ease Lien Investments 1, LLC, "TELI" has purchased from Jefferson County the tax lien on your property located at 1416 S 8Th St arising from the unpaid real estate taxes for the 2005 tax year (the "2005 Tax Lien"). The 2005 Tax Lien is a lien of record against all property of the owner. **According to KRS 134.470 our client is prohibited from initiating collection proceedings on a tax lien for at least one (1) year from the date the tax lien was purchased.**

If you wish to pay off the 2005 Tax Lien, please contact our client at (214) 420-5927 to obtain the exact payoff amount. If you do not pay off the 2005 Tax Lien, plus accrued interest and fees as referenced in KRS 134.452, you may incur additional charges, such as collection expenses and attorney's fees, as provided by state law.

The outstanding balance of the 2005 Tax Lien as of 7/10/2009 is $1,059.28 ("July Payoff"), and such amount accrues interest at the rate of 12% per annum as described in KRS 134.500. The July Payoff is good through July 31, 2009. However, in the event our client incurs additional expenses, such as legal fees and costs to respond to any court filings against you prior to July 31, such expenses will be added to the payoff figures set forth above.

Payment of the *2005* Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by the dates listed for the payoff to be valid. Postmarks are NOT accepted as the delivery date. **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, Texas 75254. Reference the stock number below on your payment to ensure the prompt and appropriate application of your funds.**

If you need to contact our client about this tax lien please reference the information below:

**Stock No. 144827**
Tax Bill Number: 80004511          Map ID:  08 031J 0089 0000

The following information is provided pursuant to KRS 134.490:

Legal name of purchaser:
  Tax Ease Lien Investments 1, LLC

Purchaser's physical address and address for payments:
  14901 Quorum Drive, Suite 900
  Dallas, Texas  75254

Purchaser's telephone number:
  (214) 420-5927

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client TELI directly at (214) 420-5927 or email to payoffs@TELIKY.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

## NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU HAVE THIRTY (30) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER TO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREON, OR ELSE THIS DEBT WILL BE ASSUMED VALID.  IF YOU DO HAVE A DISPUTE ABOUT THIS DEBT, WE WILL SEND YOU VERIFICATION FIGURES UPON WRITTEN REQUEST BY YOU WITHIN SAID THIRTY (30) DAY PERIOD.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

*LAW OFFICES*
**SHERROW, SUTHERLAND
& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

10/9/2009

\*144828-VL-1009**\***

CAMBRON THERESA J
1416 S 8TH ST
LOUISVILLE KY 40208

To Cambron Theresa J:

    The purpose of this letter is to advise you Tax Ease Lien Investments 1, LLC purchased from Jefferson County the tax lien on your property located at 1416 S 8Th St arising from the unpaid real estate taxes for the 2006 tax year (the "2006 Tax Lien"). The 2006 Tax Lien is a lien of record against all property of the owner. **According to KRS 134.490, because one year has passed since the date of the purchase of this tax lien, our client is now free to pursue the collection of this debt and to enforce their tax lien, which may result in foreclosure action against you.**

    If you wish to pay off the 2006 Tax Lien, please contact our client at (214) 420-5927 to obtain the exact payoff amount. If you do not pay off the 2006 Tax Lien, plus accrued interest and fees as referenced in KRS 134.452, you may incur additional charges, such as collection expenses and attorney's fees, as provided by state law.

    Payment of the *2006* Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by the dates listed for the payoff to be valid. Postmarks are NOT accepted as the delivery date. **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

    The outstanding balance of the 2006 Tax Lien as of 10/9/2009 is $1,093.54 ("October Payoff"), and such amount accrues interest at the rate of 12% per annum as described in KRS 134.500. The October Payoff is good through October 31, 2009. However, in the event our client incurs additional expenses, such as legal fees and costs to respond to any court filings against you prior to October 31, 2009, such expenses will be added to the payoff figures set forth above.

    If you need to contact our client about this tax lien please reference the information below:

| | |
|---|---|
| **Stock No. 144828** | |
| Tax Bill Number: 080004297 | Map ID: 031J00890000 |

The following information is provided pursuant to KRS 134.490:

Legal name of purchaser:
 Tax Ease Lien Investments 1, LLC

Purchaser's physical address and address for payments:
 14901 Quorum Drive, Suite 900
 Dallas, Texas 75254

Purchaser's telephone number:
 (214) 420-5927

  If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client TELI directly at (214) 420-5927 or email to payoffs@TELIKY.com.

      Very truly yours,

      *Billy Sherrow*

      Billy Sherrow


**NOTICE**

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU HAVE THIRTY (30) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER TO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREON, OR ELSE THIS DEBT WILL BE ASSUMED VALID.  IF YOU DO HAVE A DISPUTE ABOUT THIS DEBT, WE WILL SEND YOU VERIFICATION FIGURES UPON WRITTEN REQUEST BY YOU WITHIN SAID THIRTY (30) DAY PERIOD.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

# EXHIBIT

# 26

10CI402549

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
____DIVISION
CIVIL ACTION NO.: _____-CI-_____

JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)

TAX EASE LIEN INVESTMENTS 1, LLC

v.

THERESA JANE CAMBRON, HEALTHSOUTH SURGERY
CENTER OF LOUISVILLE, INC. AND JEFFERSON COUNTY

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK

JAN 29 2010

BY_____
DEPUTY CLERK

---

## COMPLAINT

Comes the Plaintiff, Tax Ease Lien Investments 1, LLC, by counsel, and for its Complaint, states as follows:

1. The Plaintiff, Tax Ease Lien Investments 1, LLC, is a Limited Liability Company organized and existing under the laws of Texas, whose principal office is located at 14901 Quorum Drive, Suite 900, Dallas, Texas 75254. Plaintiff is fully registered in the office of the Kentucky Secretary of State, and is duly authorized to transact business in the Commonwealth of Kentucky.

2. The Defendant, Theresa Jane Cambron (whether one or more, collectively sometimes hereinafter "Defendant Taxpayer"), whose address is 1416 S 8th St., Louisville, KY 40208, is the owner of certain real property located at 1416 S 8th St., Louisville, KY 40208 Map ID Number 031J00890000 situated in Jefferson County, Kentucky, which real property is more particularly described as follows:

TRACT 1:   BEGINNING at a point on the West side of the first alley East of Ninth Street between Magnolia Avenue and Hill Street, now called Short Eighth Street, twenty (20) feet South of the first alley South of Magnolia Avenue, between 7th and 9th Streets; running thence South, Twenty (20) feet, with the West line of said Short Eighth Street; thence West in lines of equal and the same width throughout and parallel with Magnolia Avenue, ninety nine (99) feet to the East line of the property conveyed to B.F. Dewitt by Mary Jane Sanders, Trustee, by Deed recorded in Deed Book 558, Page 691, in the Office of the Clerk of   the County Court of Jefferson County, Kentucky,

TRACT 2:   BEGINNING at the Southwest corner of the intersection of the first alley South of Magnolia Avenue with the first alley East of 9th Street; running thence Southwardly along the West side of said last-named alley 20 feet, and extending back Westwardly of the same width, between lines parallel to Magnolia Avenue, 50 feet.

Being the same property conveyed to Theresa Jane Cambron, by deed dated October 10, 1989, recorded in Deed Book 5905, page 577, Office of Jefferson County Clerk's Office.

3. That said Defendant Taxpayer, owes certain delinquent real estate taxes as hereinafter set forth and pursuant to KRS.134.420, a lien for all such unpaid property tax against the above described real property was created in favor of Jefferson County, Kentucky; that the Plaintiff herein purchased the property taxes described below from the Jefferson County Clerk and is entitled to institute this action to enforce the lien created by said statute.

4. The Plaintiff is the holder of a Certificate of Delinquency for the tax year(s) 2004, 2005, 2006 and 2008; that more than one year has passed since the Plaintiff acquired said certificates and the Plaintiff is entitled to enforce its liens based on the following:

A.   A Certificate of Delinquency for real estate taxes due for the tax year 2004, Tax Bill Number 80004683. The Plaintiff is entitled to its acquisition costs of $750.65, plus interest of 12% per annum from Plaintiff's acquisition date of January 11, 2008, an administration fee of $100.00 and prelitigation attorney fees of $560.50. The Certificate of

Delinquency and tax bill are combined as one document and is attached hereto as Exhibit A. All notices required by KRS 134.490 (1), KRS 134.452 (4) and KRS 134.452 (5) were properly and timely provided to said Defendant Taxpayer.

      B.    A Certificate of Delinquency for real estate taxes due for the tax year 2005, Tax Bill Number 080004511. The Plaintiff is entitled to its acquisition costs of $855.58, plus interest of 12% per annum from Plaintiff's acquisition date of April 28, 2009, an administration fee of $100.00 and prelitigation attorney fees of $149.00. The Certificate of Delinquency and tax bill are combined as one document and is attached hereto as Exhibit B. All notices required by KRS 134.490 (1), KRS 134.452 (4) and KRS 134.452 (5) were properly and timely provided to said Defendant Taxpayer.

      C.    A Certificate of Delinquency for real estate taxes due for the tax year 2006, Tax Bill Number 080004297. The Plaintiff is entitled to its acquisition costs of $789.31, plus interest of 12% per annum from Plaintiff's acquisition date of April 28, 2009 an administration fee of $100.00 and prelitigation attorney fees of $149.00. The Certificate of Delinquency and tax bill are combined as one document and is attached hereto as Exhibit C. All notices required by KRS 134.490 (1), KRS 134.452 (4) and KRS 134.452 (5) were properly and timely provided to said Defendant Taxpayer.

      D.    A Certificate of Delinquency for real estate taxes due for the tax year 2008, Tax Bill Number 2008080004755. The Plaintiff is entitled to its acquisition costs of $690.28, plus interest of 12% per annum from Plaintiff's acquisition date of August 19, 2009, an administration fee of $100.00, and prelitigation attorney fees of $79.50. The Certificate of Delinquency and tax bill are combined as one document and is attached hereto as Exhibit D. All notices required by KRS 134.490 (1), KRS 134.452 (4) and KRS 134.452 (5) were properly and

timely provided to said Defendant Taxpayer.

5.    The Defendant Taxpayer has failed to pay the above described taxes, and the Plaintiff has elected to exercise its rights under KRS 134.490 (2) to collect all amounts due and payable under the tax liens, and enforce its liens as against the real property described hereinabove. That in addition to the amounts described above, Plaintiff is entitled to collect court costs it incurs in the prosecution of this action; and actual and reasonable attorneys' fees it incurs in the prosecution of this matter.

6. The Plaintiff has referred its claim to the undersigned attorney, who is not a salaried employee of Plaintiff.

7. The real property described above is indivisible and cannot be divided without materially impairing its value.

8. If there is a mobile home and/or manufactured house on the premises which is the subject of this litigation, then the mobile home and/or manufactured house, if it is attached to the premises, shall be sold with the real estate. Any Defendants claiming an interest in the mobile home and/or manufactured house, shall assert their claim, if any, in this action or be barred from doing so and upon their failure to assert a claim, their interest in the mobile and/or manufactured house shall be extinguished.

9. Defendant, HealthSouth Surgery Center of Louisville, Inc., may be claiming an interest in the above described real property by virtue of that certain Judgment Lien, recorded in the Office of the Jefferson County Clerk. Based upon information and belief, such defendant appears to be a non-resident "person" pursuant to KRS 454.210. Accordingly, service of process through the Kentucky Secretary of State at Office of the Secretary of State, Summonses Branch, 700 Capital Avenue, Suite 86, Frankfort, KY 40601 is warranted. The Kentucky Secretary of

State may serve such defendant at its address at One HealthSouth Parkway, Birmingham, AL 35243.

10.     Defendant, Jefferson County, may be claiming an interest in the above described real property by virtue of that certain unpaid tax bill for the tax year 2007, Tax Bill Number 2007080004434, recorded in the Office of the Jefferson County, Clerk.  Process herein should be served upon Jefferson County through Mayor of Louisville, Jerry Abramson, 527 W. Jefferson, Ste. 400, Louisville, KY 40202.

11.     Plaintiff states that except as herein set forth, there are no other liens or encumbrances against or interests in the above described real estate known to it.

12.     The purpose of the attached documents is to collect a debt. Any information you provide to Wilensky & Jones, LLP will be used for that purpose.

13.     The amount of the debt is stated in this Complaint.

14.     The Plaintiff as named in this Complaint is the creditor to whom the debt is owed.

15.     The debt described in this Complaint is evidenced by the exhibits attached hereto will be assumed to be valid by Wilensky & Jones, LLP, unless, within thirty days after the receipt of this notice, you dispute, in writing, the validity of the debt or some portion thereof.

16.     If you notify Wilensky & Jones, LLP in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, Wilensky & Jones, LLP will obtain a verification of the debt, and a copy of the verification will be mailed to you by Wilensky & Jones, LLP.

17.     If the creditor named as Plaintiff in this Complaint is not the original creditor, and if you make written request to Wilensky & Jones, LLP within thirty days from the receipt of this

notice, the name, and address of the original creditor will be mailed to you by Wilensky & Jones, LLP.

18. Written requests should be addressed to Wilensky & Jones, LLP, 3109 Carlisle, Suite 100, Dallas, Texas 75204.

WHEREFORE, the Plaintiff, Tax Ease Lien Investments 1, LLC, demands:

(a)     Judgment against the Defendant Taxpayer in the amount set forth above, with interest as set forth hereinabove until the date of judgment, and then at the rate of 12.0% per annum until paid; its attorneys' fees incurred in the prosecution of this matter; its court costs herein expended; and the costs of sale expended herein.

(b)     That it be adjudged to have a lien on the real property described herein and that this Lien be adjudged prior and superior to all other Liens set forth herein;

(c)     That all other parties named herein claiming an interest in said property should be required to come forward and assert their claims or be forever barred.

(d)     That the Master Commissioner of this Court sell the real property described herein;

(e)     That the proceeds of any sale ordered herein be applied in accordance with the priority rights of the parties herein;

(f)     Any and all other relief to which it appears entitled.

Respectfully submitted,

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

03/11/2010 03:15                                                                                            @011/018

**Make Check Payable To:**
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

## Receipt Of Payment
**Commonwealth of Kentucky**
**2004 Jefferson County Standard2 Bill**
**Today's Date: Wednesday, March 10, 2010**

CAMBRON THERESA J
1416 S 8TH ST
LOUISVILLE, KY 40208

Tax Ease Lien Servicing, LLC
14901 Quorum Drive, Suite 900
Dallas, TX 75254
214-420-5927

Bill Number: 2004080004683
Map Number:
Parcel ID: 08031J00890000
Tax District: 08

**Property Location:**
1416 S 8TH ST

Deed Book / Deed Page:
/

**Property Description:**
1416 S 8TH ST

Farm Acres: 0
County Clerk: Bobbie Holsclaw

**Assessment:**

| Property Class | Assessed Value | Tax Authority | Rate / $100 | Tax |
|---|---|---|---|---|
| REAL_ESTATE | 30,350.00 | STATE | 0.1310 | 39.76 |
| REAL_ESTATE | 30,350.00 | COUNTY | 0.1280 | 38.85 |
| REAL_ESTATE | 30,350.00 | SCHOOL | 0.5920 | 179.67 |
| REAL_ESTATE | 30,350.00 | URBAN SERVICES | 0.3743 | 113.60 |
| | | | Total Assessment: | 371.88 |

**Adjustments:**

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 10.50 |
| Sheriff Fee | | | 5.00 |
| Penalty - 10% | | | 37.19 |
| Advertisement Fee | | | 11.00 |
| Monthly Delinquent Fee | | | 140.27 |
| Co. Attorney Fee | | | 109.87 |
| Co. Clerk Fee | | | 54.93 |
| County Clerks Fee | | | 10.00 |
| | | Total Adjustments: | 378.76 |

Payments:

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200905-2004080004683-84033451 | | TAX EASE LIEN INVEST | Conversion | Cash | 1/11/2008  12:00:00AM | $750.65 |
| | | | | | Total Payments: | $750.65 |

## Balance Due: 0.00

Comments:

Received Time Mar.10.   2:00PM

EXHIBIT A

LB 0 1 1 1 3 PG 0 7 1 4



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, Jefferson County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY
PER KRS 134.480

Date of Assignment:  2009-04-25 00:00:00.000

<u>Assignee Information</u>
TAX EASE LIEN INVESTMENTS 1, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS TX 75254
214-420-5927

<u>Description of Property</u>
1416 S 8TH ST

<u>Parcel ID</u>
08031J00890000

| Year | Bill No. | Assessed in the name of | Original Assignment Fee | Total Paid |
|------|----------|-------------------------|-------------------------|------------|
| 2005 | 2005080004511 | CAMBRON THERESA J | | |
| | | | $11.00 | 855.58 |
| | | | TOTAL | 855.58 |

Assigned by: _____
                              Deputy Clerk

This instrument was prepared by:  Bobbie Holsclaw, Jefferson County Clerk
                              527 W. Jefferson Street, Room 100.
                              Louisville, KY 40202

_____
                              Clerk

Document No.: ...
Loaded By: TAX EASE LIEN SERVICING L
Recorded On:  ...
Tota. Fees:          .00
Transfer Tax:        .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: ...

END OF DOCUMENT

144827

EXHIBIT B

LB0 I I I 3 PG 0 7 I 5



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, Jefferson County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY
PER KRS 134.480

Date of Assignment:  2009-04-25 00:00:00.000

**Assignee Information**

TAX EASE LIEN INVESTMENTS 1, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS TX 75254
214-420-5927

**Description of Property**

1416 S 8TH ST

**Parcel ID**

08031J00890000

| Year | Bill No. | Assessed in the name of | Original Assignment Fee | Total Paid |
|------|----------|--------------------------|--------------------------|------------|
| 2006 | 2006080004297 | CAMBRON THERESA J | | |
| | | | $11.00 | 789.31 |
| | | | TOTAL | 789.31 |

Assigned by _____
                                    Deputy Clerk

This instrument was prepared by:  Bobbie Holsclaw, Jefferson County Clerk
527 W. Jefferson Street, Room 100.
Louisville, KY 40202

_Bobbie Holsclaw_
                                    Clerk

END OF DOCUMENT    144928

EXHIBIT C

03/11/2010 03:1███████████████                                            ⓦ007/018

**Make Check Payable To:**
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

## Receipt Of Payment
### Commonwealth of Kentucky
### 2008 Jefferson County Standard2 Bill
### Today's Date: Wednesday, March 10, 2010

CAMBRON THERESA J
1416 S 8TH ST
LOUISVILLE, KY  40208

Tax Ease Lien Investments 1, LLC
14901 Quorum Drive, Ste 900
Dallas, TX 75254
214-420-5927

Bill Number: 2008080004755
Map Number:
Parcel ID: 08031J00890000
Tax District: 08

**Property Location:**
1416 S 8TH ST

**Deed Book / Deed Page:**
/

**Property Description:**

Farm Acres: 0
County Clerk: Bobbie Holsclaw

**Assessment:**

| Property Class | Assessed Value | Tax Authority | Rate / $100 | Tax |
|---|---|---|---|---|
| REAL_ESTATE | 30,350.00 | STATE | 0.1220 | 37.03 |
| REAL_ESTATE | 30,350.00 | COUNTY | 0.1255 | 38.09 |
| REAL_ESTATE | 30,350.00 | SCHOOL | 0.6250 | 189.69 |
| REAL_ESTATE | 30,350.00 | URBAN SERVICES | 0.3666 | 111.26 |
| | | | Total Assessment: | 376.07 |

**Adjustments:**

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 28.00 |
| Advertisement Fee | | | 30.00 |
| Penalty - 10% | | | 37.61 |
| County Clerks Ad Fee | | | 5.00 |
| Mail Fee - 30day | | | 1.00 |
| Monthly Delinquent Fee | | | 18.68 |
| Lien Fee | | | 10.00 |
| Co. Attorney Fee | | | 86.47 |
| Co. Clerk Fee | | | 43.24 |
| Ad Fee - 10% | | | 41.37 |
| Commission | | | 11.84 |
| Mail Fee - 60day | | | 1.00 |
| | | Total Adjustments: | 314.21 |

**Payments:**

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200908-2008080004755-12100 | | Tax Ease Lien Servicing, | Griffin | Check | 8/11/2009  4:57:31PM | $690.28 |
| | | | | | Total Payments: | $690.28 |

## Balance Due: 0.00

Comments:

Received Time Mar.10.  2:00PM

EXHIBIT D

# EXHIBIT

# 27

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION FOUR (4)
CIVIL ACTION NO.: 10-CI-402549

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT

2010 SEP 20  A 11: 24

TAX EASE LIEN INVESTMENTS 1, LLC         CLE PLAINTIFF

V.             **AGREED JUDGMENT**       BY_____ D C

THERESA JANE CAMBRON, HEALTHSOUTH
SURGERY CENTER OF LOUISVILLE, INC. AND
JEFFERSON COUNTY

                                     DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

It appearing that the Plaintiff, Tax Ease Lien Investments 1, LLC ("TELI"), has reached an agreement with the Defendant, Theresa Jane Cambron, by counsel and individually, as evidenced by the signature(s) below, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. Plaintiff is hereby awarded a Judgment against the Defendant, Theresa Jane Cambron, as follows:

     a. $750.65 (being the "Principal Amount" of the 2004 tax bill made the basis of this suit), plus interest upon the Principal Amount from the date of Plaintiff's purchase of said tax bill, January 11, 2008, until paid, Administrative Fees of $100.00, Pre-Litigation Fees of $560.50,

     b. $855.58 (being the "Principal Amount" of the 2005 tax bill made the basis of this suit), plus interest upon the Principal Amount from the date of Plaintiff's purchase of said tax bill, April 28, 2009, until paid, Administrative Fees of $100.00, Pre-Litigation Fees of $149.00,

     c. $789.31 (being the "Principal Amount" of the 2006 tax bill made the basis of this suit), plus interest upon the Principal Amount from the date of Plaintiff's purchase of said tax bill, April 28, 2009, until paid, Administrative Fees of $100.00, Pre-Litigation Fees of $149.00,

     d. $690.28 (being the "Principal Amount" of the 2008 tax bill made the basis of

this suit), plus interest upon the Principal Amount from the date of Plaintiff's purchase of said tax bill, August 19, 2009, until paid, Administrative Fees of $100.00, Pre-Litigation Fees of $79.50,

    e.   Actual and reasonable attorney's fees in the amount of $957.00, Legal Expenses for Title Search of $400.00 and Court costs and filing fees of $224.57,

2. To secure the payment of said total amount due, Plaintiff is adjudged to have a valid enforceable lien against the property owned by the Defendant, Theresa Jane Cambron, which property is more particularly described in the complaint filed in this action.

3. The Plaintiff agrees to accept and the Defendant, Theresa Jane Cambron agree to pay in satisfaction of this Judgment as follows:

    a.   One (1) payment of $310.00 by Cashier's Check(s) or Money Order(s) payable to Tax Ease Lien Investments 1, LLC, already remitted and being held by TELI;

    b.   Twenty-Two (22) payments of $304.94 by Cashier's Check(s) or Money Order(s) payable to Tax Ease Lien Investments 1, LLC payable on or before September 5, 2010, October 5, 2010, November 5, 2010, December 5, 2010, January 5, 2011, February 5, 2011, March 5, 2011, April 5, 2011, May 5, 2011, June 5, 2011, July 5, 2011, August 5, 2011, September 5, 2011, October 5, 2011, November 5, 2011, December 5, 2011, January 5, 2012, February 15, 2012, March 5, 2012, April 5, 2012, May 5, 2012, and June 5, 2012; and

    c.   a final payment of $305.16 by Cashier's Check(s) or Money Order(s) payable to Tax Ease Lien Investments 1, LLC payable on or before July 5, 2012.

4. Each payment check shall be made payable to Tax Ease Lien Investments 1, LLC, and shall make reference to Master Stock No. JEF100052 to insure that payments are properly credited.

The FIRST payment, and this Agreed Judgment, shall be sent to:
    Wilensky & Jones, LLP

Each and every other payment shall be sent to:

> Tax Ease Lien Investments 1, LLC
> 14901 Quorum Drive, Suite 900
> Dallas, Texas 75254

5. Payments received will be allocated to the earliest years' deficiencies first, and shall be applied as follows: (i) first to interest, (ii) second to fees and costs, and (iii) lastly to the principal amount.

6. Should the Defendant(s) abide by all of the terms and conditions set forth herein, then Plaintiff agrees that it will not execute on this Judgment or take any additional steps to enforce its lien in and to Defendants' real property. Upon payment in full of the amounts set forth herein, Plaintiff shall file a release of lien in the office of the county clerk as required by law.

7. Should the Defendants fail, however, to fully abide by the terms and conditions of this Agreed Judgment by failing to make the payments set forth herein and said non-payment continue for a period of fifteen (15) days after the due date established herein, then the full unpaid balance of this Judgment plus attorney fees and court costs as set forth in Paragraph 1 shall be immediately due and payable and the provisions of Paragraphs 3 and 4 shall be deemed voided by such default, and Plaintiff will be entitled to proceed to enforce its lien and move the Court for an Order of Sale against Defendants' real property, with proceeds there from applied to the full unpaid balance of this Judgment.

Dated this _____ day of _____, 2010.

_____
JUDGE, JEFFERSON CIRCUIT COURT

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK
OCT 2010
BY_____ DEPUTY CLERK

EXAMINED AND APPROVED
_____ 9/27/10
COMMISSIONER

**HAVE SEEN – AGREED TO**

TERESA JANE CAMBRON

DONALD R. JONES
ATTORNEY FOR PLAINTIFF

# EXHIBIT

# 28

**10CI402548**

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION

CIVIL ACTION NO.: _____ -CI- _____

TAX EASE LIEN INVESTMENTS 1, LLC      PLAINTIFF

v.



ARNOLD G. COATES, NATIONAL CITY BANK,
JEFFERSON COUNTY, AND CITY OF LOUISVILLE,
KENTUCKY      DEFENDANTS

---

## COMPLAINT

Comes the Plaintiff, Tax Ease Lien Investments 1, LLC, by counsel, and for its Complaint, states as follows:

1. The Plaintiff, Tax Ease Lien Investments 1, LLC, is a Limited Liability Company organized and existing under the laws of Texas, whose principal office is located at 14901 Quorum Drive, Suite 900, Dallas, Texas 75254. Plaintiff is fully registered in the office of the Kentucky Secretary of State, and is duly authorized to transact business in the Commonwealth of Kentucky.

2. The Defendant, Arnold G. Coates (whether one or more, collectively sometimes hereinafter "Defendant Taxpayer"), whose address is 3331 Alford Ave., Louisville, KY 40212, is the owner of certain real property located at 115 N. 34th St., Louisville, KY 40212, Map ID Number 010F00810000 situated in Jefferson County, Kentucky, which real property is more particularly described as follows:

Page 1
JEFF 00040

BEGINNING at a point on the East line of 34th Street 190 feet north of the northeast corner of 34th and Main Streets; running thence northwardly along the East line of 34th Street 30 feet; thence eastwardly and parallel with Main Street 175 feet to an alley; thence Southwardly and parallel with 34th Street 30 feet; thence Westwardly in a line parallel with Main street 175 feet to the point of beginning.

Being the same property conveyed to Arnold G. Coates, by deed dated November 4, 1994, recorded in Deed Book 6625, page 155, Office of Jefferson County Clerk's Office.

3. That said Defendant Taxpayer, owes certain delinquent real estate taxes as hereinafter set forth and pursuant to KRS.134.420, a lien for all such unpaid property tax against the above described real property was created in favor of Jefferson County, Kentucky; that the Plaintiff herein purchased the property taxes described below from the Jefferson County Clerk and is entitled to institute this action to enforce the lien created by said statute.

4. The Plaintiff is the holder of a Certificate of Delinquency for the tax year 2000; that more than one year has passed since the Plaintiff acquired said certificates and the Plaintiff is entitled to enforce its liens based on the following:

A. A Certificate of Delinquency for real estate taxes due for the tax year 2000, Tax Bill Number 10001233. The Plaintiff is entitled to its acquisition costs of $1,308.60, plus interest of 12% per annum from Plaintiff's acquisition date of January 11, 2008, an administration fee of $100.00 and prelitigation attorney fees of $700.00. The Certificate of Delinquency and tax bill are combined as one document and is attached hereto as Exhibit A. All notices required by KRS 134.490 (1), KRS 134.452 (4) and KRS 134.452 (5) were properly and timely provided to said Defendant Taxpayer.

5. The Defendant Taxpayer has failed to pay the above described taxes, and the Plaintiff has elected to exercise its rights under KRS 134.490 (2) to collect all amounts due and

payable under the tax liens, and enforce its liens as against the real property described hereinabove. That in addition to the amounts described above, Plaintiff is entitled to collect court costs it incurs in the prosecution of this action; and actual and reasonable attorneys' fees it incurs in the prosecution of this matter.

6. The Plaintiff has referred its claim to the undersigned attorney, who is not a salaried employee of Plaintiff.

7. The real property described above is indivisible and cannot be divided without materially impairing its value.

8. If there is a mobile home and/or manufactured house on the premises which is the subject of this litigation, then the mobile home and/or manufactured house, if it is attached to the premises, shall be sold with the real estate. Any Defendants claiming an interest in the mobile home and/or manufactured house, shall assert their claim, if any, in this action or be barred from doing so and upon their failure to assert a claim, their interest in the mobile and/or manufactured house shall be extinguished.

9. Defendant, National City Bank, may be claiming an interest in the above described real property by virtue of that certain Mortgage, recorded in the Office of the Jefferson County Clerk. Process herein shall be served upon such defendant by and through its Registered Agent for service of process, CSC-Lawyers Incorporating Service Co. at 421 W. Main St., Frankfort, KY 40601.

10. Defendant, Jefferson County, may be claiming an interest in the above described real property by virtue of that certain unpaid tax bill for the tax year 2009, recorded in the Office of the Jefferson County, Clerk. Process herein should be served upon Jefferson County through Mayor Jerry Abramson, 527 W. Jefferson, Ste. 400, Louisville, KY 40202.

11.     Defendant City of Louisville, Kentucky, may be claiming an interest in the above described real property by virtue of that certain Civil Penalty Lien Affidavit. Process herein should be served upon such defendant through Mayor Jerry Abramson, 527 W. Jefferson, Ste. 400, Louisville, KY 40202.

12.     Plaintiff states that except as herein set forth, there are no other liens or encumbrances against or interests in the above described real estate known to it.

13.     The purpose of the attached documents is to collect a debt. Any information you provide to Wilensky & Jones, LLP will be used for that purpose.

14.     The amount of the debt is stated in this Complaint.

15.     The Plaintiff as named in this Complaint is the creditor to whom the debt is owed.

16.     The debt described in this Complaint is evidenced by the exhibits attached hereto will be assumed to be valid by Wilensky & Jones, LLP, unless, within thirty days after the receipt of this notice, you dispute, in writing, the validity of the debt or some portion thereof.

17.     If you notify Wilensky & Jones, LLP in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, Wilensky & Jones, LLP will obtain a verification of the debt and a copy of the verification will be mailed to you by Wilensky & Jones, LLP.

18.     If the creditor named as Plaintiff in this Complaint is not the original creditor, and if you make written request to Wilensky & Jones, LLP within thirty days from the receipt of this notice, the name, and address of the original creditor will be mailed to you by Wilensky & Jones, LLP.

19. Written requests should be addressed to Wilensky & Jones, LLP, 3109 Carlisle, Suite 100, Dallas, Texas 75204.

Page 4
JEFF 00040

WHEREFORE, the Plaintiff, Tax Ease Lien Investments 1, LLC, demands:

(a)     Judgment against the Defendant Taxpayer in the amount set forth above, with interest as set forth hereinabove until the date of judgment, and then at the rate of 12.0% per annum until paid; its attorneys' fees incurred in the prosecution of this matter; its court costs herein expended; and the costs of sale expended herein.

(b)     That it be adjudged to have a lien on the real property described herein and that this Lien be adjudged prior and superior to all other Liens set forth herein;

(c)     That all other parties named herein claiming an interest in said property should be required to come forward and assert their claims or be forever barred.

(d)     That the Master Commissioner of this Court sell the real property described herein;

(e)     That the proceeds of any sale ordered herein be applied in accordance with the priority rights of the parties herein;

(f)     Any and all other relief to which it appears entitled.

Respectfully submitted,

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

# EXHIBIT

# 29



COMMONWEALTH OF KENTUCKY
COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION I
CIVIL ACTION NO.: 10-CI-402548

TAX EASE LIEN INVESTMENTS 1, LLC                                     PLAINTIFF

v.

ARNOLD G. COATES, NATIONAL CITY BANK,
JEFFERSON COUNTY AND CITY OF LOUISVILLE,
KENTUCKY                                                            DEFENDANTS

---

### AFFIDAVIT of ATTORNEYS FEES

---

Donald R. Jones of Wilensky & Jones, LLP, Attorneys, Plaintiff's Counsel, being first duly sworn, states:

1. This Affidavit has been prepared and is submitted in accordance with JRP 404.

2. The attorneys fees set forth herein are claimed pursuant to KRS 134.452 (3)(c).

3. Plaintiff's Counsel and Plaintiff are on a "stage billing" arrangement and not an hourly fee arrangement.

4. Notwithstanding such, below are the Legal Services, Dates of Services rendered, names of persons rendering such service, their respective hourly billing rates, and the number of hours spent by persons rendering such service. The total provided is the amount that would have been invoiced to Plaintiff by Plaintiff's Counsel if a hourly billing arrangement was in place.

| Service | Date of Service | Preformed by and billing rate | Hours | Amount |
|---|---|---|---|---|
| A. Draft and send Litigation Warning Letter | 4/14/2010 | Valerie Siverling, paralegal ($150/hr) | .50 | $75.00 |
| B. Title Examination | 4/2/2010 | Richard Wilensky, attorney ($295/hr) | 1.00 | $295.00 |

Page 1
MOTION
MASTER STOCK NUMBER JEF100040

| Service | Date of Service | Preformed by and billing rate | Hours | Amount |
|---|---|---|---|---|
| C. Drafting and filing of the Complaint | 6/11/2010 | Donald R. Jones, attorney ($295/hr) | 2.00 | $590.00 |
| D. Coordination of Service of Process | 6/11/2010 | Crystal Reyes, Legal Assistant ($75/hr) | 1.50 | $112.50 |
| E. Drafting and filing notice of Lis Pendens | 5/9/2012 | Malaree Thompson, paralegal ($100/hr) | .50 | $50.00 |
| F. Drafting and filing of the Default Judgment and Order of Sale | 8/28/2012 | Donald R. Jones, attorney ($295/hr) | 2.00 | $590.00 |
| G. Attend Master Commissioner's Sale | TBD | Local Counsel | .5 | $150 |
| H. Draft and file Motion to Distribute and Confirm Sale | TBD | Valerie Siverling ($150/hour) | 1.0 | $150 |
| | | TOTAL | | $1,862.50 |

5. Plaintiff's Counsel and Plaintiff's stage billing arrangement is as follows:

| Service | Preformed by | Amount |
|---|---|---|
| A. Draft and Send Litigation Warning Letter | Valerie Siverling, paralegal | $205.00 |
| B. Title Examination, Drafting and filing of the Complaint and Lis Pendens, Coordination of Service of Process | Richard Wilensky, attorney, Donald R. Jones, attorney, Valerie Siverling, paralegal, and Crystal Reyes, legal assistant | $552.00 |
| C. Drafting and filing of Default Judgment and Order for Sale | Donald R. Jones, attorney, and paralegal | $395.00 |
| D. Attend Master Commissioner's Sale, Draft and File Report of Sale | Local Attorney and paralegal | $148.00 |
| | TOTAL | $1300.00 |

Page 2
MOTION
MASTER STOCK NUMBER JEF100040



6.   As of the date hereof, this matter is at Stage C, or the Drafting and filing of Default Judgment and Order for Sale stage. Accordingly Plaintiff's counsel has heretofore invoiced Plaintiff $1,457.00, pursuant to the stage billing arrangement.

By: _____

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

STATE OF TEXAS            )
COUNTY OF DALLAS          )

Subscribed and sworn to before me by Donald R. Jones this 30 day of November, 2012.

[SEAL]   RANDIE RAVKIND BENNO
         MY COMMISSION EXPIRES
         June 25, 2015

_____
Notary Public

# EXHIBIT

# 30

2013-08-23 14:19 Mulhall and Mulhall          502 315 1519 >>          5022671293  P 1/1

Tom Mulhall Sr.

From:     Lisa Horne
Sent:     Tuesday, August 13, 2013 3:09 PM
To:       wtm@bluegrassattorneys.com
Subject:  FW: Tax Ease -v- Third Century Development

Mr. Mulhall,

Tax Ease Lien Servicing, LLC v. Third Century Development Corporation, et al. ~ Jefferson County Civil Action No. 12-CI-400696; Master Stock #JEF301253

      The following payoff must be received in our office no later than August 29, 2013, in the total amount of $2,598.03. Please make check payable to Tax Ease Lien Servicing, LLC. Only certified, cashier, or attorney's escrow checks will be accepted. All others will be returned, resulting in additional interest and costs. Please include stock number on check. We do not accept cash. If you are interested in doing a wire transfer please contact our office for instructions.

JEF301253
Third Century Dev Corp

| Tax Bill # | | 2009230012047 |
|---|---|---|
| Tax Year | | 2009 |
| Face Value: | $ | 342.29 |
| Interest to date: | $ | 126.54 |
| Administrative Fees per KRS 134.452: | $ | 100.00 |
| Pre-Litigation attorney's Fees per KRS 134.452 (3)(a): | $ | 318.00 |
| Litigation attorney's fee per KRS 134.452 (3)( c ): | $ | 901.00 |
| PVA Inquiry for address update per KRS 134.490 & 134.452 (3)(a): | $ | 100.00 |
| Title Search Fee per KRS 134.452 (3)(c): | $ | 400.00 |
| Court Costs: | $ | 310.20 |
| Total Due on or before August 29, 2013: | $ | 2,598.03 |

      After payment has been processed the Lis Pendens will be released. If you have any questions please do not hesitate to call our payoff department.

Thank you,

Lisa Horne


*Office Manager*
Virginia L. Lawson & Associates, P.S.C
3306 Clays Mill Road, Suite 107
Lexington, Kentucky 40503
859-233-1882
859-296-6446 (fax)

### NOTICE TO DEFENDANTS
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.


8/14/2013

# EXHIBIT

# 31

# Tax Ease Lien Investments 1, LLC

Address: 14901 Quorum Drive, Suite 900, Dallas, TX 75254 Tel: 214.420.5927 Fax: 214.420.5988

February 26, 2014

Owner Name:          LEIGH PHILLIP W & MARTHA
County:              JEFFERSON
Property Address:    3521 MAPLE RD
                     , KY 0

| | |
|---|---|
| Master Stock Number | JEF302080 |
| Stock Number | 316317 |
| Tax Bill # | 2009220009257 |
| Tax Year | 2009 |
| Purchase Date | 10/26/2010 |
| Current Monthly Interest Accrual | $9.76 |
| Current Principal Amount | $975.87 |
| | |
| Original Face Amount | $975.87 |
| Total Accrued Interest @ 1% of face per Month since Purchase Date | $400.10 |
| Administrative Fees | $100.00 |
| Pre-Litigation Fees | $683.11 |
| **Title Fees** | **$0.00** |
| | |
| **Legal Costs** | **$0.00** |
| Foreclosure Court Cost 07/11/12  HC | $6.00 |
| Reverse Foreclosure Court Cost 07/11/12  HC | ($6.00) |
| **Legal Fees** | **$100.00** |
| Warning Letter Update Fee 07/11/12  HC | $100.00 |
| Payment Plan Admin Fees | $0.00 |
| Insufficient Funds Fees/ Late Fees | $0.00 |
| **TOTAL CHARGES AS OF 2/26/2014:** | **$2,259.08** |
| Payments Applied | $0.00 |
| **Credits Applied** | **$0.00** |
| | |
| **Write-offs Applied** | **$0.00** |
| | |
| **TOTAL PAYOFF AS OF 2/26/2014:** | **$2,259.08** |

As of February 26, 2014, this is a breakdown of the amounts charged on the above referenced tax bill(s) through the end of the current month. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore you must call prior to sending payment, because additional legal fees may have been incurred.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT

# 32

# Tax Ease Lien Investments 1, LLC

**Address:** 14901 Quorum Drive, Suite 900, Dallas, TX 75254 **Tel:** 214.420.5927 **Fax:** 214.420.5988

February 26, 2014

Owner Name:           THIRD CENTURY DEV CORP
County:                 JEFFERSON
Property Address:     6620 Woodrow Way
                      , KY

| | |
|---|---|
| **Master Stock Number** | JEF301251 |
| **Stock Number** | 312495 |
| Tax Bill # | 2009230012044 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Current Monthly Interest Accrual | $3.42 |
| Current Principal Amount | $342.29 |
| | |
| Original Face Amount | $342.29 |
| Total Accrued Interest @ 1% of face per Month since Purchase Date | $147.06 |
| Administrative Fees | $100.00 |
| Pre-Litigation Fees | $318.00 |
| **Title Fees** | **$550.00** |
| Foreclosure Title Search Fee | |
|    08/08/11   BS | $300.00 |
| Title Update Fee | |
|    07/17/12   BS | $125.00 |
|    07/17/12   BS | $125.00 |
| **Legal Costs** | **$206.47** |
| Foreclosure Court Cost | |
|    10/13/11   BS | $153.00 |
|    10/13/11   BS | $22.00 |
|    10/13/11   BS | $31.47 |
| **Legal Fees** | **$801.00** |
| Complaint Filed Fee | |
|    10/14/11   BS | $551.00 |
| Warning Letter (Foreclosure Notice) | |
|    06/10/11   BS | $150.00 |
| Warning Letter Update Fee | |
|    06/10/11   BS | $100.00 |
| Payment Plan Admin Fees | $0.00 |
| Insufficient Funds Fees/ Late Fees | $0.00 |
| **TOTAL CHARGES AS OF 2/26/2014:** | **$2,464.82** |
| Payments Applied | $0.00 |
| Credits Applied | **$0.00** |
| | |
| Write-offs Applied | ($122.53) |
| Notice Letter Write Off | |
|    10/13/11   <default> | ($122.53) |
| **TOTAL PAYOFF AS OF 2/26/2014:** | **$2,342.29** |

# EXHIBIT

# 33

**\*313179-N-0911N1\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


WALTHER EMIL J III
1226 ARCADE AVE
LOUISVILLE KY  40215-2204


September 1, 2011


To Walther Emil J Iii:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009110003906 from the Jefferson County taxing authority.  This bill is a tax lien on your property located at 1226 Arcade Ave, which is further identified by map number 11064A00180000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of September 1, 2011 is $2,000.80.  This payoff is good through September 30, 2011.  If you are unable to pay the tax lien by September 30, 2011, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check.  Payment must be received in our client's office by *September 30, 2011* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**.  Reference stock number *313179* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.


Sincerely,

Sherrow, Sutherland & Associates, PSC


Billy Sherrow


**STOCK NUMBER: 313179**

**\*313179-FL-1111N01\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


WALTHER EMIL J III
1226 ARCADE AVE
LOUISVILLE KY  40215-2204

November 1, 2011

To Walther Emil J Iii:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009110003906 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 1226 Arcade Ave, which is further identified by map number 11064A00180000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 1, 2011 is $2,103.88. This payoff is good through November 30, 2011. If you are unable to pay the tax lien by November 30, 2011, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2011* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *313179* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 313179**

**\*313179-N-0112101\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


WALTHER EMIL J III
1226 ARCADE AVE
LOUISVILLE KY 40215-2204

January 4, 2012

To Walther Emil J Iii:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009110003906 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 1226 Arcade Ave, which is further identified by map number 11064A00180000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of January 4, 2012 is $2,191.46. This payoff is good through January 31, 2012. If you are unable to pay the tax lien by January 31, 2012, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *January 31, 2012* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *313179* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 313179**

# EXHIBIT

# 34



## FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT, ("Agreement") is made as of the _____ day of March, 2013 by and between **the undersigned** (hereafter "Owner" whether one or more) and **Tax Ease Lien Servicing, LLC,** whose address is 14901 Quorum Drive, Suite 900, Dallas, Texas 75254, (hereinafter, "TELI").

The parties do hereby agree as follows:

1. Owner acknowledges that TELI is the holder of a Certificate of Delinquency for the tax year(s) ("Certificate(s)") detailed in the attached payoff quote ("Payoff Quote"), which is a valid enforceable lien against the property ("Property") described in the Payoff Quote for any and all amounts owed for said unpaid taxes.

2. Owner acknowledges that more than one (1) year has passed since TELI acquired said Certificate(s); that all notices required have been properly sent, and TELI is entitled to file an action in Circuit Court ("Circuit Court") for the County in which the Property is located to enforce its lien.

3. Owner agrees that TELI is lawfully entitled to collect the amounts shown for each of the above described tax bill(s) as set forth in the Payoff Quote, plus interest at the rate of twelve percent (12%) per annum from the date hereof.

4. In consideration of TELI entering into this Forbearance Agreement, Owner hereby agrees to pay to TELI the monthly payments set forth in the Payoff Quote on or before the 20th day of each month until the amount owing to TELI is paid in full. Any Attorney's fees charged for the negotiation of this Agreement and/or for the processing of monthly payments made hereunder are by Agreement between the parties.

ALL PAYMENTS MUST BE IN THE FORM OF MONEY ORDER OR CASHIER'S CHECK and PAYABLE TO WILENSKY & JONES, LLP, AND MAILED TO: 3109 CARLISLE ST., SUITE 100, DALLAS, TX 75204. NO PERSONAL CHECKS WILL BE ACCEPTED.

## ALL PAYMENTS SHALL REFERENCE MASTER STOCK NUMBER SET FORTH IN THE PAYOFF QUOTE.

5. Payments received will be allocated to the earliest years' deficiencies first, and shall be applied as follows: (i) first to interest, (ii) second to fees and costs, and (iii) lastly to the principal amount.

6. Owner may pay a greater amount in any monthly payment, or prepay the entire amount without penalty or fee. In the event any payment is not received within fifteen (15) days of the due date, TELI will be entitled to collect a late charge equal to five percent (5%) of the past due payment, or a minimum late charge of $10.00.

1
Master Stock Number JEF301933

7. In consideration of Owner agreeing to pay all amounts owed to TELI in accordance with this Agreement, TELI agrees that it will forbear and delay the filing of all legal actions to collect the amounts due as set out in this Agreement so long as Owner faithfully perform the obligations established under the terms of this Agreement. If any payment due under the terms of this Agreement is not received by TELI within thirty (30) days of the due date, or if any other party initiates a foreclosure action against Owner's Property, then Owner shall be deemed to be in default of this Agreement.

8. Owner specifically agrees that nothing contained in this Agreement shall be deemed to be a substitute for, invalidate or otherwise affect the integrity of the liens of TELI and that any and all liens granted to TELI by the laws of the Commonwealth of Kentucky shall continue to be valid, continuing enforceable liens until such time as all amounts due TELI have been paid in full.

9. In the event of default as defined in this Agreement, this Agreement will become null and void, and TELI will be entitled, without any further notice to Owner, to file an action in the Circuit Court to enforce any and all remaining unpaid tax liens against the subject property. Owner agrees it shall have no defenses to such claims and hereby confesses judgment thereto. Owner will be entitled to proper credit for any and all amounts paid, with all amount being applied to the oldest tax bills first.

10. Owner agrees that this is a legal and binding Agreement, that Owner was encouraged to seek legal counsel prior to having signed it, and that Owner has read this Agreement and fully understands the terms and obligations created by signing it.

WHEREFORE, the parties have executed this Agreement as of the date hereinabove set forth.

OWNER

_____

PRINT NAME

CURRENT ADDRESS

_____

_____

FACSIMILE # (if available)

_____

E-MAIL ADDRESS (if available)


OWNER

_____

PRINT NAME

CURRENT ADDRESS

_____

_____

FACSIMILE # (if available)

_____

E-MAIL ADDRESS   (if available)

2
Master Stock Number JEF301933

Wilensky & Jones, LLP
As legal representative of
Tax Ease Lien Investments 1, LLC
Tax Ease Lien Servicing, LLC


By:_____

Wilensky Jones, LLP
Attorneys and Counselors at Law

Mail and Overnight Mail Address:
3109 Carlisle Street, Suite 100
Dallas, Texas  75204

payoffs@wandjlaw.com

Kentucky Office:
4350 Brownsboro Road, Suite 110
Louisville, Kentucky 40207

Toll Free Phone: 866.977.2130
Toll Free Fax: 866.977.2144

Meetings with Attorneys at Kentucky office by
appointment only

February 27, 2013

Lien Holder                      Tax Ease Lien Servicing, LLC
Master Stock Number:             JEF301933
Owner Name:                      WALTHER EMIL J III
County:                          JEFFERSON
Property Address:                1226 ARCADE AVE-LOUISVILLE, KY

| | | | | |
|---|---|---|---|---|
| Stock Number | | 313179 | | |
| Tax Bill # | | 2009110003906 | | |
| Tax Year | | 2009 | | |
| Purchase Date | | 8/16/2010 | | |
| Monthly Interest | $ | 11.79 | | |
| | | | Interest for 36 Months | |
| | | | $ | 424.44 |
| TE Principal | $ | 1,179.24 | | |
| Interest @ 1% of Principal per Month since Purchase Date (pursuant to KRS 134.125 and KRS 134.452(2)) | $ | 377.28 | | |
| | | | $ | 801.72 |
| Administrative Fees (pursuant to KRS 134.452(4) | $ | 100.00 | | |
| Pre-Litigation Attorneys Fees (pursuant to KRS 134.452(3)(a) and (b) | $ | 700.00 | | |
| Attorneys Fees for Answer/Proof of Claim and/or Disclaimer arising in the protection of a Certificate involved in Litigation (pursuant to KRS 134.452 (3)(c)) | | | | |
| Other Legal Fees | $ | - | | |
| Legal Cost:  Title Search paid to third party provider (pursuant to KRS 134.452(3)(c)) | $ | 195.00 | | |
| Legal Cost:  Court Costs, Filing Fees and Service Costs paid to County Clerk and Sheriff (pursuant to KRS 134.452(3)(c)) | $ | - | | |
| Legal Cost:  Abstract of Title, Service of Process Information for each Defendant, LexisNexis Research, Copies of backup documents including all liens paid to third party provider (pursuant to KRS 134.452(3)(c)) | $ | 205.00 | | With a Final Payment of $99.19 due on February 20, 2016 |
| Attorney fees pursuant to Agreement.  Monthly payment processing fee ($2.50/month) | $ | 90.00 | | |
| Attorneys Fees pursuant to Agreement for Forbearance Agreement | $ | 400.00 | | |
| Total Due as of February 27, 2013 | $ | 3,246.52 | | |
| Payments | $ | (97.67) | TOTAL DUE AS OF 2/27/2013 | Monthly Payments due on the 20th of every month beginning on March 20, 2013 |
| | | | Total Agreement Due | |
| | $ | 3,148.85 | $      3,573.29 | $      99.26 |

As of February 27, 2013, this is a Payoff Quote for the amount necessary to redeem the above referenced tax bill(s) through the end of the current month.  However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees and court costs, such expenses will be added to the payoff figures set forth above.  If such additional charge are incurred, those additional amounts must be tendered in order to redeem the tax bill(s).  PAYMENTS ARE TO BE MADE BY CASHIER'S CHECK OR MONEY ORDER PAYABLE TO WILENSKY & JONES, LLP AND SENT TO WILENSKY & JONES, LLP, 3109 CARLISLE ST., SUITE 100, DALLAS, TX  75204.  Payments not received by Wilensky & Jones, LLP at the Dallas address will not be credited and will be returned.  PLEASE BE ADVISED THAT THE QUOTING OF A PAYOFF OR BREAKDOWN IS NO WAY TO BE CONSTRUED OR INTEPRETED AS AN AGREEMENT TO DELAY, FORBEAR OR CEASE ANY PLANNED OR PENDING LEGAL ACTIONS.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT

# 35

| 04-16-13 14:06:43 | XXXXXX4110 | EMIL J WALTHER III | 0195 |

JEF 301933
CHECK NUMBER: 003154817     CHECK AMOUNT:          99.26

CHECK NO : 003154817

*#99.26 #109.26*

EMIL J WALTHER III
OR
WILENSKY & JONES LLP

| 06-25-13 15:51:50 | XXXXXX4110 | EMIL J WALTHER III | 0196 |
|---|---|---|---|

CHECK NUMBER: 003155460        CHECK AMOUNT:        109.26

CHECK NO.: 003155460

EMIL J WALTHER III OR
WILENSKY & JONES LLP

| 07-26-13 17:21:58 | XXXXXX4110 | EMIL J WALTHER III | 0174 |

CHECK NUMBER: 003155747    CHECK AMOUNT:        99.26

CHECK NO : 003155747

EMIL J WALTHER III OR
WILENSKY & JONES LLP

08-30-13 15:46:43          XXXXXX4110     EMIL J WALTHER III                    0174

CHECK NUMBER: 003259640    CHECK AMOUNT:         109.26

CHECK NO.:  003259640

     EMIL J WALTHER III OR
     WILENSKY & JONES, LLP

| 09-07-13 11:23:57 | XXXXXX4110 | EMIL J WALTHER III | 0160 |

JEF301933
CHECK NUMBER: 003259730    CHECK AMOUNT:    109.26

CHECK NO : 003259730

EMIL J WALTHER III OR
WILENSKY & JONES, LLP

| 11-08-13 13:49:54 | XXXXXX4110 | EMIL J WALTHER III | 0113 |

JEF301933
CHECK NUMBER: 003260293      CHECK AMOUNT:        99.26

CHECK NO: 003260293

EMIL J WALTHER III OR
WILENSKY & JONES LLP

| 01-30-14 14:52:12 | XXXXXX4110 | EMIL J WALTHER III | 0119 |
| --- | --- | --- | --- |

CHECK NUMBER: 003261006    CHECK AMOUNT:        200.00

CHECK NO.: 003261006

EMIL J WALTHER III OR
AMERICAN TAX FUNDING, LLC



Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY **Customer Copy**

**CASHIER'S CHECK**

9197201886

02/13/2013

Kentucky

Remitter   EMIL J WALTHER III 1226 ARCADE AVE 40215

**Pay To The
Order Of**   WILENKSY AND JONES LLP

$ ***********97.67 ***

Drawer:  **JPMORGAN CHASE BANK, N.A.**

NON NEGOTIABLE

TERMS

KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

4682 7130 1058 9141

01/16

ADP TOTALPAY

5349868
CHASE SEVENTH STREET
LOUISVILLE, KY

| CARDHOLDER ADDRESS | | | |
|---|---|---|---|
| STREET | | | PRINTED DIGITS |
| CITY | | STATE | ZIP CODE |
| IDENTIFICATION | TELLER | BRANCH | AUTHORIZATION |
| DATE | DRIVER'S LICENSE NO. | | |

SIGN HERE

I hereby request the issuer of the charge card identified above to pay to bearer the amount shown as TOTAL hereon. I hereby confirm that I will pay said amount, with any charges due thereon, to said issuer in accordance with the terms of the charge card agreement governing the use of said card.

CASH ADVANCE/
CASH DISBURSEMENT DRAFT

AMOUNT ADVANCED

7159850

IMPORTANT: RETAIN THIS COPY FOR YOUR RECORDS

```
FP TRANSACTION  11-08-13  13:49:54  MEMBER XXXXX54110WA              1  113
                  FOR EMIL J WALTHER III

RECEIVED              1.50  IN CASH
    CODE DESC: OFFICIAL CHECK FEE
       AMOUNT: 1.50
    GL: XX31-0011
RECEIVED             99.26  IN CASH
DISBURSED            99.26  IN CHECK
    PAYEES     EMIL J WALTHER III OR
               WILENSKY & JONES LLP
  JEF301933

       ASK ABOUT OUR NEW AUTO LOAN RATES! BORROW FOR AS LOW AS 1.99% APR
       FOR 36 MONTHS AND 2.99% APR FOR 84 MONTHS!*
       *RATES SUBJECT TO CHANGE, CREDIT RESTRICTIONS APPLY.



Memo: OFC CK
```

**L&N**
FEDERAL CREDIT UNION

Received:

Disbursed:

NO. 13-CI-400421                                  JEFFERSON CIRCUIT COURT
c/w                                                   DIVISION THIRTEEN
NO. 13-CI-400451                                  JUDGE FREDERIC COWAN


TAX EASE LIEN SERVICING, LLC                                        PLAINTIFF

VS.

ROSE HARPER and DEDDO GOLDSMITH,
and PHILLIP and KARYN JULIAN                                        DEFENDANTS

and

JAMES BROWN, et al
INTERVENOR

VS.

TAX EASE LIEN SERVICING, LLC,  et al                               DEFENDANTS


**ORDER BIFURCATING ACTIONS
AND GRANTING AMENDED
INTERVENING COMPLAINT**

\*   \*   \*

The plaintiffs have moved to sever the consolidated foreclosure actions from what were previously the defendants' counterclaims before the Court dismissed them pursuant to its Opinion and Order of January 15, 2014; the Court now considers the counterclaim to be an intervening complaint filed pursuant to CR 24.02. Being sufficiently advised, the Court **GRANTS** the plaintiffs' motion to the extent that the intervening complaint and the consolidated foreclosure actions are hereby bifurcated pursuant to CR 42.02.

The Harper Counterclaimants Motion to File a Third Amended Counterclaim/Intervening Complaint is **SUSTAINED** to the extent that the amended pleading purports to state claims on behalf of Intervenors Brown, Cambron, Leigh, and Walther. The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

APR 17 2014

BY _____
DEPUTY CLERK

FREDERIC J. COWAN, JUDGE

4-16-14

**DATE**

cc:     John H. Dwyer, *Esq.*
        Chadwick A. McTighe, *Esq.*
        J. Andrew White, *Esq.*
        David W. Brangers, *Esq.*
        John M. Schardein, *Esq.*
        Shannon Upton Johnson, *Esq.*
        Scott T. Roby, *Esq.*
        David J. Hale, *Esq.*
        John E. Ramsey, *Esq.*
        Michael B. Fox, *Esq.*

**0710906.06**   amcray L.902

## Kentucky Secretary of State
### TREY GRAYSON

Trey Grayson
Secretary of State
Received and Filed
08/05/2008 10:23:34 AM
Fee Receipt: $90.00

| | |
|---|---|
| **Division of Corporations**<br>BUSINESS FILINGS<br><br>P.O. Box 718<br>Frankfort, KY 40602<br>(502) 564-2848<br>http://www.sos.ky.gov/ | Application for Certificate of A... |

Pursuant to the provisions of KRS Chapter 275, the undersigned hereby applies for authority to transact business in Kentucky on behalf of the limited liability company named below and for that purpose submits the following statements:

1. The company is  ☑ a limited liability company (LLC).
  ☐ a professional limited liability company (PLLC).

2. The name of the limited liability company is
Blue Grass Abstract, LLC

3. The name of the limited liability company to be used in Kentucky is
Blue Grass Abstract, LLC

4. Texas _____ is the state or country of organization.
(if "real name" is unavailable for use)

5. June 2, 2005 _____ is the date of organization and, if the limited liability company has a specific date of dissolution, the latest date upon which the limited liability company is to dissolve is
_____

6. The street address of the office required to be maintained in the state of formation or, if not so required, the principal office address is

| 14901 Quorum Drive, Suite 900 | Dallas | Texas | 75254 |
|---|---|---|---|
| Street | City | State | Zip Code |

7. The names and usual business addresses of the current managers, if any, are as follows:

| Phil Miglcovsky | 14901 Quorum Drive, Suite 900 Dallas, TX 75254 |
|---|---|
| Name | Address |

| | |
|---|---|
| Name | Address |

(Attach a continuation, if necessary)

8. The street address of the registered office in Kentucky is

| 828 Lane Allen Road, Suite 219 | Lexington | KY | 40504 |
|---|---|---|---|
| Street | City | State | Zip Code |

and the name of the registered agent at that office is
Capitol Corporate Services, Inc.
_____

9. This application will be effective upon filing, unless a delayed effective date and/or time is specified:
_____
(Delayed effective date and/or time)

I certify that, as of the date of filing this application, the above-named limited liability company validly exists as a limited liability company under the laws of the jurisdiction of its formation.

*Phil Miglcovsky* (signature)
Signature

Phil Miglcovsky, Manager
Type or Print Name & Title

Date: July 21 , 20 08

I, *Capitol Corporate Services, Inc.*, consent to serve as the registered agent on behalf of the limited liability company.
Type or print name of registered agent

*Dllanie Case* (signature)
Signature of Registered Agent

Delanie Case, asen sec.
Type or Print Name & Title

PLC (05/07)

(See attached sheet for instructions)

**Kentucky Secretary of State** 0710908.06  amcray L902

TREY GRAYSON

Trey Grayson
Secretary of State
Received and Filed
08/05/2008 10:36:29 AM
Fee Receipt: $90.00

Division of Corporations
BUSINESS FILINGS

Application for Certificate of Authority

P.O. Box 718
Frankfort, KY 40602
(502) 564-2848
http://www.sos.ky.gov/

Pursuant to the provisions of KRS Chapter 275, the undersigned hereby applies for authority to transact business in Kentucky on behalf of the limited liability company named below and for that purpose submits the following statements:

1. The company is ☑ a limited liability company (LLC).
   ☐ a professional limited liability company (PLLC).

2. The name of the limited liability company is
   Lien Data Services, LLC

3. The name of the limited liability company to be used in Kentucky is
   Lien Data Services, LLC

4. Texas _____ (if "real name" is unavailable for use) is the state or country of organization.

5. June 2, 2005 _____ is the date of organization and, if the limited liability company has a specific date of dissolution, the latest date upon which the limited liability company is to dissolve is _____

6. The street address of the office required to be maintained in the state of formation or, if not so required, the principal office address is
   14901 Quorum Drive, Suite 900        Dallas             Texas        75254
   _____Street_____                 City               State        Zip Code

7. The names and usual business addresses of the current managers, if any, are as follows:
   Phil Miglcovsky                                       14901 Quorum Drive, Suite 900 Dallas, TX 75254
   _____Name_____                                   _____Address_____

   _____Name_____     (Attach a continuation, if necessary)     _____Address_____

8. The street address of the registered office in Kentucky is
   828 Lane Allen Road, Suite 219       Lexington          KY           40504
   _____Street_____                 City               State        Zip Code

and the name of the registered agent at that office is
   Capitol Corporate Services, Inc.

9. This application will be effective upon filing, unless a delayed effective date and/or time is specified:
   _____ (Delayed effective date and/or time)

I certify that, as of the date of filing this application, the above-named limited liability company validly exists as a limited liability company under the laws of the jurisdiction of its formation.

_____Signature_____

Phil Miglcovsky, Manager
_____Type or Print Name & Title_____

Date: July 21 _____, 20 08

I, Capitol Corporate Services, Inc. _____, consent to serve as the registered agent on behalf of the limited liability company.
_____Type or print name of registered agent_____

_____Signature of Registered Agent_____

Delanie Case   Case asst. sec.
_____Type or Print Name & Title_____

FLC (06/07)                         (See attached sheet for instructions)

CASE NO. 13-CI-400421

JEFFERSON CIRCUIT COURT

DIVISION _____ (13)

TAX EASE LIEN SERVICING, LLC

PLAINTIFF

v.

**COMPLAINT**

ROSE HARPER
304 N 17TH ST
LOUISVILLE, KY 40203
   **SERVE BY JEFFERSON COUNTY SHERIFF**

DEFENDANTS

**W.O. & MILITARY ATTY.**

-AND-

DEDDO GOLDSMITH
304 N 17TH ST
LOUISVILLE, KY 40203
   **SERVE BY JEFFERSON COUNTY SHERIFF**

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK

FEB 1 - 2013

BY_____
   DEPUTY CLERK

-AND-

UNKNOWN SPOUSE OF ROSE HARPER, IF ANY
304 N 17TH ST
LOUISVILLE, KY 40203
   **SERVE BY WARNING ORDER AND MILITARY ATTORNEY**

-AND-

UNKNOWN SPOUSE OF DEDDO GOLDSMITH, IF ANY
304 N 17TH ST
LOUISVILLE, KY 40203
   **SERVE BY WARNING ORDER AND MILITARY ATTORNEY**

-AND-

UNKNOWN OCCUPANTS, IF ANY
304 N 17TH STREET
LOUISVILLE, KY 40203-1214
   **SERVE BY WARNING ORDER AND MILITARY ATTORNEY**

-AND-

INTERNAL REVENUE SERVICE
      SERVE:     **ERIC HOLDER**
                  **U.S. DEPARTMENT OF JUSTICE**
                  **950 PENNSYLVANIA AVENUE, NW**
                  **WASHINGTON, DC 20530**
      **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 3992

      **-AND-**

      SERVE:     **KERRY B. HARVEY**
                  **U.S. ATTORNEY'S OFFICE**
                  **260 WEST VINE STREET, SUITE 300**
                  **LEXINGTON, KY 40507**
      **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 4005

-AND-

TRINITY CHRISTIAN ACTION, INC.
529 N. 19th STREET
LOUISVILLE, KY 40203
      SERVE:     **SHELLY RADER**
                  **529 N. 19th STREET**
                  **LOUISVILLE, KY 40203**
      **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 4012

-AND-

SOUTHERN TAX SERVICES, LLC
108 WEST MAPLE STREET
NICHOLASVILLE, KY 40356
      SERVE:     **WILLIAM MILES ARVIN, JR.**
                  **108 WEST MAPLE STREET**
                  **NICHOLASVILLE, KY 40356**
      **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 4029

-AND-

VESTA HOLDINGS I, LLC
1266 W PACES FERRY ROAD #517
ATLANTA, GA 30327
SERVE:     **KENTUCKY SECRETARY OF STATE**
                  **P.O. BOX 718**
                  **FRANKFORT, KY 40602**
      **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 4036

-AND-

COMMONWEALTH OF KENTUCKY, COUNTY OF JEFFERSON
527 WEST JEFFERSON ST., SUITE 105
LOUISVILLE, KY 40202

   **SERVE:**  **MAYOR GREG FISCHER**
       **METRO HALL/4TH FLOOR**
       **527 WEST JEFFERSON ST.**
       **LOUISVILLE, KY 40202**
   **VIA CERTIFIED MAIL:** 7011 3500 0001 0898 4043

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

   The Plaintiff, Tax Ease Lien Servicing, LLC, ("Tax Ease"), by counsel, and for its cause of action against the Defendants, states and alleges as follows:

   1.  That this action is filed by Tax Ease pursuant to the authorization set forth in KRS 134.470 *et. seq.*

   2.  That the real property subject to this Complaint is located at **304 N 17TH STREET, LOUISVILLE, JEFFERSON COUNTY, KENTUCKY, 40203-1214, PARCEL/MAP ID# 03015F02320000** ("**304 N 17TH ST., Parcel/Map ID# 03015F02320000**") and is more fully described as follows:

> BEGINNING on the West side of 17th Street 45 feet North of Duncan Street, thence Northwardly along the West side of 17th Street 20 feet, and extending back Westwardly of that width throughout between lines parallel with Duncan Street, 90 feet.
>
> Being the same property in which Rose Harper & Deddo Goldsmith, acquired an interest by virtue of a General Warranty Deed, dated April 26, 2011, of record in Deed Book 9714, Page 619, of the Jefferson County Clerk's Office. See **Exhibit A.**

   Together with a mobile home thereon, which may be affixed to the above-described real estate with the intent that it becomes part of the real estate.

3.      That "**304 N 17TH ST., Parcel/Map ID# 03015F02320000**" is subject to all rights, privileges, interests, easements, improvements, and appurtenances thereto, attached to, and used in connection with "**304 N 17TH ST., Parcel/Map ID# 03015F02320000**", which are duly recorded in the Jefferson County Court Clerk's Office.

4.      That as of January 1st for the tax year 2009, "**304 N 17TH ST., Parcel/Map ID# 03015F02320000**" was duly assessed and *ad valorem* taxes were duly levied by the local taxing authority in Jefferson County, Kentucky.

5.      That said levy on "**304 N 17TH ST., Parcel/Map ID# 03015F02320000**" for the year referenced in paragraph 4 herein have not been paid and the taxes imposed by said levy are now delinquent.

6.      That pursuant to the provisions of KRS Ch. 134, the Jefferson County Sheriff, for the years in question, duly offered for private purchase the tax claims brought about by said delinquency.

7.      That the tax claims, which were not purchased from the Sheriff, were remanded to the Jefferson County Clerk and, pursuant to KRS Ch. 134, were issued as Certificate(s) of Delinquency.

8.      That on or about August 6, 2010, Plaintiff was assigned said Certificate of Delinquency for the unpaid 2009 tax claims on "**304 N 17TH ST., Parcel/Map ID# 03015F02320000**", from the Office of the Jefferson County Clerk. Said Certificate of Delinquency is more fully described as follows:

> **304 N 17TH ST., Parcel/Map ID# 03015F02320000**-- Certificate of Delinquency for unpaid 2009 *ad valorem* taxes assigned to Plaintiff on August 6, 2010, for tax claims and costs in the total sum of $855.76 plus interest at the rate of 12% simple interest per annum from the date of assignment, plus reasonable attorney fees, costs and expenses. A copy of said Certificate of Delinquency is attached hereto as **Exhibit B.**

9.     That per KRS 134.420 *et seq.*, and KRS 134.452 *et seq.*, Plaintiff be adjudged to have a lien against **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"**, which lien shall include all statutory interest, penalties, reasonable attorney fees, commissions, costs, expenses and charges all incurred by reason of defending and/or collecting on Plaintiff's interest in the Certificate of Delinquency(s); further, that said lien has priority over any other obligation or liability to which the property may be subject, except *ad valorem* tax liens or obligations of equal priority.

10.     That **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** cannot be divided without materially impairing its value and value of the interest of the parties hereto, **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** should be sold as a whole under proper order of this Court, free and clear of all liens and interests of all parties hereto, except current taxes and assessments on **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** which may be due at the time of sale.

11.     That the Defendant, Rose Harper & Deddo Goldsmith, jointly and severally, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** by virtue of a General Warranty Deed, dated April 26, 2011, of record in Deed Book 9714, Page 619, of the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

12.     That the Defendant, Unknown Spouse of Rose Harper, if any, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** and said Defendant should be required to come forth and assert their claim or be forever barred.

13.     That the Defendant, Unknown Spouse of Deddo Goldsmith, if any, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** and said Defendant should be required to come forth and assert their claim or be forever barred.

14.     That the Defendant, Unknown Occupants of 304 N 17TH St., if any, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** and said Defendant should be required to come forth and assert their claim or be forever barred.

15.     That the Defendant, Department Of The Treasury- Internal Revenue Service, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** by virtue of an Federal Tax Lien, recorded in Book 1007, Page 340, of the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert his claim or be forever barred.

16.     That the Defendant, Vesta Holdings I, LLC, may be claiming an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** by virtue of a 2005 Certificate of Delinquency, in the Office of the Clerk of Jefferson County, Kentucky, and said Defendant should be required to come forth and assert his claim or be forever barred.

17.     That the Defendant, Commonwealth of Kentucky, County of Jefferson, may be asserting an interest in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** by virtue of unpaid property/county taxes, on record in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

18     That pursuant to KRS 134.452(2) and the Kentucky Civil Rules of Procedure, Plaintiff states that notice was mailed to the PVA's property owner of record by U.S. Mail, postage pre-paid, copy attached as **Exhibit C**, informing them that an enforcement action would be taken.

WHEREFORE, the Plaintiff, by counsel, demands as follows:

1.      Judgment against the Defendant; Rose Harper & Deddo Goldsmith, jointly and severally, in the amount of $855.76 for the 2009 tax year, plus simple interest at the rate of 12% interest per annum from the date of assignment of the Certificate(s) of Delinquency to the Plaintiff herein until paid, plus all costs, expenses and reasonable attorney fees pursuant to KRS Chapter 134; further, judgment against all other Defendants, *In rem*, as to the priority of claims on **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"**,;

2.      To secure the Judgment hereinabove prayed for, Plaintiff be adjudged to have a lien on **"304 N 17TH ST., Parcel/Map ID# 03015F02320000""** described in Plaintiff's Complaint herein, which lien is first, prior and superior to all other liens (except for other liens for delinquent *ad valorem* taxes which are of equal priority to Plaintiff's liens asserted for collection herein), if any, on **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"**;

3.      That **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** and any mobile home thereon, if applicable, described in Plaintiff's Complaint herein should be sold as a whole under proper order of this Court, free and clear of all liens and claims of the parties hereto;

4.      That the lien of Plaintiff be adjudged herein be transferred to the proceeds of said sale and the sufficiency of said proceeds shall first be applied to satisfy the claim of Plaintiff herein, and that a personal judgment be entered against the Defendant, Rose Harper & Deddo Goldsmith, jointly and severally, for any balance or deficiency owed on the Judgment;

5.      That the Defendants be required to come forth and assert their claims, if any, in and to **"304 N 17TH ST., Parcel/Map ID# 03015F02320000"** or be forever barred;

6.      That Plaintiff be allowed leave to amend this Complaint to add additional parties or assert additional claims as becomes necessary through the course of this litigation;

7.    That pursuant to KRS 134.420 *et seq.*, and KRS 134.452 *et seq.*, Plaintiff be awarded all costs, expenses and reasonable attorney fees incurred herein;

8.    Any and all other relief to which Plaintiff may appear entitled.


Respectfully submitted,


_____

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT,
PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705/facsimile
Counsel for Plaintiff

DB 0 9 7 1 4 PG 0 6 1 9

## DEED

THIS DEED, made and entered into this ___26 th___ day of April, 2011, by and between TRINITY

CHRISTIAN ACTION, INC., a Kentucky Corporation, of 1849 Baird Street, Louisville, Kentucky

40203, Party of the First Part, and ROSE HARPER, unmarried and DEDDO GOLDSMITH, unmarried,

of 304 N. 17th Street, Louisville, KY 40203, Parties of the Second Part, mail tax bills to 304 N. 17th

Street, Louisville, KY 40203:

## WITNESSETH

That for the valuable consideration of $3,900.00, to be paid by the Parties of the Second Part to

the Party of the First Part at the rate of $300.00 per month beginning on May 3, 2011 and continuing each

ands every month thereafter on the 3rd day of the month until the entire sum is paid in full, without

interest, the Party of the First Part hereby conveys unto the Parties of the Second Part for and during

their joint lives with remainder in fee simple to the survivor of them, with covenant of

GENERAL WARRANTY the following real estate located at 302 N. 17th Street and 304 N. 17th Street,

Louisville, KY 40203 situated in Jefferson County, Kentucky and described as follows to wit;

TRACT 1     BEGINNING at the point on the West line of 17th Street 23 feet North
of Duncan Street, thence Northwardly along the West side of 17th Street
20 feet, and extending back Westwardly 90 feet, between lines parallel
with Duncan Street, to a 10 foot alley.

BEING the same property acquired by the Party of the First Part by deed
dated ___July 14, 1994___ and recorded in Deed Book _06540_ Page
_0063_ in the Office of the County Clerk of Jefferson County, Kentucky.

TRACT 2     BEGINNING on the West side of 17th Street 45 feet North of Duncan Street,
thence Northwardly along the West side of 17th Street 20 feet, and extending
back Westwardly of that width throughout between lines parallel with Duncan
Street, 90 feet.

BEING a portion of the same property acquired by the Party of the First
Part by deed dated March 21, 1994 and recorded in Deed Book 06431,
Page 0658 in the Office of the County Court Clerk of Jefferson County,
Kentucky.

EXHIBIT A

DB 0 9 7 1 4 PG 0 6 2 0

The Party of the First Part further covenants that it is lawfully seized of the estate hereby conveyed, that it has full right and power to convey same and that said real estate is free and clear of all liens and encumbrances, except those filed of record.

PROVIDED HOWEVER, there is excepted from the foregoing warranty and covenants of title, and this conveyance is made subject to, any existing easements, restrictions and stipulations of record, zoning laws and regulations of Jefferson County, Kentucky which may affect the property and any and all real estate taxes and/or assessments owed for the tax years of 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010, which the Parties of the Second Part do hereby assume and agrees to pay, jointly and severally, subsequent state, county, school, city and special district taxes, and all subsequent taxes, which the Parties of the Second Part do hereby assume and agrees to pay jointly and severally.

IN TESTIMONY WHEREOF, Witness the signature of the Party of the First Part, this _26th_ day of April, 2011.

TRINITY CHRISTIAN ACTION, INC.

By: _Shelly Rader_
SHELLY RADER, President
Party of the First Part

## CERTIFICATION OF CONSIDERATION

We, TRINITY CHRISTIAN ACTION, INC., Grantor, and ROSE HARPER and DEDDO GOLDSMITH, Grantees, do hereby certify, pursuant to KRS Chapter 382, that the fair cash value of the property herein conveyed is $4,000.00, and we understand that falsification of the stated full estimated value is a Class D felony, subject to one to five years imprisonment and fines up to $10,000.00.

TRINITY CHRISTIAN ACTION, INC.

By: _Shelly Rader_
SHELLY RADER, President
Grantor

2

DB 09714PG 0622

NOTARY PUBLIC, STATE AT LARGE,
KENTUCKY

THIS INSTRUMENT PREPARED BY:
No Title Examination Requested or Completed.

BRYAN N. COOMER
Attorney at Law
605 Republic Building
429 West Muhammad Ali Blvd.
Louisville, Kentucky 40202
(502) 585-2115

Document No.: DN2011054347
Lodged By: RADER
Recorded On:   05/02/2011    10:29:39
Total Fees:            24.00
Transfer Tax:          4.00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: AMASHO

4

END OF DOCUMENT

LB0118 0PG0651



## JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw,  County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/6/2010

**Assignee Information**
Tax Ease Lien Servicing, LLC
14901 Quorum Drive, Suite 900
Dallas, TX 75254
214-420-5927

**Description of Property**
304 N 17TH ST

**Parcel ID**
03015F02320000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total |
|----------|-------------|-------------------------|------------|----------|------------|---------|-------|
| 2009 | 2009030007099 | TRINITY CHRISTIAN ACTION INC | 37,220.00 | 582.15 | 235.61 | 10.00 | 827.76 |

Certification/Assignment Fee: 28.00

**Pre Payments**

| Payment Date | Amount Paid |
|--------------|-------------|
| 8/6/2010 | 855.76 |

TOTAL: 0.00

Assigned by: *Sandra L Byerly*

Deputy Clerk

This instrument was prepared by      Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY  40202

*Bobbie Holsclaw*

Clerk

Document No.: DN2010107750
Lodged By: CHARTER GROUP
Recorded On:  08/13/2010      07:13:09
Total Fees:          .00
Transfer Tax:        .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

END OF DOCUMENT

EXHIBIT B

Return to Bill Edit

 1/1  100%

**Make Check Payable To:**
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

**Receipt Of Payment**
Commonwealth of Kentucky
2009 Jefferson County Standard2 Bill
Today's Date: Friday, June 1, 2012

TRINITY CHRISTIAN ACTION INC
1840 BAIRD ST
LOUISVILLE, KY 40203

Tax Ease Lien Servicing, LLC
14801 Quorum Drive, Suite 900
Dallas, TX 75254
214-420-5927

Bill Number: 2009030007099
Map Number:
Parcel ID: 03016P02320000
Tax District: 03

**Property Location:**
304 N 17TH ST

**Deed Book / Deed Page:**
/

**Property Description:**
304 N 17TH ST

**Farm Acres:** 0
County Clerk: Jefferson Co Clerk

**Assessment:**

| Property Class | Assessed Value Tax Authority | Rate / $100 | Tax |
|---|---|---|---|
| REAL_ESTATE | 37,220.00 STATE | 0.1220 | 45.41 |
| REAL_ESTATE | 37,220.00 COUNTY | 0.1255 | 46.71 |
| REAL_ESTATE | 37,220.00 SCHOOL | 0.6480 | 240.44 |
| REAL_ESTATE | 37,220.00 URBAN SERVICES | 0.3666 | 136.45 |
| | | **Total Assessment:** | 469.01 |

**Adjustments:**

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 25.00 |
| Advertisement Fee | | | 36.00 |
| Penalty - 10% | | | 46.90 |
| County Clerks Ad Fee | | | 5.00 |
| Mail Fee - 30day | | | 1.00 |
| Monthly Delinquent Fee | | | 29.11 |
| Co. Attorney Fee | | | 109.00 |
| Co. Clerk Fee | | | 54.50 |
| Lien Fee | | | 10.00 |
| Ad Fee - 10% | | | 51.59 |
| Commission | | | 14.55 |
| Mail Fee - 60day | | | 1.00 |
| | | **Total Adjustments:** | 386.75 |

**Payments:**

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 201006-2009030007099-137 | 0 | Tax Ease Lien Servicing, L | Griffin | Check | 8/6/2010  3:02:43PM | $955.76 |
| | | | | | **Total Payments:** | $955.76 |

**Balance Due: 0.00**

**Comments:**

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



## Property Details

| | |
|---|---|
| **TYPE** | 1 : Single family |
| **YEAR BUILT** | 1900 |
| **EXTERIOR WALL** | W2 Wood siding |
| **ROOFING STRUCTURE** | Gable |
| **BASEMENT FOUNDATION** | Full Crawl |
| **CONDITION** | normal for age |
| **CONSTRUCTION FRAME** | Wood frame w/sheath |
| **HEATING TYPE** | 1 Central Warm Air |
| **CENTRAL AIR** | N |
| **FIREPLACE** | N |
| **BUILDING TYPE** | 22 Older convent'l 2/2+ story |
| **STORIES** | 2.00 |
| **FULL BATHROOMS** | 1 |
| **HALF BATHROOMS** | 0 |

| | | |
|---|---|---|
| **MAILING ADDRESS** | 304 N 17TH ST LOUISVILLE, KY 40203 | |
| **OWNER** | HARPER ROSE & GOLDSMITH DEDDO | |
| **PARCEL ID** | 015F02320000 | |
| **LAND VALUE** | $5,000 | |
| **IMPROVEMENTS VALUE** | $29,000 | |
| **ASSESSED VALUE** | $34,000 | |
| **APPROXIMATE ACREAGE** | 0.0401 | |
| **PROPERTY CLASS** | 520 Res 2 family dwell Duplex | |
| **DEED BOOK/PAGE** | 9714 0619 | |
| **DISTRICT NUMBER** | 100023 | |
| **OLD DISTRICT** | 03 | |
| **FIRE DISTRICT** | City of Louisville | |
| **SCHOOL DISTRICT** | Jefferson County | |
| **NEIGHBORHOOD** | 105124 / 18TH/MARKET | |
| **SATELLITE CITY** | Urban Service District | |
| **SHERIFF'S TAX INFO** | View Tax Information | |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| **MAIN UNIT** | | 1,690 |
| **BASEMENT** | 0 | 0 |
| **ATTIC** | None | 0 |
| **ATTACHED GARAGE** | | |
| **DETACHED GARAGE** | | |



The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps .

EXHIBIT C

http://jeffersonpva.ky.gov/property-search/property-details/36104/?StrtNum=304          8/16/2012

Commonwealth of Kentucky
Jefferson County
David Nicholson
Circuit Court Clerk

**ERSON County**

**e Assignment Report**

Receipt Number: 09-0157986-A
DATE: 02/01/2013
TIME: 09:56 AM
*** (11) CIRCUIT CIVIL-FILING WITH ATTORNEY TAX FEES ***
CASE NO: 13-CI-400421

RECEIVED FROM: HAYDEN
ACCOUNT OF: TAX EASE VS HARPER

|  |  | Circuit Court |
|--|--|--|
| **Reference/Case Number:** | | 13-ci-400421 |

**Division**

| 1. | Civil Filing Fee (Q) | 115.00 |
| 2. | ATJ Fee (1) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 10.00 |
| 4. | Library Fee (L) | 3.00 |
| 5. | Att Tax Fee MCFO(K(Q)) | 5.00 |

| e Frederic Cowan | 630270 |
|--|--|

2013   9:36:52AM

|  | TOTAL: | $153.00 |
|  | CHECK: | $153.00 |
|  | ***DIFF: | 0.00 |

*** Check Number: 3415

Prepared By: T. Allen
** MCFO=Money Collected for Others
** CS=Charge for Services
Filing (KYCOURTS)                          Page 1 of 1

CASE NO.   13-CI-400421                    JEFFERSON CIRCUIT COURT
                                                    DIVISION 13
                                           JUDGE FREDERICK J. COWAN

TAX EASE LIEN SERVICING, LLC                              PLAINTIFF

V.            ROSE HARPER AND DEDDO GOLDSMITH'S
                   CLASS ACTION COUNTERCLAIM

ROSE HARPER and                    DEFENDANTS/ COUNTERCLAIM
DEDDO GOLDSMITH                                PLAINTIFFS

V.

TAX EASE LIEN SERVICING, LLC       COUNTERCLAIM DEFENDANTS
TAX EASE LIEN INVESTMENTS 1, LLC
BLUE GRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC
PHILLIP S. MIGICOVSKY
HAYDEN CRAIG & GRANT, PLLC
   (n/k/a) CRAIG LAW OFFICE, PLLC
RICHARD ERIC CRAIG

                    *   *   *   *   *   *

**WHEREAS, since [2005], it has come to the attention of the General
Assembly that some private purchasers have been attempting to exact
unconscionable attorneys' fees and costs from individuals paying
certificates of delinquency. . . .**

**2007 Ky. Acts Ch. 14, preamble.**

Rose Harper and Deddo Goldsmith, by counsel and on behalf of others similarly
situated, for their counterclaim against Tax Ease Lien Servicing, LLC ("TELS"); Tax Ease
Lien Investments 1, LLC ("TELI"); Blue Grass Abstract, LLC ("BGA"); Lien Data Services,
LLC ("LDS"); Phillip S. Migicovsky; Hayden, Craig & Grant, PLLC, (n/k/a) Craig Law
Office, PLLC ("HCG"); and Richard Eric Craig, state as follows:

## INTRODUCTION

1.  This is a class-action counterclaim brought on behalf of Ms. Harper, Mr. Goldsmith, and
    a class of all Kentucky property owners who have had unlawful, non-actual, and

unreasonable attorneys' fees and costs sought or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact. The counterclaim defendants, individually and through associations-in-fact, operate a state-wide fraudulent scheme to collect excessive and unlawful costs of over three times the legal total return on tax certificates of delinquency.

## THE PARTIES

2. Rose Harper is 76 years old and has been widowed for over 20 years. She and her son Deddo Goldsmith, along with other family members, live in a house at 304 N. 17th Street in Louisville. Ms. Harper has lived in this house since 1974, although she has sold, rented, and repurchased the house in the intervening 39 years. Mr. Goldsmith is a truck driver. Unless otherwise specified, references in this counterclaim to Ms. Harper include Mr. Goldsmith.

3. TELS is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is in the business of purchasing and collecting certificates of delinquency resulting from unpaid real property taxes. It also sells financial services in the form of payment plans. TELS has been one of the top five purchasers of certificates of delinquency in Jefferson County over the last five years and was the largest by dollar amount in 2012. Phillip S. Migicovsky is a manager of TELS.

4. TELI is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is TELS alter ego, it is substituted for TELS without explanation by TELS's attorneys, and it is referred to by those attorneys as an "a/k/a" for TELS. See Exhibits 1 and 2. Phillip S. Migicovsky is a manager of TELI. For purposes of this counterclaim, references to TELS include TELI.

5. BGA is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys with abstracts of title for real property located throughout Kentucky. Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 3.

6. LDS is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys services in connection with tax lien foreclosures. Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 4.

7. Phil Migicovsky is, upon information and belief, a resident of Texas. He controls TELS, TELI, BGA, and LDS and their business transactions in Kentucky either as a manager or the sole manager of those entities, and was the organizer of BGA and LDS in Kentucky. Mr. Migicovsky is subject to service through the Kentucky Secretary of State at 14901 Quorum Dr., Suite 900, Dallas, TX 75254.

8. HCG is a Kentucky professional limited liability company with its principal office at 718 West Main St., Suite 202, Louisville KY 40202. Its registered agent at that address is Richard Eric Craig. HCG participates in the management and operation of TELS's tax lien foreclosure business in Kentucky. It prepares and mails various letters required under Kentucky statutes regulating tax liens, calculates payoff amounts and sends those through the mails and interstate wires, establishes payment plans, and forecloses on the liens, causing process and other papers to be sent through the mails. In performing all

3

these functions, HCG asserts and collects claims on behalf of TELS for purportedly actual and reasonable costs arising out of services provided by BGA, LDS and HCG.

9.  Richard Eric Craig is an attorney licensed to practice law in the Commonwealth of Kentucky.  He is a member of HCG, and performs and supervises the functions of HCG described above.

10. All of the counterclaim defendants conduct and participate in the conduct of the affairs of an association-in-fact enterprise made up of at least TELS, TELI, BGA, LDS, HCG, Phillip S. Migicovsky, and Richard Eric Craig ("the TELS Defendants").

11. All of the counterclaim defendants reside in and/or transact business in the Commonwealth of Kentucky either themselves or by agents. The claims in this action arise out of their business transacted in Kentucky.

## THE TAX LIEN OVERCHARGING SCHEME

12. When Kentucky property taxes remain unpaid beyond statutory deadlines, the tax liability is converted to a certificate of delinquency held by the county clerk in the county where the property is located.  Those certificates are ultimately sold to private purchasers, including TELS, who pay cash in the amount of the back taxes and assorted statutory fees.

13. The certificates bear interest at the rate of 12% per year and are a lien on the real property of the taxpayer superior to all other liens, including prior mortgages.

14. To ensure that the private purchasers receive the full 12% interest, Kentucky statutes entitle them to collect actual and reasonable attorneys' fees and costs in collecting the certificates, subject to both statutory and court-supervised limitations.

15. Because of the sort of abuses referenced in the preamble to this counterclaim, the statutes governing the tax lien collection process have been under almost constant revision since 2007.  But the limitation that attorneys' fees and costs recovered as part of the collection

4

be both "actual" and "reasonable" has been part of the statute since the creation of KRS 134.452 in 2007. The same standard has also long applied to attorneys' fee recoveries in civil actions, and is an ethical limitation enforced under SCR 3.130(1.5).

16. This super-secured net 12% return is not enough for the TELS Defendants, who devised a scheme to double or even triple the total return on the certificates of delinquency.

17. The TELS Defendants have executed this scheme by creating shell entities, including BGA and LDS, to charge themselves non-actual and unreasonable litigation costs, which they then attempt to pass on to property owners.

18. In at least one instance, TELS charged its own attorney $205 for purported title work, who then claimed to have charged the same amount back to TELS. This was after the same attorney affirmed that he had already paid BGA $195 for a title search in the same action, for a total of $400 for purported title review. See Exhibit 5.

19. The court in that action limited TELS to a reasonable charge of $100 for all title work. See Exhibit 6.

20. The TELS Defendants dramatically increased their return on the certificates of delinquency by fraudulently inflating attorneys' fees and costs and using the United States mails and wires to assert claims for attorneys' fees and costs against taxpayers that were neither actual nor reasonable, nor authorized by statute. These charges include:

    a.  charges for title reports that are inflated by more than 800%,

    b.  charges for warning order attorneys that are inflated by up to 900%,

    c.  charges for address checks that are *50 times* the statutory maximum cost to TELS,

    d.  charges for unreasonable attorneys' fees, and

    e.  duplicated charges otherwise awarded through statutory allowances.

21. TELS claims to be the largest private purchaser of certificates of delinquency in the Commonwealth and to be active in all 120 counties. It represents that it has purchased

over 60,000 certificates of delinquency in the Commonwealth Kentucky for over $50 million. Court records from other actions involving members of the association-in-fact enterprise indicate that the scheme is being applied in many actions and in multiple counties.

22. TELS promotes itself to public officials as a low-cost alternative to consumer loans. In fact, after the operation of its scheme, the costs TELS charges are substantially higher than loans for the actual liabilities under the certificates of delinquency.

23. When the scheme has been brought to the attention of judges and other court officers, the unreasonable charges have been questioned or rejected. See Exhibits 6 and 7.

24. But TELS is aware that most assertions of these charges will never come to the attention of any court, and thus TELS continues to assert them throughout the Commonwealth.

**THE SCHEME IN ACTION—Rose Harper**

25. On April 26, 2011 Ms. Harper and Mr. Goldsmith purchased 304 N. 17th Street. They had previously been tenants in the property. Their seller, Trinity Christian Action, Inc., had not paid property taxes for several years prior to the sale. Almost immediately upon closing, Ms. Harper received a delinquent tax notice for tax year 2010 from Jefferson County Attorney Michael O'Connell.

26. On June 27, 2011, Ms. Harper entered into a payment plan with County Attorney O'Connell's office for the 2010 taxes, and successfully paid them off by November 2011, for $870.00. See Exhibit 8.

27. On August 6, 2010, TELS purchased a certificate of delinquency resulting from real property taxes assessed as of January 1, 2009 on 304 N. 17th Street. These taxes were an obligation of Trinity Christian Action, Inc., the owner of 304 N. 17th Street on January 1, 2009. The purchase price of the certificate of delinquency was $855.76; essentially the same tax amount as the 2010 bill.

6

28. On July 1, 2011, three days after Ms. Harper entered into the payment plan with County Attorney McConnell, TELS, through an agent, sent a letter through the U. S. mail to Ms. Harper regarding the 2009 certificate of delinquency it had purchased for $855.76. The letter demanded a payoff of $1535.40. See Exhibit 9.

29. The July 1, 2011 letter sent by TELS was part of the fraudulent scheme to obscure the amounts sought by TELS, as evidenced by the multiple ways that the letter fails to comply with the requirements of KRS 134.490. The deficiencies include:

   a.   failure to state the intent to institute legal action to collect the amount due,
   b.   failure to state that the certificate bears interest at the statutorily specified rate,
   c.   failure to separately state the purchase price for the certificate of delinquency,
   d.   failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,
   e.   failure to state separately the fees imposed by the third party purchaser; and

30. On or about September 1, 2011, TELS caused a second letter to be sent to Ms. Harper regarding the lien. The September 1 letter also fails to contain much of the information required by KRS 134.490.

31. Both the July 1 and September 1, 2011 letters were incident to an essential part of the scheme to defraud.

**THE $4221.46 HARPER PAYOFF DEMAND**

32. After being served with the complaint in this action, counsel for Ms. Harper contacted HCG to request a payoff demand for the lien.

33. After multiple requests, HCG produced the payoff demand for $4221.46, attached as Exhibit 10.

34. The TELS enterprise payoff demand includes $595 for a "title report fee," supposedly for a report prepared by BGA. This $595 demand for a title report is up to 800% above the usual and customary rate in Jefferson County for a residential lot.  It's highly unlikely

7

that a company like TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, would pay multiples of the going rate for title report on an unremarkable urban residential lot.  The reasonable cost of obtaining a title report sufficient to support the complaint involving 304 N. 17th Street is substantially less than $595.

35. The overcharging for title reports purportedly prepared by an entity under common control with TELS is an essential part of the fraudulent scheme.

36. The TELS enterprise also demands $270 for a warning order fee. The payoff quote was generated weeks after the complaint in this action was filed. The complaint included three warning orders. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 for each additional defendant. Although TELS claims that this number is an "estimate," HCG demanded the amount as "necessary" to redeem the tax bill in the payoff. There is no need to estimate a fee that is already capable of precise determination.  Despite this, the enterprise demands 135% of the actual warning order cost in this action and the $270 demand is part of a scheme by the TELS enterprise to improperly increase recoveries for the enterprise through the certificate of delinquency process.

37. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA required by KRS 134.490(3), which has a maximum statutory cost of $2.  As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

38. The complaint signed by Mr. Craig avers that the Jefferson County PVA was the actual source of the address check used in the purported notices, and Mr. Craig attached a page from the PVA website to his complaint as confirmation. See Exhibit 11.

39. The overcharging for address checks purportedly prepared by an entity under common control with TELS is an essential part of the fraudulent scheme.

40. The TELS enterprise seeks to recover $961 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Ms. Harper that fail on their face as a matter of law, 3) fails to assert claims in the body against parties named in the caption and 4) on information and belief, is generated by an automatic template populated through a database, $961 is not a reasonable attorneys' fee for preparing such a document.

41. The payoff also seeks $25 for the filing of what are apparently two *lis pendens*. As of the date of this counterclaim, no *lis pendens* appear in the online records of the Jefferson County Clerk indexed against Rose Harper or Deddo Goldsmith. Such costs are not actual, as defined by statute.

42. By March 2013, the TELS enterprise's legitimate 12% interest return on its $855.76 investment in the lien on 304 N. 17th Street was $299.52. Entities under common control with TELS added approximately $1500 of "attorney's fees" and "costs" to that amount, pushing the effective interest rate on the original deficiency to approximately 70%.

43. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

### THE SCHEME IN ACTION— Habitat Louisville

44. The TELS Defendants' scheme is very consistent from parcel to parcel.

45. On August 6, 2010, the same day that TELS purchase the certificate of delinquency on 304 N. 17th Street, TELS also purchased a certificate of delinquency resulting from unpaid real property taxes assessed as of January 1, 2009 on 509 Marret Avenue, Louisville. The purchase price of the certificate of delinquency was $842.67.

46. In December 2011, Habitat for Humanity of Metro Louisville, Inc. ("Habitat Louisville") purchased 509 Marret Avenue.

47. Habitat Louisville is a Kentucky nonprofit corporation with its principal place of business at 1620 Bank Street, Louisville, Kentucky. Habitat Louisville was created in 1986 for the purpose of building simple, decent housing in partnership with God's people in need. It is an affiliate of Habitat for Humanity International, an entity created in 1976 by Millard and Linda Fuller and dedicated to the elimination of poverty housing worldwide.

48. Habitat Louisville's headquarters is directly across 17th St. from Ms. Harper's house.

49. From the date of Habitat Louisville's closing on 509 Marret Avenue in December 2011 to the service of a complaint in January 2013, TELS did not contact Habitat Louisville regarding the certificate of delinquency.

50. After being served with a complaint, Habitat Louisville contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

51. Mr. Craig responded with a payoff demand and an October 31, 2011 notice letter signed by Mr. Craig. See Exhibits 1 and 12. Although the statutes mandate letters in addition to the one provided by HCG, Mr. Craig refused to provide any other notice letters, informing Habitat Louisville that it would have to obtain such letters in discovery and would become subject to an additional award of attorneys' fees associated with that discovery.

52. The October 31, 2011 letter sent by Mr. Craig fails to comply with the requirements of KRS 134.490. The deficiencies include:

   a.   failure to separately state the purchase price for the certificate of delinquency,

   b.   failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,

   c.   failure to state separately the fees imposed by the third party purchaser; and

d.      failure to provide the legal name of the third-party purchaser.

53. In addition to those failures to comply with statutory prerequisites, the letter demands

sums far in excess of those allowed by KRS 134.452, which enumerates the only amounts

recoverable in connection with a certificate of delinquency.

54. TELS's notice initially demands, as a lump sum prohibited by statute, $1675.77, an

amount in excess of the mathematical statutory maximum amount for attorneys' fees,

interest, and principal associated with the lien. TELS then demands an additional $250

for writing the very letter containing the unlawful demand, $2.20 for mailing it, $300 for

a title report nowhere authorized by statute (and at least double or triple the reasonable

amount in Jefferson County), and an additional $100 for checking the address to which to

the send the letter (for which service the PVA is statutorily limited to a $2 charge).

55. This amounts to a demand for 210% of the fees, costs, and interest recoverable on top of

the purchase price of the certificate of delinquency, increasing the enterprise's return

from the 12% authorized by statute to an effective return of at least 128%.

56. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

**THE $4440.09 HABITAT LOUISVILLE PAYOFF DEMAND**

57. In addition to the deficient October 31, 2011 letter, Mr. Craig provided Habitat

Louisville with a payoff demand for the $842.67 certificate of delinquency totaling

$4440.09, effective February 12, 2013.

58. The TELS enterprise payoff demand includes $560 for "title report fee," supposedly for a

report prepared by BGA. This $560 demand for a title report is up to 700% above the

usual and customary rate in Jefferson County.  It's highly unlikely that a company like

TELS, which bragged to public officials about negotiating aggressive rates with its

attorneys, would pay quadruple the going rate for title report on an unremarkable urban

11

residential lot. The reasonable cost of obtaining a title report sufficient to support the complaint involving 509 Marret Avenue is substantially less than $560.

59. The TELS enterprise also demands $500 for a warning order fee. The payoff quote was generated weeks after the complaint in the action was filed. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $500 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 900% of the actual warning order cost in that action and on information and belief the $500 demand is part of a scheme by the TELS enterprise to improperly increase recoveries in the certificate of delinquency process.

60. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified again as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA, which has a maximum statutory cost of $2. As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

61. The TELS enterprise also seeks to recover $1,083 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Habitat Louisville that fail on their face as a matter of law, and 3) on information and belief, is generated by an automatic template populated through a database, $1,083 is not a reasonable attorneys' fee for preparing such a document.

62. By February 2013, the TELS enterprise's legitimate 12% interest return on its $842.67 investment in the lien on 509 Marret Avenue was $286.54. Entities under common

control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

## CLASS CERTIFICATION ALLEGATIONS

63. The counterclaim plaintiffs seek certification of a class under both CR 23.02(b) and (c).

64. **Definition of the Class.** Counterclaim plaintiffs bring this action on their own behalf and on behalf of a class of all Kentucky property owners who have had unlawful, non-actual, and unreasonable attorneys' fees and costs demanded from or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact.

65. Excluded from the Class are the TELS Defendants; officers, directors or employees of the TELS Defendants; any entity in which the TELS Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of the TELS Defendants; any federal, state, or local governmental entity; persons who properly execute and file a timely request for exclusion from the class; the legal representatives, successors or assigns of any such excluded persons; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs. Counterclaim plaintiffs reserve the right to modify or amend this Class definition if discovery and/or further investigation so necessitate.

66. **Numerosity.** The exact number of the members of the Class is unknown and not available to counterclaim plaintiffs, but it is clear that individual joinder is impracticable. TELS purchased approximately 3000 certificates of delinquency in Jefferson County alone over the last five years, and court records indicate it is active throughout the state. Class members likely number in the thousands, but can be easily identified through Defendants' records, which they are required by statute to maintain.

67. **Commonality.**  Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members.  These common questions include:

(a) Are the title search costs charged by the TELS Defendants actual?

(b) Are the title search costs charged by the TELS Defendants reasonable?

(c) Is it reasonable to charge $100 for an address check service available from the property valuation administrator for $2 or less?

(d) Is that $100 charge for an address check actual?

(e) Are the other charges, including attorneys' fees demanded and collected by the TELS Defendants actual and reasonable?

(f) Have the TELS Defendants complied with the statutes governing tax lien foreclosure, including KRS 134.452 and .490?

(g) Are the counterclaim plaintiffs and the Class entitled to relief, and what is the nature of such relief?

68. **Typicality.**  Counterclaim plaintiffs' claims are typical of the claims of other members of the Class, as counterclaim plaintiffs and other Class members sustained damages arising out of the wrongful and unlawful assertion of liens for unreasonable and non-actual fees and charges by the TELS Defendants, based upon the same pattern of conduct.

69. **Adequate Representation.**  Counterclaim plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex litigation and class actions.  Counterclaim plaintiffs have no interest antagonistic to those of the Class, and the TELS Defendants have no defenses unique to counterclaim plaintiffs.

70. **Predominance and Superiority.**  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the wrongful and unlawful actions of the TELS Defendants. It would be virtually impossible for the individual members of the class to obtain effective relief from the misconduct of the TELS Defendants. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be promoted and uniformity of decisions will be ensured.

71. **Policies Generally Applicable to the Class.** This class action is also appropriate for certification because the TELS Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The challenged policies and practice of the TELS Defendants apply and affect members of the Class, and counterclaim plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to counterclaim plaintiffs.

### COUNT 1 – RICO Section 1962(c)

72. Ms. Harper restates the averments of all previous paragraphs.

73. The defendants in this count are the TELS Defendants. The TELS Defendants are RICO persons who are each associated with the RICO enterprise.

74. The TELS Defendants created, participated in, and conducted the affairs of an association-in-fact RICO enterprise that affected interstate commerce through, among other thing, the use of the mails and interstate wires.

75. The purpose of the enterprise is to collect excessive, unreasonable, and non-actual fees and costs from property owners through the Kentucky tax certificate of delinquency system.

76. The TELS Defendants knowingly participated and conducted the affairs of the enterprise through a pattern of racketeering activity, individually, collectively, and through agents.

77. In order to further the fraudulent scheme, the TELS Defendants pattern of racketeering activity consisted of a continuing course of mail fraud, in violation of 18 U.S.C. 1341, and wire fraud, in violation of 18 U.S.C. 1341.  The predicate acts include:

    a.  causing the July 1 and September 1, 2011 letters to be sent to Ms. Harper and Mr. Goldsmith;

    b.  sending the October 11, 2011 demand letter through the mails to Habitat Louisville's predecessor in title;

    c.  sending the February 12, 2013 payoff demand through the wires to counsel for Habitat Louisville;

    d.  sending invoices and other mail and wire communications between persons in the enterprise in an effort to legitimize the overcharges;

    e.  causing the Jefferson Circuit Court clerk to use the mails to serve the complaint in this and other actions on multiple parties in furtherance of the scheme; and

    f.  sending similar letters and demands to other class members.

78. For each Class member, KRS 134.452 and .490 required the enterprise to send through the mails and interstate wires written notices of claimed amounts due.  The precise date and substance of the fraudulent assertion of non-actual and unreasonable charges is contained within each letter.  The TELS Defendants also utilized the mails for purposes of service of process in numerous other civil actions involving class members.

79. The false and fraudulent statements supporting the scheme are the assertions that the fees and costs in the communications are actual and reasonable, "necessary," and are otherwise authorized by statute.

80. TELS has been purchasing liens in the Commonwealth since at least 2005, and the scheme is believed to have been operating at least that long.

81. The scheme is part of an ongoing tax certificate of delinquency collection business, and there is a specific threat that the past conduct of the TELS Defendants will project into the future. TELS purchased nearly $900,000 worth of tax liens in Jefferson County alone in 2012 which will not be eligible for collection until later this year.  The fraudulent representations in mailings and wire communications are an essential part of the scheme, and will likely continue into the future.

82. As a direct and proximate result of the conduct of the TELS Defendants, the counterclaim plaintiffs were injured in their property through the assertion of inflated and improper liens against their property, and will be required to incur attorneys' fees as a result of the assertion of those improper liens.  Other Class members were damaged when they paid non-actual and unreasonable fees and costs asserted by the TELS Defendants.

## COUNT 2 – DECLARATION OF RIGHTS

83. Ms. Harper restates the averments of all previous paragraphs.

84. An actual controversy exists between Ms. Harper and the Class on one side and the TELS Defendants on the other over the TELS Defendants' compliance with KRS 134.452 and .490.

85. The TELS Defendants seek to recover costs and attorneys' fees from Ms. Harper and the Class that are neither reasonable, actual, nor authorized by the referenced statutes and have asserted a lien against Ms. Harper's real property and the property of other Class members for those amounts.

86. TELS's statutory violations have resulted in the suspension of the accrual of all interest and fees until TELS provides proper notice.

87. Ms. Harper and the class are entitled to a declaration of rights under the above-referenced statutes that TELS is not entitled to collect the fees and charges it has demanded under the lien it asserts against Ms. Harper and other's real property and that the accrual of all interest and fees have been suspended.

## COUNT 3 – INJUNCTIVE RELIEF

88. Ms. Harper restates the averments of all previous paragraphs.

89. Ms. Harper has a concrete personal right to use 304 N. 17th Street without unlawful interference by TELS.

90. TELS has asserted a lien against 304 N. 17th Street grossly in excess of the amount authorized by Kentucky law, impairing Ms. Harper's ability to use 304 N. 17th St.

91. The equities and public interest are in favor of compelling TELS to comply with statutory limitations on fees and charges and to prohibit TELS from seeking such charges from Ms. Harper or any other property owner.

92. Ms. Harper has raised a serious question on the merits in light of undisputed evidence produced by TELS.

93. Ms. Harper is entitled to temporary and permanent injunctive relief against TELS to preclude any further statutory violations and to vindicate Ms. Harper's concrete personal right in using 304 N. 17th Street.

94. That injunction should also protect the property interests of the rest of the Class.

## COUNT 4 –DAMAGES PURSUANT TO KRS 446.070

95. Ms. Harper restates the averments of all previous paragraphs.

96. TELS has violated KRS 134.452, .490, and .990(11)(a)(1) and (2).

97. TELS's violations of those statutes and its assertion of a lien against Ms. Harper and

others' real property for excessive and unlawful fees have damaged Ms. Harper and the

Class in an amount in excess of the minimum jurisdictional limits of this Court.

98. Pursuant to KRS 446.070, Ms. Harper and the class are entitled to recover damages from

TELS for its violations of the above-referenced statutes.

WHEREFORE, having stated its counterclaim against the TELS Defendants, Ms.

Harper respectfully requests the Court for:

a.   a declaration that the TELS Defendants have asserted a lien against Ms. Harper and

other class members' real property for unlawful and unreasonable sums;

b.   a temporary and permanent injunction requiring the TELS Defendants to demand and

recover no more than the statutorily allowable fees and costs in connection with lien

rights;

c.   damages caused by the TELS Defendants' unlawful conduct,

d.   treble damages for Count 1;

e.   an order requiring all TELS Defendants to divest all interests in TELS, TELI, BGA,

LDS, and HCG;

f.   a reasonable attorneys' fee;

g.   the imposition of fines pursuant to KRS 134.990(11)(a)(1) and (2);

h.   leave to amend this complaint upon completion of reasonable discovery; and

i.   trial by jury on all issues so triable.

Respectfully submitted,

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY 40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com

## CERTIFICATE OF SERVICE

     This is to certify that a true and accurate copy of the foregoing has been served by U.S. Mail, postage pre-paid, on this 2nd day of April, 2013 to:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202

INTERNAL REVENUE SERVICE
    C/O Eric Holder
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530
And
    c/o Kerry B Harvey
    U.S. Attorney's Office
    260 West Vine Street, Suite 300
    Lexington, KY 40507

VESTA HOLDINGS I, LLC
1266 W. Paces Ferry Road #517
Atlanta, GA 30327

TRINITY CHRISTIAN ACTION, INC.
c/o Shelly Rader
529 N. 19th Street
Louisville, KY 40203

SOUTHERN TAX SERVICES, LLC
c/o William Miles Arvin, Jr.
108 West Maple Street
Nicholasville, KY 40356

John M. Schardein
William P O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
COMMONWEALTH OF KENTUCKY,
COUNTY OF JEFFERSON

John H. Dwyer, Jr.

# EXHIBIT

# 1

HAYDEN CRAIG & GRANT, PLLC

718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

October 31, 2011

Lela Mae Garner
7902 Gable Road
Louisville, KY 40219

RE:   NOTICE OF INTENT TO ENFORCE LIEN
      509 MARRETT AVE/JEFFERSON COUNTY, KY

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid 2009 ad valorem taxes on the real property at the address listed above. Pursuant to KRS 134.490, our client is required to inform you of the following:

1.   The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2.   The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3.   If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law. **Collection actions may include foreclosure.** If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4.   Pursuant to KRS 134.490(3)(f), the following information is provided to you:

   a.   The legal name of our client is Tax Ease Lien Investments 1, LLC.
   b.   Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
   c.   Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5.   A complete listing of the amount due as of September 1, 2011, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $1675.77 |
| Notice of Intent Foreclosure Warning Letter 10-30-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 10-31-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) estimate | $300.00 |
| Lien Data Services – County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| TOTAL | $2327.97 |

**Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. Please call us at (502) 690-3095 to make arrangements to enter into payment plans.**

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

If arrangements have already been made with this office, please disregard this notice.

Sincerely,

R. Eric Craig
HAYDEN CRAIG & GRANT, PLLC

MSN:  JEF301882
PM    228.01302

# EXHIBIT

# 2

LB 0 1 3 1 2 PG 0 8 8 8

CASE NO. 12-CI-401879                          JEFFERSON CIRCUIT COURT
                                                    DIVISION_____

TAX EASE LIEN SERVICING, LLC                              PLAINTIFF
AKA TAX EASE LIEN INVESTMENTS 1, LLC

v.                    LIS PENDENS (NOTICE OF ACTION)

HS DEVELOPERS, LLC, ET AL                                 DEFENDANTS

                    * * * * * * * * * *

The undersigned hereby gives the following notice pursuant to KRS 382.440:

1.       In the above-styled action in HS Developers, LLC Circuit Court, Plaintiff, Tax

Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1, LLC, seeks to enforce a tax lien

on property located in Jefferson County, Kentucky, known as **17105 Hillrock Place**,

Louisville, Kentucky, 40245, Parcel/Map ID# 21369206320000 and is more fully described

as follows:

> BEING Revised Tract 4 as shown on the Minor Subdivision
> Plat approved by the Louisville and Jefferson County
> Planning Commission on June 6, 2001, Docket No 114-01,
> which Minor Subdivision Plat is attached to and made part of
> a Deed of record in Deed Book 7671, Page 901, in the office
> of the Clerk of Jefferson County, Kentucky.
>
> Being the same property in which HS Developers, LLC,
> acquired an interest by virtue of a General Warranty Deed,
> dated May 23, 2003, of record in Deed Book 8148, Page 747,
> of the Jefferson County Clerk's Office.

2.       The person(s) whose right, title, interest or claim to said real property is

involved or affected are as follows:

        a.   Tax Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1,

        LLC,

1

BK 01312 PG 0889

b.    HS Developers, LLC,

c.    Unknown Occupants of 17105 Hillrock Pl, If any,

d.    Polo Fields Community Association, Inc.,

e.    Nebraska Alliance Realty Company, and

f.    Commonwealth of Kentucky, County of Jefferson.

DATED: _MAy 21_, 2012

**THIS INSTRUMENT PREPARED BY:**

_____

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY  40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing
a/k/a Tax Ease Lien Investments I,
LLC*

2

LB 01312 PG 0890

**THIS INSTRUMENT EXECUTED BY:**

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

STATE OF KENTUCKY      )
                       ) SS
COUNTY OF JEFFERSON    )

        Signed and acknowledged before me, Notary Public in and for the State of Kentucky
and County of Jefferson aforesaid by R. Eric Craig personally known to me this *21*
day of _____*MAY*_____, 2012.

        My commission expires: *08-19-2014*

                    NOTARY PUBLIC, STATE AT LARGE

Document No.: DN2012073806
Lodged By: HAYDEN CRAIG & GRANT
Recorded On: 05/24/2012        09:25:40
Total Fees:              13.00
Transfer Tax:              .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

**END OF DOCUMENT**

3

# EXHIBIT

# 3

## BLUE GRASS ABSTRACT, LLC

## General Information

| | |
|---|---|
| **Organization Number** | 0710906 |
| **Name** | BLUE GRASS ABSTRACT, LLC |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FLC - Foreign Limited Liability Company |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | TX |
| **File Date** | 8/5/2008 |
| **Authority Date** | 8/5/2008 |
| **Last Annual Report** | 2/20/2012 |
| **Principal Office** | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| **Registered Agent** | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| | |
|---|---|
| **Manager** | Phil Migicovsky  |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| **Organizer** | PHIL MIGICOVSKY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:07:45 PM | 6/21/2012 | |

| Annual report | 2/20/2012 4:24:54 PM | 2/20/2012 4:24:54 PM |
| Annual report | 2/16/2011 3:32:39 PM | 2/16/2011 3:32:39 PM |
| Annual report | 3/15/2010 5:22:56 PM | 3/15/2010 5:22:56 PM |
| Annual report | 7/2/2009 1:26:48 PM | 7/2/2009 1:26:48 PM |
| Add | 8/5/2008 10:23:35 AM | 8/5/2008 |

## Microfilmed Images

# EXHIBIT

# 4

---

## LIEN DATA SERVICES, LLC

---

## General Information

| | |
|---|---|
| **Organization Number** | 0710908 |
| **Name** | LIEN DATA SERVICES, LLC |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FLC - Foreign Limited Liability Company |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | TX |
| **File Date** | 8/5/2008 |
| **Authority Date** | 8/5/2008 |
| **Last Annual Report** | 2/20/2012 |
| **Principal Office** | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| **Registered Agent** | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| | | |
|---|---|---|
| Manager | Phil Migicovsky |  |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | PHIL MIGICOVSKY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:06:50 PM | 6/21/2012 | |

4/1/13                                    Welcome to Fasttrack Organization Search

Annual report          2/20/2012              2/20/2012
                       3:18:38 PM             3:18:38 PM

Annual report          2/16/2011              2/16/2011
                       3:30:13 PM             3:30:13 PM

Annual report          3/15/2010              3/15/2010
                       5:26:58 PM             5:26:58 PM

Annual report          7/2/2009               7/2/2009
                       1:29:01 PM             1:29:01 PM

Add                    8/5/2008               8/5/2008
                       10:36:29 AM

## Microfilmed Images

# EXHIBIT

# 5

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO.: 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                    PLAINTIFF

v.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE                                          DEFENDANTS

---

### AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

---

The undersigned Attorney for the Petitioner, Tax Ease Lien Investments 1, LLC, being first duly sworn, states:

1. Wilensky & Jones, LLP, Attorneys, to date, has invoiced Petitioner, Tax Ease Lien Investments 1, LLC, in attorney's fees in exchange for the litigation of the collection of the amounts due and payable with respect to the 2004 Tax Bill made the basis of this suit and the foreclosure of its lien upon the Property described in these proceedings the following itemized amounts:

   A. $205.00 for issuance of a Warning Letter and Title Examination,
   B. $552.00 for drafting and filing of the Complaint,
   C. $395.00 for drafting and filing of the Summary Judgment and Order of Sale.
   D. Further, simultaneously with the Court's granting of its Summary Judgment and Order of Sale, Wilensky and Jones will bill Plaintiff $148.00 to attend the Master Commissioner sale herein

2. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid Blue Grass Abstract, LLC, and invoiced Petitioner, Tax Ease Lien Investments 1, LLC, $195.00 for a title search for the Property made the basis of this suit

3. Wilensky & Jones, LLP, Attorneys, to date, has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $619.37 in filing fees, court costs and service costs in these proceedings.

4. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $205.00 for (a) an abstract of title (b) vetting of title; (c) service of process information for each Defendant hereto, and (d) copies of all back-up documents including copies of mortgages and other year's tax bills and/or certificates and that, the additional title search information and research significantly reduces Wilensky & Jones, LLP's time and ultimately its attorney's fees for this matter.

Page | 1

5. Had the Defendant satisfied the claim at any given stage of the litigation prior hereto, Plaintiff would have only been invoiced the amount of attorney fees relative to that stage of the litigation.

BY: 
_____
Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

STATE OF TEXAS                    )
COUNTY OF DALLAS                  )

    Subscribed and sworn to before me by Donald R. Jones this 3rd day of November, 2011.

[SEAL]   RANDIE RAVKIND ELLIS
         MY COMMISSION EXPIRES
         June 25, 2015

_____
Notary Public

SHE100148 Master Stock Number
AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

# EXHIBIT

# 6

rENDERED ___11/7/11___

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO : 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC          PLAINTIFF

v.

> FILED
> LOWRY S. MILLER, CLERK
> DEC - 7 2011
> SHELBY CIRCUIT/DISTRICT COURT
> BY:_____D.C.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE

         DEFENDANTS

## SUMMARY JUDGMENT and
## ORDER FOR SALE

Upon Motion for Summary Judgment by Plaintiff, Tax Ease Lien Investments 1, LLC against Defendant(s), Terry L. Carriss and Flora M. Carriss, it appearing that said Defendant(s) has failed to timely plead or otherwise defend this matter after having been served with process, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**
On motion of Plaintiff, IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff, Tax Ease Lien Investments 1, LLC, shall recover:

   a. Judgment against the against Defendant(s), Terry L. Carriss and Flora M. Carriss the following amounts:

      i. $933.64 being Plaintiffs' acquisition cost of the 2004 tax bill made the basis of this suit, plus twelve percent (12%) interest per annum from the date of Plaintiff's acquisition of said bill of August 15, 2005, (pursuant to KRS 134.500);

      ii. an administration fee of $100.00 for the preparation and filing of the Release of Lien and the Clerk's cost of recordation, (pursuant to KRS 134.452(4));

      iii. pre-litigation attorney fees of $~~751.50~~ 653.20 (pursuant to KRS 134.452(3)(a) & (b)).

   b. actual and reasonable attorney's fees of $~~1,300.00~~ $1,300.00 arising in the prosecution of Collection Remedies and/or in Litigation (pursuant to KRS 134.452 (3)(c)); $~~400.00~~ $100.00 for (a) a title search for the Property made the basis of this suit (pursuant to KRS 134.452(3)(c)); (b) an

Page | 1

Master Stock Number SHE100148
SUMMARY JUDGMENT and
ORDER FOR SALE

Lien Book E31, Page 76.

11. Wachovia Bank, Defendant, was made a party hereto, but failed to Answer herein and is not entitled to the protection of its interest.

12. In the event Plaintiff becomes the successful purchaser of said real estate at the commissioner's sale, and should the bid of Plaintiff be less than its liens herein, Plaintiff may comply with the terms of sale by taking credit upon its judgment without making the cash deposit or executing the sale bond as hereinabove provided.

13. This is a final and appealable judgment and there is no just reason for delay in its entry.

14. Jurisdiction is retained to confirm the sale; to distribute the proceeds; to adjudge junior liens; and for entry of such further orders as may be necessary.

15 Said property shall be sold subject to such right of redemption as may exist in favor of the Defendant.

16. Neither the Master Commissioner nor anyone in his/her employ including, but not limited to, office staff, auctioneers, or appraisers, shall act as surety on the bond of any purchaser of property at any judicial sale.

17 Sale date is set by the Master Commissioner as _____ .

Dated: _____ 12/7 _____, 2011.

_Chas L. Jockman_

JUDGE, SHELBY CIRCUIT COURT


CHECKED, EXAMINED AND APPROVED

BY: _____
      SHELBY   CIRCUIT   COURT   MASTER
      COMMISSIONER

Page | 5

# EXHIBIT

# 7

NO.   10CI402027              FOR FROM CLERK'S OFFICE      JEFFERSON CIRCUIT COURT
                                                          DIVISION 9
                              2011 APR 25   A C
TAX EASE LIEN INVESTMENTS 1, LLC          BY FCX 4         PLAINTIFF

VS.                  MASTER COMMISSIONER'S REPORT
              RE: DEFENDANT'S SUMMARY JUDGMENT-LIABILITY

WILSON, MAGGIE MAE; ET. AL.                               DEFENDANTS

* * * * * * *

This matter was referred to the Commissioner for a recommendation on Ms. Wilson's

January 18, 2011, motion for Summary Judgment on her counterclaim against TELI as to

liability.  A hearing was conducted April 19, 2011, at which TELI was represented by Marcy

Spratt, and Ms. Wilson was represented by John Young.

The statutes which govern the collection of taxes are fairly detailed, and the following

sections of KRS Chapter 134 have been added to the record for ease of reference: 119, 122, 128,

452, 490, 546, and 990.  The Defendant's Memorandum correctly lays out the statutory path for

collection of third-party certificates of delinquency.  The Defendant also correctly observes that

pre-litigation attorneys fees are capped by Section 452(3)(a)(1) at $156.63, representing TELI's

acquisition cost, for tax amounts in the lowest dollar range.

What, then is the basis for TELI's demand for a $750.00 litigation attorney's fee, as

embodied in the January 25, 2010, Forbearance Agreement, which appears as Exhibit 1 to the

Complaint?  TELI's February 17, 2011, Response lists:

| | |
|---|---|
| Title Search | $400.00 |
| Drafting and monitoring Forbearance Agreement | $200.00 |
| Foreclosure Warning Letter | $150.00 |
| | $750.00 |

Your Commissioner considers a title search to be both an essential preliminary step in the collection process, and a recoverable cost under Section 452(3)(c). Likewise, your Commissioner considers TELI to be entitled to charge for the warning letter and the Agreement under Section 490(5).

At issue is the reasonableness of the charges, which exceeds the scope of this hearing. With regard to the $400 title search, your Commissioner pays $70.00 for 30-year title searches in his private practice, and notes that almost 25 years of indexes and document images are available free on the County Clerk's website. This Office routinely allows a maximum of $150.00 for title searches in other types of lien enforcement actions. The only evidence in the record of attorney time and expenses appears to be Ms. Spratt's December 20, 2010, Affidavit, Exhibit C to TELI's Response to Request for Production of Documents.

Ms. Wilson foolishly signed the Forbearance Agreement without sufficient inquiry. The cases collected in 5A Kentucky Digest, Contracts §93(2), suggest that she is bound by her signature to every aspect of the Agreement. If, however, she develops evidence that TELI knowingly overcharged her, then not only should her balance be reduced, but the fine provided by Section 990(11) should also be assessed. As burdensome as it may be require TELI to examine its Agreements in other cases, a pattern of abuse can be fined at up to $500.00 per offense. Discovery should continue.

For now, sufficient questions of material fact exist to preclude her partial summary judgment.

RECOMMENDATION: Unless objections are filed within 10 days from the date of service by the Clerk, as prescribed by CR 53.06, the defendant's tendered judgment should be DENIED.

Respectfully submitted,
EDITH F. HALBLEIB
MASTER COMMISSIONER

By: _____, D.M.C.
Richard C. Oldham, Jr.

Commissioner's fee: $100.00 to Plaintiff
RCO/aw

| Marcy Spratt | John Young |
|---|---|
| P. O. Box 23800 | 416 W. Muhammad Ali Blvd., Suite 300 |
| Lexington, KY 40523-3800 | Louisville, KY 40202 |

Copies were mailed to the attorneys listed above.

3

# EXHIBIT

# 8



## MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY
531 Court Place, Suite 900
Louisville, KY 40202

(502) 574-6333
Fax (502) 574-5874

June 2, 2011

~~M. Henderson~~
Assistant

Rose Hamer
~~Buyer of ~~
304 N. 17th St.
Louisville, Kentucky 40203

RE: DISTRICT: 03 BLOCK: 0131 LOT: 0232 SUBLOT: 0000 (TAX YEAR: 2010)
ADDRESS: 304 N. 17th ST.

Dear Ms. Hamer and Ms. Goldsmith:

This will confirm your conversation with our office, wherein you agreed to enter the Jefferson County Attorney Delinquent Tax Payment Program. You agreed to make monthly payments of $174.00 a month starting in July through November. Listed below is your payment schedule.

| Month | Amount | Paid | Date |
|---|---|---|---|
| July, 2011 | $174.00 | 174.00 | 7/18/11 |
| August, 2011 | $174.00 | 174.00 | 8/29/11 |
| September, 2011 | $174.00 | 174.00 | 9/30/11 |
| October, 2011 | $174.00 | 174.00 | 10/31/11 |
| November, 2011 | $174.00 | 174.00 | 11/29/11 |

Your check is to be made payable to the Jefferson County Attorneys Delinquent Tax Fund and is to be sent to the following address:

JEFFERSON COUNTY ATTORNEY'S OFFICE
FISCAL COURT BUILDING
531 COURT PLACE SUITE 900
LOUISVILLE, KY 40202
ATTN: SARA R. ESTES

Your payments are due by and must be postmarked by the end of each month. If this agreement is not kept, we are allowed to terminate the payment plan and any money received will be applied to the delinquent bill(s). Your cooperation in keeping to the terms of the agreement will be most appreciated.

Sincerely,

Sara R. Estes
Supervisor, Delinquent Tax Dept.
Phone (502) 574-6331

# EXHIBIT

# 9

LAW OFFICES
SHERROW, SUTHERLAND & ASSOCIATES, PSC
200 SOUTHLAND DR., LEXINGTON, KY 40503

HARPER ROSE & GOLDSMITH DEDDO
304 N 17TH ST
LOUISVILLE KY 40203

July 1, 2011

To Harper Rose & Goldsmith Deddo:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the delinquent tax bill, number 2009030007099 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 304 N 17TH St, which is further identified by map number 030150029000 for unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of July 1, 2011 is $1,535.40. This payoff is good through July 31, 2011. If you are unable to pay the tax lien by July 31, 2011, please contact our client for an updated payoff amount.

## PAYMENT INSTRUCTIONS:

Payment of the 2009 tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by July 31, 2011 for the payoff to be valid.

Please make the certified check, cashier's check, or money order payable to *Tax Ease Lien Servicing, LLC* and mail to 14901 Quorum Drive, **Suite 900, Dallas, Texas 75254**. Reference stock number 31285 on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoff@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Bill Sherrow

STOCK NUMBER: 31285

# EXHIBIT

# 10

**HAYDEN CRAIG & GRANT, PLLC**
**718 WEST MAIN STREET, SUITE 202**
**LOUISVILLE, KY 40202**
**502-638-2836**

March 27, 2013

PAYOFF QUOTE GOOD THRU MARCH 31, 2013

ATTN: Deddo Goldsmith &
Lisa with Attorney Mark Levy's office

| | |
|---|---|
| Owner Name: | ROSE HARPER & DEDDO GOLDSMITH |
| County: | JEFFERSON |
| Property Address: | 304 N 17TH ST |
| | PARCEL ID 03015F02320000 |

JEFFERSON CIRCUIT ACTION NO 13-CI-400421

| Stock Number | 312833 |
|---|---|
| Tax Bill # | 2009030007099 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.56 |

| | |
|---|---|
| TE Principal | $855.76 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $299.52 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $599.03 |
| **SUBTOTAL** | $1,854.31 |
| | |
| **HC&G Legal Fees** | $961.00 |
| **SUBTOTAL** | $961.00 |
| | |
| **HC&G Costs of Litigation** | |
| Foreclosure Costs and/or Expenses:<br>Jefferson County Sheriff – Process of Service on Rose Harper & Deddo GoldSmith | $80.00 |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Certified Mail | $61.80 |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Complaint Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses:<br>Jefferson County Clerk – Recording Fee –Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses:<br>Additional Recording Fee for Extra Tract | $12.00 |
| Foreclosure Costs and/or Expenses:<br>KY Secretary of State – Process of Service for Vesta Holdings | $14.75 |
| Foreclosure Costs and/or Expenses:<br>Warning Order Attorney Report Fees - Estimate | $270.00 |
| Foreclosure Costs and/or Expenses:<br>Lexis | $50.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses:<br>Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $595.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses:<br>Postage/Photocopies/Long Distance/Facsimile | $28.40 |
| SUBTOTAL | $1,405.95 |
| TOTAL | $4,221.26 |

As of March 27, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through March 31, 2013.  However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301589/Harper-Goldsmith on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill.  Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301589
PM 228.01251

# EXHIBIT

# 11

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



## Property Details

| | |
|---|---|
| TYPE | 1 : Single family |
| YEAR BUILT | 1900 |
| EXTERIOR WALL | W2 Wood siding |
| ROOFING STRUCTURE | Gable |
| BASEMENT FOUNDATION | Full Crawl |
| CONDITION | normal for age |
| CONSTRUCTION FRAME | Wood frame w/sheath |
| HEATING TYPE | 1 Central Warm Air |
| CENTRAL AIR | N |
| FIREPLACE | N |
| BUILDING TYPE | 22 Older convent'l 2/2+ story |
| STORIES | 2.00 |
| FULL BATHROOMS | 1 |
| HALF BATHROOMS | 0 |

| MAILING ADDRESS | 304 N 17TH ST |
|---|---|
| | LOUISVILLE, KY 40203 |
| OWNER | HARPER ROSE & |
| | GOLDSMITH DEDDO |
| PARCEL ID | 015F02320000 |
| LAND VALUE | $5,000 |
| IMPROVEMENTS VALUE | $29,000 |
| ASSESSED VALUE | $34,000 |
| APPROXIMATE ACREAGE | 0.0401 |
| PROPERTY CLASS | 520 Res 2 family dwell Duplex |
| DEED BOOK/PAGE | 9714 0619 |
| DISTRICT NUMBER | 100023 |
| OLD DISTRICT | 03 |
| FIRE DISTRICT | City of Louisville |
| SCHOOL DISTRICT | Jefferson County |
| NEIGHBORHOOD | 105124 / |
| | 18TH/MARKET |
| SATELLITE CITY | Urban Service District |
| SHERIFF'S TAX INFO | View Tax Information |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| MAIN UNIT | | 1,690 |
| BASEMENT | 0 | 0 |
| ATTIC | None | 0 |
| ATTACHED GARAGE | | |
| DETACHED GARAGE | | |

The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps.

EXHIBIT C

# EXHIBIT

# 12

**HAYDEN CRAIG & GRANT, PLLC**
**718 WEST MAIN STREET, SUITE 202**
**LOUISVILLE, KY 40202**
**502-638-2836**

February 12, 2013

PAYOFF QUOTE GOOD THRU FEBRUARY 28, 2013

ATTN: John Dwyer via email: jdwyer@zielkeyfirm.com

| | |
|---|---|
| Owner Name: | LELA MAE GARNER |
| County: | JEFFERSON |
| Property Address: | 509 MARRET AVE |
| | PARCEL ID 023D00770000 |

JEFFERSON CIRCUIT ACTION NO 13-CI-400354

| | |
|---|---|
| Stock Number | 313128 |
| Tax Bill # | 2009090003027 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.43 |

| | |
|---|---|
| TE Principal | $842.67 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $286.54 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $589.87 |
| SUBTOTAL | $1,819.08 |
| | |
| HC&G Legal Fees | $1,083.00 |
| SUBTOTAL | $1,083.00 |
| | |
| HC&G Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee - Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $83.40 |
| Foreclosure Costs and/or Expenses: Kentucky Secretary of State – Process of Service on Capital One Bank | $14.55 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fee for Unknown Occupants - ESTIMATE | $500.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |
| Foreclosure Costs and/or Expenses: Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses: Blue Grass Abstract – Title Report Fee (Estimate) | $560.00 |
| Foreclosure Costs and/or Expenses: County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |

| Foreclosure Costs and/or Expenses: Postage/Photocopies/Long Distance/Facsimile | | $36.06 |
|---|---|---|
| | SUBTOTAL | $1,538.01 |
| | TOTAL: | $4,440.09 |

As of February 12, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through February 28, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301882/L. Garner – Habitat for Humanity on any form of payment.

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301882
PM 228.01302

**CASE NO. 13-CI-400451**                                    **JEFFERSON CIRCUIT COURT**

                                                              **DIVISION** 

**TAX EASE LIEN SERVICING, LLC**                            **PLAINTIFF**


v.                              **COMPLAINT**

PHILLIP R. JULIAN                                           **DEFENDANTS**
2219 W. KENTUCKY ST.
LOUISVILLE, KY 40210
        **SERVE VIA:  JEFFERSON COUNTY SHERIFF**

-AND-

KARYN JULIAN
2219 W. KENTUCKY ST.
LOUISVILLE, KY 40210
        **SERVE VIA:  JEFFERSON COUNTY SHERIFF**

-AND-

UNKNOWN OCCUPANTS, IF ANY
2219 W. KENTUCKY ST.
LOUISVILLE, KY 40210
        **SERVE BY: WARNING ORDER AND MILITARY ATTORNEY**

-AND-

AMERIQUEST MORTGAGE COMPANY
2677 N. MAIN STREET, SUITE 140
SANTA ANA, CA 92705
        **SERVE:     NATIONAL REGISTERED AGENTS, INC.**
                    **400 WEST MARKET ST., SUITE 1800**
                    **LOUISVILLE, KY 40202**
        **VIA CERTIFIED MAIL:**

-AND-

DEUTSCHE BANK NATIONAL TRUST CO.
3 PARK PLAZA, 16TH FLOOR
IRVINE, CA 92614
        **SERVE:     KENTUCKY SECRETARY OF STATE**
                    **P.O. BOX 718**
                    **FRANKFORT, KY 40602**
        **VIA CERTIFIED MAIL:**

-AND-

JAMOS FUND I, LP
8040 HOSBROOK RC
CINCINNATI, OH 45 CT Corporation
     **SERVE:**    306 W Main St Suite 512
                Frankfort, KY 40601

     **VIA CERTIFIED MAIL:** 7011 3500 0001 0900 9868

-AND-

MIDSOUTH CAPITAL PARTNERS, LP
185 W. TOM T HALL BLVD
OLIVE HILL, KY 41164
     **SERVE:**    **MICHAEL FOX**
                   **185 W. TOM T HALL BLVD**
                   **OLIVE HILL, KY 41164**
     **VIA CERTIFIED MAIL:** 7011 3500 0001 0900 9881

-AND-

COMMONWEALTH OF KENTUCKY
COUNTY OF JEFFERSON
527 WEST JEFFERSON STREET, SUITE 105
LOUISVILLE, KY 40202
     **SERVE:**    **MAYOR GREG FISCHER**
                   **METRO HALL/4TH FLOOR**
                   **527 WEST JEFFERSON ST.**
                   **LOUISVILLE, KY 40202**
     **VIA CERTIFIED MAIL:** 7011 3500 0001 0900 9844

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Plaintiff, Tax Ease Lien Servicing, LLC, ("Tax Ease"), by counsel, and for its cause of action against the Defendants, states and alleges as follows:

1.     That this action is filed by Tax Ease pursuant to the authorization set forth in KRS 134.470 *et. seq.*

2.     That the real property subject to this Complaint is located at **2219 W. KENTUCKY ST., LOUISVILLE, JEFFERSON COUNTY, KENTUCKY, 40210,**

PARCEL/MAP ID# 07038B00410000 ("2219 W. KENTUCKY ST., PARCEL/MAP ID#

07038B00410000") and is described as follows:

> BEING Lot 319, Tenant Land Company's Subdivision of Dulaney Place, plat of which is recorded in Plat and Subdivision Book 1, Page 162, in the office of the Clerk of the County Court of Jefferson County, Kentucky.

> Being the same property conveyed to Karyn D. Julian and Phillip R. Julian, by Deed dated August 11, 2005, of record in Deed Book 8682, Page 119 in the Office of the Jefferson County Clerk.   A copy of said Deed is attached hereto as **Exhibit A.**

Together with a mobile home thereon, which may be affixed to the above-described real

estate with the intent that it becomes part of the real estate.

3.      That **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** is

subject to all rights, privileges, interests, easements, improvements, and appurtenances thereto,

attached to, and used in connection with **"2219 W. KENTUCKY ST., PARCEL/MAP ID#

07038B00410000"**, including the Mobile Home thereon, which are duly recorded in the

Jefferson County Court Clerk's Office.

4.      That as of January 1st for the year 2009, **"2219 W. KENTUCKY ST.,

PARCEL/MAP ID# 07038B00410000"** was duly assessed and *ad valorem* taxes were duly

levied by the local taxing authority in Jefferson County, Kentucky.

5.      That said levy on **"2219 W. KENTUCKY ST., PARCEL/MAP ID#

07038B00410000"** for the year referenced in paragraph 4 herein have not been paid and the

taxes imposed by said levy are now delinquent.

6.      That pursuant to the provisions of KRS Ch. 134, the Jefferson County Sheriff, for

the years in question, duly offered for private purchase the tax claims brought about by said

delinquency.

7.      That the tax claims, which were not purchased from the Sheriff, were remanded to the Jefferson County Clerk and, pursuant to KRS Ch. 134, were issued as Certificate(s) of Delinquency.

8.      That on or about August 6, 2010, Plaintiff was assigned said Certificate of Delinquency for the unpaid 2009 tax claims on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, from the Office of the Jefferson County Clerk. Said Certificate of Delinquency is more fully described as follows:

> **2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000--**
> Certificate of Delinquency for unpaid 2009 *ad valorem* taxes assigned to Plaintiff on August 6, 2010, for tax claims and costs in the total sum of $843.90 plus interest at the rate of 12% simple interest per annum from the date of assignment, plus reasonable attorney fees, costs and expenses. A copy of said Certificate of Delinquency is attached hereto as **Exhibit B.**

9.      That per KRS 134.420 *et seq.*, and KRS 134.452 *et seq.*, Plaintiff be adjudged to have a lien against **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, which lien shall include all statutory interest, penalties, reasonable attorney fees, commissions, costs, expenses and charges all incurred by reason of defending and/or collecting on Plaintiff's interest in the Certificate of Delinquency(s); further, that said lien has priority over any other obligation or liability to which the property may be subject, except *ad valorem* tax liens or obligations of equal priority.

10.     That **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** cannot be divided without materially impairing its value and value of the interest of the parties hereto, **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** should be sold as a whole under proper order of this Court, free and clear of all liens and interests of all parties hereto, except current taxes and assessments on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** which may be due at the time of sale.

11.     That the Defendant, PHILLIP R. JULIAN, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** by virtue of a Deed dated August 11, 2005, of record in Deed Book 8682, Page 119, in the office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert his claim or be forever barred.

12.     That the Defendant, KARYN R. JULIAN, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** by virtue of a Deed dated August 11, 2005, of record in Deed Book 8682, Page 119, in the office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert her claim or be forever barred.

13.     That the Defendant, UNKNOWN OCCUPANTS OF 2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000, IF ANY, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, and said Defendant should be required to come forth and assert their claim or be forever barred.

14.     That the Defendant, AMERIQUEST MORTGAGE COMPANY, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, by virtue of a mortgage, recorded in Mortgage Book 9584, Page 210 in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

15.     That the Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, by virtue of a Lis Pendens Notice, recorded in Lien Book 994, Page 228, in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

16.     That the Defendant, MID SOUTH CAPITAL PARTNERS, LP, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, by virtue of the purchase of the Certificate of Delinquency for the unpaid 2010 property taxes, recorded in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

17.     That the Defendant, JAMOS FUND I, LP AKA JAMOS CAPITAL, LLC, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, by virtue of the purchase of the Certificate of Delinquency for the unpaid 2008 property taxes, recorded in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

18.     That the Defendant, COMMONWEALTH OF KENTUCKY, COUNTY OF JEFFERSON, may be claiming an interest in and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** by virtue of unpaid property/county taxes, on record in the Office of the Jefferson County Clerk, and said Defendant should be required to come forth and assert their claim or be forever barred.

19.     That if there is a mobile home located at **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, Plaintiff asserts an equitable lien on the mobile home, as the property value administrator intended the tax lien obligation(s) at issue in the case to encumber **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**. If the mobile home, is present on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, both the mobile home, and the real property shall be sold at the same time and the Master Commissioner shall be authorized to apply for a Vehicle Identification Number (VIN) and Certificate of Title transferring to the purchaser.

20.     That pursuant to KRS 134.452(2) and the Kentucky Civil Rules of Procedure, Plaintiff states that the notice was mailed to the PVA's property owner of record, informing them that an enforcement action would be taken.

WHEREFORE, the Plaintiff, by counsel, demands as follows:

1.     Judgment against the Defendants, PHILLIP JULIAN AND KARYN JULIAN, jointly and severally, in the amount of $843.90, representing unpaid tax amount for the tax year 2009, plus simple interest at the rate of 12% interest per annum from the date of assignment of the Certificate(s) of Delinquency to the Plaintiff herein until paid, plus all costs, expenses and reasonable attorney fees pursuant to KRS Chapter 134; further, judgment against all other Defendants, *In rem*, as to the priority of claims on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"**, including any mobile home thereon;

2.     To secure the Judgment hereinabove prayed for, Plaintiff be adjudged to have a lien on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** and any mobile home thereon, described in Plaintiff's Complaint herein, which lien is first, prior and superior to all other liens (except for other liens for delinquent *ad valorem* taxes which are of equal priority to Plaintiff's liens asserted for collection herein), if any, on **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** and the Mobile Home thereon, if applicable;

3.     That **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** and any mobile home thereon, if applicable, described in Plaintiff's Complaint herein should be sold as a whole under proper order of this Court, free and clear of all liens and claims of the parties hereto;

4.     That the lien of Plaintiff be adjudged herein be transferred to the proceeds of said sale and the sufficiency of said proceeds shall first be applied to satisfy the claim of Plaintiff

herein, and that a personal judgment be entered against the Defendants, PHILLIP JULIAN AND

KARYN JULIAN, jointly and severally, for any balance or deficiency owed on the Judgment;

5.      That the Defendants be required to come forth and assert their claims, if any, in

and to **"2219 W. KENTUCKY ST., PARCEL/MAP ID# 07038B00410000"** and/or the Mobile

Home thereon, or be forever barred;

6.      That Plaintiff be allowed leave to amend this Complaint to add additional parties

or assert additional claims as becomes necessary through the course of this litigation;

7.      That pursuant to KRS 134.420 *et seq.*, and KRS 134.452 *et seq.*, Plaintiff be

awarded all costs, expenses and reasonable attorney fees incurred herein;

8.   Any and all other relief to which Plaintiff may appear entitled.


Respectfully submitted,


_____

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY  40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing, LLC*

2005/AUG/11/THU 10:39 AM    NATIONS TITLE AGENCY        FAX No. 5024257727        P. 004
DB 08682PG0119

## QUITCLAIM DEED

THIS QUIT-CLAIM DEED entered into this _11_ day of August 2005, by and between **Karyn Dabney nka Karyn D. Julian and Phillip R. Julian**, wife and husband, of 2219 West Kentucky Street, Louisville, Kentucky 40210, Party of the First Part and **Karyn Dabney nka Karyn D. Julian and Phillip R. Julian**, wife and husband, of 2219 West Kentucky Street, Louisville, Kentucky 40210, Parties of the Second Part.

WITNESSETH:

That for a valuable consideration, receipt of which is hereby acknowledged, the Party of the First Part hereby remise, release and forever Quit-claim and convey, unto the Parties of the Second Part, all of her right, title and interest in and to the following described real property, lying and being in Jefferson County, Kentucky, to wit;

2219 West Kentucky Street

BEING Lot 319, Tenant Land Company's Subdivision of Dulaney Place, plat of which is recorded in Plat and Subdivision Book 1, Page 162, in the office of the Clerk of the County Court of Jefferson County, Kentucky.

Being the same property conveyed from Vernon Vickers, unmarried, and Rose Madox unmarried, to Karyn Dabney, unmarried by deed dated 08-25-83 and recorded 08-25-83 in Deed Book 5372, page 277, in the Office of the Clerk of Jefferson County, Kentucky.

The Fair Market Value of the Property is $ 49,360 ⁰⁰

Together with all of the improvements, rights, privileges or franchises incident and appurtenant thereto or connected therewith. To have and to hold, the same unto said Parties of the Second Part, her heirs and assigns forever.

The parties hereto state the consideration reflected in this Deed is the full consideration paid for the property. The Grantee joins this Deed for the sole purpose of certifying the consideration pursuant to KRS 382.990.

THIS CONVEYANCE IS FROM WIFE TO WIFE AND HUSBAND.

IN WITNESS WHEREOF, the Party has hereunto subscribed their names this _11_ day of August 2005.

EXHIBIT A

2005/AUG/11/THU 10:39 AM   NATIONS TITLE AGENCY   FAX No. 5024257727   P. 005

DB 08682PG01120

PARTEIS OF THE FIRST PART:                    PARTIES OF THE SECOND PART:

_Karyn D. Julian_                             _Karyn D. Julian_
Karyn D. Julian                               Karyn D. Julian

_Phillip R. Julian_                           _Phillip R. Julian_
Phillip R. Julian                             Phillip R. Julian

STATE OF KENTUCKY          )
                           ) SS:
COUNTY OF JEFFERSON        )

    I hereby certify that the foregoing deed and consideration certificate was acknowledged and

sworn to before me by Karyn D. Julian and Phillip R. Julian, Party of the First Part, and the

consideration certification was subscribed and sworn to before me by Karyn D. Julian and Phillip

R. Julian, Parties of the Second Part.

    WITNESS my hand this 11ᵗʰ day of August 2005.

    My commission expires: _8-2-2004_

                                        _[signature]_
                                        NOTARY PUBLIC, State at Large, KY

THIS INSTRUMENT PREPARED BY:

_[signature]_

FREDRIC B. MICHELS
Attorney at Law
310 West Liberty Street
Suite 412
Louisville, Kentucky 40202
(502) 585-4552

Document No.: DN2005139329
Lodged By: NATIONS TITLE
Recorded On: 08/23/2005   12:21:82
Total Fees:        12.80
Transfer Tax:       .80
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: EVEMAY

END OF DOCUMENT

MR 09584 PG 0211

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is Ameriquest Mortgage Company

Lender is a Corporation
organized and existing under the laws of Delaware
Lender's address is 1100 Town and Country Road, Suite 200   Orange, CA 92868

Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated August 11, 2005
The Note states that Borrower owes Lender eighty thousand and 00/100
                                                                                    Dollars
(U.S. $ 80,000.00            ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than September 1, 2035            . This Security
Instrument secures 150% of the principal amount of the Note, but any amount secured in excess of the
amount stated in the second sentence of this paragraph must be a "Protective Advance" as defined by Section
26 hereof (or, if the rate of interest is adjustable, may be interest added to principal, commonly called
"negative amortization").
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [x] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the


Initials P.J. K.J.

AM6KY (0405)                          Page 2 of 15                          Form 3018   1/01 (rev. 10/01)

0129633020 - 7367

08/11/2005 9:32:19

DB01182PG0015



## JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/6/2010

**Assignee Information**
Tax Ease Lien Servicing, LLC
14901 Quorum Drive, Suite 900
Dallas, TX 75254
214-420-5927

**Description of Property**
2219 W KENTUCKY ST

**Parcel ID**
07038B00410000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total |
|---|---|---|---|---|---|---|---|
| 2009 | 2009070001500 | JULIAN KARYN D & PHILLIP R | 36,650.00 | 573.24 | 232.66 | 10.00 | 815.90 |

Certification/Assignment Fee: 28.00

**Pre Payments**

| Payment Date | Amount Paid |
|---|---|
| 8/6/2010 | 843.90 |

TOTAL: 0.00

Assigned by: _Sandra L. Byerly_

Deputy Clerk

This instrument was prepared by    Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

_Bobbie Holsclaw_

Clerk

Document No.: DN2010109316
Lodged By: TAX EASE LIEN SERVICING L
Recorded On: 08/16/2010      07:37:23
Total Fees:                    .00
Transfer Tax:                  .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

END OF DOCUMENT

EXHIBIT $B$

Return to Bill Edit

≡ 🖨 ⋈ ◁ ▷ ▷ 1/1 ⊡ 🔍 100% ▼ Business Objects

Make Check Payable To:
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

**Receipt Of Payment**
Commonwealth of Kentucky
2009 Jefferson County Standard2 Bill
Today's Date: Monday, May 21, 2012

JULIAN KARYN D & PHILLIP R
2219 W KENTUCKY ST
LOUISVILLE, KY 40210

Tax Ease Lien Servicing, LLC
14901 Quorum Drive, Suite 900
Dallas, TX 75254
214-420-5927

Bill Number: 2009070001500
Map Number:
Parcel ID: 070360004100000
Tax District: 07

Property Location:
2219 W KENTUCKY ST

Deed Book / Deed Page:
/

Property Description:
2219 W KENTUCKY ST

Farm Acres: 0
County Clerk: Jefferson Co Clerk

**Assessment:**

| Property Class | Assessed Value | Tax Authority | Rate / $100 | Tax |
|---|---|---|---|---|
| REAL_ESTATE | 36,650.00 | STATE | 0.1220 | 44.71 |
| REAL_ESTATE | 36,650.00 | COUNTY | 0.1255 | 46.00 |
| REAL_ESTATE | 36,652.00 | SCHOOL | 0.6480 | 236.76 |
| REAL_ESTATE | 36,650.00 | URBAN SERVICES | 0.3566 | 134.36 |
| | | | Total Assessment: | 461.83 |

**Adjustments:**

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 28.00 |
| Advertisement Fee | | | 36.00 |
| Penalty - 10% | | | 46.16 |
| County Clerks Ad Fee | | | 5.00 |
| Mail Fee - 30day | | | 1.00 |
| Monthly Delinquent Fee | | | 28.66 |
| Co. Attorney Fee | | | 107.33 |
| Co. Clerk Fee | | | 53.57 |
| Lien Fee | | | 10.00 |
| Ad Fee - 10% | | | 50.60 |
| Commission | | | 14.43 |
| Mail Fee - 60day | | | 1.00 |
| | | Total Adjustments: | 382.07 |

**Payments:**

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 201008-2009070001500-137 | 0 | Tax Ease Lien Servicing, L | Griffin | Check | 8/6/2010 3:02:57PM | $843.90 |
| | | | | | Total Payments: | $843.90 |

**Balance Due: 0.00**

Comments:

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _13-CI-400451_<br><br>Court  ☑ Circuit ☐ District<br><br>County  Jefferson |
|---|---|---|

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

**VS.**

**DEFENDANT**

DEUTSCHE BANK NATIONAL TRUST COMPANY

3 PARK PLAZA, 16TH FLOOR

IRVINE                    California                92614

**Service of Process Agent for Defendant:**

KENTUCKY SECRETARY OF STATE

P.O. BOX 718

FRANKFORT                                Kentucky          40602

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____        _____Clerk

                                         By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                        Served by: _____

                        _____Title

| AOC-105         Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. *13-CI-400451*<br>Court  ☑ Circuit ☐ District<br>County  Jefferson |

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

VS.

**DEFENDANT**

JAMOS FUND I, LP

### Service of Process Agent for Defendant:

GREG D. VOSS

2131 CHAMBER CENTER DRIVE

FT. MITCHELL                                    Kentucky                    41017

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____          _____Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

| AOC-105            Doc. Code: CI | **CIVIL SUMMONS** | Case No. *13 - CI - 400451* |
|---|---|---|
| Rev. 1-07 | | Court   ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County   Jefferson |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

**VS.**

**DEFENDANT**

MIDSOUTH CAPITAL PARTNERS, LP

185 W. TOM T. HALL BLVD.

OLIVE HILL                Kentucky                41164

**Service of Process Agent for Defendant:**

MICHAEL FOX

185 W. TOM T. HALL BLVD.

OLIVE HILL                                Kentucky        41164

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____        _____Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

| AOC-105          Doc. Code: CI | CIVIL SUMMONS | Case No. *13-CI-400451* |
| --- | --- | --- |
| Rev. 1-07 | | Court  [✓] Circuit  [ ] District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County  Jefferson |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

VS.

**DEFENDANT**

COMMONWEALTH OF KENTUCKY, COUNTY OF JEFFERSON

**Service of Process Agent for Defendant:**

MAYOR GREG FISCHER
_____

527 WEST JEFFERSON STREET, 4TH FLOOR
_____

_____

LOUISVILLE                              Kentucky                  40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____, 2_____        _____Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

CASE NO.   13-CI-400451

JEFFERSON CIRCUIT COURT
DIVISION 7
JUDGE AUDRA ECKERLE

TAX EASE LIEN SERVICING, LLC

PLAINTIFF

V.

PHILLIP R. JULIAN,
KARYN JULIAN,
UNKNOWN OCCUPANTS, IF ANY,
AMERIQUEST MORTGAGE COMPANY,
DEUTSCHE BANK NATIONAL TRUST CO.,
JAMOS FUND I, LP,
MIDSOUTH CAPITAL PARTNERS, LP, and
COMMONWEALTH OF KENTUCKY,
    COUNTY OF JEFFERSON

DEFENDANTS

\* \* \* \* \* \*
**ORDER**

Defendants Phillip and Karyn Julian, having moved the Court for an order amending their answer and to consolidate their claims with a senior action, pursuant to CR 42.01, and the Court being otherwise sufficiently advised,

IT IS ORDERED that the Julians are granted leave to amend their answer to assert claims as set forth in the amended counterclaim attached to their motion;

IT IS FURTHER ORDERED that, subject to the approval of Division 13, this action is consolidated with *Tax Ease Lien Servicing Inc. v. Rose Harper and Deddo Goldsmith*, et al Case No. 13-CI-400421, pending in Division 13 of the Jefferson Circuit Court.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

MAY 2 1 2013

BY _____
DEPUTY CLERK

JUDGE, JEFFERSON CIRCUIT COURT

_____5 . 20 . 13_____
DATE

3

TENDERED BY:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY  40202
502.589.4600
502.584.0422 (fax)
  jdwyer@zielkefirm.com

CASE NO.   13-CI-400421                            JEFFERSON CIRCUIT COURT
                                                               DIVISION 13
                                                  JUDGE FREDERICK J. COWAN

TAX EASE LIEN SERVICING, LLC                                      PLAINTIFF

V.                        **NOTICE – MOTION - ORDER**

ROSE HARPER                              DEFENDANTS/COUTERCLAIM
DEDDO GOLDSMITH                                          PLAINTIFFS

v.

TAX EASE LIEN SERVICING, LLC,
TAX EASE LIEN INVESTMENTS 1, LLC,
BLUE GRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC, PHIL
MIGICOVSKY, HAYDEN CRAIG &
GRANT, PLLC, and RICHARD ERIC
CRAIG

                      *   *   *   *   *   *

                           **NOTICE**

    Please take note that the undersigned will on Monday, May 20, 2013 at 3:45 p.m. in the

Courtroom of the above Court make the Motion and tender the attached Order.

                    **MOTION TO CONSOLIDATE**

    Counterclaim Plaintiffs, Rose Harper and Deddo Goldsmith move the Court to

consolidate *Tax Ease Lien Servicing LLC v. Phillip R. Julian and Karyn Julian, et al.*, case

No. 13-CI-400451, currently pending in Jefferson Circuit Court, Division 7, with this action,

pursuant to CR 42.01. As reflected in the attached amended counterclaim, the Julians have

been subject to exactly the same conduct as Ms. Harper, Habitat Louisville, and likely

thousands of other property owners throughout the Commonwealth.  The common questions

of law and fact make consolidation appropriate under the rules, so that discovery and motion

practice can be efficiently conducted.

    TELS purchased the Julians' Certificate of Delinquency the same day that they purchased

certificates related to Rose Harper and Habitat Louisville's. TELS hired the same law firm to

collect the certificate, and TELS's association in fact used the same shell companies to excessively increase the cost associated with the Certificate of Delinquency. The Julians are unquestionably class members, and they wish to be class representatives. Pursuant to the standard Jefferson Circuit Court practice, this is the senior action and should be the surviving action after consolidation. A parallel motion for consolidation has been made in Division 7.

Respectfully submitted,

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY 40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com

2

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served by electronic mail, pursuant to agreement, before noon on 16th of May, 2013 to the following:

Joseph L. Hamilton
Marjorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Co-counsel for Tax Ease Lien Servicing ,
LLC, Tax Ease Lien Investments 1, LLC,
Blue Grass Abstract LLC, Lien Data
Services LLC and Philip S. Migicovsky*

**AND**

This is to certify that a true and accurate copy of the foregoing has been served by hand delivery or fax, before noon on the above date to the following:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
*Co-counsel for Tax Ease Tax Ease Lien
Servicing, LLC*

INTERNAL REVENUE SERVICE
   C/O Eric Holder
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530
And
   c/o Kerry B Harvey
   U.S. Attorney's Office
   260 West Vine Street, Suite 300
   Lexington, KY 40507

John Earl Ramsey
The McDeer Firm
4355 Cobb Pkwy # J-505
Atlanta, GA 30339
*Counsel for Vesta Holdings I, LLC*

John M. Schardein
William P O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
*Counsel for Metro*

TRINITY CHRISTIAN ACTION, INC.
c/o Shelly Rader
529 N. 19th Street
Louisville, KY 40203

Zachary C. Webster
104 W. Maple St.
Nicholasville, KY 40356
*Counsel for Southern Tax Services, LLC*

John H. Dwyer, Jr.

3

CASE NO.   13-CI-400421

JEFFERSON CIRCUIT COURT
DIVISION 13
JUDGE FREDERICK J. COWAN

TAX EASE LIEN SERVICING, LLC

PLAINTIFF

V.                             **ORDER**

ROSE HARPER                                DEFENDANTS/COUTERCLAIM
DEDDO GOLDSMITH                                        PLAINTIFFS

v.

TAX EASE LIEN SERVICING, LLC,
TAX EASE LIEN INVESTMENTS 1, LLC,
BLUE GRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC, PHIL
MIGICOVSKY, HAYDEN CRAIG &
GRANT, PLLC, and RICHARD ERIC
CRAIG

\*   \*   \*   \*   \*   \*

    Counterclaim Plaintiffs Rose Harper and Deddo Goldsmith and Movants Phillip and

Karyn Julian, having moved to consolidate the Julians' pending Division 7 action with this

action, pursuant to CR 42.01, and the Court being otherwise sufficiently advised, subject to

the approval of Division 7 of the Jefferson Circuit Court, *Tax Ease Lien Servicing LLC v.*

*Phillip R. Julian and Karyn Julian, et al.*, case No. 13-CI-400451, currently pending in

Jefferson Circuit Court, Division 7, shall be consolidated with this action for all purposes.

 

                      _____

                      JUDGE, JEFFERSON CIRCUIT COURT

                      _____

                      DATE

4

TENDERED BY:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY  40202
502.589.4600
502.584.0422 (fax)
 jdwyer@zielkefirm.com

CASE NO.    13-CI-400421                          JEFFERSON CIRCUIT COURT
                                                              DIVISION 13
                                                 JUDGE FREDERICK J. COWAN

TAX EASE LIEN SERVICING, LLC                                  PLAINTIFF

V.          **FIRST AMENDED CLASS ACTION COUNTERCLAIM**

ROSE HARPER,                              DEFENDANTS/ COUNTERCLAIM
DEDDO GOLDSMITH,                                          PLAINTIFFS
PHILLIP JULIAN, and
KAYRN JULIAN

V.                                       COUNTERCLAIM DEFENDANTS

TAX EASE LIEN SERVICING, LLC
TAX EASE LIEN INVESTMENTS 1, LLC
BLUE GRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC
PHILLIP S. MIGICOVSKY
HAYDEN CRAIG & GRANT, PLLC
    (n/k/a) CRAIG LAW OFFICE, PLLC
RICHARD ERIC CRAIG

                              *   *   *   *   *   *

> **WHEREAS, since [2005], it has come to the attention of the General
> Assembly that some private purchasers have been attempting to exact
> unconscionable attorneys' fees and costs from individuals paying
> certificates of delinquency. . . .**
>
> **2007 Ky. Acts Ch. 14, preamble.**

        Rose Harper, Deddo Goldsmith, Phillip Julian, and Karen Julian by counsel and on

behalf of others similarly situated, for their counterclaim against Tax Ease Lien Servicing,

LLC ("TELS"); Tax Ease Lien Investments 1, LLC ("TELI"); Blue Grass Abstract, LLC

("BGA"); Lien Data Services, LLC ("LDS"); Phillip S. Migicovsky; Hayden, Craig & Grant,

PLLC, (n/k/a) Craig Law Office, PLLC ("HCG"); and Richard Eric Craig, state as follows:

                                **INTRODUCTION**

1.  This is a class-action counterclaim brought on behalf of Ms. Harper, Mr. Goldsmith, Mr.

    Julian and Mrs. Julian, and a class of all Kentucky property owners, lenders, and

                                        1

purchasers who have had unlawful, non-actual, and unreasonable attorneys' fees and costs sought or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact. The counterclaim defendants, individually and through associations-in-fact, operate a state-wide fraudulent scheme to collect excessive and unlawful costs of over three times the legal total return on tax certificates of delinquency.

## THE PARTIES

2. Rose Harper is 76 years old and has been widowed for over 20 years. She and her son Deddo Goldsmith, along with other family members, live in a house at 304 N. 17th Street in Louisville. Ms. Harper has lived in this house since 1974, although she has sold, rented, and repurchased the house in the intervening 39 years. Mr. Goldsmith is a truck driver. Unless otherwise specified, references in this counterclaim to Ms. Harper include Mr. Goldsmith.

3. Mrs. Julian has owned the house at 2219 West Kentucky St., in Louisville, since 1983. She and her husband Phillip are both disabled and retired.

4. TELS is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is in the business of purchasing and collecting certificates of delinquency resulting from unpaid real property taxes. It also sells financial services in the form of payment plans. TELS has been one of the top five purchasers of certificates of delinquency in Jefferson County over the last five years and was the largest by dollar amount in 2012. Phillip S. Migicovsky is a manager of TELS.

5. TELI is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is TELS alter ego, it is

2

substituted for TELS without explanation by TELS's attorneys, and it is referred to by those attorneys as an "a/k/a" for TELS. See Exhibits 1 and 2. Phillip S. Migicovsky is a manager of TELI. For purposes of this counterclaim, references to TELS include TELI.

6. BGA is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys with abstracts of title for real property located throughout Kentucky. Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 3.

7. LDS is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys services in connection with tax lien foreclosures. Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 4.

8. Phil Migicovsky is, upon information and belief, a resident of Texas. He controls TELS, TELI, BGA, and LDS and their business transactions in Kentucky either as a manager or the sole manager of those entities, and was the organizer of BGA and LDS in Kentucky. Mr. Migicovsky is subject to service through the Kentucky Secretary of State at 14901 Quorum Dr., Suite 900, Dallas, TX 75254.

9. HCG is a Kentucky professional limited liability company with its principal office at 718 West Main St., Suite 202, Louisville KY 40202. Its registered agent at that address is Richard Eric Craig. HCG participates in the management and operation of TELS's tax lien foreclosure business in Kentucky. It prepares and mails various letters required

3

under Kentucky statutes regulating tax liens, calculates payoff amounts and sends those through the mails and interstate wires, establishes payment plans, and forecloses on the liens, causing process and other papers to be sent through the mails. In performing all these functions, HCG asserts and collects claims on behalf of TELS for purportedly actual and reasonable costs arising out of services provided by BGA, LDS and HCG.

10. Richard Eric Craig is an attorney licensed to practice law in the Commonwealth of Kentucky. He is a member of HCG, and performs and supervises the functions of HCG described above.

11. All of the counterclaim defendants conduct and participate in the conduct of the affairs of an association-in-fact enterprise made up of at least TELS, TELI, BGA, LDS, HCG, Phillip S. Migicovsky, and Richard Eric Craig ("the TELS Defendants").

12. All of the counterclaim defendants reside in and/or transact business in the Commonwealth of Kentucky either themselves or by agents. The claims in this action arise out of their business transacted in Kentucky.

## THE TAX LIEN OVERCHARGING SCHEME

13. When Kentucky property taxes remain unpaid beyond statutory deadlines, the tax liability is converted to a certificate of delinquency held by the county clerk in the county where the property is located. Those certificates are ultimately sold to private purchasers, including TELS, who pay cash in the amount of the back taxes and assorted statutory fees.

14. The certificates bear interest at the rate of 12% per year and are a lien on the real property of the taxpayer superior to all other liens, including prior mortgages.

15. To ensure that the private purchasers receive the full 12% interest, Kentucky statutes entitle them to collect actual and reasonable attorneys' fees and costs in collecting the certificates, subject to both statutory and court-supervised limitations.

4

16. Because of the sort of abuses referenced in the preamble to this counterclaim, the statutes governing the tax lien collection process have been under almost constant revision since 2007. But the limitation that attorneys' fees and costs recovered as part of the collection be both "actual" and "reasonable" has been part of the statute since the creation of KRS 134.452 in 2007. The same standard has also long applied to attorneys' fee recoveries in civil actions, and is an ethical limitation enforced under SCR 3.130(1.5).

17. This super-secured net 12% return is not enough for the TELS Defendants, who devised a scheme to double or even triple the total return on the certificates of delinquency.

18. The TELS Defendants have executed this scheme by creating shell entities, including BGA and LDS, to charge themselves non-actual and unreasonable litigation costs, which they then attempt to pass on to property owners, to the detriment of both the property owners and junior lien holders.

19. In at least one instance, TELS charged its own attorney $205 for purported title work, who then claimed to have charged the same amount back to TELS. This was after the same attorney affirmed that he had already paid BGA $195 for a title search in the same action, for a total of $400 for purported title review. See Exhibit 5.

20. The court in that action limited TELS to a reasonable charge of $100 for all title work. See Exhibit 6.

21. The TELS Defendants dramatically increased their return on the certificates of delinquency by fraudulently inflating attorneys' fees and costs and using the United States mails and wires to assert claims for attorneys' fees and costs against taxpayers that were neither actual nor reasonable, nor authorized by statute. These charges include:

    a. charges for title reports that are inflated by more than 800%,

    b. charges for warning order attorneys that are inflated by up to 900%,

    c. charges for address checks that are *50 times* the statutory maximum cost to TELS,

    d.  charges for unreasonable attorneys' fees, and

    e.  duplicated charges otherwise awarded through statutory allowances.

22. TELS claims to be the largest private purchaser of certificates of delinquency in the Commonwealth and to be active in all 120 counties.  It represents that it has purchased over 60,000 certificates of delinquency in the Commonwealth Kentucky for over $50 million.  Court records from other actions involving members of the association-in-fact enterprise indicate that the scheme is being applied in many actions and in multiple counties.

23. TELS promotes itself to public officials as a low-cost alternative to consumer loans.  In fact, after the operation of its scheme, the costs TELS charges are substantially higher than loans for the actual liabilities under the certificates of delinquency.

24. When the scheme has been brought to the attention of judges and other court officers, the unreasonable charges have been questioned or rejected.  See Exhibits 6 and 7.

25. But TELS is aware that most assertions of these charges will never come to the attention of any court, and thus TELS continues to assert them throughout the Commonwealth.

### THE SCHEME IN ACTION—Rose Harper

26. On April 26, 2011 Ms. Harper and Mr. Goldsmith purchased 304 N. 17th Street. They had previously been tenants in the property.  Their seller, Trinity Christian Action, Inc., had not paid property taxes for several years prior to the sale.  Almost immediately upon closing, Ms. Harper received a delinquent tax notice for tax year 2010 from Jefferson County Attorney Michael O'Connell.

27. On June 27, 2011, Ms. Harper entered into a payment plan with County Attorney O'Connell's office for the 2010 taxes, and successfully paid them off by November 2011, for $870.00. See Exhibit 8.

28. On August 6, 2010, TELS purchased a certificate of delinquency resulting from real property taxes assessed as of January 1, 2009 on 304 N. 17th Street. These taxes were an obligation of Trinity Christian Action, Inc., the owner of 304 N. 17th Street on January 1, 2009. The purchase price of the certificate of delinquency was $855.76; essentially the same tax amount as the 2010 bill.

29. On July 1, 2011, three days after Ms. Harper entered into the payment plan with County Attorney McConnell, TELS, through an agent, sent a letter through the U. S. mail to Ms. Harper regarding the 2009 certificate of delinquency it had purchased for $855.76. The letter demanded a payoff of $1535.40. See Exhibit 9.

30. The July 1, 2011 letter sent by TELS was part of the fraudulent scheme to obscure the amounts sought by TELS, as evidenced by the multiple ways that the letter fails to comply with the requirements of KRS 134.490. The deficiencies include:

    a.    failure to state the intent to institute legal action to collect the amount due,
    b.    failure to state that the certificate bears interest at the statutorily specified rate,
    c.    failure to separately state the purchase price for the certificate of delinquency,
    d.    failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,
    e.    failure to state separately the fees imposed by the third party purchaser; and

31. On or about September 1, 2011, TELS caused a second letter to be sent to Ms. Harper regarding the lien. The September 1 letter also fails to contain much of the information required by KRS 134.490.

32. Both the July 1 and September 1, 2011 letters were incident to an essential part of the scheme to defraud.

## THE $4221.46 HARPER PAYOFF DEMAND

33. After being served with the complaint in this action, counsel for Ms. Harper contacted HCG to request a payoff demand for the lien.

34. After multiple requests, HCG produced the payoff demand for $4221.46, attached as Exhibit 10.

35. The TELS enterprise payoff demand includes $595 for a "title report fee," supposedly for a report prepared by BGA. This $595 demand for a title report is up to 800% above the usual and customary rate in Jefferson County for a residential lot. It's highly unlikely that a company like TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, would pay multiples of the going rate for title report on an unremarkable urban residential lot. The reasonable cost of obtaining a title report sufficient to support the complaint involving 304 N. 17th Street is substantially less than $595.

36. The overcharging for title reports purportedly prepared by an entity under common control with TELS is an essential part of the fraudulent scheme.

37. The TELS enterprise also demands $270 for a warning order fee. The payoff quote was generated weeks after the complaint in this action was filed. The complaint included three warning orders. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 for each additional defendant. Although TELS claims that this number is an "estimate," HCG demanded the amount as "necessary" to redeem the tax bill in the payoff. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 135% of the actual warning order cost in this action and the $270 demand is part of a scheme by the TELS enterprise to improperly increase recoveries for the enterprise through the certificate of delinquency process.

38. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA required by KRS 134.490(3), which has a maximum statutory cost of $2. As the Jefferson County PVA has a well-maintained

8

website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

39. The complaint signed by Mr. Craig avers that the Jefferson County PVA was the actual source of the address check used in the purported notices, and Mr. Craig attached a page from the PVA website to his complaint as confirmation. See Exhibit 11.

40. The overcharging for address checks purportedly prepared by an entity under common control with TELS is an essential part of the fraudulent scheme.

41. The TELS enterprise seeks to recover $961 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Ms. Harper that fail on their face as a matter of law, 3) fails to assert claims in the body against parties named in the caption and 4) on information and belief, is generated by an automatic template populated through a database, $961 is not a reasonable attorneys' fee for preparing such a document.

42. The payoff also seeks $25 for the filing of what are apparently two *lis pendens*, as well as an additional $28 for releasing them. As of the date of the original counterclaim, no *lis pendens* appeared in the online records of the Jefferson County Clerk indexed against Rose Harper or Deddo Goldsmith. Such costs are not actual, as defined by statute. The lis pendens further asserts that TELS action seeks to enforce a lien against parcel for which TELS owns no certificate of delinquency.

43. By March 2013, the TELS enterprise's legitimate 12% interest return on its $855.76 investment in the lien on 304 N. 17th Street was $299.52. Entities under common control with TELS added approximately $1600 of "attorney's fees" and "costs" to that amount, pushing the effective interest rate on the original deficiency to approximately 70%.

44. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

## THE SCHEME IN ACTION— Habitat Louisville

45. The TELS Defendants' scheme is very consistent from parcel to parcel.

46. On August 6, 2010, the same day that TELS purchase the certificate of delinquency on 304 N. 17th Street, TELS also purchased a certificate of delinquency resulting from unpaid real property taxes assessed as of January 1, 2009 on 509 Marret Avenue, Louisville. The purchase price of the certificate of delinquency was $842.67.

47. In December 2011, Habitat for Humanity of Metro Louisville, Inc. ("Habitat Louisville") purchased 509 Marret Avenue.

48. Habitat Louisville is a Kentucky nonprofit corporation with its principal place of business at 1620 Bank Street, Louisville, Kentucky. Habitat Louisville was created in 1986 for the purpose of building simple, decent housing in partnership with God's people in need. It is an affiliate of Habitat for Humanity International, an entity created in 1976 by Millard and Linda Fuller and dedicated to the elimination of poverty housing worldwide.

49. Habitat Louisville's headquarters is directly across 17th St. from Ms. Harper's house.

50. From the date of Habitat Louisville's closing on 509 Marret Avenue in December 2011 to the service of a complaint in January 2013, TELS did not contact Habitat Louisville regarding the certificate of delinquency.

51. After being served with a complaint, Habitat Louisville contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

52. Mr. Craig responded with a payoff demand and an October 31, 2011 notice letter signed by Mr. Craig. See Exhibits 1 and 12. Although the statutes mandate letters in addition to the one provided by HCG, Mr. Craig refused to provide any other notice letters, informing Habitat Louisville that it would have to obtain such letters in discovery and

would become subject to an additional award of attorneys' fees associated with that discovery.

53. The October 31, 2011 letter sent by Mr. Craig fails to comply with the requirements of KRS 134.490. The deficiencies include:

    a.     failure to separately state the purchase price for the certificate of delinquency,

    b.     failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,

    c.     failure to state separately the fees imposed by the third party purchaser; and

    d.     failure to provide the legal name of the third-party purchaser.

54. In addition to those failures to comply with statutory prerequisites, the letter demands sums far in excess of those allowed by KRS 134.452, which enumerates the only amounts recoverable in connection with a certificate of delinquency.

55. TELS's notice initially demands, as a lump sum prohibited by statute, $1675.77, an amount in excess of the mathematical statutory maximum amount for attorneys' fees, interest, and principal associated with the lien. TELS then demands an additional $250 for writing the very letter containing the unlawful demand, $2.20 for mailing it, $300 for a title report nowhere authorized by statute (and at least double or triple the reasonable amount in Jefferson County), and an additional $100 for checking the address to which to the send the letter (for which service the PVA is statutorily limited to a $2 charge).

56. This amounts to a demand for 210% of the fees, costs, and interest recoverable on top of the purchase price of the certificate of delinquency, increasing the enterprise's return from the 12% authorized by statute to an effective return of at least 128%.

57. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

## THE $4440.09 HABITAT LOUISVILLE PAYOFF DEMAND

58. In addition to the deficient October 31, 2011 letter, Mr. Craig provided Habitat Louisville with a payoff demand for the $842.67 certificate of delinquency totaling $4440.09, effective February 12, 2013.

59. The TELS enterprise payoff demand includes $560 for "title report fee," supposedly for a report prepared by BGA. This $560 demand for a title report is up to 700% above the usual and customary rate in Jefferson County. It's highly unlikely that a company like TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, would pay quadruple the going rate for title report on an unremarkable urban residential lot. The reasonable cost of obtaining a title report sufficient to support the complaint involving 509 Marret Avenue is substantially less than $560.

60. The TELS enterprise also demands $500 for a warning order fee. The payoff quote was generated weeks after the complaint in the action was filed. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $500 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 900% of the actual warning order cost in that action and on information and belief the $500 demand is part of a scheme by the TELS enterprise to improperly increase recoveries in the certificate of delinquency process.

61. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified again as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA, which has a maximum statutory cost of $2. As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

12

62. The TELS enterprise also seeks to recover $1,083 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Habitat Louisville that fail on their face as a matter of law, and 3) on information and belief, is generated by an automatic template populated through a database, $1,083 is not a reasonable attorneys' fee for preparing such a document.

63. By February 2013, the TELS enterprise's legitimate 12% interest return on its $842.67 investment in the lien on 509 Marret Avenue was $286.54. Entities under common control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

THE SCHEME IN ACTION— Phillip and Kayrn Julian

64. Even after the filing of this counterclaim, the scheme continued.

65. Yet another of the liens purchased by TELS on August 6, 2010 encumbered 2219 West Kentucky Street, owned by Phillip and Karyn Julian. The purchase price of the certificate of delinquency was $843.90; nearly identical to the Harper and Habitat Louisville certificates.

66. After being served with a complaint, Mr. and Mrs. Julian contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

67. As was the case with Ms. Harper, HCG was nonresponsive, and it was only after they hired attorney David Branger that a payoff was finally generated, weeks after the first request. See Exhibit 13.

68. Once again, the payoff contains multiple non-actual and unreasonable fees and costs.

**THE $3993.20 JULIAN PAYOFF DEMAND**

69. The TELS enterprise payoff demand includes $350 for "title report fee," supposedly for a report prepared by BGA. This $350 demand for a title report is up to 450% above the usual and customary rate in Jefferson County. It's highly unlikely that a company like TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, would pay quadruple the going rate for title report on an unremarkable urban residential lot. The reasonable cost of obtaining a title report sufficient to support the complaint involving 2219 W. Kentucky Street is substantially less than $350.

70. The TELS enterprise also demands $150 for a warning order fee. The Julian payoff quote was generated over a month after the complaint in the action was filed, over two months after Habitat Louisville pointed out inappropriate warning order charges and the very same day that HTC and Mr. Craig were sued for, among other things, overcharging for warning order costs. Nonetheless, the TELS enterprise continued with its overcharging practices.

71. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $150 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 150% of the actual warning order cost in that action and on information and belief the $150 demand is part of a scheme by the TELS enterprise to improperly increase recoveries in the certificate of delinquency process.

72. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified again as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA, which has a maximum statutory cost of $2. As the Jefferson County PVA has a well-maintained website which is a statutorily

14

permissible source of the address information, the actual cost was almost certainly less than $2.

73. The TELS Enterprise also sought to recover $13 for filing a lis pendens in connection with the action, as well as $28 for releasing it. In fact, the lis pendens was not filed until April 24, over three weeks after the payoff was tendered. Yet the $41 was "necessary" to redeem the lien on April 2.

74. The TELS enterprise also seeks to recover $1,119 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, and 2) on information and belief, is generated by an automatic template populated through a database, $1,119 is not a reasonable attorneys' fee for preparing such a document.

75. By February 2013, the TELS enterprise's legitimate 12% interest return on its $843.90 investment in the lien on 509 Marret Avenue was $303.76. Entities under common control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

76. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

CLASS CERTIFICATION ALLEGATIONS

77. The counterclaim plaintiffs seek certification of a class under both CR 23.02(b) and (c).

78. **Definition of the Class.** Counterclaim plaintiffs bring this action on their own behalf and on behalf of a class of all Kentucky property owners, lenders, and purchasers who have had unlawful, non-actual, and unreasonable attorneys' fees and costs demanded from or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact.

79. Excluded from the Class are the TELS Defendants; officers, directors or employees of the TELS Defendants; any entity in which the TELS Defendants have a controlling interest;

15

the affiliates, legal representatives, attorneys, heirs or assigns of the TELS Defendants; any federal, state, or local governmental entity; persons who properly execute and file a timely request for exclusion from the class; the legal representatives, successors or assigns of any such excluded persons; and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs. Counterclaim plaintiffs reserve the right to modify or amend this Class definition if discovery and/or further investigation so necessitate.

80. **Numerosity.** The exact number of the members of the Class is unknown and not available to counterclaim plaintiffs, but it is clear that individual joinder is impracticable. TELS purchased approximately 3000 certificates of delinquency in Jefferson County alone over the last five years, and court records indicate it is active throughout the state. Class members likely number in the thousands, but can be easily identified through Defendants' records, which they are required by statute to maintain.

81. **Commonality.** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members. These common questions include:

(a) Are the title search costs charged by the TELS Defendants actual?

(b) Are the title search costs charged by the TELS Defendants reasonable?

(c) Is it reasonable to charge $100 for an address check service available from the property valuation administrator for $2 or less?

(d) Is that $100 charge for an address check actual?

(e) Are the other charges, including attorneys' fees demanded and collected by the TELS Defendants actual and reasonable?

(f) Have the TELS Defendants complied with the statutes governing tax lien foreclosure, including KRS 134.452 and .490?

(g) Are the counterclaim plaintiffs and the Class entitled to relief, and what is the nature of such relief?

82. **Typicality.** Counterclaim plaintiffs' claims are typical of the claims of other members of the Class, as counterclaim plaintiffs and other Class members sustained damages arising out of the wrongful and unlawful assertion of liens for unreasonable and non-actual fees and charges by the TELS Defendants, based upon the same pattern of conduct.

83. **Adequate Representation**. Counterclaim plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex litigation and class actions. Counterclaim plaintiffs have no interest antagonistic to those of the Class, and the TELS Defendants have no defenses unique to counterclaim plaintiffs.

84. **Predominance and Superiority**. This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the wrongful and unlawful actions of the TELS Defendants. It would be virtually impossible for the individual members of the class to obtain effective relief from the misconduct of the TELS Defendants. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be promoted and uniformity of decisions will be ensured.

85. **Policies Generally Applicable to the Class**. This class action is also appropriate for certification because the TELS Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The challenged policies and practice of the TELS Defendants apply and affect members of the Class, and counterclaim plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to counterclaim plaintiffs.

**COUNT 1 – RICO Section 1962(c)**

86. Ms. Harper and Mr. and Mrs. Julian restate the averments of all previous paragraphs.

87. The defendants in this count are the TELS Defendants. The TELS Defendants are RICO persons who are each associated with the RICO enterprise.

88. The TELS Defendants created, participated in, and conducted the affairs of an association-in-fact RICO enterprise that affected interstate commerce through, among other thing, the use of the mails and interstate wires.

89. The purpose of the enterprise is to collect excessive, unreasonable, and non-actual fees and costs from property owners through the Kentucky tax certificate of delinquency system.

90. The TELS Defendants knowingly participated and conducted the affairs of the enterprise through a pattern of racketeering activity, individually, collectively, and through agents.

91. In order to further the fraudulent scheme, the TELS Defendants pattern of racketeering activity consisted of a continuing course of mail fraud, in violation of 18 U.S.C. 1341, and wire fraud, in violation of 18 U.S.C. 1341. The predicate acts include:

   a. causing the July 1 and September 1, 2011 letters to be sent to Ms. Harper and Mr. Goldsmith;

   b. sending the October 11, 2011 demand letter through the mails to Habitat Louisville's predecessor in title;

    c.  sending the February 12, 2013 payoff demand through the wires to counsel for Habitat Louisville;

    d.  causing the April 2, 2013 payoff letter to be sent to Mr. Mrs. Julian's attorney by the US mail;

    e.  sending invoices and other mail and wire communications between persons in the enterprise in an effort to legitimize the overcharges;

    f.  causing the Jefferson Circuit Court clerk to use the mails to serve the complaint in this and other actions on multiple parties in furtherance of the scheme; and

    g.  sending similar letters and demands to other class members.

92. For each Class member, KRS 134.452 and .490 required the enterprise to send through the mails and interstate wires written notices of claimed amounts due. The precise date and substance of the fraudulent assertion of non-actual and unreasonable charges is contained within each letter. The TELS Defendants also utilized the mails for purposes of service of process in numerous other civil actions involving class members.

93. The false and fraudulent statements supporting the scheme are the assertions that the fees and costs in the communications are actual and reasonable, "necessary," and are otherwise authorized by statute.

94. TELS has been purchasing liens in the Commonwealth since at least 2005, and the scheme is believed to have been operating at least that long.

95. The scheme is part of an ongoing tax certificate of delinquency collection business, and there is a specific threat that the past conduct of the TELS Defendants will project into the future. TELS purchased nearly $900,000 worth of tax liens in Jefferson County alone in 2012 which will not be eligible for collection until later this year. The fraudulent representations in mailings and wire communications are an essential part of the scheme, and will likely continue into the future.

96. As a direct and proximate result of the conduct of the TELS Defendants, the counterclaim plaintiffs were injured in their property through the assertion of inflated and improper liens against their property, and will be required to incur attorneys' fees as a result of the

assertion of those improper liens. Other Class members were damaged when they paid non-actual and unreasonable fees and costs asserted by the TELS Defendants.

## COUNT 2 – DECLARATION OF RIGHTS

97. Ms. Harper and Mr. and Mrs. Julian restate the averments of all previous paragraphs.

98. An actual controversy exists between Ms. Harper, Mr. and Mrs. Julian, and the Class on one side and the TELS Defendants on the other over the TELS Defendants' compliance with KRS 134.452 and .490.

99. The TELS Defendants seek to recover costs and attorneys' fees from Ms. Harper, Mr. and Mrs. Julian, and the Class that are neither reasonable, actual, nor authorized by the referenced statutes and have asserted a lien against Ms. Harper and Mr. and Mrs. Julian's real property and the property of other Class members for those amounts.

100.    TELS's statutory violations have resulted in the suspension of the accrual of all interest and fees until TELS provides proper notice.

101.    Ms. Harper, Mr. and Mrs. Julian, and the Class are entitled to a declaration of rights under the above-referenced statutes that TELS is not entitled to collect the fees and charges it has demanded under the lien it asserts against Ms. Harper, Mr. and Mrs. Julian, and other's real property and that the accrual of all interest and fees have been suspended.

## COUNT 3 – INJUNCTIVE RELIEF

102.    Ms. Harper and Mr. and Mrs. Julian restate the averments of all previous paragraphs.

103.    Ms. Harper has a concrete personal right to use 304 N. 17th Street without unlawful interference by TELS.

104.    Mr. and Mrs. Julian have a concrete personal right to use 2219 W. Kentucky Street without unlawful interference by TELS.

105.    TELS has asserted a lien against 304 N. 17th Street grossly in excess of the amount authorized by Kentucky law, impairing Ms. Harper's ability to use 304 N. 17th St.

106.    TELS has asserted a lien against 2219 W. Kentucky Street grossly in excess of the amount authorized by Kentucky law, impairing Mr. and Mrs. Julian's ability to use 2219 W. Kentucky Street.

107.    The equities and public interest are in favor of compelling TELS to comply with statutory limitations on fees and charges and to prohibit TELS from seeking such charges from Ms. Harper, Mr. and Mrs. Julian, or any other property owner.

108.    Ms. Harper and Mr. and Mrs. Julian have raised a serious question on the merits in light of undisputed evidence produced by TELS.

109.    Ms. Harper and Mr. and Mrs. Julian are entitled to temporary and permanent injunctive relief against TELS to preclude any further statutory violations and to vindicate their concrete personal rights to use their property.

110.    That injunction should also protect the property interests of the rest of the Class.

### COUNT 4 –DAMAGES PURSUANT TO KRS 446.070

111.    Ms. Harper restates the averments of all previous paragraphs.

112.    TELS has violated KRS 134.452, .490, and .990(11)(a)(1) and (2).

113.    TELS's violations of those statutes and its assertion of a lien against Ms. Harper, Mr. and Mrs. Julian, and others' real property for excessive and unlawful fees have damaged Ms. Harper, Mr. and Mrs. Julian, and the Class in an amount in excess of the minimum jurisdictional limits of this Court.

114.    Pursuant to KRS 446.070, Ms. Harper, Mr. and Mrs. Julian, and the Class are entitled to recover damages from TELS for its violations of the above-referenced statutes.

WHEREFORE, having stated its counterclaim against the TELS Defendants, Ms. Harper and Mr. and Mrs. Julian respectfully request the Court for:

a.     a declaration that the TELS Defendants have asserted a lien against Ms. Harper, Mr. and Mrs. Julian, and other class members' real property for unlawful and unreasonable sums;

b.     a temporary and permanent injunction requiring the TELS Defendants to demand and recover no more than the statutorily allowable fees and costs in connection with lien rights;

c.     damages caused by the TELS Defendants' unlawful conduct,

d.     treble damages for Count 1;

e.     an order requiring all TELS Defendants to divest all interests in TELS, TELI, BGA, LDS, and HCG;

f.     a reasonable attorneys' fee;

g.     the imposition of fines pursuant to KRS 134.990(11)(a)(1) and (2);

h.     leave to amend this complaint upon completion of reasonable discovery; and

i.     trial by jury on all issues so triable.

Respectfully submitted,

_____

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY 40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com

22

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served by electronic mail, pursuant to agreement, on 16th of May, 2013 to the following:

Joseph L. Hamilton
Majorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Co-counsel for Tax Ease Lien Servicing ,*
*LLC, Tax Ease Lien Investments 1, LLC,*
*Blue Grass Abstract LLC, Lien Data*
*Services LLC and Philip S. Migicovsky*

**AND**

This is to certify that a true and accurate copy of the foregoing has been served by U.S. Mail, postage pre-paid, on the above date to the following:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
*Co-counsel for Tax Ease Tax Ease Lien*
*Servicing, LLC*

INTERNAL REVENUE SERVICE
    C/O Eric Holder
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530
And
    c/o Kerry B Harvey
    U.S. Attorney's Office
    260 West Vine Street, Suite 300
    Lexington, KY 40507

John Earl Ramsey
The McDeer Firm
4355 Cobb Pkwy # J-505
Atlanta, GA 30339
*Counsel for Vesta Holdings I, LLC*

John M. Schardein
William P O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
*Counsel for Metro*

TRINITY CHRISTIAN ACTION, INC.
c/o Shelly Rader
529 N. 19th Street
Louisville, KY 40203

Zachary C. Webster
104 W. Maple St.
Nicholasville, KY 40356
*Counsel for Southern Tax Services, LLC*

John H. Dwyer, Jr.

23

# EXHIBIT

# 1

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

October 31, 2011

Lela Mae Garner
7902 Gable Road
Louisville, KY 40219

RE:   NOTICE OF INTENT TO ENFORCE LIEN
      509 MARRETT AVE/JEFFERSON COUNTY, KY

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid 2009 ad valorem taxes on the real property at the address listed above. Pursuant to KRS 134.490, our client is required to inform you of the following:

1.   The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2.   The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3.   If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law. **Collection actions may include foreclosure.** If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4.   Pursuant to KRS 134.490(3)(f), the following information is provided to you:

     a.   The legal name of our client is Tax Ease Lien Investments 1, LLC.
     b.   Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
     c.   Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5.   A complete listing of the amount due as of September 1, 2011, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $1675.77 |
| Notice of Intent Foreclosure Warning Letter 10-30-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 10-31-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) estimate | $300.00 |
| Lien Data Services – County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| TOTAL | $2327.97 |

Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. Please call us at (502) 690-3095 to make arrangements to enter into payment plans.

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

If arrangements have already been made with this office, please disregard this notice.

Sincerely,

R. Eric Craig
HAYDEN CRAIG & GRANT, PLLC

MSN:  JEF301882
PM    228.01302

# EXHIBIT

# 2

LB 0 1 3 1 2 PG 0 8 8 8

CASE NO. 12-CI-401879                          JEFFERSON CIRCUIT COURT
                                                      DIVISION_____

TAX EASE LIEN SERVICING, LLC                              PLAINTIFF
AKA TAX EASE LIEN INVESTMENTS 1, LLC

v.              LIS PENDENS (NOTICE OF ACTION)

HS DEVELOPERS, LLC, ET AL                                DEFENDANTS

                    * * * * * * * * * *

        The undersigned hereby gives the following notice pursuant to KRS 382.440:

        1.      In the above-styled action in HS Developers, LLC Circuit Court, Plaintiff, Tax

Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1, LLC, seeks to enforce a tax lien

on property located in Jefferson County, Kentucky, known as **17105 Hillrock Place,**

Louisville, Kentucky, 40245, Parcel/Map ID# 21369206320000 and is more fully described

as follows:

> BEING Revised Tract 4 as shown on the Minor Subdivision
> Plat approved by the Louisville and Jefferson County
> Planning Commission on June 6, 2001, Docket No 114-01,
> which Minor Subdivision Plat is attached to and made part of
> a Deed of record in Deed Book 7671, Page 901, in the office
> of the Clerk of Jefferson County, Kentucky.

> Being the same property in which HS Developers, LLC,
> acquired an interest by virtue of a General Warranty Deed,
> dated May 23, 2003, of record in Deed Book 8148, Page 747,
> of the Jefferson County Clerk's Office.

        2.      The person(s) whose right, title, interest or claim to said real property is

involved or affected are as follows:

        a.      Tax Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1,

                LLC,

                                      1

LB 0 1 3 1 2 PG 0 8 8 9

    b.   HS Developers, LLC,

    c.   Unknown Occupants of 17105 Hillrock Pl, If any,

    d.   Polo Fields Community Association, Inc.,

    e.   Nebraska Alliance Realty Company, and

    f.   Commonwealth of Kentucky, County of Jefferson.

DATED: _MAy 21_ , 2012

**THIS INSTRUMENT PREPARED BY:**

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

2

LB0131 2PG0890

**THIS INSTRUMENT EXECUTED BY:**

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC


STATE OF KENTUCKY    )
                     ) SS
COUNTY OF JEFFERSON  )

　　　　Signed and acknowledged before me, Notary Public in and for the State of Kentucky and County of Jefferson aforesaid by R. Eric Craig personally known to me this _21_ day of _MAY_, 2012.

　　　　My commission expires: _08-19-2014_

NOTARY PUBLIC, STATE AT LARGE

Document No.: DN2012073806
Lodged By: HAYDEN CRAIG & GRANT
Recorded On: 05/24/2012    09:25:40
Total Fees:                13.00
Transfer Tax:                .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

**END OF DOCUMENT**

# EXHIBIT

# 3

## BLUE GRASS ABSTRACT, LLC

## General Information

| | |
|---|---|
| Organization Number | 0710906 |
| Name | BLUE GRASS ABSTRACT, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | TX |
| File Date | 8/5/2008 |
| Authority Date | 8/5/2008 |
| Last Annual Report | 2/20/2012 |
| Principal Office | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| Registered Agent | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| Manager | Phil Migicovsky |
|---|---|

## Individuals / Entities listed at time of formation

| Organizer | PHIL MIGICOVSKY |
|---|---|

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:07:45 PM | 6/21/2012 | |

4/1/13                                    Welcome to Fasttrack Organization Search

| | | |
|---|---|---|
| Annual report | 2/20/2012<br>4:24:54 PM | 2/20/2012<br>4:24:54 PM |
| Annual report | 2/16/2011<br>3:32:39 PM | 2/16/2011<br>3:32:39 PM |
| Annual report | 3/15/2010<br>5:22:56 PM | 3/15/2010<br>5:22:56 PM |
| Annual report | 7/2/2009<br>1:26:48 PM | 7/2/2009<br>1:26:48 PM |
| Add | 8/5/2008<br>10:23:35 AM | 8/5/2008 |

## Microfilmed Images

# EXHIBIT

# 4

4/1/13                                  Welcome to Fasttrack Organization Search

## LIEN DATA SERVICES, LLC

## General Information

| | |
|---|---|
| **Organization Number** | 0710908 |
| **Name** | LIEN DATA SERVICES, LLC |
| **Profit or Non-Profit** | P - Profit |
| **Company Type** | FLC - Foreign Limited Liability Company |
| **Status** | A - Active |
| **Standing** | G - Good |
| **State** | TX |
| **File Date** | 8/5/2008 |
| **Authority Date** | 8/5/2008 |
| **Last Annual Report** | 2/20/2012 |
| **Principal Office** | 14901 QUORUM DRIVE SUITE 900 DALLAS, TX 75254 |
| **Registered Agent** | CT CORPORATION SYSTEM 306 W. MAIN STREET, SUITE 512 FRANKFORT, KY 40601 |

## Current Officers

**Manager**          Phil Migicovsky

## Individuals / Entities listed at time of formation

**Organizer**          PHIL MIGICOVSKY

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:06:50 PM | 6/21/2012 | |

https://app.sos.ky.gov/ftshow/(S(kbj1iz3twuuapbu2kwu5xvz))/default.aspx?id=0710908&ct=06&cs=99999          1/2

Welcome to Fasttrack Organization Search

| | | |
|---|---|---|
| Annual report | 2/20/2012 3:18:38 PM | 2/20/2012 3:18:38 PM |
| Annual report | 2/16/2011 3:30:13 PM | 2/16/2011 3:30:13 PM |
| Annual report | 3/15/2010 5:26:58 PM | 3/15/2010 5:26:58 PM |
| Annual report | 7/2/2009 1:29:01 PM | 7/2/2009 1:29:01 PM |
| Add | 8/5/2008 10:36:29 AM | 8/5/2008 |

## Microfilmed Images

# EXHIBIT

# 5

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO.: 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC        PLAINTIFF

v.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE        DEFENDANTS

## AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

The undersigned Attorney for the Petitioner, Tax Ease Lien Investments 1, LLC, being first duly sworn, states:

1. Wilensky & Jones, LLP, Attorneys, to date, has invoiced Petitioner, Tax Ease Lien Investments 1, LLC, in attorney's fees in exchange for the litigation of the collection of the amounts due and payable with respect to the 2004 Tax Bill made the basis of this suit and the foreclosure of its lien upon the Property described in these proceedings the following itemized amounts:

   A. $205.00 for issuance of a Warning Letter and Title Examination,
   B. $552.00 for drafting and filing of the Complaint,
   C. $395.00 for drafting and filing of the Summary Judgment and Order of Sale.
   D. Further, simultaneously with the Court's granting of its Summary Judgment and Order of Sale, Wilensky and Jones will bill Plaintiff $148.00 to attend the Master Commissioner sale herein

2. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid Blue Grass Abstract, LLC, and invoiced Petitioner, Tax Ease Lien Investments 1, LLC, $195.00 for a title search for the Property made the basis of this suit

3. Wilensky & Jones, LLP, Attorneys, to date, has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $619.37 in filing fees, court costs and service costs in these proceedings.

4. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $205.00 for (a) an abstract of title (b) vetting of title; (c) service of process information for each Defendant hereto, and (d) copies of all back-up documents including copies of mortgages and other year's tax bills and/or certificates and that, the additional title search information and research significantly reduces Wilensky & Jones, LLP's time and ultimately its attorney's fees for this matter..

Page | 1

5. Had the Defendant satisfied the claim at any given stage of the litigation prior hereto, Plaintiff would have only been invoiced the amount of attorney fees relative to that stage of the litigation.

BY: 

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

STATE OF TEXAS          )
COUNTY OF DALLAS        )

Subscribed and sworn to before me by Donald R. Jones this 3rd day of November, 2011.

[SEAL]    RANDIE RAVKIND ELLIS
          MY COMMISSION EXPIRES
          June 25, 2015

Randie Ellis
Notary Public

Page |2

SHE100148 Master Stock Number
AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

# EXHIBIT

# 6

rENDERED __11/7/11.

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO : 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                    PLAINTIFF

v.

> FILED
> LOWRY S. MILLER, CLERK
> DEC - 7 2011
> SHELBY CIRCUIT/DISTRICT COURT
> BY:_____D.C.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE
                                                                   DEFENDANTS

## SUMMARY JUDGMENT and
## ORDER FOR SALE

Upon Motion for Summary Judgment by Plaintiff, Tax Ease Lien Investments 1, LLC against Defendant(s), Terry L. Carriss and Flora M. Carriss, it appearing that said Defendant(s) has failed to timely plead or otherwise defend this matter after having been served with process, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**
On motion of Plaintiff, IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff, Tax Ease Lien Investments 1, LLC, shall recover:

   a. Judgment against the against Defendant(s), Terry L. Carriss and Flora M. Carriss the following amounts:

      i. $933.64 being Plaintiffs' acquisition cost of the 2004 tax bill made the basis of this suit, plus twelve percent (12%) interest per annum from the date of Plaintiff's acquisition of said bill of August 15, 2005, (pursuant to KRS 134.500);

      ii an administration fee of $100.00 for the preparation and filing of the Release of Lien and the Clerk's cost of recordation, (pursuant to KRS 134.452(4));

      iii. pre-litigation attorney fees of $~~751.50~~ *653.20* (pursuant to KRS 134.452(3)(a) & (b)).

   b. actual and reasonable attorney's fees of ~~$1,300.00~~ *$1,000.00* arising in the prosecution of Collection Remedies and/or in Litigation (pursuant to KRS 134.452 (3)(c)); ~~$400.00~~ *$1300.00* for (a) a title search for the Property made the basis of this suit (pursuant to KRS 134.452(3)(c)); (b) an  *$100.00*  ←

Master Stock Number SHE100148
SUMMARY JUDGMENT and
ORDER FOR SALE

Lien Book E31, Page 76.

11. Wachovia Bank, Defendant, was made a party hereto, but failed to Answer herein and is not entitled to the protection of its interest.

12. In the event Plaintiff becomes the successful purchaser of said real estate at the commissioner's sale, and should the bid of Plaintiff be less than its liens herein, Plaintiff may comply with the terms of sale by taking credit upon its judgment without making the cash deposit or executing the sale bond as hereinabove provided.

13. This is a final and appealable judgment and there is no just reason for delay in its entry.

14. Jurisdiction is retained to confirm the sale; to distribute the proceeds; to adjudge junior liens; and for entry of such further orders as may be necessary.

15 Said property shall be sold subject to such right of redemption as may exist in favor of the Defendant.

16. Neither the Master Commissioner nor anyone in his/her employ including, but not limited to, office staff, auctioneers, or appraisers, shall act as surety on the bond of any purchaser of property at any judicial sale.

17 Sale date is set by the Master Commissioner as _____ .

Dated: _____ 12/7 _____, 2011.

_Chas R. Hickman_
JUDGE, SHELBY CIRCUIT COURT


CHECKED, EXAMINED AND APPROVED

BY: _____
SHELBY   CIRCUIT   COURT   MASTER
COMMISSIONER

P a g e |5

# EXHIBIT

# 7

NO.   10CI402027                    FILED IN CLERK'S OFFICE        JEFFERSON CIRCUIT COURT

                                          2011 APR 25   A C:            DIVISION 9

TAX EASE LIEN INVESTMENTS 1, LLC        AT FAX 4                  PLAINTIFF

VS.                      MASTER COMMISSIONER'S REPORT
                   RE: DEFENDANT'S SUMMARY JUDGMENT-LIABILITY

WILSON, MAGGIE MAE; ET. AL.                                      DEFENDANTS

* * * * * * *

This matter was referred to the Commissioner for a recommendation on Ms. Wilson's

January 18, 2011, motion for Summary Judgment on her counterclaim against TELI as to

liability.  A hearing was conducted April 19, 2011, at which TELI was represented by Marcy

Spratt, and Ms. Wilson was represented by John Young.

The statutes which govern the collection of taxes are fairly detailed, and the following

sections of KRS Chapter 134 have been added to the record for ease of reference: 119, 122, 128,

452, 490, 546, and 990.  The Defendant's Memorandum correctly lays out the statutory path for

collection of third-party certificates of delinquency.  The Defendant also correctly observes that

pre-litigation attorneys fees are capped by Section 452(3)(a)(1) at $156.63, representing TELI's

acquisition cost, for tax amounts in the lowest dollar range.

What, then is the basis for TELI's demand for a $750.00 litigation attorney's fee, as

embodied in the January 25, 2010, Forbearance Agreement, which appears as Exhibit 1 to the

Complaint?  TELI's February 17, 2011, Response lists:

| | |
|---|---|
| Title Search | $400.00 |
| Drafting and monitoring Forbearance Agreement | $200.00 |
| Foreclosure Warning Letter | $150.00 |
| | $750.00 |

Your Commissioner considers a title search to be both an essential preliminary step in the collection process, and a recoverable cost under Section 452(3)(c).  Likewise, your Commissioner considers TELI to be entitled to charge for the warning letter and the Agreement under Section 490(5).

At issue is the reasonableness of the charges, which exceeds the scope of this hearing. With regard to the $400 title search, your Commissioner pays $70.00 for 30-year title searches in his private practice, and notes that almost 25 years of indexes and document images are available free on the County Clerk's website. This Office routinely allows a maximum of $150.00 for title searches in other types of lien enforcement actions.  The only evidence in the record of attorney time and expenses appears to be Ms. Spratt's December 20, 2010, Affidavit, Exhibit C to TELI's Response to Request for Production of Documents.

Ms. Wilson foolishly signed the Forbearance Agreement without sufficient inquiry.  The cases collected in 5A Kentucky Digest, Contracts §93(2), suggest that she is bound by her signature to every aspect of the Agreement.  If, however, she develops evidence that TELI knowingly overcharged her, then not only should her balance be reduced, but the fine provided by Section 990(11) should also be assessed.  As burdensome as it may be require TELI to examine its Agreements in other cases, a pattern of abuse can be fined at up to $500.00 per offense.  Discovery should continue.

For now, sufficient questions of material fact exist to preclude her partial summary judgment.

2

RECOMMENDATION: Unless objections are filed within 10 days from the date of service by the Clerk, as prescribed by CR 53.06, the defendant's tendered judgment should be DENIED.

Respectfully submitted,
EDITH F. HALBLEIB
MASTER COMMISSIONER

By: _R. C. Oldham Jr._____, D.M.C.
        Richard C. Oldham, Jr.

Commissioner's fee: $100.00 to Plaintiff
RCO/aw

| Marcy Spratt | John Young |
|---|---|
| P. O. Box 23800 | 416 W. Muhammad Ali Blvd., Suite 300 |
| Lexington, KY 40523-3800 | Louisville, KY 40202 |

Copies were mailed to the attorneys listed above.

3

# EXHIBIT

# 8



# MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY
531 Court Place, Suite 900
Louisville, KY 40202

(502) 574-6336
Fax (502) 574-5573

June 27, 2011

Ross Harper
304 N. 17th St.
Louisville, Kentucky 40203

RE: DISTRICT: 0S BLOCK: 015F LOT: 0232 SUBLOT: 0000 (TAX YEAR: 2010)
ADDRESS: 304 N. 17TH ST.

Dear Mr. Harper and Ms. Goldsmith:

This will confirm your conversation with our office, wherein you agreed to enter the Jefferson County Attorney Delinquent Tax Payment Program. You agreed to make monthly payments of $174.00 a month starting in July through November. Listed below is your payment schedule.

| Month | Amount | Paid | Date |
|-------|--------|------|------|
| July 2011 | $174.00 | 174.00 | 7/18/11 |
| August 2011 | $174.00 | 194.00 | 8/29/11 |
| September 2011 | $174.00 | 174.00 | 9/30/11 |
| October 2011 | $174.00 | 174.00 | 10/31/11 |
| November 2011 | $174.00 | 174.00 | 11/29/11 |



Your check should made payable to the Jefferson County Attorneys Delinquent Tax Fund and is to be sent to the following address:

JEFFERSON COUNTY ATTORNEY'S OFFICE
FISCAL COURT BUILDING
531 COURT PLACE, SUITE 900
LOUISVILLE, KY. 40202
ATTN: SARA R. ESTES

Your payments are due by and must be postmarked by the end of each month. If this agreement is not kept, we are allowed to terminate the payment plan and any money received will be applied to the delinquent bill(s). Your cooperation in keeping to the terms of the agreement will be most appreciated.

Sincerely,

Sara R. Estes
Supervisor Delinquent Tax Dept.
Phone: (502) 574-6331

# EXHIBIT

# 9

*312833-NL-0713M03*

LAW OFFICES
SHERROW, SUTHERLAND & ASSOCIATES, PSC
200 SOUTHLAND DR., LEXINGTON, KY 40503

HARPER ROSE & GOLDSMITH DEDDO
304 N 17TH ST
LOUISVILLE KY 40203

July 1, 2011

To Harper Rose & Goldsmith Deddo:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 20090300007099 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 304 N 17TH St, which is further identified by map number 03015F02320000, arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of July 1, 2011 is $1,535.40. This payoff is good through July 31, 2011. If you are unable to pay the tax lien by July 31, 2011, please contact our client for a later payoff amount.

## PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *July 31, 2011* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to *Tax Ease Lien Servicing, LLC* and mail to: 14901 Quorum Drive, Suite 900, Dallas, Texas 75254. Reference stock number 312833 on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

STOCK NUMBER: 312833

# EXHIBIT

# 10

**HAYDEN CRAIG & GRANT, PLLC**
**718 WEST MAIN STREET, SUITE 202**
**LOUISVILLE, KY 40202**
**502-638-2836**

March 27, 2013

PAYOFF QUOTE GOOD THRU MARCH 31, 2013

ATTN: Deddo Goldsmith &
Lisa with Attorney Mark Levy's office

Owner Name:         ROSE HARPER & DEDDO GOLDSMITH
County:             JEFFERSON
Property Address:   304 N 17TH ST
                    PARCEL ID 03015F02320000

JEFFERSON CIRCUIT ACTION NO 13-CI-400421

| | |
|---|---|
| Stock Number | 312833 |
| Tax Bill # | 2009030007099 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.56 |

| | |
|---|---|
| TE Principal | $855.76 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $299.52 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $599.03 |
| **SUBTOTAL** | $1,854.31 |
| | |
| **HC&G Legal Fees** | $961.00 |
| **SUBTOTAL** | $961.00 |
| | |
| **HC&G Costs of Litigation** | |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Rose Harper & Deddo GoldSmith | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $61.80 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Complaint Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee –Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Additional Recording Fee for Extra Tract | $12.00 |
| Foreclosure Costs and/or Expenses: KY Secretary of State – Process of Service for Vesta Holdings | $14.75 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fees - Estimate | $270.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses: Lien Data Services – County PVA | $100.00 |
| Foreclosure Costs and/or Expenses: Blue Grass Abstract – Title Report Fee (Estimate) | $595.00 |
| Foreclosure Costs and/or Expenses: County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses: Postage/Photocopies/Long Distance/Facsimile | $28.40 |
| SUBTOTAL | $1,405.95 |
| TOTAL | $4,221.26 |

As of March 27, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through March 31, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301589/Harper-Goldsmith on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301589
PM 228.01251

# EXHIBIT

# 11

Property Details | Jefferson . nty PVA          Page 1 of 2

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



## Property Details

| | |
|---|---|
| **TYPE** | 1 : Single family |
| **YEAR BUILT** | 1900 |
| **EXTERIOR WALL** | W2 Wood siding |
| **ROOFING STRUCTURE** | Gable |
| **BASEMENT FOUNDATION** | Full Crawl |
| **CONDITION** | normal for age |
| **CONSTRUCTION FRAME** | Wood frame w/sheath |
| **HEATING TYPE** | 1 Central Warm Air |
| **CENTRAL AIR** | N |
| **FIREPLACE** | N |
| **BUILDING TYPE** | 22 Older convent'l 2/2+ story |
| **STORIES** | 2.00 |
| **FULL BATHROOMS** | 1 |
| **HALF BATHROOMS** | 0 |

| **MAILING ADDRESS** | 304 N 17TH ST |
|---|---|
| | LOUISVILLE, KY 40203 |
| **OWNER** | HARPER ROSE & |
| | GOLDSMITH DEDDO |
| **PARCEL ID** | 015F02320000 |
| **LAND VALUE** | $5,000 |
| **IMPROVEMENTS VALUE** | $29,000 |
| **ASSESSED VALUE** | $34,000 |
| **APPROXIMATE ACREAGE** | 0.0401 |
| **PROPERTY CLASS** | 520 Res 2 family dwell Duplex |
| **DEED BOOK/PAGE** | 9714 0619 |
| **DISTRICT NUMBER** | 100023 |
| **OLD DISTRICT** | 03 |
| **FIRE DISTRICT** | City of Louisville |
| **SCHOOL DISTRICT** | Jefferson County |
| **NEIGHBORHOOD** | 105124 / |
| | 18TH/MARKET |
| **SATELLITE CITY** | Urban Service District |
| **SHERIFF'S TAX INFO** | View Tax Information |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| MAIN UNIT | | 1,690 |
| BASEMENT | 0 | 0 |
| ATTIC None | | 0 |
| ATTACHED GARAGE | | |
| DETACHED GARAGE | | |

The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps.

EXHIBIT C

# EXHIBIT

# 12

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KY 40202
502-638-2836

February 12, 2013

PAYOFF QUOTE GOOD THRU FEBRUARY 28, 2013

ATTN: John Dwyer via email: jdwyer@zielkeyfirm.com

Owner Name:         LELA MAE GARNER
County:             JEFFERSON
Property Address:   509 MARRET AVE
                    PARCEL ID 023D00770000

JEFFERSON CIRCUIT ACTION NO 13-CL-400354

| Stock Number | |
|---|---|
| Tax Bill # | 313128 |
| Tax Year | 2009090003027 |
| Purchase Date | 2009 |
| Monthly Interest | 8/16/2010 |
| | $8.43 |

| | |
|---|---|
| TE Principal | $842.67 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $286.54 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $589.87 |
| SUBTOTAL | $1,819.08 |
| | |
| HC&G Legal Fees | $1,083.00 |
| SUBTOTAL | $1,083.00 |
| | |
| HC&G Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee – Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $83.40 |
| Foreclosure Costs and/or Expenses: Kentucky Secretary of State – Process of Service on Capital One Bank | $14.55 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fee for Unknown Occupants - ESTIMATE | $500.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |
| Foreclosure Costs and/or Expenses: Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses: Blue Grass Abstract – Title Report Fee (Estimate) | $560.00 |
| Foreclosure Costs and/or Expenses: County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |

| | | |
|---|---|---|
| Foreclosure Costs and/or Expenses: Postage/Photocopies/Long Distance/Facsimile | | $36.06 |
| | SUBTOTAL | $1,538.01 |
| | TOTAL: | $4,440.09 |

As of February 12, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through February 28, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301882/L. Garner – Habitat for Humanity on any form of payment.

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301882
PM 228.01302

# EXHIBIT

# 13

**CRAIG LAW OFFICE, PLLC**
P.O. Box 3287
LOUISVILLE, KY 40201
(502)638-2836

April 2, 2013

David Branger
436 S 7th Street
Louisville, KY 40203

Re:    Property Address: 2219 W Kentucky St, 40210
       Tax Year(s): Jefferson County 2009
       TELIS Master Stock Number: JEF301741

Dear Mr. Branger:

Pursuant to your request, enclosed please find a payoff quote good through April 30, 2013.

Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. The enclosed payoff quote does not reflect the monthly interest and preparation fees (for documents) which would be included in a payment plan (or Forbearance agreement) breakdown. To begin a payment plan, we usually have you send in a down payment of at least $300.00, which we deduct from the amended total. Once we apply that payment to the total, we prepare the plan from the balance owed.

Otherwise, full payment in the amount shown in the enclosed statement should be by certified check or money order made out to Craig Law Office, PLLC, and mailed to us at P.O. Box 3287, Louisville, Kentucky, 40201. Please reference the above TELIS Master Stock Number.

Sincerely,

*Jill Sullivan*

Jill Sullivan
Legal Assistant

Enclosures

THE ABOVE REFERENCED TAXPAYER MAY HAVE MORE THAN ONE DELINQUENT TAX BILL. CRAIG LAW OFFICE, PLLC, DOES NOT CLAIM THAT THE ABOVE-REFERENCED DELINQUENT TAX BILL(S) IS THE ONLY ONE(S) FOR THE ABOVE REFERENCED TAXPAYER.

# CRAIG LAW OFFICE, PLLC
## P.O. Box 3287
## LOUISVILLE, KY 40201
## 502-638-2836

April 2, 2013

PAYOFF QUOTE GOOD THRU APRIL 30, 2013

ATTN: David Branger (Attorney) via USPS: 436 S 7th St, Louisville, KY 40203

| | |
|---|---|
| Owner Name: | KARYN D & PHILLIP R JULIAN |
| County: | JEFFERSON |
| Property Address: | 2219 W KENTUCKY ST |
| | LOUISVILLE, KY 40210-1158 |
| | PARCEL ID 07038B00410000 |

JEFFERSON CIRCUIT ACTION NO 13-CI

| | |
|---|---|
| Stock Number | 312985 |
| Tax Bill # | 2009070001500 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.44 |

| | |
|---|---|
| TE Principal | $843.90 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $303.76 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $590.73 |
| SUBTOTAL | $1,838.39 |

| | |
|---|---|
| CLO Legal Fees | $1,119.00 |
| SUBTOTAL | $1,119.00 |

| | |
|---|---|
| CLO Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $52.50 |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Phillip Julian & Karyn Julian | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee – Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Kentucky Secretary of State – Process of Service for Deutsche Bank National Trust Co. | $14.55 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fee – Estimate | $150.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |
| Foreclosure Costs and/or Expenses: Lien Data Services – County PVA | $100.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $350.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses:<br>Postage/Photocopies/Long Distance/Facsimile | $44.76 |
| SUBTOTAL | $1,035.81 |
| TOTAL: | $3,993.20 |

As of April 2, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through April 30, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

**Please make checks payable to Craig Law Office, PLLC, and mail to the address above and reference JEF301741/JULIAN on any form of payment.**

The above referenced taxpayer may have more than one delinquent tax bill. Craig Law Office, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301741
PM 228.01283

Case No. 13-CI-400421                                  Jefferson Circuit Court, Division 13
    C/W 13-CI-400451                                Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC                                                    Plaintiff

v.                          **Harper Counterclaimants'**
               **Second Amended Counterclaim**
                                                      Defendants

Rose Harper
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

and

Rose Harper                                                    Counterclaim Plaintiffs
Deddo Goldsmith
Phillip R. Julian
Karyn Julian and
James Brown

v.

Tax Ease Lien Servicing, LLC,                                  Counterclaim Defendants
Tax Ease Lien Investments 1, LLC, Blue Grass
Abstract, LLC, Lien Data Services, LLC, Phil
Migicovsky, Hayden Craig & Grant, PLLC,
Richard Eric Craig, Sherrow, Sutherland &
Associates, PSC, and Billy W. Sherrow

                       * * * * * *

> **WHEREAS, since [2005], it has come to the attention of the General Assembly that some private purchasers have been attempting to exact unconscionable attorneys' fees and costs from individuals paying certificates of delinquency. . . .**
>
> **2007 Ky. Acts Ch. 14, preamble.**

Rose Harper, Deddo Goldsmith, Phillip Julian, Karen Julian, and James Brown, by counsel and on behalf of others similarly situated, for their counterclaim against Tax Ease Lien Servicing, LLC ("TELS"); Tax Ease Lien Investments 1, LLC ("TELI"); Blue Grass Abstract, LLC ("BGA"); Lien Data Services, LLC ("LDS"); Phillip S. Migicovsky; Hayden, Craig & Grant, PLLC, (n/k/a) Craig Law Office, PLLC ("HCG"); Richard Eric Craig, Sherrow, Sutherland & Associates, PSC ("SSA"); and Billy W. Sherrow; , state as follows:

1

## INTRODUCTION

1.  This is a class action counterclaim brought on behalf of Ms. Harper, Mr. Goldsmith, Mr. and Mrs. Julian, Mr. Brown, and a class of all Kentucky property owners, lenders, and purchasers who have had fraudulent, unlawful, non-actual, and unreasonable attorneys' fees and costs sought or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact. The counterclaim defendants, individually and through associations-in-fact, operate a state-wide fraudulent scheme to collect excessive and unlawful costs many times more than the legal total return on tax certificates of delinquency.

## THE PARTIES

2.  Rose Harper is 76 years old and has been widowed for over 20 years. She and her son Deddo Goldsmith, along with other family members, live in a house at 304 N. 17th Street in Louisville. Ms. Harper has lived in this house since 1974, although she has sold, rented, and repurchased the house in the intervening 39 years. Mr. Goldsmith is a truck driver. Unless otherwise specified, references in this counterclaim to Ms. Harper include Mr. Goldsmith.

3.  Mrs. Julian has owned the house at 2219 West Kentucky St., in Louisville, since 1983. She and her husband Phillip are both disabled and retired.

4.  James Brown has owned the house located at 3411 W. Muhammad Ali Boulevard since 1977.

5.  TELS is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is in the business of purchasing and collecting certificates of delinquency resulting from unpaid real property taxes. It also sells financial services in the form of payment plans. TELS has been one of the top five purchasers of certificates of delinquency in Jefferson County over the last

2

five years and was the largest by dollar amount in 2012. Phillip S. Migicovsky is a manager of TELS.

6. TELI is a Kentucky limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It is TELS alter ego, it is substituted for TELS without explanation by TELS's attorneys, and it is referred to by those attorneys as an "a/k/a" for TELS. See Exhibits 1 and 2. Phillip S. Migicovsky is a manager of TELI.  For purposes of this counterclaim, references to TELS include TELI.

7. BGA is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys with abstracts of title for real property located throughout Kentucky. Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 3.

8. LDS is a Texas limited liability company with its principal place of business at 14901 Quorum Dr., Suite 900, Dallas, Texas. Its agent for process is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601. It appears to have no Kentucky place of business, yet purports to provide TELS and its attorneys services in connection with tax lien foreclosures.  Phillip S. Migicovsky is the sole identified manager of BGA and is identified as its organizer in the records of the Kentucky Secretary of State. See Exhibit 4.

9. Phil Migicovsky is, upon information and belief, a resident of Texas.  He controls TELS, TELI, BGA, and LDS and their business transactions in Kentucky either as a manager or the sole manager of those entities, and was the organizer of BGA and LDS in Kentucky.

Mr. Migicovsky is subject to service through the Kentucky Secretary of State at 14901 Quorum Dr., Suite 900, Dallas, TX 75254.

10. HCG is a Kentucky professional limited liability company with its principal office at 718 West Main St., Suite 202, Louisville KY 40202. Its registered agent at that address is Richard Eric Craig. HCG participates in the management and operation of TELS's tax lien foreclosure business in Kentucky. It prepares and mails various letters required under Kentucky statutes regulating tax liens, calculates payoff amounts and sends those through the mails and interstate wires, establishes payment plans, and forecloses on the liens, causing process and other papers to be sent through the mails. In performing all these functions, HCG asserts and collects claims on behalf of TELS for purportedly actual and reasonable costs arising out of services provided by BGA, LDS and HCG.

11. Richard Eric Craig is an attorney licensed to practice law in the Commonwealth of Kentucky. He is a member of HCG, and performs and supervises the functions of HCG described above.

12. SSA is a Kentucky professional service corporation with its principal office at 200 Southland Drive, Lexington, Kentucky, 40503. SSA allows TELS and others to place its name and address on letters prepared by LDS and mailed by LDS through a third party vendor. These letters are later misrepresented to Kentucky courts and others as evidence of actual work performed by SSA attorneys for the purpose of manufacturing the maximum amount of prelitigation attorney's fees authorized by KRS 134.452.

13. Billy W. Sherrow is the president and a director of SSA. He allows TELS and others to place a facsimile of his signature on letters prepared by LDS and mailed by LDS through a third party vendor. These letters are later misrepresented to Kentucky courts and others as evidence of actual work performed by Mr. Sherrow for the purpose of manufacturing the maximum amount of prelitigation attorney's fees authorized by KRS 134.452.

4

14. All of the counterclaim defendants conduct and participate in the conduct of the affairs of an association-in-fact enterprise made up of at least TELS, TELI, BGA, LDS, Phillip S. Migicovsky, HCG, Richard Eric Craig, SSA, and Billy W. Sherrow ("the TELS Defendants").

15. All of the counterclaim defendants reside in and/or transact business in the Commonwealth of Kentucky either themselves or by agents. The claims in this action arise out of their business transacted in Kentucky.

## THE TAX LIEN OVERCHARGING SCHEME

16. When Kentucky property taxes remain unpaid beyond statutory deadlines, the tax liability is converted to a certificate of delinquency held by the county clerk in the county where the property is located. Those certificates are ultimately sold to private purchasers, including TELS and TELI, who pay cash in the amount of the back taxes and assorted statutory fees.

17. The certificates bear interest at the rate of 12% per year and are a lien on the real property of the taxpayer superior to all other liens, including prior mortgages. They also support an *in personam* claim against the owner of the real property on the date of assessment.

18. To ensure that the private purchasers receive the full 12% interest, Kentucky statutes entitle them to collect actual and reasonable attorneys' fees and costs in collecting the certificates, subject to both statutory and court-supervised limitations.

19. Because of the sort of abuses referenced in the preamble to this counterclaim, the statutes governing the tax lien collection process have been under almost constant revision since 2007. But the limitation that attorney's fees and costs recovered as part of the collection be both "actual" and "reasonable" has been part of the statute since the creation of KRS 134.452 in 2007 and has survived all amendments. The same standard has also long

5

applied to attorney's fee recoveries in all actions, and is an ethical limitation enforced under SCR 3.130(1.5).

20. This super-secured net 12% return is not enough for the TELS Defendants, who devised a scheme to multiply the total return on the certificates of delinquency by a factor of two, three, or more, while also extracting fees for work not performed along the way.

21. The TELS Defendants have executed this scheme by creating shell entities, including BGA and LDS, to fabricate and charge themselves non-actual and unreasonable attorney's fees and litigation costs, which they then attempt to pass on to property owners, to the detriment of both the property owners and junior lien holders.

**The BGA scheme fabricates $300 in charges per lien.**

22. BGA purports to be a title abstract company ("Blue Grass Abstract") that performs the title work necessary to identify proper defendants in foreclosure actions relating to certificates of delinquency. In fact, it has no presence in Kentucky, no ability to perform meaningful title review in Kentucky, and relies completely on subcontractors to perform its actual work.

23. A substantial portion of the actual title work is subcontracted to Court Street USA, LLC, a Kentucky company located in Pendleton County and doing business as Document Retrieval Network ("DRN"). DRN maintains a network of title abstractors throughout Kentucky who are capable of actually inspecting and reporting on Kentucky titles. DRN has performed nearly 6000 title searches and other related services for the TELS Defendants since 2010. Its average charge to the TELS Defendants for this work is approximately $100, and its work product alone is sufficient for a competent attorney to use to prepare a foreclosure complaint. DRN's work product in connection with Rose Harper's parcel is attached as Exhibit 5. The Harper property was an outlier in terms of DRN's charges, with the total cost to BGA of $259.

6

24. BGA received DRN's work, added no value whatsoever, and billed HGA $595, the same amount demanded by HGA of Ms. Harper and Mr. Goldsmith.

25. BGA adds approximately $300 in bogus fees to nearly every title report associated with a TELS Defendant foreclosure while adding no value to title work that it typically purchases for approximately $100. This fraudulent charge alone often effectively doubles the total return for the TELS Defendants, while concealing the fraud as a litigation expense. To ensure that these unlawful charges are recovered, they are added to the files well before litigation actually commences, and in some cases before the title work is actually performed.

26. In at least one instance, TELS purports to have charged its own attorney $205 for purported title work, who then claimed to have charged the same amount back to TELS. This was after the same attorney affirmed that he had already paid BGA $195 for a title search in the same action, for a total of $400 for purported title review. See Exhibit 6. The court in that action limited TELS to a reasonable charge of $100 for all title work. See Exhibit 7.

**The LDS scheme fabricates hundreds of dollars of bogus attorney's fees.**

27. TELS is a debt collection mill and, like most such businesses, regularly and repeatedly duns its debtors to encourage payment.

28. Some letters are internally described as "soft," and attempt to extract money through offers of cooperation. See Exhibit 8.

29. Some letters written to make it sound like the debtors are lucky to be dealing with a company such as TELS, which is always "***READY TO MAKE A DEAL!!!***" at "***VERY favorable terms***" See Exhibit 9.

30. Not surprisingly, some letters are internally described as "hard," and simply threaten to foreclose if payment is not made. See Exhibit 10.

31. The TELS Defendants, and particularly LDS, maintain complex computer databases to create and track all of this correspondence.  Unfortunately for the TELS Defendants, Kentucky law does not allow them to recover directly for all these letters, meaning that the cost has to come from the guaranteed 12% return on the certificates of delinquency. The TELS Defendants have found a fraudulent way around this limitation, however.

32. Kentucky law *does* allow third-party producers to recover some pre-litigation attorney's fees, contemplating the third-party purchasers will actually hire real Kentucky lawyers, and pay them to actually attempt to collect the debt.  That doesn't put money in TELS pockets, however, so the TELS Defendants simply pretend to be lawyers. Using the same LDS mechanisms that already exist to send dunning letters, the TELS Defendants send nearly identical letters purporting to come from SSA and Billy Sherrow. The TELS Defendants then represent to courts throughout the Commonwealth that these letters were actually prepared by SSA at a cost of approximately $75 per letter and that TELS should be reimbursed these amounts as attorney's fees.

33. Examples of these phony attorney's letters are attached as Exhibit 11.  It's no coincidence that they are nearly identical in format to the other collection letters, as they are prepared by the same LDS employees, under the direction of Phil Migicovsky, Michelle Le and others.

34. The bogus letters are then shipped, hundreds or thousands at a time, to a mail processing vendor in Lexington, Kentucky, which mails them and returns paperwork to LDS making it appear that the mailing was performed for SSA.

35. To make this system work, the TELS Defendants need a Kentucky lawyer willing to allow his name to be used, and they found him in Billy Sherrow of SSA. Mr. Sherrow's scanned signature and firm name appear atop tens, if not hundreds, of thousands of letters created by TELS/LDS in Dallas. LDS creates the letters, the mailing database merges, the associated postal records, and everything else associated with these letters, and then sends

8

them, not to Mr. Sherrow, but to a mailing vendor in Lexington, who sends them to the victims of the scheme.

36. When the TELS Defendants collect from the victims of their scheme, either through foreclosure action, or otherwise, they simply multiply $60-$75 by the number of letters required to reach the maximum pre-litigation attorney's fees statutorily authorized for that particular claim, thus converting their own clerical work into "attorney's fees" in order to increase their own recovery while giving the appearance of complying with Kentucky law.

37. A well-documented example of this scheme is seen in the Lincoln County action styled *TELI v. Betty Ann Martin*, 10-CI-00197. In that action, the tax lien in question was purchased for $267.33. Under KRS 134.452, the maximum prelitigation attorney's fees recoverable were $267.33.

38. In the *Martin* case, Trey Gulledge, the COO of TELS, presented an affidavit representing to the court that Mr. Sherrow and SSA had prepared a series of letters supporting a claim for attorney's fees. According to Mr. Gulledge, TELI "incurred" $69.50 for two of the letters, $62.50 for another, and $65.83 for the last letter (the exact amount left to maximize the attorney's fees allowed by law) See Exhibit 12.

39. In fact, the letters were prepared and mailed by Michelle Le, a leased employee of LDS. Ms. Le mailed the letters in question, along with thousands more, through a vendor in Lexington. One of the letters to Ms. Martin referenced in Mr. Gulledge's affidavit is attached as Exhibit 13. It was obtained through subpoena of the Lexington mailing vendor. As is almost universally the case, the same mailing batch included a confirmation letter to Ms. Le, attached is Exhibit 14.

40. Kentucky law authorizes up to $700 in pre-litigation attorney's fees, depending on the amount of the certificate of delinquency. The TELS Defendants have manufactured a

scheme to pocket that money in support their dunning operation without actually paying the millions of dollars were supposedly represented by these letters to any attorney. On a typical-sized certificate of delinquency, the LDS scheme by itself can more than double the 12% return authorized by law.

41. In addition to the phony attorney's fees, the TELS Defendants also include a uniform $100 charge for LDS in their payoff communications, further increasing their return through the collection of unauthorized fees. See Exhibits 1, 18, 20, and 23. While in reality this bogus charge simply supports the same dunning operation, Mr. Craig has a different explanation, discussed in connection with several of the individual counterclaim defendants below.

42. Through the BGS scheme, the LDS scheme, and other methods, the TELS Defendants dramatically increase their return on the certificates of delinquency by fraudulently inflating attorneys' fees and costs and using the United States mails and wires to assert claims for attorneys' fees and costs against taxpayers that were neither actual nor reasonable, nor authorized by statute. These charges include:

    a. charges for title reports that are inflated by more than 800%,

    b. charges for warning order attorneys that are inflated by up to 900%,

    c. charges for address checks that are *50 times* the statutory maximum cost to TELS,

    d. charges for unreasonable attorneys' fees,

    e. charges for attorney's fees based on work done by LDS, and

    f. duplicated charges otherwise awarded through statutory allowances.

43. TELS claims to be the largest private purchaser of certificates of delinquency in the Commonwealth and to be active in all 120 counties. It represents that it has purchased over 60,000 certificates of delinquency in the Commonwealth Kentucky for over $50 million. Court records from other actions involving members of the association-in-fact

enterprise indicate that the scheme is being applied in many actions and in multiple counties.

44. TELS promotes itself to public officials as a low-cost alternative to consumer loans. In fact, after the operation of its scheme, the costs TELS charges are substantially higher than loans for the actual liabilities under the certificates of delinquency.

45. When the scheme has been brought to the attention of judges and other court officers, the unreasonable charges have been questioned or rejected. See Exhibits 7 and 15.

46. But TELS is aware that most assertions of these charges will never come to the attention of any court, and thus TELS continues to assert them throughout the Commonwealth.

47. When challenged by property owners with counsel, the TELS Defendants repeatedly settle or attempt to withdraw their claims, focusing their efforts on those unable to mount a defense.

**THE SCHEME IN ACTION—Rose Harper**

48. On April 26, 2011 Ms. Harper and Mr. Goldsmith purchased 304 N. 17th Street. They had previously been tenants in the property. Their seller, Trinity Christian Action, Inc., had not paid property taxes for several years prior to the sale. Almost immediately upon closing, Ms. Harper received a delinquent tax notice for tax year 2010 from Jefferson County Attorney Michael O'Connell.

49. On June 27, 2011, Ms. Harper entered into a payment plan with County Attorney O'Connell's office for the 2010 taxes, and successfully paid them off by November 2011, for $870.00. See Exhibit 16.

50. On August 6, 2010, TELS purchased a certificate of delinquency resulting from real property taxes assessed as of January 1, 2009 on 304 N. 17th Street. These taxes were an obligation of Trinity Christian Action, Inc., the owner of 304 N. 17th Street on January 1,

2009. The purchase price of the certificate of delinquency was $855.76; essentially the same tax amount as the 2010 bill.

51. On July 1, 2011, three days after Ms. Harper entered into the payment plan with County Attorney McConnell, TELS, using the LDS scheme, sent a letter through the U. S. mail to Ms. Harper regarding the 2009 certificate of delinquency it had purchased for $855.76. The letter demanded a payoff of $1535.40. See Exhibit 17.

52. The July 1, 2011 letter sent by TELS/LDS was part of the fraudulent scheme to obscure the amounts sought by TELS, as evidenced by the multiple ways that the letter fails to comply with the requirements of KRS 134.490. The deficiencies include:

    a.    failure to state the intent to institute legal action to collect the amount due,

    b.    failure to state that the certificate bears interest at the statutorily specified rate,

    c.    failure to separately state the purchase price for the certificate of delinquency,

    d.    failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency, and

    e.    failure to state separately the fees imposed by the third party purchaser.

53. On or about September 1, 2011, TELS/LDS sent another letter to Ms. Harper regarding the lien. The September 1 letter also fails to contain much of the information required by KRS 134.490.

54. Both the July 1 and September 1, 2011 letters were part of the LDS scheme to defraud Mr. Harper into paying attorney's fees not authorized by law.

## THE $4221.46 HARPER PAYOFF DEMAND

55. After being served with the complaint in this action, counsel for Ms. Harper contacted HCG to request a payoff demand for the lien.

56. After multiple requests, HCG produced the payoff demand for $4221.46, attached as Exhibit 18.

57. The TELS enterprise payoff demand includes $595 for a "title report fee," supposedly for a report prepared by BGA. In fact, BGA paid DRN $259 for the actual title report, marking it up 230% or up to 800% above the usual and customary rate in Jefferson County for a residential lot. TELS, which bragged to public officials about negotiating aggressive rates with its attorneys, did not actually pay multiples of the going rate for title report on an unremarkable urban residential lot. The reasonable cost of obtaining a title report sufficient to support the complaint involving 304 N. 17th Street is substantially less than $595.

58. The overcharging for title reports purportedly prepared by BGA, an entity under control of the TELS Defendants, is an essential part of the TELS Defendants' fraudulent scheme.

59. The TELS enterprise also demands $270 for a warning order fee. The payoff quote was generated weeks after the complaint in this action was filed. The complaint included three warning orders. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 for each additional defendant. Although TELS claims that this number is an "estimate," HCG demanded the amount as "necessary" to redeem the tax bill in the payoff. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 135% of the actual warning order cost in this action and the $270 demand is part of a scheme by the TELS Defendants to improperly increase recoveries for the enterprise through the certificate of delinquency process.

60. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA required by KRS 134.490(3), which has a maximum statutory cost of $2. Mr. Craig claimed that the TELS Defendants used a "belt and suspenders" approach by doing further address checks beyond simply reviewing PVA data. As the Jefferson County PVA has a well-maintained website which is a

statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

61. The complaint signed by Mr. Craig avers that the Jefferson County PVA was the actual source of the address check used in the purported notices, and Mr. Craig attached a page from the PVA website to his complaint as confirmation. See Exhibit 19.

62. The overcharging for address checks purportedly prepared by LDS, an entity under control of the TELS Defendants, is an essential part of the TELS Defendants' fraudulent scheme.

63. The TELS enterprise seeks to recover $961 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Ms. Harper that fail on their face as a matter of law, 3) fails to assert claims in the body against parties named in the caption and 4) on information and belief, is generated by an automatic template populated through a database, $961 is not a reasonable attorneys' fee for preparing such a document.

64. The payoff also seeks $25 for the filing of what are apparently two *lis pendens*, as well as an additional $28 for releasing them.  As of the date of the original counterclaim, no *lis pendens* appeared in the online records of the Jefferson County Clerk indexed against Rose Harper or Deddo Goldsmith. Such costs are not actual, as defined by statute. The lis pendens further asserts that TELS action seeks to enforce a lien against parcel for which TELS owns no certificate of delinquency.  This fraudulent overcharge was likely to end up in Mr. Craig's pocket.

65. By March 2013, the TELS enterprise's legitimate 12% interest return on its $855.76 investment in the lien on 304 N. 17th Street was $299.52. Entities under common control with TELS added approximately $2000 of bogus "attorney's fees" and "costs" to that

amount, pushing the effective interest rate on the original deficiency to approximately 88%.

66. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

### THE SCHEME IN ACTION— Habitat Louisville

67. The TELS Defendants' scheme is very consistent from parcel to parcel.

68. On August 6, 2010, the same day that TELS purchase the certificate of delinquency on 304 N. 17th Street, TELS also purchased a certificate of delinquency resulting from unpaid real property taxes assessed as of January 1, 2009 on 509 Marret Avenue, Louisville. The purchase price of the certificate of delinquency was $842.67.

69. In December 2011, Habitat for Humanity of Metro Louisville, Inc. ("Habitat Louisville") purchased 509 Marret Avenue.

70. Habitat Louisville is a Kentucky nonprofit corporation with its principal place of business at 1620 Bank Street, Louisville, Kentucky. Habitat Louisville was created in 1986 for the purpose of building simple, decent housing in partnership with God's people in need. It is an affiliate of Habitat for Humanity International, an entity created in 1976 by Millard and Linda Fuller and dedicated to the elimination of poverty housing worldwide.

71. Habitat Louisville's headquarters is directly across 17th St. from Ms. Harper's house.

72. From the date of Habitat Louisville's closing on 509 Marret Avenue in December 2011 to the service of a complaint in January 2013, TELS did not contact Habitat Louisville regarding the certificate of delinquency.

73. After being served with a complaint, Habitat Louisville contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

74. Mr. Craig responded with a payoff demand and an October 31, 2011 notice letter signed by Mr. Craig. See Exhibits 1 and 20. Although the statutes mandate letters in addition to the one provided by HCG, Mr. Craig refused to provide any other notice letters, informing Habitat Louisville that it would have to obtain such letters in discovery and would become subject to an additional award of attorneys' fees associated with that discovery.

75. The October 31, 2011 letter sent by Mr. Craig fails to comply with the requirements of KRS 134.490. The deficiencies include:

    a.   failure to separately state the purchase price for the certificate of delinquency,

    b.   failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency,

    c.   failure to state separately the fees imposed by the third party purchaser; and

    d.   failure to provide the legal name of the third-party purchaser.

76. In addition to those failures to comply with statutory prerequisites, the letter demands sums far in excess of those allowed by KRS 134.452, which enumerates the only amounts recoverable in connection with a certificate of delinquency.

77. TELS's notice initially demands, as a lump sum prohibited by statute, $1675.77, an amount in excess of the mathematical statutory maximum amount for attorneys' fees, interest, and principal associated with the lien. TELS then demands an additional $250 for writing the very letter containing the unlawful demand, $2.20 for mailing it, $300 for a title report nowhere authorized by statute (and at least double or triple the reasonable amount in Jefferson County), and an additional $100 for checking the address to which to the send the letter (for which service the PVA is statutorily limited to a $2 charge).

78. In fact, the title report for which Mr. Craig demanded $300 did not exist on October 31, 2011, and was not even ordered from DRN until January, 2012. Since a settlement would obviate the need for any title report, no amount for title report would be reasonable under the circumstances of the October 31, 2011 letter.

16

79. This amounts to a demand for 210% of the fees, costs, and interest recoverable on top of the purchase price of the certificate of delinquency, increasing the enterprise's return from the 12% authorized by statute to an effective return of at least 128%.

80. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

### THE $4440.09 HABITAT LOUISVILLE PAYOFF DEMAND

81. In addition to the deficient October 31, 2011 letter, Mr. Craig provided Habitat Louisville with a payoff demand for the $842.67 certificate of delinquency totaling $4440.09, effective February 12, 2013.

82. The TELS enterprise payoff demand includes $560 for "title report fee," supposedly for a report prepared by BGA. This $560 demand for a title report is up to 700% above the usual and customary rate in Jefferson County. In fact, BGA paid DRN $263.50 (another outlier in Jefferson County) for the title report, marking up report 211%. The actual and reasonable cost of obtaining a title report sufficient to support the complaint involving 509 Marret Avenue is substantially less than $560.

83. The TELS enterprise also demands $500 for a warning order fee. The payoff quote was generated weeks after the complaint in the action was filed. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $500 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 900% of the actual warning order cost in that action and on information and belief the $500 demand is part of a scheme by the TELS Defendants to improperly increase recoveries in the certificate of delinquency process.

84. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified again as "County PVA." According to Mr. Craig, this fee is an effort to recover for the

17

address check from the Jefferson County PVA, which has a maximum statutory cost of $2. As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

85. The TELS enterprise also seeks to recover $1,083 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, 2) asserts claims against Habitat Louisville that fail on their face as a matter of law, and 3) on information and belief, is generated by an automatic template populated through a database, $1,083 is not a reasonable attorneys' fee for preparing such a document.

86. By February 2013, the TELS enterprise's legitimate 12% interest return on its $842.67 investment in the lien on 509 Marret Avenue was $286.54. Entities under common control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

## THE SCHEME IN ACTION— Phillip and Kayrn Julian

87. Even after the filing of this counterclaim, the scheme continued.

88. Yet another of the liens purchased by TELS on August 6, 2010 encumbered 2219 West Kentucky Street, owned by Phillip and Karyn Julian. The purchase price of the certificate of delinquency was $843.90; nearly identical to the Harper and Habitat Louisville certificates.

89. After being served with a complaint, Mr. and Mrs. Julian contacted HCG to request payoff information and copies of notice letters required to be sent and maintained by TELS pursuant to statute.

90. As was the case with Ms. Harper, HCG was nonresponsive, and it was only after they hired attorney David Branger that a payoff was finally generated, weeks after the first request. See Exhibit 21.

91. Once again, the payoff contains multiple non-actual and unreasonable fees and costs.

## THE $3993.20 JULIAN PAYOFF DEMAND

92. The TELS enterprise payoff demand includes $350 for "title report fee," supposedly for a report prepared by BGA. This $350 demand for a title report is up to 450% above the usual and customary rate in Jefferson County, and BGA paid DRN $250 for the actual title report.[1] The reasonable cost of obtaining a title report sufficient to support the complaint involving 2219 W. Kentucky Street is substantially less than $350.

93. The TELS enterprise also demands $150 for a warning order fee. The Julian payoff quote was generated over a month after the complaint in the action was filed, over two months after Habitat Louisville pointed out inappropriate warning order charges and the very same day that HCG and Mr. Craig were sued for, among other things, overcharging for warning order costs. Nonetheless, the TELS enterprise continued with its overcharging practices.

94. The complaint included a single warning order. JRP 1001(a) limits warning order fees in Jefferson County to $100 for the first defendant and $50 each additional defendant. Although TELS claims that this number is an "estimate," Mr. Craig demanded the $150 as "necessary" to redeem the tax bill. There is no need to estimate a fee that is already capable of precise determination. Despite this, the enterprise demands 150% of the actual warning order cost in that action and on information and belief the $150 demand is

---

[1] These three property owners are in the minority in Jefferson County in that their actual title reports cost is greater than $100. Of the 844 jobs DRN performed for BGA in Jefferson County, 677 had title retrieval fees of $115 or less. The TELS Defendants most often seek $400 for title work.

part of a scheme by the TELS enterprise to improperly increase recoveries in the certificate of delinquency process.

95. The TELS enterprise also demands $100 reimbursement for a charge from LDS identified as "County PVA." According to Mr. Craig, this fee is an effort to recover for the address check from the Jefferson County PVA required by KRS 134.490(3), which has a maximum statutory cost of $2. Mr. Craig claimed that the TELS Defendants used a "belt and suspenders" approach by doing further address checks beyond simply reviewing PVA data. As the Jefferson County PVA has a well-maintained website which is a statutorily permissible source of the address information, the actual cost was almost certainly less than $2.

96. The TELS Enterprise also sought to recover $13 for filing a lis pendens in connection with the action, as well as $28 for releasing it. In fact, the lis pendens was not filed until April 24, over three weeks after the payoff was tendered, and after HGC and Mr. Craig had been sued. Yet the $41 was "necessary" to redeem the lien on April 2. This fraudulent overcharge was likely to end up in Mr. Craig's pocket.

97. The TELS enterprise also seeks to recover $1,119 in attorneys' fees beyond those recoverable in the pre-litigation phase of the proceedings. Given that TELS's complaint 1) contains multiple inaccurate statutory references, and 2) on information and belief, is generated by an automatic template populated through a database, $1,119 is not a reasonable attorneys' fee for preparing such a document.

98. By February 2013, the TELS enterprise's legitimate 12% interest return on its $843.90 investment in the lien on 509 Marret Avenue was $303.76. Entities under common control with TELS added approximately $2,100 of "attorneys' fees" and "costs" to that amount, pushing the effective interest rate to approximately 91%.

99. This demand for excessive fees and costs is a violation of KRS 134.452 and .990(11).

THE SCHEME IN ACTION— James Brown

100.   While the TELS Defendants grossly overcharge property owners who end up in litigation with them, they must incur some actual fees to prepare and file complaints. Their real opportunity to gouge property owners comes when a property owner responds to one of their dunning letters before a suit is filed.

101.   James Brown owns a house at 3411 West Muhammad Ali Boulevard.

102.   TELI purchased a 2004 Certificate Delinquency on 3422 West Muhammad Ali Boulevard from another third party purchaser.

103.   On November 15, 2011, Mr. Craig mailed the letter attached as Exhibit 22 to Mr. Brown. As is the case with all of Mr. Craig's other letters, it fails to comply with KRS 134.490. The deficiencies include:
       a.   failure to separately state the purchase price for the certificate of delinquency;
       b.   failure to separately state the interest accrued subsequent to the purchase of certificate of delinquency; and
       c.   failure to state separately the fees imposed by the third party purchaser.

104.   TELI's notice initially demands, as a lump sum prohibited by statute, $2,344.95. TELI then demands an additional $250 for writing the very letter containing the demand, $2.20 for mailing it, $300 for a title report nowhere authorized by statute (and at least double or triple the reasonable amount in Jefferson County), and an additional $100 for checking the address to which to the letter was sent (for which service the PVA is statutorily limited to a $2 charge).

105.   Consistent with other property owners, Mr. Craig demands $300 for a title report that is not yet complete. When DRN completed the report 45 days after Mr. Craig's letter, it charged BGA $103 for the report.

106.   After receiving the letter, Mr. Brown contacted Mr. Craig's office and inquired about a payment plan. Mr. Craig responded with the January 9, 2012 letter attached as

Exhibit 23. That letter included both a payoff quote and a proffered "forbearance agreement" between Mr. Brown and TELI and these were sent through the U.S. mail. In addition to the overcharges described above, the title report now cost Mr. Brown $400 (maintaining the BGA $300 margin).

107.    In addition to the already excessive attorney's fees, Mr. Craig demands an additional $500 for attorney's fees for a complaint he had not yet written, and would not write.

108.    Mr. Craig also demands $300 in attorney's fees for the 24 month forbearance agreement. When combined with the attorney's fees for the unwritten complaint, Mr. Craig is effectively charging four times the already-generous statutory administrative fee for a tax lien settlement agreement. When combined with the $250 supposedly earned by writing the deficient 45-day letter, this claim for attorney's fees also matches what Mr. Craig demands for cases that he actually litigates.

109.    Among the representations made by the TELS Defendants in the settlement agreements are that "TELI is lawfully entitled to collect the amount shown for the above described tax bill," and "statutorily recoverable administrative and attorney's fees, costs and accumulated statutory interest is $3,659.48.

110.    Those statements are false, as much of the amount claimed is fabricated by the BGA scheme, the LDS scheme, and other misrepresentations of the TELS Defendants.

111.    The TELS Defendants made those statements with the intent of causing Mr. Brown to rely upon them to his detriment.

112.    Mr. Brown did, in fact, rely upon the false statements of the TELS Defendants in executing the forbearance agreement.

113.    Mr. Brown paid the TELS Defendants under the forbearance agreement, including sums falsely represented by the TELS Defendants to be statutorily authorized.

114.   The amounts collected by the TELS Defendants include pre-litigation attorney's fees of $591.68, the statutory maximum given the amount of Certificate of Delinquency. As represented by the TELS Defendants to the Kentucky courts, those pre-litigation fees are based on letters purportedly written by SSA and Mr. Sherrow, including the letter attached as Exhibit 24. In fact, that letter was prepared by LDS, not SSA, and cannot support any claim for attorney's fees. By January, 2012, the legitimate return of TELS Defendants Certificate of Delinquency in connection with 3411 West Muhammad Ali Boulevard was approximately $870 in connection with the 24 month settlement agreement. The demand of $3,659.48 is almost four times that amount, and includes bogus fees and costs sufficient to give TELS Defendants an effective return on the Certificate of Delinquency of approximately 45%.

## CLASS CERTIFICATION ALLEGATIONS

115.   The counterclaim plaintiffs seek certification of a class under both CR 23.02(b) and (c).

116.   **Definition of the Class.** Counterclaim plaintiffs bring this action on their own behalf and on behalf of a class of all Kentucky property owners, lenders, and purchasers who have had unlawful, non-actual, and unreasonable attorneys' fees and costs demanded from or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact.

117.   Excluded from the Class are the TELS Defendants; officers, directors or employees of the TELS Defendants; any entity in which the TELS Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of the TELS Defendants; any federal, state, or local governmental entity; persons who properly execute and file a timely request for exclusion from the class; the legal representatives, successors or assigns of any such excluded persons; and any judge, justice, or judicial officer presiding over this matter and the members of their

immediate families and judicial staffs. Counterclaim plaintiffs reserve the right to modify or amend this Class definition if discovery and/or further investigation so necessitate.

118.   **Numerosity.** The exact number of the members of the Class is unknown and not available to counterclaim plaintiffs, but it is clear that individual joinder is impracticable. TELS purchased approximately 3000 certificates of delinquency in Jefferson County alone over the last five years, and court records indicate it is active throughout the state. Class members likely number in the thousands, but can be easily identified through TELS Defendants' records, which they are required by statute to maintain.

119.   **Commonality.** Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members. These common questions include:

(a) Are the title search costs charged by the TELS Defendants actual?

(b) Are the title search costs charged by the TELS Defendants reasonable?

(c) Are the pre-litigation attorney's fees sought by the TELS Defendants actual and reasonable?

(d) Is it reasonable to charge $100 for an address check service available from the property valuation administrator for $2 or less?

(e) Is that $100 charge for an address check actual?

(f) Are the other charges, including attorneys' fees demanded and collected by the TELS Defendants actual and reasonable?

(g) Have the TELS Defendants complied with the statutes governing tax lien foreclosure, including KRS 134.452 and .490?

(h) Are the counterclaim plaintiffs and the Class entitled to relief, and what is the nature of such relief?

120.    **Typicality.** Counterclaim plaintiffs' claims are typical of the claims of other members of the Class, as counterclaim plaintiffs and other Class members sustained damages arising out of the wrongful and unlawful assertion of liens and/or collection of money for unreasonable and non-actual fees and charges by the TELS Defendants, based upon the same pattern of conduct.

121.    **Adequate Representation.** Counterclaim plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and has retained counsel competent and experienced in complex litigation and class actions. Counterclaim plaintiffs have no interest antagonistic to those of the Class, and the TELS Defendants have no defenses unique to counterclaim plaintiffs.

122.    **Predominance and Superiority.** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the wrongful and unlawful actions of the TELS Defendants. It would be virtually impossible for the individual members of the class to obtain effective relief from the misconduct of the TELS Defendants. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be promoted and uniformity of decisions will be ensured.

123. **Policies Generally Applicable to the Class.** This class action is also appropriate for certification because the TELS Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The challenged policies and practice of the TELS Defendants apply and affect members of the Class, and counterclaim plaintiffs' challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to counterclaim plaintiffs.

## COUNT 1 – RICO Section 1962(c)

124. Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restate the averments of all previous paragraphs.

125. The defendants in this count are the TELS Defendants. The TELS Defendants are RICO persons who are each associated with the RICO enterprise.

126. The TELS Defendants created, participated in, and conducted the affairs of an association-in-fact RICO enterprise that affected interstate commerce through, among other thing, the use of the mails and interstate wires.

127. The purpose of the enterprise is to collect excessive, unreasonable, and non-actual fees and costs from property owners through the Kentucky tax certificate of delinquency system.

128. The TELS Defendants knowingly participated and conducted the affairs of the enterprise through a pattern of racketeering activity, individually, collectively, and through agents.

129. In order to further the fraudulent scheme, the TELS Defendants pattern of racketeering activity consisted of a continuing course of mail fraud, in violation of 18 U.S.C. 1341, and wire fraud, in violation of 18 U.S.C. 1341. The predicate acts include:

a. causing the July 1 and September 1, 2011 letters to be sent to Ms. Harper and Mr. Goldsmith;

b. sending the October 11, 2011 demand letter through the mails to Habitat Louisville's predecessor in title;

c. sending the February 12, 2013 payoff demand through the wires to counsel for Habitat Louisville;

d. causing the April 2, 2013 payoff letter to be sent to Mr. Mrs. Julian's attorney by the US mail;

e. sending the November 15, 2011 letter through the mails to Mr. Brown;

f. sending the January 9, 2012 forbearance agreement through the mails to Mr. Brown;

g. sending the fraudulent LDS letters through interstate wires from Texas to Kentucky on dozens of occasions;

h. sending invoices and other mail and wire communications between persons in the enterprise in an effort to legitimize the overcharges;

i. causing the Jefferson Circuit Court clerk to use the mails to serve the complaint in this and other actions on multiple parties in furtherance of the scheme; and

j. sending similar letters and demands to other class members.

130. For each Class member, KRS 134.452 and .490 required the TELS enterprise to send through the mails and interstate wires written notices of claimed amounts due. The precise date and substance of the fraudulent assertion of non-actual and unreasonable charges is contained within each letter. The TELS Defendants also utilized the mails for purposes of service of process in numerous other civil actions involving class members.

131. The false and fraudulent statements supporting the scheme are the assertions that the fees and costs in the communications are actual and reasonable, "necessary," and are otherwise authorized by statute.

132. TELS has been purchasing liens in the Commonwealth since at least 2005, and the scheme is believed to have been operating at least that long.

133. The scheme is part of an ongoing tax certificate of delinquency collection business, and there is a specific threat that the past conduct of the TELS Defendants will

project into the future. TELS purchased nearly $900,000 worth of tax liens in Jefferson County alone in 2012 which will not be eligible for collection until later in 2013. The fraudulent representations in mailings and wire communications are an essential part of the scheme, and will likely continue into the future.

134. As a direct and proximate result of the conduct of the TELS Defendants, the counterclaim plaintiffs were injured in their property through the assertion of inflated and improper liens against their property, collection of unreasonable and non-actual attorney's fees and costs, and and the need to hire counsel as a result of the assertion of those improper liens. Other Class members were damaged when they paid non-actual and unreasonable fees and costs asserted by the TELS Defendants.

## COUNT 2 – DECLARATION OF RIGHTS

135. Ms. Harper, Mr. and Mrs. Julian and Mr. Brown restate the averments of all previous paragraphs.

136. An actual controversy exists between Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and the Class on one side and the TELS Defendants on the other over the TELS Defendants' compliance with KRS 134.452 and .490.

137. The TELS Defendants seek to recover costs and attorneys' fees from Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and the Class that are neither reasonable, actual, nor authorized by the referenced statutes and have asserted a lien against Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown's real property and the property of other Class members for those amounts.

138. TELS's statutory violations have resulted in the suspension of the accrual of all interest and fees until TELS provides proper notice.

139. Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and the Class are entitled to a declaration of rights under the above-referenced statutes that TELS is not entitled to

collect the fees and charges it has demanded under the lien it asserts against Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and others' real property and that the accrual of all interest and fees have been suspended.

### COUNT 3 – INJUNCTIVE RELIEF

140.    Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restate the averments of all previous paragraphs.

141.    Ms. Harper has a concrete personal right to use 304 N. 17th Street without unlawful interference by the TELS Defendants.

142.    Mr. and Mrs. Julian have a concrete personal right to use 2219 W. Kentucky Street without unlawful interference by the TELS Defendants.

143.    Mr. Brown has a concrete personal right to use 3411 W. Muhammad Ali Blvd. without unlawful interference by the TELS Defendants.

144.    The TELS Defendants have asserted a lien against 304 N. 17th Street grossly in excess of the amount authorized by Kentucky law, impairing Ms. Harper's ability to use 304 N. 17th St.

145.    The TELS Defendants have asserted a lien against 2219 W. Kentucky Street grossly in excess of the amount authorized by Kentucky law, impairing Mr. and Mrs. Julian's ability to use 2219 W. Kentucky Street.

146.    The TELS Defendants have asserted a lien against 3411 W. Muhammad Ali Blvd. grossly in excess of the amount authorized by Kentucky law, impairing Mr. Brown's ability to use 3411 W. Muhammad Ali Blvd..

147.    The equities and public interest are in favor of compelling the TELS Defendants to comply with statutory limitations on fees and charges and to prohibit the TELS Defendants from seeking such charges from Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, or any other property owner, including all Class members.

148.   Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown have raised a serious question on the merits in light of undisputed evidence produced by the TELS Defendants.

149.   Ms. Harper, Mr. and Mrs. Julian, Mr. Brown and all other Class members are entitled to temporary and permanent injunctive relief against the TELS Defendants to preclude any further statutory violations and to vindicate their concrete personal rights to use their property.

150.   That injunction should also protect the property interests of the rest of the Class.

## COUNT 4 –DAMAGES PURSUANT TO KRS 446.070

151.   Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restates the averments of all previous paragraphs.

152.   The TELS Defendants have violated KRS 134.452, .490, and .990(11)(a)(1) and (2).

153.   The TELS Defendants' violations of those statutes and its assertion of a lien against Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and others' real property for excessive and unlawful fees have damaged Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and all other Class members in an amount in excess of the minimum jurisdictional limits of this Court.

154.   Pursuant to KRS 446.070, Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and the Class are entitled to recover damages from TELS for its violations of the above-referenced statutes.

## COUNT 5 –FRAUD

155.   Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restate the averments of all previous paragraphs.

156.   The TELS Defendants' representations to Mr. Brown described above constitute fraud.

157.   Mr. Brown and all other Class members have been damaged as a result of the fraud of the TELS Defendants, and is entitled to damages, including punitive damages as a result of that fraud.

## COUNT 6 –FRAUDULENT INDUCEMENT

158.   Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restate the averments of all previous paragraphs.

159.   The conduct of the TELS Defendants described above constitutes fraudulent inducement of Mr. Brown with regard to the forbearance agreement.

160.   Mr. Brown and all other Class members have the right to rescind the agreement as a result of the TELS Defendants' fraudulent conduct.

## COUNT 7 –KENTUCKY CONSUMER PROTECTION ACT

161.   Ms. Harper, Mr. and Mrs. Julian, and Mr. Brown restate the averments of all previous paragraphs.

162.   Mr. Brown entered into a transaction for the purchase of financial services primarily for personal, family or household purposes when he entered into the forbearance agreement.

163.   As a result of the TELS Defendants' use of methods, acts, and practices declared unlawful by KRS 367.170, Mr. Brown has been damaged, and is entitled to actual damages and equitable relief as the Court seems proper.

164.   The conduct of the TELS Defendants also entitle Mr. Brown and all other Class members to punitive damages under this count.

165.   In addition to the relief described above, Mr. Brown and all other Class members should be awarded a reasonable attorney's fee and costs in connection with the TELS Defendants violation of the Kentucky Consumer Protection Act.

WHEREFORE, having stated its counterclaim against the TELS Defendants, Ms. Harper, Mr. and Mrs. Julian and Mr. Brown respectfully request the Court for:

b.   a declaration that the TELS Defendants have asserted a lien against Ms. Harper, Mr. and Mrs. Julian, Mr. Brown, and other class members' real property for unlawful and unreasonable sums;

c.   a temporary and permanent injunction requiring the TELS Defendants to demand and recover no more than the statutorily allowable fees and costs in connection with lien rights;

d.   damages caused by the TELS Defendants' unlawful conduct,

e.   treble damages for Count 1;

f.   punitive damages for Count 7;

g.   an order requiring all TELS Defendants to divest all interests in TELS, TELI, BGA, LDS, and HCG;

h.   a reasonable attorneys' fee;

i.   the imposition of fines pursuant to KRS 134.990(11)(a)(1) and (2);

j.   leave to amend this complaint upon completion of reasonable discovery; and

k.   trial by jury on all issues so triable.

Respectfully submitted,

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY 40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served by electronic mail, pursuant to agreement, on 16th of May, 2013 to the following:



Joseph L. Hamilton
Majorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
*Co-counsel for Tax Ease Lien Servicing ,*
*LLC, Tax Ease Lien Investments 1, LLC,*
*Blue Grass Abstract LLC, Lien Data*
*Services LLC and Philip S. Migicovsky*

**AND**

This is to certify that a true and accurate copy of the foregoing has been served by U.S. Mail, postage pre-paid, on the above date to the following:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
*Co-counsel for Tax Ease Tax Ease Lien*
*Servicing, LLC*

INTERNAL REVENUE SERVICE
    C/O Eric Holder
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530
And
    c/o Kerry B Harvey
    U.S. Attorney's Office
    260 West Vine Street, Suite 300
    Lexington, KY 40507

John Earl Ramsey
The McDeer Firm
4355 Cobb Pkwy # J-505
Atlanta, GA 30339
*Counsel for Vesta Holdings I, LLC*

John M. Schardein
William P O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
*Counsel for Metro*

TRINITY CHRISTIAN ACTION, INC.
c/o Shelly Rader
529 N. 19th Street
Louisville, KY 40203

Zachary C. Webster
104 W. Maple St.
Nicholasville, KY 40356
 *Counsel for Southern Tax Services, LLC*

John H. Dwyer, Jr.

33

# Exhibit 1

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

October 31, 2011

Lela Mae Garner
7902 Gable Road
Louisville, KY 40219

RE:   NOTICE OF INTENT TO ENFORCE LIEN
      509 MARRETT AVE/JEFFERSON COUNTY, KY

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid 2009 ad valorem taxes on the real property at the address listed above. Pursuant to KRS 134.490, our client is required to inform you of the following:

1.   The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2.   The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3.   If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law. Collection actions may include foreclosure. If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4.   Pursuant to KRS 134.490(3)(f), the following information is provided to you:
     a.   The legal name of our client is Tax Ease Lien Investments 1, LLC.
     b.   Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
     c.   Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5.   A complete listing of the amount due as of September 1, 2011, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $1675.77 |
| Notice of Intent Foreclosure Warning Letter 10-30-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 10-31-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) estimate | $300.00 |
| Lien Data Services – County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| TOTAL | $2327.97 |

Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. Please call us at (502) 690-3095 to make arrangements to enter into payment plans.

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

If arrangements have already been made with this office, please disregard this notice.

Sincerely,

R. Eric Craig
HAYDEN CRAIG & GRANT, PLLC

MSN: JEF301882
EM   223.01302

Exhibit 2

BO 1 3 1 2 PG 0 8 8

CASE NO. 12-CI-401879

JEFFERSON CIRCUIT COURT
DIVISION_____

TAX EASE LIEN SERVICING, LLC                                  **PLAINTIFF**
AKA TAX EASE LIEN INVESTMENTS 1, LLC

v.                      <u>LIS PENDENS (NOTICE OF ACTION)</u>

HS DEVELOPERS, LLC, ET AL                                    **DEFENDANTS**

* * * * * * * * * *

The undersigned hereby gives the following notice pursuant to KRS 382.440:

1.      In the above-styled action in HS Developers, LLC Circuit Court, Plaintiff, Tax

Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1, LLC, seeks to enforce a tax lien

on property located in Jefferson County, Kentucky, known as **17105 Hillrock Place**,

Louisville, Kentucky, 40245, Parcel/Map ID# 21369206320000 and is more fully described

as follows:

> BEING Revised Tract 4 as shown on the Minor Subdivision
> Plat approved by the Louisville and Jefferson County
> Planning Commission on June 6, 2001, Docket No 114-01,
> which Minor Subdivision Plat is attached to and made part of
> a Deed of record in Deed Book 7671, Page 901, in the office
> of the Clerk of Jefferson County, Kentucky.
>
> Being the same property in which HS Developers, LLC,
> acquired an interest by virtue of a General Warranty Deed,
> dated May 23, 2003, of record in Deed Book 8148, Page 747,
> of the Jefferson County Clerk's Office.

2.      The person(s) whose right, title, interest or claim to said real property is

involved or affected are as follows:

    a.   Tax Ease Lien Servicing, LLC aka Tax Ease Lien Investments 1,

        LLC,

1

B 0 I 3 I 2 PG 0 8 8 9

b.   HS Developers, LLC,

c.   Unknown Occupants of 17105 Hillrock Pl, If any,

d.   Polo Fields Community Association, Inc.,

e.   Nebraska Alliance Realty Company, and

f.   Commonwealth of Kentucky, County of Jefferson.

DATED: _MAY 21_, 2012

THIS INSTRUMENT PREPARED BY:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

2

LB01312PG0898

THIS INSTRUMENT EXECUTED BY:

R. Eric Craig
P. Blaine Grant
J. Shannon Bouchillon
Donald J. Niehaus
HAYDEN CRAIG & GRANT, PLLC
718 West Main Street, Suite 202
Louisville, KY 40202
(502) 638-2836
(502) 805-0705 facsimile
*Counsel for Tax Ease Lien Servicing*
*a/k/a Tax Ease Lien Investments I,*
LLC

STATE OF KENTUCKY     )
                      ) SS
COUNTY OF JEFFERSON   )

Signed and acknowledged before me, Notary Public in and for the State of Kentucky and County of Jefferson aforesaid by R. Eric Craig personally known to me this _21_ day of _MAY_____, 2012.

My commission expires: _08-18-2014_

NOTARY PUBLIC, STATE AT LARGE

Document No.: DN2012073806
Lodged By: HAYDEN CRAIG & GRANT
Recorded On: 05/24/2012     09:25:40
Total Fees:        13.00
Transfer Tax:          .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIO

# END OF DOCUMENT

3

# Exhibit 3

## BLUE GRASS ABSTRACT, LLC

## General Information

| | |
|---|---|
| Organization Number | 0710906 |
| Name | BLUE GRASS ABSTRACT, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | TX |
| File Date | 8/5/2008 |
| Authority Date | 8/5/2008 |
| Last Annual Report | 2/20/2012 |
| Principal Office | 14901 QUORUM DRIVE<br>SUITE 900<br>DALLAS, TX 75254 |
| Registered Agent | CT CORPORATION SYSTEM<br>306 W. MAIN STREET, SUITE 512<br><br>FRANKFORT, KY 40601 |

## Current Officers

| | |
|---|---|
| Manager | Phil Migicovsky |

## Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | PHIL MIGICOVSKY |

## Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:07:45 PM | 6/21/2012 | |

4/1/13

Welcome to Fastrack Organization Search

| | | |
|---|---|---|
| Annual report | 2/20/2012 4:24:54 PM | 2/20/2012 4:24:54 PM |
| Annual report | 2/16/2011 3:32:39 PM | 2/16/2011 3:32:39 PM |
| Annual report | 3/15/2010 5:22:56 PM | 3/15/2010 5:22:56 PM |
| Annual report | 7/2/2009 1:26:48 PM | 7/2/2009 1:26:48 PM |
| Add | 8/5/2008 10:23:35 AM | 8/5/2008 |

## Microfilmed Images

# Exhibit 4

4/1/13                                        Welcome to Fasttrack Organization Search

## LIEN DATA SERVICES, LLC

### General Information

| | |
|---|---|
| Organization Number | 0710908 |
| Name | LIEN DATA SERVICES, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | TX |
| File Date | 8/5/2008 |
| Authority Date | 8/5/2008 |
| Last Annual Report | 2/20/2012 |
| Principal Office | 14901 QUORUM DRIVE |
| | SUITE 900 |
| | DALLAS, TX 75254 |
| Registered Agent | CT CORPORATION SYSTEM |
| | 306 W. MAIN STREET, SUITE 512 |
| | |
| | FRANKFORT, KY 40601 |

### Current Officers

| | |
|---|---|
| Manager | Phil Migicovsky |

### Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | PHIL MIGICOVSKY |

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 6/21/2012 | 1 page | tiff | PDF |
| Annual Report | 2/20/2012 | 1 page | PDF | |
| Annual Report | 2/16/2011 | 1 page | PDF | |
| Annual Report | 3/15/2010 | 1 page | PDF | |
| Annual Report | 7/2/2009 | 1 page | PDF | |
| Certificate of Authority (LLC) | 8/5/2008 | 1 page | tiff | PDF |

### Assumed Names

### Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Registered agent address change | 6/21/2012 3:06:50 PM | 6/21/2012 | |

https://app.sos.ky.gov/ftshow/(S(kbj1iz3twuuapbu2kwu5wz))/default.aspx?id=0710908&ct=08&cs=99999

4/1/13                                            Welcome to Fasttrack Organization Search

| | | |
|---|---|---|
| Annual report | 2/20/2012 3:18:38 PM | 2/20/2012 3:18:38 PM |
| Annual report | 2/16/2011 3:30:13 PM | 2/16/2011 3:30:13 PM |
| Annual report | 3/15/2010 5:26:58 PM | 3/15/2010 5:26:58 PM |
| Annual report | 7/2/2009 1:29:01 PM | 7/2/2009 1:29:01 PM |
| Add | 8/5/2008 10:36:29 AM | 8/5/2008 |

## Microfilmed Images

# Exhibit 5



# Document Retrieval Network

101 Data Farm Rd.   Falmouth KY, 41040
Phone (859) 654-2890   Fax (859) 654-2892

| To: | Blue Grass Abstract, LLC | Loan Number: JEF301589 |
| Attn: | Monthly Project | |
| Address: | 14901 Quorum Drive Suite 900 | Job Number: January Order |
| | Dallas, TX 75254 | |
| Phone: | Fax | |

## Completed Order Report

| | |
| --- | --- |
| County: | **Jefferson** |
| Borrower: | HARPER ROSE & GOLDSMITH DEDDO. |
| Property Address: | 304 N 17TH ST , KY |
| Lender: | |
| Loan Amt: | $0.00 |
| PIN: | 03015F02320000 |
| Legal Desc.: | |
| Loan Date: | |
| Rec. Date: | |
| Instrument # | |
| Book/Page: | |

Comments:

Pestilcum DataFarm, LLC, dba Document Retrieval Network (DRN) personally guarantees to Blue Grass Abstract, LLC the accuracy of our finished product up to a liability of $1,500.00 with the following exceptions. If the county PVA records do not show a deed reference for a property then it will be the sole responsibility of Blue Grass Abstract, LLC to determine if the title search was done on the correct property. In no event shall DRN be liable to Blue Grass Abstract, LLC for any amount above $1,500.00. This report is an abstract of title only and only includes public records found in the property section of the county recorder's, PVA, and clerk's office during the scope of our search. This report does not make any representation with regard to: (a) any interests not of record for the period of the search; (b) accuracy or completeness of the index books and electronic records of the county recording offices, including misspelled names and records improperly indexed; (c) any facts that would be revealed by an examination of the records of the State Courts, Federal District Courts, and Federal Bankruptcy Courts; (d) any questions of security interests or liens under the Uniform Commercial Code; (e) accuracy of any records in Elliot County KY; (f) correct property being searched when the PVA does not list the correct deed book and page number. DRN agrees to immediately inform Blue Grass Abstract, LLC in the case of discrepancies/inaccuracies being found.

Order # 819551 _____

Date Search Performed: _____

Effective Date: _____

Name Provided:  HARPER ROSE  GOLDSMITH DEDDO _____

Address Provided:  304 N 17TH ST  KY _____

County:  Jefferson _____

[ ] This search should only include the property encumbered in the tax bill purchased by Tax Ease. Other parcels, such as mobile homes or adjoining parcels taxed separately, even if the same PIN should not be reported

Tax Search Checklist
[ ] Copy of property card from PVA
[ ] Copy of current year county and city tax bills
[ ] Copy of all delinquent tax bills (city and county) for ALL owners in the past 11 years on this property.
[ ] Provide a copy of the lien filed on purchased taxes. If a lien was not filed provide a printout showing they were purchased and make note there was no lien. (Information only needed on taxes purchased by Tax Ease Lien)

NOTE: Taxes are filed in the name of the person who owned property on Jan 1st of each year. Take special care during the year of any property transfers to check under the name of the seller also.

**TAX INFORMATION**

| | |
|---|---|
| Parcel/Map #: 03-015F-0232-0000 | Land: 5,000 |
| Brief Legal: 17TH ST W S 20' 45' N OF Duncan ST. | Improvements: + 29,000 |
| Mobile Home ☑ No ☐ Yes _____ | Total:$ 34,000 |
| VIN# _____ | Exemptions: _____ |
| TLS ☑ No ☐ Yes _____ | Type of Exemption: _____ |
| | Total Taxable Value: $ 34,000 |

AOC ☑ No ☐ Yes _____

**CITY TAXES**

Do city taxes apply for this property? ☐ No ☑ Yes   City Name: Louisville URBAN

Tax Year: _____   Tax Bill #: _____

Taxes Due $: _____   Date Due: _____   Amount Pd: $ _____   Date Pd: _____

Were there any delinquent city taxes found?   ☐ No ☑ Yes

| | | |
|---|---|---|
| Year: 2003 | Bill# 200303UG69225 | Payoff Amount $ 499.44 |
| Year: _____ | Bill# _____ | Payoff Amount $ _____ |
| Year: _____ | Bill# _____ | Payoff Amount $ _____ |
| Year: _____ | Bill# _____ | Payoff Amount $ _____ |

TELS-000071

Order #: 819551

**CURRENT YEAR COUNTY TAXES**

Tax Year: 2011   Tax Bill #: P.I.N.

Taxes Due $: 438.97   Date Due: 12/31/11   Amount Pd: $ _____   Date Pd: _____

**DELINQUENT COUNTY TAXES?   No   Yes (Payoff not needed.)**

| Year: 2001 | Bill# 2001030014149 | Year: 2011 | Bill# 201103000254l |
| Year: 2002 | Bill# 2002030015262 | Year: _____ | Bill# _____ |
| Year: 2003 | Bill# 2003030002276 | Year: _____ | Bill# _____ |
| Year: 2004 | Bill# 2004030002096 | Year: _____ | Bill# _____ |
| Year: 2006 | Bill# 2006030001992 | Year: _____ | Bill# _____ |
| Year: 2007 | Bill# 2007030002064 | Year: _____ | Bill# _____ |

**SOLD COUNTY TAXES**

Delayed Filing

Year: 2005   Bill# 2005030002047   Holder Name: Vesta Holding

BK/PG: 1114 X 261   Date Filed: 11/2/09   ✓

Year: 2008   Bill# 2008030002224   Holder Name: Southern Tax Services, LLC

BK/PG: 1097 X 487   Date Filed: 8/20/09

Year: 2009   Bill# 2009030007099   Holder Name: Tax Ease

BK/PG: 1180 X 651   Date Filed: 8/13/10

Year: _____   Bill# _____   Holder Name: _____

BK/PG: _____   Date Filed: _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG: _____   Date Filed: _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG: _____   Date Filed: _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG: _____   Date Filed: _____

Year: _____   Bill# _____   Holder Name: _____

BK/PG: _____   Date Filed: _____

Order #: 819551

## DEEDS CHECKLIST

[ ] Copy of current deed and out-sales. Information only on all prior deeds.
- Take out of family to a good warranty deed.
- if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: GWD

Grantor: TRINITY CHRISTIAN ACTION, Inc.

Grantee: Rose HARPER, unmarried, And Deddo Goldsmith, unmarried

Dated: 4/26/11   Recorded: 5/2/11   Bk/Pg: 9714 X 619   Consideration: $ 3,900 00

Notes: Deed contains Payment Agreement, and Agreement To Pay Back Taxes

Type of Deed: GWD

Grantor: ANDREW RADER and PATRICIA RADER, H/W

Grantee: TRINITY CHRISTIAN ACTION, Inc.

Dated: 3/21/94   Recorded: 3/21/94   Bk/Pg: 6431 X 658   Consideration: $ 4,500 00

Notes: Deed contains MULTIPLE PARCELS

Type of Deed: GWD

Grantor: ANDREW RADER and PATRICIA RADER, H/W; BATISTP, SHELLY RADER, unmarried, POTSHIP

Grantee: ANDREW RADER and PATRICIA RADER, H/W; and TRINITY CHRISTIAN, ACTION, Inc.

Dated: 11/13/92   Recorded: 11/18/92   Bk/Pg: 6247 X 395   Consideration: $ 4,500 00

Notes: * BOTH WITH LIFE ESTATE

Type of Deed: QCD

Grantor: TRINITY CHRISTIAN ACTION, Inc.

Grantee: ANDREW RADER and PATRICIA RADER, H/W

Dated: 4/9/91   Recorded: 4/10/91   Bk/Pg: 6052 X 544   Consideration: $ VALUABLE

Notes: _____

Type of Deed: GWD

Grantor: ANDREW RADER and PATRICIA RADER, H/W

Grantee: TRINITY CHRISTIAN ACTION, Inc

Dated: 6/26/90   Recorded: 10/3/90   Bk/Pg: 6000 X 176   Consideration: $ 0

Notes: _____

TELS-000073

Order # 819551

DEEDS CHECKLIST

[ ] Copy of current deed and out-sales. Information only on all prior deeds.
  - Take out of family to a good warranty deed.
  - if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: QCD
Grantor: BiLL D. HARPER And Rose M. HARPER his wife
Grantee: ANDRew RADER And PATRiCiA RADER H/w
Dated: 7/12/90   Recorded: 7/18/90   Bk/Pg: 5976 X 10   Consideration. $ -0-
Notes: See "CONTRACT FOR Deed" on SePARAte SHeet - This is included
  BeCAuse iT is made PART of THe CHAiN

Type of Deed: QCD
Grantor: BiLL D. HARPER And Rose M. HARPER, H/w
Grantee: ANDRew RADER And PATRiCiA RADER, H/w
Dated: 2/22/88   Recorded: 9/14/88   Bk/Pg: 5804 X 330   Consideration. $_____
Notes: _____

Type of Deed: GWD
Grantor: ANDRew RADER And PATRiCiA RADER, H/w
Grantee: Rose M HARPER And BiLL D. HARPER, H/w
Dated: 2/22/88   Recorded: 4/1/88   Bk/Pg: 5759 X 852   Consideration: $_____
Notes: _____

Type of Deed: QCD
Grantor: BiLL D. HARPER & Rose M. HARPER, H/w
Grantee: ANDRew RADER And PATRiCiA RADER, H/w
Dated: 9/2/87   Recorded: 4/1/88   Bk/Pg: 5759 X 847   Consideration: $_____
Notes: _____

Type of Deed: GWD
Grantor: ANDRew RADER And PATRiCiA RADER, H/w
Grantee: BiLL D. HARPER And Rose M. HARPER, H/w
Dated: 9/3/87   Recorded: 10/7/87   Bk/Pg: 5717 X 565   Consideration: $_____
Notes: _____

TELS-000074

③

Order # 819551 _____

DEEDS CHECKLIST

[ ]  Copy of current deed and out-sales. Information only on all prior deeds.
    -Take out of family to a good warranty deed.
    - if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: _QCD_____

Grantor: _Bill D. Harper and Rose M. Harper, H/w_____

Grantee: _Andrew Rader and Patricia Harper, H/w_____

Dated: _5/7/86_  Recorded: _10/7/87_  Bk/Pg: _5717 X 572_  Consideration: $ _0_

Notes: _____

Type of Deed: _GWD_____

Grantor: _Andrew Rader and Patricia Rader, H/w_____

Grantee: _Bill D Harper And Rose M. Harper, H/w_____

Dated: _5/7/86_  Recorded: _5/8/86_  Bk/Pg: _5578 X 985_  Consideration: $ _0_

Notes: _____

Type of Deed: _GWD_____

Grantor: _West End Supermarket, Inc_____

Grantee: _Andrew Rader and Patricia Rader, H/w_____

Dated: _7/1/74_  Recorded: _11/6/74_  Bk/Pg: _4760 X 31_  Consideration: $ 5,500.00

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____  Recorded: _____  Bk/Pg: _____  Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____  Recorded: _____  Bk/Pg: _____  Consideration: $ _____

Notes: _____

TELS-000075

Order #: 819551

DEEDS CHECKLIST

[X] Copy of current deed and out-sales. Information only on all prior deeds.
- Take out of family to a good warranty deed.
- if under Land Contract, please provide copy of Land Contract and current deed.

Type of Deed: *CONTRACT FOR DEED*

Grantor: *Andrew Raden and Patricia Raden H/w*

Grantee: *Bill D. Harper and Rose M. Harper H/w*

Dated: *8/10/88*   Recorded: *9/14/84*   Bk/Pg: *5804 X366*   Consideration: $ *6,705.00*

Notes: _____

*see page ② of deed chain*
Type of Deed: _____ *note on deed 5976 X10*

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

Type of Deed: _____

Grantor: _____

Grantee: _____

Dated: _____ Recorded: _____ Bk/Pg: _____ Consideration: $ _____

Notes: _____

TELS-000076

Order #: 819551

MORTGAGE CHECKLIST

[✓] Copy of first, amount, address, signature, notary, recording, and legal of all open mortgages
[ ] Copy of all assignments

Mortgage:

Signed by: _TRiNiTy CHRiSTiAN AcTioN, Inc._

Mortgagee: _ANDREW Rader & PATRiciA Rader, H/W_

Amount: $ _300,000 ⁰⁰_   Dated: _6/26/90_   Recorded: _10/3/90_   Bk/Pg: _DB 6000 V191_

62 PARcells ⟶

Assignments: ✗   _NoT RELEASED on ouR PARcel_

Assignor (1): _____   Assignor (2): _____

Assignee (1): _____   Assignee (2): _____

Recorded: _____ Bk/Pg: _____   Recorded _____ Bk/pg: _____

Notes: _See Deed in cHAiN DB 6000X176 Dated 6/26/90 RPc 10/3/90_

Mortgage:

Signed by: _____

Mortgagee: _____

Amount: $ _____ Dated: _____   Recorded: _____   Bk/Pg: _____

Assignments:

Assignor (1): _____   Assignor (2): _____

Assignee (1): _____   Assignee (2): _____

Recorded: _____ Bk/Pg: _____   Recorded _____ Bk/pg: _____

Notes: _____

Mortgage:

Signed by: _____

Mortgagee: _____

Amount: $ _____ Dated: _____   Recorded: _____   Bk/Pg: _____

Assignments:

Assignor (1): _____   Assignor (2): _____

Assignee (1): _____   Assignee (2): _____

Recorded: _____ Bk/Pg: _____   Recorded _____ Bk/pg: _____

Order #: 819551

LIENS/JUDGMENTS/COURT CASES

[ ] For unreleased Lis Pendens, provide a copy of the case history and dismissal
[x] Copy of all liens and judgments, including purchased tax liens.
   –Information only on purchased tax liens by Tax Ease Lien.
   –Do not rule out liens based on a woman's middle initial.

☐ None found

Type: _Assigned TAX Lien_    Bk/Pg/Doc/File#: _1114 Y 261_    File Date: _11/2/05_
     "    "    "         _1097 Y 487_         _8/20/09_

Type:   "    "    "    Bk/Pg/Doc/File#: _1180 Y 651_    File Date: _8/17/10_
_Fed TAX Lien_          _896 X52C_        _896 X526_

Type:   "    "    "    Bk/Pg/Doc/File#: _1007 X 340_    File Date: _5/6/08_

Type: _____   Bk/Pg/Doc/File#: _____   File Date: _____

Type: _____   Bk/Pg/Doc/File#: _____   File Date: _____

Type: _____   Bk/Pg/Doc/File#: _____   File Date: _____

Type: _____   Bk/Pg/Doc/File#: _____   File Date: _____

Type: _____   Bk/Pg/Doc/File#: _____   File Date: _____

DIVORCE/PROBATE

List ALL names checked for probate (required) _Rose Harper, Deddo Goldsmith_

Were any Probate cases found? ☒ No ☐ Yes   Case Number: _____
If yes, provide copies of: case history, will, petition, order appointing fiduciary/administrator/executor, and all docs pertaining
to the property

Is there a divorce case on the current owners? ☒ No ☐ Yes   Case Number: _____
If yes, provide case history, decree, property settlement pages

Were any marriage licenses found on current owner during their ownership? ☒ No ☐ Yes   If yes, copy of marriage license

Special Notes:

TELS-000078

    

JEFFERSON COUNTY SHERIFF
Louisville, Kentucky



## Property Tax Search

### Search by the Property ID

Home
Start a New Search

| Property ID:<br>03015F02320000 | Property Owner:<br>HARPER ROSE<br>304 N 17TH ST | Tax Year:<br>2011 |
|---|---|---|
| Property Location Address:<br>304 N 17TH ST | LOUISVILLE KY 40203 | Invoice Number:<br>2111100 |
| Property's Taxable Assessment:<br>$34000 | Gross Amt: $438.97 | Mortgage Company Name:<br>NONE |

Scan Line: 03 015F 0232 0000 2111100 01 0000430207 0000438978 0000460910

| Homestead Exemption Amount: | $0 | |
|---|---|---|
| Disability Exemption Amount: | $0 | |
| **Payment Periods** | **Amount** | **If Paid By:** |
| Discount Amount: | $430.2 | 12/01/11 |
| Gross Amount: | $438.97 | 12/31/11 |
| 5% Penalty Amount: | $460.91 | 01/31/12 |
| 10% + 10% Penalty Amount: | $531.15 | 04/15/12 |
| | | |
| Amount Paid: | $0 | |
| Paid on: | 00/00/0000 | |
| | | |
| Balance Due: | $531.15 | |

### Would you like to run another Property ID search?

Property ID:   03015F02320000   [ Search ]

\* When searching by Property ID, you must have all 14 digits exactly right.
Partial searches will not produce any results.

Disclaimer: The tax data found on this site is unofficial. For official
property tax information call: (502) 574-5479.

© 2011 Jefferson County Sheriff's Office          Home | Contacts | Site Map | Links

TELS-000079

Case 3:14-cv-00335-JGH   Document 1-1   Filed 04/25/14   Page 425 of 616 PageID #: 440

   

**Louisville, Kentucky**

### How We Serve

Property Taxes
Sex Offender Search
Criminal Division
  Process Unit
  Warrants / EPOs
  Auto Inspections
  Evictions
Court Security
Community Services
School Resource Officers
Concealed Deadly Weapons
Reserve Unit - Volunteer

### Other JCSO Links

Command Staff
History
Mission & Ethics Statements
Internal Affairs
Employment
Links

Home

**Property Taxes**
The Sheriff's Office is the primary property tax collector in Jefferson County. We collect approx. 550 million a year, from over 300 thousand tax...

Property Tax Search



**Process Unit**
The Sheriff's Office is responsible for the expedient service/execution of all court-ordered documents directed to the Sheriff of Jefferson...

Process Paper Search



**Sex Offender Search**
Find out if any Sex Offenders have moved in to your neighborhood or receive notifications if they do.

Sex Offender Search



**Auto Inspection**
Kentucky law requires all vehicles purchased in another state to be inspected by the Sheriff.....

Inspection Locations
What will be inspected?
What do I need to bring?



**Courts**
By order of KRS chapter 70.140, the Sheriff or a deputy, shall attend and keep order in any court of justice and shall obey the orders of said courts.

Court Docket
Items Not Allowed in Court



**Criminal Division**
The critical and timely service of 7,000 protective and domestic violence orders received annually, is of the highest priority...

Subpoenas, Summons,
Warrants, Evictions....



© 2011 Jefferson County Sheriff's Office                    Home | Contacts | Site Map | Links

Return to Bill Edit  |  1 / 1  |  100%  |  Business Objects

# JEFFERSON COUNTY CLERK'S OFFICE
## TOTAL TAXES DUE STATEMENT

DESCRIPTION OF PROPERTY: 504 N 17TH ST
PARCEL ID: 030150F00320000
CALCULATED AS OF: 6/1/2012

OWNER NAME & ADDRESS:
TRINITY CHRISTIAN ACTION
INC 529 N 19TH ST
LOUISVILLE, KY 40203

| Tax Year | Bill Number | Assessment Value | Tax | Penalties | Payments | Current Total | Jul-12 Total | Aug-12 Total | Sep-12 Total | Oct-12 Total | Suit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | 2001020014149 | 34,720.00 | 273.29 | 645.68 | 0.00 | 918.97 | 923.08 | 927.20 | 931.31 | 935.43 | |
| 2002 | 2002020015282 | 34,120.00 | 284.90 | 819.53 | 0.00 | 904.43 | 908.72 | 913.00 | 917.28 | 921.56 | |
| 2003 | 2003020069925 | 34,120.00 | 127.71 | 366.99 | 0.00 | 494.70 | 499.60 | 502.18 | 504.92 | 597.85 | |
| 2004 | 2004020062278 | 34,120.00 | 415.32 | 803.26 | 0.00 | 1,210.58 | 1,222.00 | 1,229.91 | 1,234.93 | 1,241.05 | |
| 2005 | 2005020062098 | 34,720.00 | 416.07 | 737.61 | 0.00 | 1,159.68 | 1,182.06 | 1,168.25 | 1,174.44 | 1,180.62 | |
| 2006 | 2006074001892 | 45,260.90 | 560.08 | 924.68 | 0.00 | 1,486.95 | 1,486.05 | 1,505.54 | 1,516.84 | 1,524.14 | |
| 2007 | 2007034002064 | 45,260.00 | 597.90 | 706.55 | 0.00 | 1,304.45 | 1,271.98 | 1,261.31 | 1,268.74 | 1,269.18 | |
| 2011 | 2011024002541 | 24,000.00 | 438.97 | 328.86 | 0.00 | 767.83 | 774.62 | 782.00 | 780.08 | 796.16 | |
| Totals: | | | | | 0.00 | 8,211.79 | 8,268.04 | 8,205.29 | 8,335.64 | 8,404.79 | |

MAIL CERTIFIED CHECK OR MONEY ORDER TO:

Jefferson County Clerk
Jefferson Co Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

TELS-000081



**Welcome to the
Jefferson County Clerk's Office**

Your Opinion Is Valuable to Our Services

Comment Card

Automobiles are licensed. People record legal documents. Businesses file property liens. Couples apply for marriage licenses. Notary publics are commissioned. Delinquent real estate taxes are collected. Citizens register to vote. These services, and many others, are offered at the Jefferson County Clerk's Office. By visiting our Web site, you get an up close and personal glimpse of our services and the records in our office. As you navigate your way through the site, keep in mind that while our duties are varied, our mission is clear - we are here to serve you. It is our goal to give you the type of service you deserve by handling each transaction with Value, Integrity and Performance. We believe all citizens deserve VIP service!

Home | Motor Vehicle & Boats | On-Line Renewal | Legal Records | Liens | Voter Info

Search

About
Delinquent Taxes
Community Relations
E-mail Us
FAQ
Job Opportunities
Your County Clerk
Links
Contact Us

Chat service by BoldChat
Monday through Friday
10:00 A.M. until 2:00 P.M.

Where Do I Vote?

2012 Official Primary
Election Results

Delinquent Tax Search

Independence Day
Observance

VIP 2012 Spring
Newsletter Online

View Your Local Motor
Vehicle Branch LIVE!

New Service! Renew
Vehicle Registration by
Phone: 569-3300

TELS-000082

  100% 

Return to Bill Edit

**Receipt Of Payment**

Make Check Payable To:
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

Commonwealth of Kentucky
2005 Jefferson County Standard2 Bill
Today's Date: Friday, June 1, 2012

TRINITY CHRISTIAN ACTION
INC 929 N 19TH ST
LOUISVILLE, KY 40203

Vesta Holdings
1200 WEST PACES FERRY RD #517
ATLANTA, GA 30327
404-949-3150

Bill Number: 2005030002047
Map Number:
Parcel ID: 03010F02320000
Tax District: 03

Property Location:
304 N 17TH ST

Property Description:
304 N 17TH ST

Deed Book / Deed Page:
/

Farm Acres: 0
County Clerk Jefferson Co Clerk

Assessment:

| Property Class | Assessed Value Tax Authority | Rate / $100 | Tax |
|---|---|---|---|
| REAL ESTATE | 46,280.00 ESTATE | 0.1310 | 60.33 |
| REAL ESTATE | 46,280.00 COUNTY | 0.1280 | 87.26 |
| REAL ESTATE | 46,280.00 SCHOOL | 0.6250 | 283.00 |
| REAL ESTATE | 46,280.00 URBAN SERVICES | 0.3730 | 169.00 |
| | | Total Assessment: | 669.31 |

Adjustments:

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Assignment Fee | | | 11.00 |
| Assignment Fee | | | 19.00 |
| Advertisement Fee | | | 56.63 |
| Penalty - 10% | | | 5.00 |
| Sheriff Fee | | | 97.00 |
| Monthly Delinquent Fee | | | 144.67 |
| Co. Attorney Fee | | | 72.33 |
| Co. Clerk Fee | | | 10.00 |
| County Clerks Fee | | | |
| | | Total Adjustments: | 413.02 |

Payments:

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200005-2005030002047-921 | | VESTA HOLDINGS AS NO | Conversion | Cash | 7/9/2007 12:00:00AM | $982.34 |
| | | | | | Total Payments: | $982.34 |

**Balance Due: 0.00**

Comments:

TELS-000083

[B G I I I 4 P G 0 2 6 I]



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, Jefferson County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY
PER KRS 134.480

Date of Assignment:  2007-07-08 00:00:00.000

**Assignee Information**
VESTA HOLDINGS AS NOMINEE FOR
1266 WEST PACES FERRY ROAD #51
ATLANTA GA 30327
HEARTWOOD 16  404-949-3850

**Description of Property**
304 N 17TH ST

Parcel ID

03015F02320000

| Year | Bill No. | Assessed in the name of | Original Assignment Fee | Total Paid |
|------|----------|-------------------------|-------------------------|------------|
| 2005 | 2005030002047 | TRINITY CHRISTIAN ACTION | | |
| | | | $11.00 | 982.34 |
| | | | TOTAL | 982.34 |

Assigned by: _____   Deputy Clerk

This instrument was prepared by: Bobbie Holsclaw, Jefferson County Clerk
527 W. Jefferson Street, Room 100.
Louisville, KY 40202

_Bobbie Holsclaw_
Clerk

```
Document No.: DN2009164149
Lodged By: VESTA HOLDINGS
Recorded On:  11/02/2009      08:18:46
Total Fees:                        .00
Transfer Tax:                      .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: KELTAR
```

END OF DOCUMENT

TELS-000084

## VESTA HOLDINGS I, LLC

### General Information

| | |
|---|---|
| Organization Number | 0642293 |
| Name | VESTA HOLDINGS I, LLC |
| Profit or Non-Profit | Unknown |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | GA |
| File Date | 7/6/2006 |
| Authority Date | 7/6/2006 |
| Last Annual Report | 8/12/2011 |
| Principal Office | 1266 W PACES FERRY ROAD, #517 |
| | ATLANTA , GA 30327 |
| Registered Agent | UNITED STATES CORPORATION AGENTS, INC. |
| | 2333 ALEXANDRIA DRIVE |
| | LEXINGTON, KY 40504 |

### Current Officers

| | |
|---|---|
| Member | John E Ramsey |

### Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | JOHN E. RAMSEY |

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Registered Agent name/address change | 2/16/2012 2:20:20 PM | 1 page | PDF | |
| Annual Report | 8/12/2011 | 1 page | PDF | |
| Annual Report | 9/15/2010 | 1 page | PDF | |
| Annual Report | 9/15/2009 | 1 page | PDF | |
| Annual Report | 1/17/2008 | 1 page | PDF | |
| Annual Report | 5/21/2007 | 1 page | PDF | |
| Application for Certificate of Authority | 7/6/2006 | 2 pages | tiff | PDF |

### Assumed Names

TELS-000085

Return to Bill Edit

## Receipt Of Payment
Commonwealth of Kentucky
2008 Jefferson County Standard 2 Bill
Today's Date: Friday, June 1, 2012



Make Check Payable To:
Jefferson Co Clerk
527 West Jefferson St
Room 100
Louisville, KY 40202

TRINITY CHRISTIAN ACTION
INC
1848 BAIRD ST
LOUISVILLE, KY 40205

Southern Tax Services, LLC
108 West Maple Street
Nicholasville, KY 40356
859-885-1516

Bill Number: 2008030002224
Map Number:
Parcel ID: 03015F0232020008
Tax District: 08

Property Location:
304 N 17TH ST

Deed Book / Deed Page:
/

Property Description:
304 N 17TH ST

Farm Acres: 0
County Clerk: Jefferson Co Clerk

Assessment:

| Property Class | Assessed Value | Tax Authority | Rate / $100 | Tax |
|---|---|---|---|---|
| REAL_ESTATE | 45,280.00 | STATE | 0.1220 | 55.24 |
| REAL_ESTATE | 45,280.00 | COUNTY | 0.1256 | 56.53 |
| REAL_ESTATE | 45,280.00 | SCHOOL | 0.6250 | 283.00 |
| REAL_ESTATE | 45,280.00 | URBAN SERVICES | 0.3656 | 166.00 |
| | | | Total Assessment: | 561.07 |

Adjustments:

| Adjustment Type | Assessment Type | Assessed Value | Amount |
|---|---|---|---|
| Adjustment Fee | | | 26.03 |
| Assignment Fee | | | 50.00 |
| Advertisement Fee | | | 56.11 |
| Penalty - 10% | | | 5.00 |
| County Clerks Ad Fee | | | 1.00 |
| MSN Fee - 30day | | | 27.85 |
| Monthly Delinquent Fee | | | 10.00 |
| Lien Fee | | | 129.01 |
| Co. Attorney Fee | | | 64.50 |
| Co. Clerk Fee | | | 61.72 |
| Ad Fee - 10% | | | 17.87 |
| Commission | | | 1.00 |
| MSN Fee - 60day | | | |
| | | Total Adjustments: | 431.87 |

Payments:

| Receipt Number | Check / MO Number | Paid By | Teller | Payment Method | Paid Date/Time | Amount |
|---|---|---|---|---|---|---|
| 200908-2008030002224-125 | 0 | Southern Tax Services, LL | Griffin | Check | 9/11/2009 8:14:15PM | $992.94 |
| | | | | | Total Payments: | $992.94 |

**Balance Due: 0.00**

Comments:

TELS-000086

BB 01097PG0487



## JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/11/2009

**Assignee Information**
Southern Tax Services, LLC
108 West Maple Street
Nicholasville, KY 40356
859-885-1616

**Description of Property**
306 N 17TH ST

**Parcel ID**
03015F02320000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total Paid |
|----------|-------------|-------------------------|------------|----------|-----------|---------|-----------|
| 2008 | 2008030002224 | TRINITY CHRISTIAN ACTION | 45,280.00 | 698.57 | 258.37 | 10.00 | 964.94 |
| | | | | Certification/Assignment Fee: | | | 28.00 |
| | | | | | | TOTAL: | 992.94 |

Assigned by: _____   Deputy Clerk

This instrument was prepared by:   Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

_____   Clerk

Document No.: DH2009126897
Lodged By: SOUTHERN TAX SERVICES LLC
Recorded On: 08/20/2009   11:48:47
Total Fees:   .00
Transfer Tax:   .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: CR00RR

## END OF DOCUMENT

TELS-000087

## SOUTHERN TAX SERVICES, LLC

### General Information

| | |
|---|---|
| Organization Number | 0680813 |
| Name | SOUTHERN TAX SERVICES, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | KLC - |
| Status | A - Active |
| Standing | G - Good |
| State | KY |
| File Date | 12/13/2007 |
| Organization Date | 12/13/2007 |
| Last Annual Report | 6/9/2011 |
| Principal Office | 108 WEST MAPLE STREET NICHOLASVILLE, KY 40356 |
| Managed By | Members |
| Registered Agent | WILLIAM MILES ARVIN, JR. 108 WEST MAPLE STREET NICHOLASVILLE, KY 40356 |

### Current Officers

| | |
|---|---|
| Member | Daren Carter |
| Member | William Arvin, Jr. |

### Individuals / Entities listed at time of formation

| | |
|---|---|
| Organizer | WILLIAM MILES ARVIN, JR. |

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 6/9/2011 | 1 page | PDF | |
| Annual Report Amendment | 12/2/2010 | 1 page | PDF | |
| Annual Report | 3/13/2010 | 1 page | PDF | |
| Principal Office Address Change | 11/5/2009 10:47:49 AM | 1 page | PDF | |
| Annual Report | 1/16/2009 | 1 page | PDF | |
| Annual Report | 6/29/2008 | 1 page | PDF | |
| Principal Office Address Change | 6/4/2008 | 1 page | tiff | PDF |
| Articles of Organization (LLC) | 12/13/2007 | 2 pages | tiff | PDF |

### Assumed Names

### Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|

0809714PG0619 ✓ 4

## DEED

THIS DEED, made and entered into this 26th day of April, 2011, by and between TRINITY CHRISTIAN ACTION, INC., a Kentucky Corporation, of 1849 Baird Street, Louisville, Kentucky 40203, Party of the First Part, and ROSE HARPER, unmarried and DEDDO GOLDSMITH, unmarried, of 304 N. 17th Street, Louisville, KY 40203, Parties of the Second Part, mail tax bills to 304 N. 17th Street, Louisville, KY 40203:

## WITNESSETH

That for the valuable consideration of $3,900.00, to be paid by the Parties of the Second Part to the Party of the First Part at the rate of $300.00 per month beginning on May 3, 2011 and continuing each and every month thereafter on the 3rd day of the month until the entire sum is paid in full, without interest, the Party of the First Part hereby conveys unto the Parties of the Second Part for and during their joint lives with remainder in fee simple to the survivor of them, with covenant of GENERAL WARRANTY the following real estate located at 302 N. 17th Street and 304 N. 17th Street, Louisville, KY 40203 situated in Jefferson County, Kentucky and described as follows to wit;

TRACT 1    BEGINNING at the point on the West line of 17th Street 23 feet North of Duncan Street, thence Northwardly along the West side of 17th Street 20 feet, and extending back Westwardly 90 feet, between lines parallel with Duncan Street, to a 10 foot alley.

BEING the same property acquired by the Party of the First Part by deed dated July 14, 1994 and recorded in Deed Book 06540 Page 0063 in the Office of the County Clerk of Jefferson County, Kentucky.

TRACT 2    BEGINNING on the West side of 17th Street 45 feet North of Duncan Street, thence Northwardly along the West side of 17th Street 20 feet, and extending back Westwardly of that width throughout between lines parallel with Duncan Street, 90 feet.

BEING a portion of the same property acquired by the Party of the First Part by deed dated March 21, 1994 and recorded in Deed Book 06431, Page 0658 in the Office of the County Court Clerk of Jefferson County, Kentucky.

TELS-000089

BK 09714 PG 0620

The Party of the First Part further covenants that it is lawfully seized of the estate hereby conveyed, that it has full right and power to convey same and that said real estate is free and clear of all liens and encumbrances, except those filed of record.

PROVIDED HOWEVER, there is excepted from the foregoing warranty and covenants of title, and this conveyance is made subject to, any existing easements, restrictions and stipulations of record, zoning laws and regulations of Jefferson County, Kentucky which may affect the property and any and all real estate taxes and/or assessments owed for the tax years of 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009 and 2010, which the Parties of the Second Part do hereby assume and agrees to pay, jointly and severally, subsequent state, county, school, city and special district taxes, and all subsequent taxes, which the Parties of the Second Part do hereby assume and agrees to pay jointly and severally.

IN TESTIMONY WHEREOF, Witness the signature of the Party of the First Part, this 26th day of April, 2011.

TRINITY CHRISTIAN ACTION, INC.

By: *Shelly Rader*
SHELLY RADER, President
Party of the First Part

CERTIFICATION OF CONSIDERATION

We, TRINITY CHRISTIAN ACTION, INC., Grantor, and ROSE HARPER and DEDDO GOLDSMITH, Grantees, do hereby certify, pursuant to KRS Chapter 382, that the fair cash value of the property herein conveyed is $4,000.00, and we understand that falsification of the stated full estimated value is a Class D felony, subject to one to five years imprisonment and fines up to $10,000.00.

TRINITY CHRISTIAN ACTION, INC.

By: *Shelly Rader*
SHELLY RADER, President
Grantor

2

TELS-000090

BK 09714 PG 0622



NOTARY PUBLIC, STATE AT LARGE,
KENTUCKY

THIS INSTRUMENT PREPARED BY:
No Title Examination Requested or Completed.

BRYAN N. COOMER
Attorney at Law
605 Republic Building
429 West Muhammad Ali Blvd.
Louisville, Kentucky 40202
(502) 585-2115

Document No.: DN2011054347
Lodged By: RADER
Recorded On: '05/02/2011      10:29:39
Total Fees:                        24.00
Transfer Tax:                       4.00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: AMASHO

4

END OF DOCUMENT

TELS-000091

## TRINITY CHRISTIAN ACTION, INC.

### General Information

| | |
|---|---|
| Organization Number | 0272947 |
| Name | TRINITY CHRISTIAN ACTION, INC. |
| Profit or Non-Profit | N - Non-profit |
| Company Type | KCO - Kentucky Corporation |
| Status | I - Inactive |
| Standing | G - Good |
| State | KY |
| File Date | 5/16/1990 |
| Organization Date | 5/16/1990 |
| Last Annual Report | 5/10/1993 |
| Principal Office | 529 N. 19TH. ST. LOUISVILLE, KY 40203 |
| Registered Agent | SHELLY RADER 529 N. 19TH. ST. LOUISVILLE, KY 40203 |

### Current Officers

### Individuals / Entities listed at time of formation

| | |
|---|---|
| Director | ANDREW RADER |
| Director | SHELLY SCHMITT |
| Director | KATHERINE RADER |
| Director | PATRICIA RADER |
| Director | FAYE BAILEY |
| Incorporator | ANDREW RADER |

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as so images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images ar created.

| | | | | |
|---|---|---|---|---|
| Dissolution | 3/28/1994 | 4 pages | tiff | PDI |
| Annual Report | 7/1/1993 | 1 page | tiff | PDI |
| Amendment | 6/30/1993 | 3 pages | tiff | PDI |
| Statement of Change | 2/2/1993 | 1 page | tiff | PDI |
| Annual Report | 7/1/1992 | 1 page | tiff | PDI |
| Annual Report | 7/1/1991 | 1 page | tiff | PDI |
| Amendment | 7/10/1990 | 4 pages | tiff | PDI |

TELS-000092

Case 3:14-cv-00335-JGH   Document 1-1   Filed 04/25/14   Page 438 of 616 PageID #: 453

Articles of Incorporation          5/16/1990          8 pages          tiff          PDI

## Assumed Names

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Dissolution | 3/28/1994 | 3/28/1994 | |
| Amendment - Miscellaneous amendments | 6/30/1993 | 6/30/1993 | |
| Amendment - Miscellaneous amendments | 7/10/1990 | 7/10/1990 | |

## Microfilmed Images

Microfilm images are not available online. They can be ordered by faxing a Request For Corporat Documents to the Corporate Records Branch at 502-564-5687.

| | | |
|---|---|---|
| Dissolution | 3/28/1994 | 4 pages |
| Annual Report | 7/1/1993 | 1 page |
| Amendment | 6/30/1993 | 3 pages |
| Statement of Change | 2/2/1993 | 1 page |
| Annual Report | 7/1/1992 | 1 page |
| Annual Report | 7/1/1991 | 1 page |
| Amendment | 7/10/1990 | 3 pages |
| Articles of Incorporation | 5/16/1990 | 7 pages |

TELS-000093

Trinity Christian Action Inc - Louisville. KY -- OnLineYellowPages.com

Page 1 of 1



Business Datacard

Business Name: TRINITY CHRISTIAN ACTION INC
Phone: 502-772-0018
Location: 529 N 19th St
Louisville, KY 40203-1038

View Map
Add to ePhoneBook
SMS listing to cell phone

Home | Company | Contact | Terms of Use | Site Map

Copyright © 2012 OnlineYellowPages.com
A Yellow Pages Online, Inc. site. All Rights Reserved.

TELS-000094

BOOK 6000 PAGE 191

## REAL ESTATE SALES AGREEMENT

This Real Estate Agreement this 26th day of June, 1990 between:

ANDREW RADER and PATRICIA RADER, his wife, 2002 Portland Ave., Louisville, Kentucky 40203, hereafter referred to as Sellers, and

TRINITY CHRISTIAN ACTION, INC., 3109 Portland Ave., Louisville, Kentucky 40212, hereafter referred to as Buyer,

WITNESSETH: Sellers agree to transfer, convey and sell to Buyer the properties listed on the attached list, which is incorporated and made a part hereof by reference as reproduced in its entirety herein, subject to the following terms and conditions:

1.     Sellers agree to sell the above properties for the sum of Three Hundred Thousand Dollars ($300,000.00) with a Vendor's lien thereon in order to secure payment of the sum of Three Hundred Thousand Dollars ($300,000.00) payable at the rate of One Thousand Dollars ($1,000.00) per month with interest on the unpaid balance at the rate of two per cent (2%) per annum beginning on the First day of July, 1990. Furthermore Buyer shall assume full responsibility for any and all outstanding expenses as well as any future expenses of the Sellers incurred in the interest of or on behalf of the incorporation of the Buyer or the subject properties herein.

2.     Any and all tools, equipment and building materials in the possession of the Sellers, excluding personal items, shall become the property of the Buyer. Sellers retain the right to use, dispose of, or add to such items in a manner deemed appropriate by Sellers in their sole discretion.

3.     In the event the Buyer cannot assume the management of said properties or fails to begin the payments aforesaid, then Sellers shall, at their sole option, reserve the right to retain control and management of the properties and the income and proceeds generated from said properties.

4.     Any future properties obtained by the Sellers may be sold to Buyer by Sellers at a price of no greater than twenty per cent (20%) more than the purchase price paid to obtain same by Sellers, plus expenses. Such additional properties' prices are to be in addition to the sums mentioned in paragraph one above.

5.     Sellers reserve the right, in their sole discretion, not to take the full amount of said payment in any given month, allowing same to accumulate without interest, but capable of being withdrawn in the future.

6.     Upon the death of both of the Sellers, regardless of the amount, all indebtedness (accumulated or future amounts) owing to the Sellers shall be deemed paid in full and said properties are to be free and clear, except for any obligation owing to third parties to which all of such properties shall remain subject.

7.     Upon the deaths of the Sellers, a full release in conformity with paragraph 7 herein shall be delivered to Buyer by the personal representative of the Sellers.

8.     Additionally, Buyer shall provide for the well-being of the Sellers as follows:

        a.  Furnish a rent-free, appropriate residence with all maintenance and utilities paid.

        b.  Pay for all medical expenses not covered by Sellers' medical insurance, Social Security and/or Veterans' benefits.

BOOK 6000 PAGE 191

TELS-000095

BOOK 6000 PAGE 192

c.   Upon Seller's death(s), Buyer shall take full
responsibility for all burial expenses, including the
cost of future gravesite care and a modest headstone.

9.   Upon the execution and delivery of the Deed to the
subject properties by Sellers, Andrew Rader will continue to
advise consult and/or control the management and care of said
properties until the Buyer, through its Board of Directors,
determines that it can assume the responsibility of managing
the rental and sales of said properties, both financially and
knowledgeably.   Andrew Rader will continue to perform in the
same manner as he handled them previously, but according to
the authority vested in him as Chairman of the Board, as
provided for in the Constitution and Bylaws.

10.   Unless forced to do so due to an emergency, such complete
assumption by Buyer shall occur on the first of January of the
year mutually determined in advance for such an assumption.

11.   The name of the Buyers shall not be used in any way
with the management of said properties until the foregoing
transfer and assumption of responsibilities is completed.

12.   Sellers, as partial consideration for continuing to be
responsible for the management of said properties, shall
continue to collect all rents, profits and sale payments, to
maintain said properties and to pay any and all expenses and
taxes associated with same from such proceeds.

13.   Sellers shall hold Buyer harmless from any liability
during the transition period until the complete takeover by
Buyers is accomplished.

14.   After said takeover is complete, said management of
said properties shall be performed in accordance with the
Bylaws and the Articles of Incorporation and non-profit tax
regulations to insure that the tax-exempt status of Buyer is
kept intact.

Witness the signature of the Parties hereto this 26th
day of June, 1990.

_Andrew Rader_
ANDREW RADER

TRINITY CHRISTIAN ACTION, INC.,
by its duly authorized agents

_Shelly Schmidt_
President and its agent

_Patricia Rader_
PATRICIA RADER

_Katherine Rader_
Vice-President and its agent

Commonwealth of Kentucky)
County of Jefferson    )

The foregoing instrument was produced and acknowledged
by Andrew Rader and Patricia Rader, his wife, before the
undersigned this 26th day of June, 1990.

The foregoing instrument was produced and acknowledged
by Shelly Schmidt, President and duly authorized agent of
Trinity Christian Action, and Katherine Rader, Vice-President
and duly authorized agent of Trinity Christian Action, before
the undersigned this 26th day of June, 1990.

_Denver Moore Jr._
NOTARY PUBLIC, State at Large
Kentucky
My Commission expires: 5-3-93

BOOK 6000 PAGE 192

BOOK 6000 PAGE 203

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated September 13, 1988, and recorded in Deed Book 5804, Page 323, in the Office of the Clerk of the County Court of Jefferson County, Ky.

Tract #47 - 2307-2309 Rowan Street

BEGINNING at a point in the North line of Rowan Street 55 feet 6 inches West of the Northwest corner of 23rd and Rowan Streets; thence Westwardly with said line of Rowan Street 60 feet, more or less, to the Southwestern corner of the tract of land described in Deed to Irving K. Small and others dated January 5, 1967, and recorded in Deed Book 4085, Page 319, in the Office of the Clerk of the County Court of Jefferson County, Kentucky; thence Northwardly and parallel with 23rd Street, 100 feet to a 30 foot alley; thence Eastwardly with the South line of said alley 46 feet, 5 inches, more or less, to the intersection of said line of said alley with a Southern line of the tract of land conveyed to Abraham Molnick and others by Deed dated December 1, 1969, and recorded in Deed Book 4319, Page 470, in the Office of the Clerk aforesaid; thence Southwardly and parallel with 23rd Street 38 feet, 11 inches; thence Eastwardly and parallel with Rowan Street 13 feet, 6 inches; thence Southwardly and parallel with 23rd Street 161 feet, more or less, to the point of beginning.

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated January 5, 1988, and recorded in Deed Book 5742, Page 405, in the Office of the Clerk of the County Court of Jefferson County, Ky.

Tract #48 - 304 North 17th Street

BEGINNING on the West side of 17th Street 45 feet North of Duncan Street; running thence Northwardly along the West side of 17th Street 20 feet; and extending back Westwardly of that width throughout between lines parallel with Duncan Street, 90 feet.

BEING Parcel #1 conveyed to Andrew Rader and Patricia Rader by Deed dated February 22, 1988, and recorded in Deed Book 5976, Page 10, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

Tract #49 - 513 North 17th Street

BEGINNING on the East side of Seventeenth Street 460 feet South of Portland Avenue; thence Southwardly with the East side of 17th Street, 25 feet; thence Eastwardly at right angles to 17th Street 110 feet to an alley; thence Northwardly with the West line of said alley and said West line extended 25 feet; thence Westwardly 110 feet to the beginning.

BEING the same property conveyed to Andrew Rader and Patricia Rader by Deed dated May  , 1988, and recorded in Deed Book 5858, Page 781, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

Tract #50 - 515 North 17th Street

BEGINNING on the East side of 17th Street 92-1/2 feet South of Lytle Street; running thence Southwardly with 17th Street 22-1/2 feet; thence Eastwardly at right angles to 17th Street 110 feet; thence Northwardly and parallel with 17th Street 22-1/2 feet; and thence Westwardly 110 feet to the point of beginning; together with the right to use the private alley as established in Deed dated February 8, 1870, and recorded in Deed Book 146, Page 518, in the Office of the Clerk of the County Court of Jefferson County, Kentucky.

-11-

BOOK 6000 PAGE 203

TELS-000097

BOOK 6000 PAGE 206

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated November 4, 1987, and
recorded in Deed Book 5946, Page 65, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

Tract #61 - 1313 South 28th Street

BEGINNING at a point in the East side of 28th Street
(formerly Amber Street) 525 feet South of Dumesnil Street;
thence Southwardly along the East line of 28th Street,
50 feet;  and extending back Eastwardly of that width
throughout, between lines parallel with Dumesnil Street,
150 feet to a 14-foot alley.  BEING Lots 59 and 60,
Block 5, Plat of Homestead Association, of record in
Deed Book 180, Page 640, in the Office of the County
Court Clerk of Jefferson County, Kentucky.

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated February 5, 1985, and
recorded in Deed Book 5496, Page 275, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

Tract #62 - 608 South 34th Street

BEGINNING at a point on the West side of 34th Street,
120 feet North of the Northwest corner of 34th and
Magazine Streets;  thence Northwardly along the West
side of 34th Street 40 feet;  thence Eastwardly parallel
with Magazine Street 77 feet 10 inches to the point of
beginning.

BEING the same property conveyed to Andrew Rader and
Patricia Rader by Deed dated February 25, 1977, and
recorded in Deed Book 5532, Page 295, in the Office of
the Clerk of the County Court of Jefferson County, Ky.

The Sellers, Andrew and Patricia Rader, deed with lien the
above listed properties to the aforesaid Buyers, with the full
understanding that some of these properties have been previously
sold to individuals on Deed with Mortgage or on Contract for
Deed, and recorded as such.  Therefore the Buyers assume the
responsibility of giving to these individual buyers a clear
Deed when they pay off the obligation in full.

The total consideration herein is $300,000.00.  The
foregoing properties are conveyed in an "as-is" condition and
subject to any contract, liens and encumbrances of record,
all City of Louisville, Jefferson County and State taxes
presently due and that come due and payable hereafter.

IN TESTIMONY WHEREOF, witness the signatures of the
Parties of the First Part on the date above first written.

_Andrew Rader_
ANDREW RADER

_Patricia Rader_
PATRICIA RADER

Prepared by:
_Patricia Rader_
2992 Portland Ave.
Louis. Ky. 40203
778-8309

EN...          -14-          ...NT

TELS-000098

LB 00896 PG 0526

| Form 668 (Y)(c) | 1872 | Department of the Treasury · Internal Revenue Service |
|---|---|---|

(Rev. February 2004)

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #2 Lien Unit Phone: (800) 913-6050 | Serial Number 307018505 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Document No.= DH7206138368
Lodged By= INTERNAL REVENUE SERVICE
Recorded On= 08/16/2006   02:22:42
Total Fees=         12.88
Transfer Tax        .88
County Clerk= BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk= EVENAY

Name of Taxpayer TRINITY CHRISTIAN ACTION INC , a Corpor

Residence        1854 PORTLAND AVE
                 LOUISVILLE, KY 40203-1060

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 940 | 12/31/2004 | 61-1183152 | 10/17/2005 | 11/16/2015 | 246.50 |
| 940 | 12/31/2005 | 61-1183152 | 05/01/2006 | 05/31/2016 | 230.35 |
| 941 | 06/30/2004 | 61-1183152 | 05/02/2005 | 06/01/2015 | 2171.74 |
| 941 | 09/30/2004 | 61-1183152 | 10/10/2005 | 11/09/2015 | 617.38 |
| 941 | 12/31/2004 | 61-1183152 | 10/10/2005 | 11/09/2015 | 1943.49 |
| 941 | 03/31/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 4344.94 |
| 941 | 06/30/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 3993.54 |
| 941 | 09/30/2005 | 61-1183152 | 04/10/2006 | 05/10/2016 | 2332.03 |
| 941 | 12/31/2005 | 61-1183152 | 04/17/2006 | 05/17/2016 | 1999.97 |

| Place of Filing | COUNTY COURT CLERK JEFFERSON COUNTY LOUISVILLE, KY 40202 | Total $ | 17879.94 |
|---|---|---|---|

This notice was prepared and signed at        DETROIT, MI                        , on this,

the   02nd   day of   August   , 2006 .        END OF DOCUMENT

| Signature   *K. A. Mitchell*   for JANE RILEY | Title REVENUE OFFICER (502) 420-1563 | 22-02-3141 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409).

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60026X

LB01007PG0340

| Form 668 (Y)(c) | 6152 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br>440747908 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer TRINITY CHRISTIAN ACTION INC , a Corporation

Residence          1849 BAIRD ST
                   LOUISVILLE, KY 40203-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ending<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 940 | 12/31/2006 | 61-1183152 | 04/02/2007 | 05/02/2017 | 143.54 |
| 941 | 03/31/2006 | 61-1183152 | 08/14/2006 | 09/13/2016 | 598.70 |
| 941 | 06/30/2006 | 61-1183152 | 09/04/2006 | 10/04/2016 | 646.38 |
| 941 | 09/30/2006 | 61-1183152 | 06/11/2007 | 07/11/2017 | 1153.88 |
| 941 | 12/31/2006 | 61-1183152 | 04/02/2007 | 05/02/2017 | 1614.27 |
| 941 | 06/30/2007 | 61-1183152 | 10/01/2007 | 10/31/2017 | 54.39 |

| Place of Filing | COUNTY COURT CLERK<br>JEFFERSON COUNTY<br>LOUISVILLE, KY 40202 | Total $ | 4211.16 |
|---|---|---|---|

This notice was prepared and signed at          DETROIT, MI          , on this,

the ___24th___ day of ___April___ , ___2008___ .

| | Document No.: DN2008085723<br>Lodged By: IRS<br>Recorded On: 05/06/2008  08:55:58<br>Total Fees: 12.00<br>Transfer Tax: .00<br>County Clerk: BOBBIE HOLSCLAW-JEFF CO KY<br>County Clerk: TERKIG  22-02-3162 |
|---|---|

| Signature R. A. Mitchell | Title REVENUE OFFICER<br>(502) 420-1558 |
|---|---|

for KEVIN R. WOOLFOLK

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)          Part 1 - Kept by Recording Office          Form 668(Y)(c) (Rev. 2-2004)
          CAT. NO 60025X

END OF DOCUMENT

TELS-000100

Contact My Local Office in the District of Columbia



**Contact My Local Office in the District of Columbia**

**Face-to-face Tax Help**

IRS Taxpayer Assistance Centers are your source for personal tax help when you believe your tax issue cannot be handled online or by phone, and you want face-to-face assistance.

If you need to resolve a tax problem, have questions about how the tax law applies to your individual tax return, or you're more comfortable talking with someone face-to-face, visit your local Taxpayer Assistance Center where you can spread out your records and talk with an IRS representative across the counter. No appointment is necessary - just walk in. If you prefer, you may call a local number (see chart, below) to learn about available and alternate services, and to reschedule appointments with IRS personnel. If you have an ongoing, complex tax account problem or a special need, such as a disability, an appointment may be requested.  All other issues will be handled without an appointment.

Note: Before visiting your local office click on "Services Provided" in the chart below to see what services are available. Services may vary from site to site. You can get these services on a walk-in, non-advance appointment basis.

Caution: Many of our offices are located in Federal Office Buildings. These buildings may not allow visitors to bring in cell phones with camera capabilities.

Multilingual assistance is available in every office. Hours of operation are subject to change.

* Note: The phone numbers in the chart above are not toll-free for all locations. When you call, you will reach a recorded business message with information about office hours, locations and services provided in that office. You may leave a message to request an appointment for help resolving a tax issue or to reschedule an existing appointment. You will receive a return call within two business days. If face-to-face assistance is not a priority for you, you may also get help with IRS letters or resolve tax account issues by phone, toll free 1-800-829-1040 (individuals) or 1-800-829-4933 (businesses).

| City | Street Address | Days/Hours of Service | Telephone* |
|------|----------------|-----------------------|------------|
| Washington, DC | 77 K Street NE Washington, DC 20002 | Monday-Friday 8:30 a.m.-4:30 p.m. Services Provided | (202) 874-6748 |

For information on where to file your tax return please see Where to File Addresses.

The Taxpayer Advocate Service: Call (202) 874-7200 or 1-877-777-4778 or see Publication 1546 , The Taxpayer Advocate Service of the IRS.

For further information, see Tax Topic 104

**Partnerships**

IRS and organizations all over the country are partnering to assist taxpayers. Through these partnerships, organizations are also achieving their own goals. These mutually beneficial partnerships are strengthening outreach efforts and bringing education and assistance to millions.

For more information about these programs for individuals and families, contact the Stakeholder Partnerships, Education and Communication Office at:

Internal Revenue Service
Metro Plex 1
8401 Corporate Drive, Suite 300
Landover, MD  20785

For more information about these programs for businesses, your local Stakeholder Liaison office establishes relationships with organizations representing small business and self-employed taxpayers. They provide information about the policies, practices and procedures the IRS uses to ensure compliance with the tax laws. To establish a relationship with us, use this list to find a contact in your state:

Stakeholder Liaison (SL) Phone Numbers for Organizations Representing Small Businesses and Self-employed Taxpayers.

Page Last Reviewed or Updated: July 22, 2011

8/18/2011 9:56 AM

TELS-000101

# Exhibit 6

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO.: 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                      PLAINTIFF

v.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE                                              DEFENDANTS

## AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

The undersigned Attorney for the Petitioner, Tax Ease Lien Investments 1, LLC, being first duly sworn, states:

1. Wilensky & Jones, LLP, Attorneys, to date, has invoiced Petitioner, Tax Ease Lien Investments 1, LLC, in attorney's fees in exchange for the litigation of the collection of the amounts due and payable with respect to the 2004 Tax Bill made the basis of this suit and the foreclosure of its lien upon the Property described in these proceedings the following itemized amounts:

   A. $205.00 for issuance of a Warning Letter and Title Examination,
   B. $552.00 for drafting and filing of the Complaint,
   C. $395.00 for drafting and filing of the Summary Judgment and Order of Sale.
   D. Further, simultaneously with the Court's granting of its Summary Judgment and Order of Sale, Wilensky and Jones will bill Plaintiff $148.00 to attend the Master Commissioner sale herein

2. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid Blue Grass Abstract, LLC, and invoiced Petitioner, Tax Ease Lien Investments 1, LLC, $195.00 for a title search for the Property made the basis of this suit

3. Wilensky & Jones, LLP, Attorneys, to date, has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $619.37 in filing fees, court costs and service costs in these proceedings.

4. Wilensky & Jones, LLP, Attorneys, was invoiced by and has paid and invoiced Petitioner, Tax Ease Lien Servicing, LLC, $205.00 for (a) an abstract of title (b) vetting of title; (c) service of process information for each Defendant hereto, and (d) copies of all back-up documents including copies of mortgages and other year's tax bills and/or certificates and that, the additional title search information and research significantly reduces Wilensky & Jones, LLP's time and ultimately its attorney's fees for this matter..

Page |1

5.  Had the Defendant satisfied the claim at any given stage of the litigation prior hereto,
    Plaintiff would have only been invoiced the amount of attorney fees relative to that stage
    of the litigation.

BY: 

Donald R. Jones
Kentucky Bar #92833
Wilensky & Jones, LLP
3109 Carlisle St., Suite 100
Dallas, TX 75204
(214) 220-2130 Phone
(214) 220-2131 Fax
djones@wandjlaw.com
Attorneys for Plaintiff

STATE OF TEXAS                    )
COUNTY OF DALLAS                  )

     Subscribed and sworn to before me by Donald R. Jones this _3rd_ day of
_November_____, 2011.

[SEAL]  RANDIE RAYKIND ELLIS
        MY COMMISSION EXPIRES
        June 25, 2016

                                  Randie Ellis
                                  Notary Public

SHE100148 Master Stock Number
AFFIDAVIT OF ATTORNEY FEES, TITLE EXPENSES and COURT COSTS

# Exhibit 7

TENDERED  11/7/11

COMMONWEALTH OF KENTUCKY
SHELBY CIRCUIT COURT
CIVIL ACTION NO : 09-CI-820

TAX EASE LIEN INVESTMENTS 1, LLC                                          PLAINTIFF

v.

                                    FILED
                            LOWRY S. MILLER, CLERK
                                 DEC - 7 2011
                          SHELBY CIRCUIT/DISTRICT COURT
                          BY:_____D.C.

TERRY L. CARRISS, FLORA M. CARRISS,
WACHOVIA BANK, N.A., ARTHUR ROBERTS,
AND DON PRATHER, TRUSTEE                                                 DEFENDANTS

---

SUMMARY JUDGMENT and
ORDER FOR SALE

        Upon Motion for Summary Judgment by Plaintiff, Tax Ease Lien Investments 1, LLC
against Defendant(s), Terry L. Carriss and Flora M. Carriss, it appearing that said Defendant(s)
has failed to timely plead or otherwise defend this matter after having been served with process,
and the Court being otherwise sufficiently advised,

        IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:
On motion of Plaintiff, IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff, Tax Ease Lien Investments 1, LLC, shall recover:

   a. Judgment against the against Defendant(s), Terry L. Carriss and Flora M. Carriss the
      following amounts:

      i.   $933.64 being Plaintiffs' acquisition cost of the 2004 tax bill made the basis of this
           suit, plus twelve percent (12%) interest per annum from the date of Plaintiff's
           acquisition of said bill of August 15, 2005, (pursuant to KRS 134.500);

      ii   an administration fee of $100.00 for the preparation and filing of the Release of Lien
           and the Clerk's cost of recordation, (pursuant to KRS 134.452(4));

      iii. pre-litigation attorney fees of $751.56 *653.20* (pursuant to KRS 134.452(3)(a) & (b)).

   b. actual and reasonable attorney's fees of $1,300.00 *$1,000.00* arising in the prosecution of Collection
      Remedies and/or in Litigation (pursuant to KRS 134.452 (3)(c)); $400.00 *$300.00* *$100.00* for (a) a title   ⟵
      search for the Property made the basis of this suit (pursuant to KRS 134.452(3)(c)); (b) an

Page | 1

Lien Book E31, Page 76.

11. Wachovia Bank, Defendant, was made a party hereto, but failed to Answer herein and is not entitled to the protection of its interest.

12. In the event Plaintiff becomes the successful purchaser of said real estate at the commissioner's sale, and should the bid of Plaintiff be less than its liens herein, Plaintiff may comply with the terms of sale by taking credit upon its judgment without making the cash deposit or executing the sale bond as hereinabove provided.

13. This is a final and appealable judgment and there is no just reason for delay in its entry.

14. Jurisdiction is retained to confirm the sale; to distribute the proceeds; to adjudge junior liens; and for entry of such further orders as may be necessary.

15 Said property shall be sold subject to such right of redemption as may exist in favor of the Defendant.

16. Neither the Master Commissioner nor anyone in his/her employ including, but not limited to, office staff, auctioneers, or appraisers, shall act as surety on the bond of any purchaser of property at any judicial sale.

17 Sale date is set by the Master Commissioner as _____

Dated: _____12/7_____, 2011.

_Chas L. Hickman_
JUDGE, SHELBY CIRCUIT COURT


CHECKED, EXAMINED AND APPROVED

BY: _____
SHELBY   CIRCUIT   COURT   MASTER
COMMISSIONER

Master Stock Number SHE100148
SUMMARY JUDGMENT and
ORDER FOR SALE

# Exhibit 8

**\*JEF300282-SFT-CL-0812\***

TAX EASE LIEN SERVICING, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254

HUMPHREY SAMUEL
3712 CUTLER RD
LOUISVILLE KY 40219-3712

August 6, 2012

### NOTICE OF OFFER OF SETTLEMENT

Dear Humphrey Samuel:

Our office recently sent a Notice of Delinquency and Impending Action to this mailing address. That letter stated that it was our final attempt to advise you of the status of your delinquent tax lien. Tax Ease Lien Servicing, LLC purchased the delinquent tax bill(s) from the Jefferson County taxing authorities. This bill was assessed against your property (land, house, building, or mobile home), which was located at 1525 Rowan St at the time of assessment. The parcel ID number for this property is 03015A00760000.

However, since we have not heard from you, it is clear that you may be experiencing some financial difficulties right now and you simply cannot afford to pay the outstanding balance as it stands. *We can assure you that if this account does not get settled in a timely manner, action will be taken against you and/or your property.*

However, we want to assist you in repaying this obligation and give you an opportunity for repayment while saving you money that you could use towards your other bills and obligations. With that said, *we can offer you several repayment options that may assist you in paying this obligation.* These options range from *settlements offers*, which would lower the amount due, to *payment plans* that would allow you to repay this account in smaller installments with terms agreeable to both parties. Call us today to let us know which option is best for you and your family. *We can settle this issue together as long as both parties are cooperative.*

Payment must be made in the form of a cashier's check or money order, not by personal check. Payment should be made payable to: **Tax Ease Lien Servicing, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Please reference master stock number JEF300282 on your payment.

We would prefer to provide you with the opportunity to resolve this delinquency short of litigation. You must make payment arrangements immediately to stop the filing of a legal action against you and to avoid further expenses, such as interest charges and legal fees. The next notice that you receive will be a foreclosure warning letter from our attorney.

If you have any questions, please visit our website at www.teliky.com or contact us directly at (214) 420-5999 or email us at collect@taxease.com

Sincerely,
Brandon Buchanan, Senior Loss Mitigation Analyst
Tax Ease Lien Servicing, LLC

# MASTER STOCK NUMBER:  JEF300282

# Exhibit 9

**\*ADR100002-NMR-CL-0812\***

**TAX EASE LIEN INVESTMENTS 1, LLC**
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254

JAMES R MURRAY
286 WINDHAVEN TRL
COLUMBIA  KY  42728-8892

August 6, 2012

Dear James R Murray:

Tax Ease Lien Investments 1, LLC purchased the delinquent tax bill(s) from Adair County, and the bill was assessed against your property (land, house, building, or mobile home), which was located at 170 Murray Ln at the time of assessment. The parcel ID number for this property is 51E-009.

We know it is a brand new year, and now you may have some funds becoming available to take care of this obligation.  And because it is a new year, we are ***READY TO MAKE A DEAL!!!***  I have been authorized to help you get this obligation paid in ***VERY favorable terms*** that will be in your best interest to accept.

Call me today and let's make a deal!!! I'm wanting to sign up <u>hundreds of people</u> on payment plans and hoping to save them <u>thousands of dollars</u> with generous settlement offers to give you the best opportunity to stop the calls and letters.

I understand bad things happen to good people and sometimes money is tight.  I also understand a new year may be a golden opportunity to take care of this obligation.  If you are excited about the New Year and want to settle this account once and for all – CALL ME TODAY at 214-420-5999 so I can get you qualified for savings!!!



*I can assure you that if this account does not get settled in a timely manner; action could be taken against you personally and/or your property.*  However, we still want to assist you in repaying this obligation.  Call us today to let us know which option is best for you and your family.

CALL NOW TO SAVE BIG!!! You will NOT be disappointed! All reasonable offers will be considered!

Payment must be made in the form of a cashier's check or money order, <u>not by personal check.</u>  Payment should be made payable to: **Tax Ease Lien Investments 1, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.**  Please reference master stock number ADR100002 on your payment.

To set up payment arrangements, please contact us directly at (214) 420-5999 or email me at collect@taxease.com
Sincerely,
Brandon Buchanan, Senior Loss Mitigation Analyst

**MASTER STOCK NUMBER:  ADR100002**        Tax    Ease    Lien    Investments    1,    LLC

# Exhibit 10

**\*CLY300096-HRD-CL-0812\***

TAX EASE LIEN SERVICING, LLC
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254

GRUBB TOLE & LAWRENCE
4880 TODD RD
LEXINGTON, KY 40515

August 6, 2012

### NOTICE OF DELINQUENCY & IMPENDING ACTION

Attention Grubb Tole & Lawrence:

This letter is our **FINAL ATTEMPT** to advise you of the status of your delinquent tax lien(s). Tax Ease Lien Servicing, LLC purchased the delinquent tax bill(s) from the Clay County taxing authorities. This bill was assessed against your property (land, house, building, or mobile home), which was located at Hubbard Fork Rd at the time of assessment. The parcel ID number for this property is 158-00-00-004.00.

To obtain the outstanding balance of the tax lien(s) you must call as soon as possible. Payment must be made in the form of a cashier's check or money order, not by personal check. Payment should be made payable to: **Tax Ease Lien Servicing, LLC** and mailed to **Tax Ease, Attn: Brandon, 14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Please reference master stock number **CLY300096** on your payment.

Under Kentucky law, the delinquent taxes are your responsibility, as you currently own or once owned the subject property. To date, there has been no response to our repeated attempts to contact you and to collect on the unpaid balance of the delinquent tax lien(s).

In such situations, the Commonwealth of Kentucky provides several remedies for third party purchasers, such as our company, to collect the outstanding delinquent tax lien(s). **A judicial foreclosure action may be filed against you forcing the sale of the property at public auction. A deficiency judgment or personal judgment may be filed against you to collect on any of the bill that remains unpaid after a foreclosure action. Such a judgment will attach to all other property you own in the Commonwealth of Kentucky. Additionally, you may be subject to employer-mandated wage garnishments and the seizure of your personal funds held in your bank or other financial institution.**

Tax Ease would like to avoid the expensive legal actions above. We would prefer to provide you with the opportunity to resolve this delinquency short of litigation. You must make payment arrangements immediately to stop the filing of a legal action against you and to avoid further expenses, such as interest charges and legal fees. The next notice that you receive will be a foreclosure warning letter from our attorney.

If you have any questions, please contact us directly at (214) 420-5999 or email us at collect@taxease.com.

Sincerely,
Tax Ease Lien Servicing, LLC

## MASTER STOCK NUMBER: CLY300096

# Exhibit 11

**\*312483-CL-1110102\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

HOLLAND CALVIN L
2803 HOSKINS DR
JEFFERSONVILLE IN 47130-5923

November 3, 2010

To Holland Calvin L:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011275 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 5521 Ailanthus Trl, which is further identified by map number 23091100640000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,442.19. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *312483* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312483**

**\*312484-01-1110102\***

LAW OFFICES
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503


JONES ROSS
2206 BLANKENBAKER RD
JEFFERSONTOWN KY 40299-2410


November 3, 2010

To Jones Ross:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011324 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 5308 Regent Way, which is further identified by map number 23093405010000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,495.02. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *312484* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow


**STOCK NUMBER: 312484**

**\*312487-CL-1110NL2\***

LAW OFFICES
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

THOMAS DAVID A DR & BECKY E
2217 BONNYCASTLE AVE
LOUISVILLE KY 40205

November 3, 2010

To Thomas David A Dr & Becky E:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011526 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 4405 Newport Rd, which is further identified by map number 23201504240000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $1,980.55. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *312487* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312487**

**\*312488-01-1110012\***

*LAW OFFICES*
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

BLUE LICK APARTMENTS LTD
9306 NEW LAGRANGE RD STE 100
LOUISVILLE KY 40242

November 3, 2010

To Blue Lick Apartments Ltd:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011717 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 4902 Shumake Ct, which is further identified by map number 23203001250000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of November 3, 2010 is $685.24. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Servicing, LLC,* and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.** Reference stock number *312488* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312488**

**\*312489-CL-1110192\***

LAW OFFICES
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

BLUE LICK APARTMENTS LTD
9306 NEW LAGRANGE RD STE 100
LOUISVILLE  KY  40242

November 3, 2010

To Blue Lick Apartments Ltd:

    The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 delinquent tax bill number 2009230011718 from the Jefferson County taxing authority.  This bill is a tax lien on your property located at 4911 Shumake Ct, which is further identified by map number 23203001350000 arising from the unpaid real estate taxes for the 2009 tax year (the "2009 Tax Lien").

    The outstanding balance of the 2009 tax lien as of November 3, 2010 is $685.24.  This payoff is good through November 30, 2010.  If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

**PAYMENT INSTRUCTIONS:**

    Payment of the *2009* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check.  Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

    Please make the certified check, cashier's check or money order payable to: ***Tax Ease Lien Servicing, LLC***, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254.**  Reference stock number *312489* on your payment to ensure the prompt application of your funds.

    If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 312489**

# Exhibit 12

**COMMONWEALTH OF KENTUCKY**
**LINCOLN CIRCUIT COURT**
**CIVIL ACTION NO. 10-CI-00197**
**DIVISION I**

TAX EASE LIEN INVESTMENTS 1, LLC                                    PLAINTIFF

v.      <u>**AFFIDAVIT OF TREY GULLEDGE, CHIEF OPERATING OFFICER OF**</u>
        <u>**TAX EASE LIEN INVESTMENTS 1, LLC**</u>

BETTY ANN MARTIN, et. al.                                           DEFENDANTS

***** ***** ***** ***** ***** *****

Comes now the Affiant, Trey Gulledge ("Affiant"), and after being duly sworn and cautioned states as follows:

1.      Affiant is Chief Operating Officer of Tax Ease Lien Investments 1, LLC, Lien Division (hereinafter "Tax Ease").

2.      Affiant is familiar with the pre-litigation collection efforts of Tax Ease and the actual attorney's fees which Tax Ease incurs as a result of these collection efforts prior to litigation.

3.      Affiant states that Tax Ease has engaged the law firm of Sherrow, Sutherland & Associates, P.S.C. to send periodic notice letters in efforts to collect its certificates of delinquency prior to litigation.

4.      Tax Ease has incurred the following actual attorneys' fees for services performed by Sherrow, Sutherland & Associates, P.S.C. for collection efforts prior to litigation:

<u>**2007 Lincoln County Tax Bill Number 8422**</u>

| Date | Service | Attorney's Fee |
|------|---------|----------------|
| June 19, 2008 | 50-Day Notice Letter (KRS § 134.490) | $ 62.50 |
| August 12, 2009 | 1 Year Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 0.00 |
| September 9, 2008 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 69.50 |

EXHIBIT
B

| December 15, 2008 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 69.50 |
| March 9, 2009 | Collection/Demand Letter (KRS § 134.452(3)(a)) | $ 65.83 |
| **Total** | | **$ 267.33** |

     5.    Tax Ease has incurred Two Hundred Sixty-Seven Dollars and 33/100 ($267.33) in actual attorney's fees for efforts at collecting its Certificates of Delinquency prior to litigation.

     6.    Tax Ease has incurred administrative fees for preparing and recording its Certificate of Delinquency in the Lincoln County Clerk's office, and will incur further administrative fees for releasing its Certificates of Delinquency. Tax Ease's total administrative fees are one hundred dollars and no/100 ($100.00) per certificate.

FURTHER AFFIANT SAYETH NAUGHT.

TREY GULLEDGE, AFFIANT

STATE OF TEXAS    )
                    )
COUNTY OF Dallas )

     Subscribed, sworn to, and acknowledged before me on this the 1st day of Sept , 2010, by Trey Gulledge, Affiant.

My Commission Expires: 3/8/2011

Notary Public, State at Large, Texas

CATHRYN J.M. ABSHIER
MY COMMISSION EXPIRES
March 8, 2011

2

# Exhibit 13

*LAW OFFICES*
**SHERROW, SUTHERLAND**
**& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

**3/4/2009**

To:    132974-PF-0309B1
       C/O BETTY ANN MARTIN
       330 KY HWY 643
       WAYNESBURG KY  40489

Dear Betty Ann Martin:

       This letter is our final attempt to make you aware that Tax Ease Lien Investments 1, LLC ("TELI1") purchased a lien for 2007 unpaid *ad valorem* taxes on your property located at 330 Ky Hwy 643 in Lincoln County.  This is a lien of record against this property and it takes priority over virtually all other claims against the property.  It cannot be defeated by a sale or other transfer of the property.

       To date, neither we nor our client have received any positive response from our efforts to contact you and clear this lien against your property.  Therefore, your file has been turned over to our offices for collection, which if unpaid, will result in a foreclosure being filed against the property.  *The foreclosure process could and most likely will result in the court-ordered sale of your property.* If we are forced to collect through the foreclosure process, all court costs, sheriff's fees, attorney fees and master commissioner fees will be added to the amount that you already owe.

       **It is imperative that you contact our client immediately at (214-)420-5927 for a payoff in order to avoid the accumulation of further collection fees and to prevent the foreclosure of your property.**

       The outstanding balance of the 2007 Tax Lien as of 3/4/2009 is $664.03 ("March Payoff"), and that amount continues to accrue interest at the rate of 12% per annum as permitted by Kentucky law in KRS 134.500.  However, in the event our client incurs additional expenses as the result of this or any other collection actions, those legal fees and costs will be added to the payoff figures set forth above as also permitted by Kentucky law. (KRS 134.520)

       Payment of the 2007 Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check.  Payment must be received in our client's office by the dates listed for the payoff to be valid.  Postmarks are NOT accepted as the delivery date.  **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

       If you need to contact our client about this tax lien please reference the information below:

| |
|---|
| **Stock No. 132974** <br> Tax Bill Number 8422              Map ID: |

The following information is provided pursuant to KRS 134.490:

Legal name of purchaser:
    Tax Ease Lien Investments 1, LLC

Purchaser's physical address and address for payments:
    14901 Quorum Drive, Suite 900
    Dallas, TX 75254

Purchaser's telephone number:
    (214) 420-5927

    If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client TELI directly at (214) 420-5927 or email to payoffs@TELIKY.com.

Very truly yours,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

## NOTICE

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU HAVE THIRTY (30) DAYS FROM THE DATE OF RECEIPT OF THIS LETTER TO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREON, OR ELSE THIS DEBT WILL BE ASSUMED VALID.  IF YOU DO HAVE A DISPUTE ABOUT THIS DEBT, WE WILL SEND YOU VERIFICATION FIGURES UPON WRITTEN REQUEST BY YOU WITHIN SAID THIRTY (30) DAY PERIOD.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

# Exhibit 14

*LAW OFFICES*
**SHERROW, SUTHERLAND**
**& ASSOCIATES, PSC**
215 SOUTHLAND DRIVE, SUITE 200
LEXINGTON, KENTUCKY 40503

3/4/2009

To:   030409-PF-0309B1
      MICHELLE LE
      14901 QUORUM DRIVE, SUITE 900
      DALLAS TX 75254

Dear Michelle Le:

This letter is our final attempt to make you aware that Tax Ease Lien Investments 1, LLC ("TELI1") purchased a lien for 2009 unpaid *ad valorem* taxes on your property located at 123 Cloudy Road in Dallas County. This is a lien of record against this property and it takes priority over virtually all other claims against the property. It cannot be defeated by a sale or other transfer of the property.

To date, neither we nor our client have received any positive response from our efforts to contact you and clear this lien against your property. Therefore, your file has been turned over to our offices for collection, which if unpaid, will result in a foreclosure being filed against the property. *The foreclosure process could and most likely will result in the court-ordered sale of your property.* If we are forced to collect through the foreclosure process, all court costs, sheriff's fees, attorney fees and master commissioner fees will be added to the amount that you already owe.

**It is imperative that you contact our client immediately at (214-)420-5927 for a payoff in order to avoid the accumulation of further collection fees and to prevent the foreclosure of your property.**

The outstanding balance of the 2009 Tax Lien as of 3/4/2009 is $0 ("March Payoff"), and that amount continues to accrue interest at the rate of 12% per annum as permitted by Kentucky law in KRS 134.500. However, in the event our client incurs additional expenses as the result of this or any other collection actions, those legal fees and costs will be added to the payoff figures set forth above as also permitted by Kentucky law. (KRS 134.520)

Payment of the 2009 Tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by the dates listed for the payoff to be valid. Postmarks are NOT accepted as the delivery date. **Please make the certified check, cashier's check or money order payable to: Tax Ease Lien Investments 1, LLC, and mail to: 14901 Quorum Drive, Suite 900, Dallas, TX 75254.**

If you need to contact our client about this tax lien please reference the information below:

| | |
|---|---|
| **Stock No. 030409** | |
| Tax Bill Number 123 | Map ID: 123-456-789 |

# Exhibit 15

NO.   10CI402027                    FILED IN CLERK'S OFFICE          JEFFERSON CIRCUIT COURT

                                    2011 APR 26  A 0                          DIVISION 9

TAX EASE LIEN INVESTMENTS 1, LLC    CLERK 4                                   PLAINTIFF

VS.                       MASTER COMMISSIONER'S REPORT
                 RE: DEFENDANT'S SUMMARY JUDGMENT-LIABILITY

WILSON, MAGGIE MAE; ET. AL.                                                   DEFENDANTS

                              * * * * * * *

    This matter was referred to the Commissioner for a recommendation on Ms. Wilson's January 18, 2011, motion for Summary Judgment on her counterclaim against TELI as to liability. A hearing was conducted April 19, 2011, at which TELI was represented by Marcy Spratt, and Ms. Wilson was represented by John Young.

    The statutes which govern the collection of taxes are fairly detailed, and the following sections of KRS Chapter 134 have been added to the record for ease of reference: 119, 122, 128, 452, 490, 546, and 990. The Defendant's Memorandum correctly lays out the statutory path for collection of third-party certificates of delinquency. The Defendant also correctly observes that pre-litigation attorneys fees are capped by Section 452(3)(a)(1) at $156.63, representing TELI's acquisition cost, for tax amounts in the lowest dollar range.

    What, then is the basis for TELI's demand for a $750.00 litigation attorney's fee, as embodied in the January 25, 2010, Forbearance Agreement, which appears as Exhibit 1 to the Complaint? TELI's February 17, 2011, Response lists:

| | |
|---|---|
| Title Search | $400.00 |
| Drafting and monitoring Forbearance Agreement | $200.00 |
| Foreclosure Warning Letter | $150.00 |
| | $750.00 |

Your Commissioner considers a title search to be both an essential preliminary step in the collection process, and a recoverable cost under Section 452(3)(c). Likewise, your Commissioner considers TELI to be entitled to charge for the warning letter and the Agreement under Section 490(5).

At issue is the reasonableness of the charges, which exceeds the scope of this hearing. With regard to the $400 title search, your Commissioner pays $70.00 for 30-year title searches in his private practice, and notes that almost 25 years of indexes and document images are available free on the County Clerk's website. This Office routinely allows a maximum of $150.00 for title searches in other types of lien enforcement actions. The only evidence in the record of attorney time and expenses appears to be Ms. Spratt's December 20, 2010, Affidavit, Exhibit C to TELI's Response to Request for Production of Documents.

Ms. Wilson foolishly signed the Forbearance Agreement without sufficient inquiry. The cases collected in 5A Kentucky Digest, Contracts §93(2), suggest that she is bound by her signature to every aspect of the Agreement. If, however, she develops evidence that TELI knowingly overcharged her, then not only should her balance be reduced, but the fine provided by Section 990(11) should also be assessed. As burdensome as it may be require TELI to examine its Agreements in other cases, a pattern of abuse can be fined at up to $500.00 per offense. Discovery should continue.

For now, sufficient questions of material fact exist to preclude her partial summary judgment.

2

RECOMMENDATION: Unless objections are filed within 10 days from the date of service by the Clerk, as prescribed by CR 53.06, the defendant's tendered judgment should be DENIED.

Respectfully submitted,
EDITH F. HALBLEIB
MASTER COMMISSIONER

By: _R. C. Oldham Jr._ , D.M.C.
Richard C. Oldham, Jr.

Commissioner's fee: $100.00 to Plaintiff
RCO/aw

| Marcy Spratt | John Young |
|---|---|
| P. O. Box 23800 | 416 W. Muhammad Ali Blvd., Suite 300 |
| Lexington, KY 40523-3800 | Louisville, KY 40202 |

Copies were mailed to the attorneys listed above.

3

# Exhibit 16



## MIKE O'CONNELL
## JEFFERSON COUNTY ATTORNEY

Louisville, KY

Rose Harrer
301 N. 17 St.
Louisville, Kentucky 40203

RE: DISTRICT: 03 BLOCK: 015F LOT: 0232 SUBLOT: 0000 ( TAX YEAR: 2010)
ADDRESS: 301 N 17TH ST.

Dear Ms. Harrer and Ms. Goldsmith:

This will confirm your conversation with our office, wherein you agreed to enter the Jefferson County Attorney Delinquent Tax Payment Program. You agreed to make monthly payments of $174.00 a month starting in July through November. Listed below is your payment schedule:

| Month | Amount | Paid | Date |
|---|---|---|---|
| July 2011 | $174.00 | 174.00 | 7/8/11 |
| August 2011 | $174.00 | 174.00 | 8/29/11 |
| September 2011 | $174.00 | 174.00 | 9/30/11 |
| October 2011 | $174.00 | 174.00 | 10/31/11 |
| November 2011 | $174.00 | 174.00 | 11/29/11 |

Your checks are to be made payable to the Jefferson County Attorneys Delinquent Tax Fund and sent to the following address:

JEFFERSON COUNTY ATTORNEY'S OFFICE
FISCAL COURT BUILDING
531 COURT PLACE, SUITE 900
LOUISVILLE, KY 40202
ATTN: SARAH ESTES

Your payments are due by and must be postmarked by the end of each month. If this agreement is not kept, we are allowed to terminate the payment plan and any money received will be applied to the delinquent bills. Your cooperation in keeping to the terms of the agreement will be most appreciated.

Sincerely,

Sara P. Estes
Sara P. Estes
Supervisor, Delinquent Tax Dept.
Phone (502) 574-6331

# Exhibit 17

* 3 1 2 8 3 3 – N L – 0 7 1 1 M 0 1 *

LAW OFFICES
SHERROW, SUTHERLAND & ASSOCIATES, PSC
200 SOUTHLAND DR., LEXINGTON, KY 40503

HARPER ROSE & GOLDSMITH DEDDO
304 N 17TH ST
LOUISVILLE KY 40203

July 1, 2011

To Harper Rose & Goldsmith Deddo:

The purpose of this letter is to remind you that Tax Ease Lien Servicing, LLC purchased the 2009 tax lien under bill number 2009056007099 from the Jefferson County taxing authority. This bill is for taxes on your property located at 304 N 17th St, which is further identified by map number 019M50272000 arising from delinquent real estate taxes for the 2009 tax year (the "2009 Tax Lien").

The outstanding balance of the 2009 tax lien as of July 1, 2011 is $1,535.40. This payoff is good through July 21, 2011. If you are unable to pay the tax lien by July 21, 2011, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment on this 2009 tax Lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by July 21, 2011 for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to *Tax Ease Lien Servicing, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *312833* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.tellky.com or contact our client directly at (214) 420-5927 or email to payoff@tellky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

STOCK NUMBER: 312833

# Exhibit 18

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KY 40202
502-638-2836

March 27, 2013

PAYOFF QUOTE GOOD THRU MARCH 31, 2013

ATTN: Deddo Goldsmith &
Lisa with Attorney Mark Levy's office

Owner Name:      ROSE HARPER & DEDDO GOLDSMITH
County:      JEFFERSON
Property Address:      304 N 17TH ST
      PARCEL ID 03015F02320000

JEFFERSON CIRCUIT ACTION NO 13-CI-400421

| | |
|---|---|
| Stock Number | 312833 |
| Tax Bill # | 2009030007099 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.56 |

| | |
|---|---|
| TE Principal | $855.76 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $299.52 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $599.03 |
| SUBTOTAL | $1,854.31 |
| | |
| HC&G Legal Fees | $961.00 |
| SUBTOTAL | $961.00 |
| | |
| HC&G Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Rose Harper & Deddo GoldSmith | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $61.80 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Complaint Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee –Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Additional Recording Fee for Extra Tract | $12.00 |
| Foreclosure Costs and/or Expenses: KY Secretary of State – Process of Service for Vesta Holdings | $14.75 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fees - Estimate | $270.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |

| | |
|---|---|
| Foreclosure Costs and/or Expenses:<br>Lien Data Services –County PVA | $100.00 |
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $595.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |
| Foreclosure Costs and/or Expenses:<br>Postage/Photocopies/Long Distance/Facsimile | $28.40 |
| SUBTOTAL | $1,405.95 |
| TOTAL | $3,422.26 |

As of March 27, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through March 31, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEF301589/Harper-Goldsmith on any form of payment.

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301589
PM 228.01251

# Exhibit 19

Property Details | Jefferson County PVA                                Page 1 of 2

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



| | |
|---|---|
| MAILING ADDRESS | 304 N 17TH ST LOUISVILLE, KY 40203 |
| OWNER | HARPER ROSE & GOLDSMITH DEDDO |
| PARCEL ID | 015F02320000 |
| LAND VALUE | $5,000 |
| IMPROVEMENTS VALUE | $29,000 |
| ASSESSED VALUE | $34,000 |
| APPROXIMATE ACREAGE | 0.0401 |
| PROPERTY CLASS | 520 Res 2 family dwell Duplex |
| DEED BOOK/PAGE | 9714 0519 |
| DISTRICT NUMBER | 100023 |
| OLD DISTRICT | 03 |
| FIRE DISTRICT | City of Louisville |
| SCHOOL DISTRICT | Jefferson County |
| NEIGHBORHOOD | 105124 / 18TH/MARKET |
| SATELLITE CITY | Urban Service District |
| SHERIFFS TAX INFO | View Tax Information |

## Property Details

| | |
|---|---|
| TYPE 1 | Single family |
| YEAR BUILT | 1900 |
| EXTERIOR WALL | W2 Wood siding |
| ROOFING STRUCTURE | Gable |
| BASEMENT FOUNDATION | Full Crawl |
| CONDITION | normal for age |
| CONSTRUCTION FRAME | Wood frame w/sheath |
| HEATING TYPE | 1 Central Warm Air |
| CENTRAL AIR | N |
| FIREPLACE | N |
| BUILDING TYPE | 22 Older conventl 2/2+ story |
| STORIES | 2.00 |
| FULL BATHROOMS | 1 |
| HALF BATHROOMS | 0 |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| MAIN UNIT | 1,690 | |
| BASEMENT | 0 | 0 |
| ATTIC | None | 0 |
| ATTACHED GARAGE | | |
| DETACHED GARAGE | | |

The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps.

EXHIBIT C

# Exhibit 20

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KY 40202
502-638-2836

February 12, 2013

PAYOFF QUOTE GOOD THRU FEBRUARY 28, 2016

ATTN: John Dwyer via email: jdwyer@zielkeyfirm.com

Owner Name:        LELA MAE GARNER
County:            JEFFERSON
Property Address:  309 MARKET AVE
                   PARCEL ID 023D08770000

JEFFERSON CIRCUIT ACTION NO 13-CI-400354

| | |
|---|---|
| Stock Number | 313128 |
| Tax Bill # | 2009090003027 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.43 |

| | |
|---|---|
| TE Principal | $842.67 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $286.52 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $589.87 |
| SUBTOTAL | $1,819.06 |

| | |
|---|---|
| HC&G Legal Fees | $1,083.00 |
| SUBTOTAL | $1,083.00 |

| | |
|---|---|
| HC&G Costs of Litigation | |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Foreclosure Filing Fee | $153.80 |
| Foreclosure Costs and/or Expenses:<br>Jefferson County Clerk – Recording Fee – Lis Pendens | $15.00 |
| Foreclosure Costs and/or Expenses:<br>Jefferson Circuit Court – Certified Mail | $83.40 |
| Foreclosure Costs and/or Expenses:<br>Kentucky Secretary of State – Process of Service on Capital One Bank | $14.55 |
| Foreclosure Costs and/or Expenses:<br>Warning Order Attorney Report Fee for Unknown Occupants – ESTIMATE | $500.00 |
| Foreclosure Costs and/or Expenses:<br>Lexis | $50.00 |
| Foreclosure Costs and/or Expenses:<br>Lien Data Services – County PVA | $100.00 |
| Foreclosure Costs and/or Expenses:<br>Blue Grass Abstract – Title Report Fee (Estimate) | $560.00 |
| Foreclosure Costs and/or Expenses:<br>County Clerk – Lien/Lis Pendens Release (upon redemption) | $28.00 |

| Foreclosure Costs and/or Expenses: | | |
|---|---|---|
| Postage/Photocopies/Long Distance/Facsimile | | $36.06 |
| | SUBTOTAL | $1,538.01 |
| | TOTAL | $4,440.09 |

As of February 12, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through February 28, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

Please make checks payable to Hayden Craig & Grant, PLLC, and mail to the address above and reference JEH201882/L. Garner – Habitat for Humanity on any form of payment.

The above referenced taxpayer may have more than one delinquent tax bill. Hayden Craig & Grant, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEH201882
PM 228.01502

# Exhibit 21

**CRAIG LAW OFFICE, PLLC**
P.O. Box 3287
LOUISVILLE, KY 40201
(502)638-2836

April 2, 2013

David Branger
436 S 7th Street
Louisville, KY 40203

Re:     Property Address: 2219 W Kentucky St, 40210
        Tax Year(s): Jefferson County 2009
        TELIS Master Stock Number: JEF301741

Dear Mr. Branger:

Pursuant to your request, enclosed please find a payoff quote good through April 30, 2013.

Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection. The enclosed payoff quote does not reflect the monthly interest and preparation fees (for documents) which would be included in a payment plan (or Forbearance agreement) breakdown. To begin a payment plan, we usually have you send in a down payment of at least $300.00, which we deduct from the amended total. Once we apply that payment to the total, we prepare the plan from the balance owed.

Otherwise, full payment in the amount shown in the enclosed statement should be by certified check or money order made out to Craig Law Office, PLLC, and mailed to us at P.O. Box 3287, Louisville, Kentucky, 40201. Please reference the above TELIS Master Stock Number.

Sincerely,

*Jill Sullivan*

Jill Sullivan
Legal Assistant

Enclosures

THE ABOVE REFERENCED TAXPAYER MAY HAVE MORE THAN ONE DELINQUENT TAX BILL. CRAIG LAW OFFICE, PLLC, DOES NOT CLAIM THAT THE ABOVE-REFERENCED DELINQUENT TAX BILL(S) IS THE ONLY ONE(S) FOR THE ABOVE REFERENCED TAXPAYER.

**CRAIG LAW OFFICE, PLLC**
P.O. Box 3287
LOUISVILLE, KY 40201
502-638-2836

April 2, 2013

PAYOFF QUOTE GOOD THRU APRIL 30, 2013

ATTN: David Branger (Attorney) via USPS: 436 S 7th St, Louisville, KY 40203

Owner Name:         KARYN D & PHILLIP R JULIAN
County:             JEFFERSON
Property Address:      2219 W KENTUCKY ST
                      LOUISVILLE, KY 40210-1158
                      PARCEL ID 07038B00410000

JEFFERSON CIRCUIT ACTION NO 13-CI

| | |
|---|---|
| Stock Number | 312985 |
| Tax Bill # | 2009070001500 |
| Tax Year | 2009 |
| Purchase Date | 8/16/2010 |
| Monthly Interest | $8.44 |

| | |
|---|---|
| TE Principal | $843.90 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $303.76 |
| Administrative Fees (KRS 134.452(1)(d)) | $100.00 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $590.73 |
| SUBTOTAL | $1,838.39 |

| | |
|---|---|
| CLO Legal Fees | $1,119.00 |
| SUBTOTAL | $1,119.00 |

| | |
|---|---|
| CLO Costs of Litigation | |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Foreclosure Filing Fee | $153.00 |
| Foreclosure Costs and/or Expenses: Jefferson Circuit Court – Certified Mail | $52.50 |
| Foreclosure Costs and/or Expenses: Jefferson County Sheriff – Process of Service on Phillip Julian & Karyn Julian | $80.00 |
| Foreclosure Costs and/or Expenses: Jefferson County Clerk – Recording Fee – Lis Pendens | $13.00 |
| Foreclosure Costs and/or Expenses: Kentucky Secretary of State – Process of Service for Deutsche Bank National Trust Co. | $14.55 |
| Foreclosure Costs and/or Expenses: Warning Order Attorney Report Fee – Estimate | $150.00 |
| Foreclosure Costs and/or Expenses: Lexis | $50.00 |
| Foreclosure Costs and/or Expenses: Lien Data Services – County PVA | $100.00 |

| Foreclosure Costs and/or Expenses: | | |
|---|---|---|
| Blue Grass Abstract – Title Report Fee (Estimate) | | $350.00 |
| Foreclosure Costs and/or Expenses: | | |
| County Clerk – Lien/Lis Pendens Release (upon redemption) | | $28.00 |
| Foreclosure Costs and/or Expenses: | | |
| Postage/Photocopies/Long Distance/Facsimile | | $44.76 |
| | SUBTOTAL | $1,035.81 |
| | TOTAL | $3,993.20 |

As of April 2, 2013, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through April 30, 2013. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore, you must call prior to sending payment, because additional legal fees may have been incurred.

Please make checks payable to Craig Law Office, PLLC, and mail to the address above and reference JEF301741/JULIAN on any form of payment.

The above referenced taxpayer may have more than one delinquent tax bill. Craig Law Office, PLLC, does not claim that the above-referenced delinquent tax bill(s) is the only one(s) for the above referenced taxpayer.

MASTER STOCK NO. JEF301741
PM 228.01283

# Exhibit 22

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

November 15, 2011

James Brown
4431 Parker Ave.
Louisville, KY 40212

RE:   NOTICE OF INTENT TO ENFORCE LIEN
      3411 W. MUHAMMAD ALI BLVD./JEFFERSON COUNTY

Dear Sir or Madam:

This firm represents Tax Ease Lien Investments 1, LLC which purchased a Certificate(s) of Delinquency for unpaid ad valorem taxes on the real property at the address listed above.  Pursuant to KRS 134.490, our client is required to inform you of the following:

1.  The Certificate(s) of Delinquency is/are a lien of record against the property for which delinquent taxes are owed.

2.  The Certificate(s) of Delinquency purchased by our client bears interest at the rate provided by KRS 134.125, currently 12% per annum.

3.  If the Certificate of Delinquency is not paid, it will be subject to collection as provided by law.  **Collection actions may include foreclosure**.  If the Certificate of Delinquency(s) is/are not paid within forty-five (45) days of this notice, our client intends to institute legal action to collect the amount due.

4.  Pursuant to KRS 134.490(3)(f), the following information is provided to you:

    a.   The legal name of our client is Tax Ease Lien Investments 1, LLC.
    b.   Our client's physical and mailing address is 14901 Quorum Drive, Suite 900, Dallas, TX 75254.
    c.   Our client's telephone number is (972) 233-4929 or toll-free (877) 829-3273.

5.  A complete listing of the amount due, as of the date of this notice, is broken down as follows:

| | |
|---|---|
| TE principal, interest, administrative fees & pre-litigation fees (KRS Chapter 134) | $2344.95 |
| Notice of Intent Foreclosure Warning Letter 11-15-11 (KRS 134.452(1)(c)(3)) | $250.00 |
| United States Post Office- Certificate of mailing demand letter 11-15-11 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) | $300.00 |
| Lien Data Services – **Jefferson** County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| **TOTAL** | **$2997.15** |

**Payment plan options are available if you need time to pay the amount due to avoid foreclosure or other collection.  Please call us at (502) 690-3095 to make arrangements to enter into payment plans.**

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

Otherwise, full payment in the amount shown in the attached statement should be by certified check or money order made out to Hayden Craig & Grant, PLLC, and mailed to us at 718 West Main Street, Suite 202, Louisville, Kentucky, 40202.

Sincerely,

R. Eric Craig
HAYDEN & CRAIG, PLLC

**MSN: JEF300984**

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



UNITED STATES POSTAGE

PITNEY BOWES

$ 000.440

02 1P     $ 000.440
000397491 9   NOV 15 2011
MAILED FROM ZIP CODE 40202

James Brown
4431 Parker Ave.
Louisville, KY 40212

40212#2739  C018

Hayden, Craig & Grant PLLC
718 West Main St., Suite 202
Louisville, KY 40202

5-8-12    192.00
6-8-12    182.00
7-8-82    192.00
8-8-82    192.80
9-8-12    192.00
10-4-12   192.00
12-13-12  192.00

# Exhibit 23

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KENTUCKY 40202
(502) 690-3095
(502) 805-0705 FACSIMILE

January 9, 2012

James C. Brown
4431 Parker Ave.
Louisville, KY 40212

Re:   Forbearance Agreement for Unpaid Property Tax Bill
Property Address: 3411 W. Muhammad Ali Blvd./Parcel ID 01 007E 0080 0000,
Louisville, KY
Tax Year(s): Jefferson County 2004
TELIS Master Stock Number: JEF300984

Dear Mr. Brown:

Pursuant to your request, enclosed please find a forbearance agreement which provides for twenty-four (24) monthly payments in the amount of $152.48 to Tax Ease Lien Servicing, LLC, ("TELS") beginning on January 25, 2012.

If you continue to make payments in accordance with the agreement, our client has agreed to delay the filing of any legal action and/or the pursuit of pending legal action to give you an opportunity to pay all amounts owed without incurring additional litigation expenses.

Please read the agreement carefully and sign before a notary public on the signature line(s).

The original signed and notarized agreement along with a cashier's check or money order in the amount of $152.48, made payable to "Hayden Craig & Grant", should be returned to this office in the enclosed pre-addressed, return envelope via U.S. Mail. Failure to return the executed agreement and check to our office will cause us to proceed/continue with the appropriate legal action and will result in the accrual of additional litigation expenses, interest, etc. Please be sure TELS's Master Stock Number, JEF300984, is referenced on any form of payment.

The signed/notarized agreement and first payment should be sent to our office in the enclosed return envelope. Please make/keep a copy of the agreement for future reference.

Sincerely,

R. Eric Craig, Esq.

Enclosures

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**HAYDEN CRAIG & GRANT, PLLC**
718 WEST MAIN STREET, SUITE 202
LOUISVILLE, KY 40202
502-638-2836

JANUARY 10, 2012

**PAYOFF QUOTE VALID THROUGH JANUARY 31, 2012**

| | |
|---|---|
| Owner Name: | **JAMES C. BROWN** |
| County: | **JEFFERSON** |
| Property Address: | **3411 W. MUHAMMAD ALI BLVD.** |

| | |
|---|---|
| Stock Number | 500615 |
| Tax Bill # | 010000327 |
| Tax Year | 2004 |
| Purchase Date | 8/14/2005 |
| Monthly Interest | $8.45 |
| JEF300984/228.850 | |

| | |
|---|---|
| | $845.28 |
| TE Principal | $667.55 |
| Interest @ 1% of Principal per Month since Purchase Date (KRS 134.125) | $202.80 |
| Interest during 24 Month Forbearance Agreement period | $100.00 |
| Administrative Fees (KRS 134.452(1)(d)) | $591.68 |
| Pre-Litigation Fees (KRS 134.452(1)(c)(1)) | $250.00 |
| Notice of Intent to Foreclose Warning Letter (August Order - (KRS 134.452(1)(c)(3)) | |
| United States Post Office- Certificate of mailing demand letter 11/15/2011 | $2.20 |
| Title Search Fee (KRS 134.452(1)(c)(3)) | $400.00 |
| Lien Data Services – Jefferson County PVA (KRS 134.452(1)(c)(3)) | $100.00 |
| Attorney Fees – Foreclosure Complaint per August TE Order (KRS 134.452(1)(c)(3)) – (filing to be held in abeyance pending expiration of Forbearance Agreement) | $500.00 |
| Attorney fees: 24 Month Forbearance Agreement | $300.00 |
| Less Payment of $300.00 on 12/28/2011, check no. 2476 | ($300.00) |
| **TOTAL** | $3659.48 |

As of January 6, 2012, this is a breakdown of the amounts necessary to redeem the above referenced tax bill(s) through the end of the current month. However, in the event we incur any additional expenses to collect on this account prior to the payoff date, including but not limited to legal fees, pre-litigation collection fees and/or costs to respond to any court filings, such expenses will be added to the payoff figures set forth above. If such additional charges are incurred, those additional amounts must be tendered in order to redeem the tax bill(s). Therefore you must call prior to sending payment, because additional legal fees may have been incurred.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**PLEASE MAKE CHECKS PAYABLE TO HAYDEN CRAIG & GRANT, PLLC, AND MAIL TO THE ADDRESS ABOVE.  PLEASE REFERENCE JEF300984/BROWN ON ANY FORM OF PAYMENT.**

# FORBEARANCE AGREEMENT

THIS FORBEARANCE AGREEMENT (this "Agreement") is effective the _27_ day of January, 2012 (the "Effective Date"), by and between James C. Brown whose current mailing address is 4431 Parker Avenue, Louisville, KY 40212, ("Owners" whether one or more) and **Tax Ease Lien Investments 1, LLC**, whose address is 14901 Quorum Drive, Suite 900, Dallas, Texas 75254 ("TELI").

WHEREAS, Owner is the owner of certain real property known as 3411 W. Muhammad Ali Blvd., Louisville, Jefferson County, KY, Parcel Number 01 007E 0080 0000, situated in Jefferson County, Kentucky (the "Property").

AND WHEREAS, Owner acknowledges that TELI is the Holder of Certificate(s) of Delinquency for the tax year(s) 2004 ("Certificate") and that, pursuant to KRS 134.490(2)(b), TELI has a valid enforceable lien against the Property for any and all amounts owed as a result of said unpaid taxes.

NOW THEREFORE, in consideration of the mutual promises and covenants herein and other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties do hereby agree as follows:

1.      Owners acknowledge that more than one (1) year has passed since TELI acquired the Certificate(s), that all notices required under KRS 134.452 have been properly sent, and that TELI is entitled to pursue legal action in Jefferson Circuit Court to enforce its lien based on the following: Certificates of Delinquency for real estate taxes due for tax year 2004, Tax Bill Number(s) 010000327.

2.      Owner agrees that TELI is lawfully entitled to collect the amounts shown for the above-described tax bill. Owner expressly acknowledges that he/she has expressly and voluntarily contacted TELI and requested to enter into this Agreement. Owners further expressly state that they were not coerced in any manner by TELI or any of its agents, employees, representatives, or attorneys to enter into an installment payment agreement.

3.      As of the Effective Date, the total payoff of the Certificate, statutorily recoverable administrative and attorney fees, costs, and accumulated statutory interest is $3659.48.  Owners have expressly and voluntarily requested to enter into payment arrangements with TELI up through and including January 31, 2014, to make installment payments of the amounts owed on the Certificate (the "Debt").

4.      All payments made will first be applied to recoverable costs of collection of the Debt and Certificate and then toward principal and interest owed.

5.      Owner also agrees that in the event any third party initiates litigation regarding the Property, that they will be liable for Tax Ease's attorneys fees and expenses incurred in responding to and otherwise defending such litigation and that all such fees and expenses will be automatically added to the unpaid balance of the Debt and will be due and payable upon demand in addition.

6.      **In consideration of TELI entering into this Agreement, Owner has agreed to make 24 monthly payments in the amount of $152.48 with the first payment being due on the 25th day of January, 2012, and each subsequent payment being due on the last day of each calendar month thereafter, until all amounts due and owing have been paid in full.**

1

7.      In the event any payment is not received within fifteen (15) calendar days of the due date, TELI will be entitled to collect a late charge equal to 5% of the past due payment, or a minimum late charge of $10.00. In the event that any check tendered by Owner is for any reason returned unpaid, TELI will be entitled to collect a returned check fee of $25.00.

8.      In consideration of Owners agreeing to pay all amounts owed to TELI, and expressly contingent on TELI' receipt thereof in accordance with this Agreement, TELI agrees that it will forbear from taking further legal action to collect the Debt as set out in this Agreement.

9.      Notwithstanding any other provision of this Agreement, if any payment due under the terms of this Agreement is not received by TELI within thirty (30) days of the due date, then Owners shall be deemed to be in default of this Agreement, in which event TELI may declare the entire remaining amount of the Debt to be immediately due and payable and may immediately exercise all rights and remedies available to it under the laws of the Commonwealth of Kentucky, the Uniform Commercial Code, and/or other applicable law, including but not limited to foreclosure against the Property. Owners further expressly agree that the Debt is not dischargeable in bankruptcy and that, should they file any bankruptcy during the term of this Agreement, they shall not seek to discharge the Debt. In the event Owners default, TELI may also recover all statutorily allowable costs, expenses, and attorney fees pursuant to KRS Ch. 134 to enforce the Certificate(s). In the event Owner defaults and this Agreement and the Certificate(s) are placed in the hands of an attorney for collection or is collected through proceedings in any court, including any bankruptcy court, Owners hereby promise to pay to TELI its reasonable attorneys' fees, expenses, and costs incurred in collecting or attempting to collect the Debt, including but not limited to all reasonable attorneys' fees, costs, and expenses related to foreclosure proceedings against the Property, as well as all accumulated interest at the rate of 12% simple interest per annum, as provided under KRS 134.460.

10.     Owners specifically agree that nothing contained in this Agreement shall be deemed to be a substitute for, invalidate, or otherwise affect the integrity of the liens of TELI, and that any and all liens granted to TELI by the laws of the Commonwealth of Kentucky shall continue to be valid, enforceable liens until such time as all amounts due TELI have been paid in full.

11.     Owners agree that this is intended to be a legal and binding contract, that Owners have had time to read this Agreement and consult with independent legal counsel, and that Owners fully understand the terms and obligations created by signing it. This Agreement constitutes the entire agreement and understanding between the parties hereto and supersedes all prior and contemporaneous oral or written agreements, correspondence, arrangements, and/or understandings relating to this matter. This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all of the parties. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original.

12.     If any provision of this Agreement, or portion thereof, or the application thereof to any persons or circumstances shall to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such provision, or portion thereof, to any other person or circumstances shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

13.     **Time is of the essence in the performance by Owner of all of Owner's covenants, obligations, and agreements under this Agreement.**

14.     This Agreement shall be governed under the laws of the Commonwealth of Kentucky and if any legal proceedings are hereinafter brought to enforce any provision of this Agreement, or if there shall be an event of default or breach of this Agreement, Owner expressly consents

2

and agrees that Jefferson County, Kentucky shall be the proper venue and jurisdiction to bring such legal action. The parties expressly acknowledge that the time and expense required for trial by jury exceed the time and expense required for a bench trial and hereby knowingly and voluntarily waive, to the fullest extent permitted by law and after having consulted or having ample opportunity to consult their respective legal counsel concerning the consequences of such waiver, trial by jury in any action or other proceeding brought to enforce or defend against collection of or otherwise in connection with this Agreement or the Certificate(s).

15.    This Agreement shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. TELI may assign its rights under this Agreement in conjunction with any assignment or other transfer of the Debt and/or the Certificate(s).

16.    Owner acknowledges that this Agreement shall not enter into force until Owners return a signed and dated copy hereof with Owner's first payment. If TELI does not timely receive the first payment together with the signed copy of this Agreement, then TELI shall promptly commence its legal collection action.

IN WITNESS WHEREOF, the parties have executed this Agreement as of January 26th, 2012.

JAMES C. BROWN

COMMONWEALTH OF KENTUCKY            }
                                    } SS:
COUNTY OF Jefferson                 }

Subscribed and sworn before me by James C. Brown this 26th day of January 2012.

My Commission Expires: July 18, 2012.

Notary Public, State-at-Large, KY

**OFFICIAL SEAL**
L'TANNAE TYSON
NOTARY PUBLIC – KENTUCKY
STATE-AT-LARGE
My Comm. Expires July 18, 2012

**TAX EASE LIEN INVESTMENTS 1, LLC**

By:    _____
       R. Eric Craig

## NOTICE

**This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.**

3

**US bank**

**PERSONAL MONEY ORDER**

**No. 1344006052**

DATE: JANUARY 27, 2012

$ 152.48

NON NEGOTIABLE

SAVE THIS RECORD

ONE HUNDRED FIFTY TWO DOLLARS AND 48 CENTS

Payee

Location: 1344 35TH & BANK, KY KROGER

PLEASE COMPLETE AND SIGN MONEY ORDER PROMPTLY

HARLAND CLARKE 20745 (03/10) 11386701

IF THIS INSTRUMENT IS DESIGNATED ON ITS FACE
AS A MONEY ORDER THE FOLLOWING APPLIES:

TERMS OF THIS MONEY ORDER

PURCHASER'S AGREEMENT:
You, the purchaser, agree to immediately complete
this Money Order by filling in the front of the Money
Order, signing it, and addressing it at the bottom. The
terms of this Money Order bind you, your heirs, or
others who receive this Money Order from you.

LIMITED RECOURSE:
The Money Order will not be paid if it has been forged,
altered or stolen, and recourse is only against the
endorser. This means that persons receiving this
Money Order should accept it only from those known
to them and against whom they have effective
recourse.

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.640

02 1P         JAN 09 2012
0001701973
MAILED FROM ZIP CODE 40202

200.00 A Month
Taxes.

152.48

#10-055-6442

James C. Brown
4431 Parker Ave.
Louisville, KY 40212

4021282788 C016

Hayden Craig & Grant PLLC
718 West Main St., Suite 292
Louisville, KY 40202



# Exhibit 24

**\*500615-CL-1110142\***

LAW OFFICES
**SHERROW, SUTHERLAND & ASSOCIATES, PSC**
200 SOUTHLAND DR., LEXINGTON, KY 40503

BROWN JAMES C
4431 PARKER AVE
LOUISVILLE KY 40212

November 3, 2010

To Brown James C:

The purpose of this letter is to remind you that Tax Ease Lien Investments 1, LLC purchased the 2004 delinquent tax bill number 010000327 from the Jefferson County taxing authority. This bill is a tax lien on your property located at 3411 W Muhammad Ali Blvd, which is further identified by map number 01007E00800000 arising from the unpaid real estate taxes for the 2004 tax year (the "2004 Tax Lien").

The outstanding balance of the 2004 tax lien as of November 3, 2010 is $1,804.05. This payoff is good through November 30, 2010. If you are unable to pay the tax lien by November 30, 2010, please contact our client for a later payoff amount.

### PAYMENT INSTRUCTIONS:

Payment of the *2004* tax lien, accrued interest, and any additional charges must be made in the form of a cashier's check, certified check or money order, not by personal or company check. Payment must be received in our client's office by *November 30, 2010* for the payoff to be valid.

Please make the certified check, cashier's check or money order payable to: *Tax Ease Lien Investments 1, LLC*, and mail to: **14901 Quorum Drive, Suite 900, Dallas, Texas 75254**. Reference stock number *500615* on your payment to ensure the prompt application of your funds.

If you have any questions or you wish to obtain a payoff amount for a date not covered above, please visit our client's website at www.teliky.com or contact our client directly at (214) 420-5927 or email to payoffs@teliky.com.

Sincerely,

Sherrow, Sutherland & Associates, PSC

Billy Sherrow

**STOCK NUMBER: 500615**

Case No. 13-CI-400421                                   Jefferson Circuit Court, Division 13
    C/W 13-CI-400451                                Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC                                                        Plaintiff

v.                    **Order Allowing Second Amended Counterclaim**

Rose Harper                                                                       Defendants
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

and

Rose Harper                                                            Counterclaim Plaintiffs
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

v.

Tax Ease Lien Servicing, LLC,                                       Counterclaim Defendants
Tax Ease Lien Investments 1, LLC, Blue Grass
Abstract, LLC, Lien Data Services, LLC, Phil
Migicovsky, Hayden Craig & Grant, PLLC,
Richard Eric Craig

\*   \*   \*   \*   \*   \*

      Counterclaim plaintiffs, Rose Harper, Deddo Goldsmith, Phillip R. Julian, and Karyn

Julian, by counsel, having moved the Court for an order amending their counterclaim and

joining additional counterclaim defendants, and the Court being otherwise sufficiently

advised:

IT IS ORDERED THAT the counterclaim plaintiffs' motion is granted and that the second

amended complaint is hereby filed;

  IT IS FURTHER ORDERED THAT Sherrow Sutherland & Associates P.S.C. and Billy

W. Sherrow are joined as counterclaim defendants in this action and that the clerk shall

issue summons for the newly joined counterclaim defendants.

                                     _____

                                     JUDGE FREDERICK J. COWAN

Tendered By:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 S. Fourth Street, Suite 1250
Louisville, KY 40202
(502) 589-4600
(502) 584-0422 – fax
  jdwyer@zielkefirm.com

NO. 13-CI-400421                                JEFFERSON CIRCUIT COURT
c/w                                                    DIVISION THIRTEEN
NO. 13-CI-400451                                 JUDGE FREDERIC COWAN

TAX EASE LIEN SERVICING, LLC                                      PLAINTIFF

VS.

ROSE HARPER and DEDDO GOLDSMITH,
and PHILLIP and KARYN JULIAN                                DEFENDANTS/
                                                       COUNTERCLAIMANTS
and

JAMES BROWN                                                   INTERVENOR

VS.

TAX EASE LIEN SERVICING, LLC, et al        COUNTERCLAIM DEFENDANTS

## OPINION AND ORDER GRANTING
## THE PLAINTIFF PARTIAL SUMMARY JUDGMENT
## ON DEFENDANTS' COUNTERCLAIMS

*   *   *

The plaintiff Tax Ease Lien Servicing, LLC ("TELS"), initiated this consolidated foreclosure proceeding to enforce certificates of delinquency and associated tax liens that Louisville/Jefferson County Metro Government placed on the defendants' property. The defendants filed counterclaims and amended them twice. The second amendment included a motion to allow James Brown to intervene in the counterclaim, which the Court has sustained by separate order. All counts of the counterclaims are based on what the defendants describe as "fraudulent, unlawful, non-actual, and unreasonable attorney's fees and costs sought or extracted from them in connection with the collection of tax certificates of delinquency by the counterclaim defendants and their various associations-in-fact." (Second Amended Counterclaim

at ¶ 1). The counterclaim alleges a violation of the Racketeer Influenced and Corrupt Practices Act ("RICO"), 18 U.S.C. § 1962(c), seeks declaratory and injunctive relief, alleges a violation of Kentucky's Consumer Protection Act contained at KRS 367.170, alleges fraud and seeks damages pursuant to KRS 446.070 for alleged violations of several statutes that control collection and foreclosure proceedings related to certificates of delinquency. The counterclaim also contains class action allegations, though counterclaimants have made no motion to certify the class.

The counterclaim defendants have made motions to dismiss the counterclaims under CR 12.02(f) for failure to state a claim upon which relief can be granted. Counterclaim defendant Philip S. Migicovsky has also moved to dismiss for lack of jurisdiction over his person. The Court has treated the motion as one for summary judgment pursuant to CR 12.02 since both parties submitted matters outside the pleadings which the Court has considered. The Court has considered these matters along with the pleadings, the law contained in the parties' briefs, and the oral arguments the parties presented on July 25, 2013. Being sufficiently advised, the Court **GRANTS** the counterclaim defendants' motion as it relates to counterclaimants Rose Harper, Deddo Goldsmith, and Phillip Julian and Karyn Julian, believing as matter of law that these counterclaimants have suffered no legally cognizable damages. The Court **DENIES** the motions as it relates to intervenor James Brown.

## I.

The Court resolved the counterclaim defendants' motions by applying Kentucky's well-known and oft-repeated summary judgment standard.[1] It is undisputed in this case that the

---

[1] Summary judgment is appropriate when, as a matter of law, it appears impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant. *Steelvest v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 480-82 (Ky. 1991); and *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255, 256 (Ky. 1985). While the Kentucky Supreme Court in *Steelvest* used the word "impossible" in describing the strict standard for summary

attorneys' fees and costs of which the intervenor and counterclaimants complain were all contained in demand letters that the counterclaim defendants sent before this litigation was initiated. Unlike the intervenor James Brown, who entered into a settlement agreement in alleged reliance upon TELS's representation of the legality of the inflated fees and costs (discussed, *infra*), it is undisputed that the counterclaimants—Harper, Goldsmith, and the Julians—paid TELS nothing, choosing instead to hire an attorney and defend the claims in this lawsuit. Moreover, TELS has yet to move the Court for an award of attorneys' fees and costs, and has not otherwise reduced its pre-litigation demands to a claim in this lawsuit. The counterclaim defendants' primary argument for summary judgment is, therefore, simple: Since the counterclaimants will have every opportunity to contest the reasonableness of any attorneys' fees and costs TELS may seek in this action, and since the recorded tax liens were placed on the property by Jefferson County, not TELS, the counterclaimants have suffered, and will suffer, no legal injury and therefore have no standing to maintain their counterclaim.

In response to the motions, the counterclaimants contend that TELS' pre-litigation demands for the disputed fees and costs, which are tied to a reference to the governmental lien and a threat of foreclosure, devalue the equity they hold in their property. (Harper Counterclaimants Response to TELS Defendants' Motion to Dismiss at 5, 6). The counterclaimants also contend that "the assertion of inflated and improper liens against their property" resulted in "the need to hire counsel." (Second Amended Counterclaim at ¶ 134).

---

judgment, the Court later stated that the word is to be applied "in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992), *citing Paintsville Hospital, supra*, 683 S.W.2d at 256. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id., citing* CR 56.03. The Court's focus should be on what is of record rather than what might be presented at trial. *Hallahan v. Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004), *citing Welch v. American Publishing Co. of Kentucky*, 3 S.W.3d 724, 730 (Ky. 1999).

**II.**

**A.**

"Standing may be conferred by statute or it may exist by reason of judicial recognition of

a particular relationship between a person and an actionable controversy." *Tax Ease Lien*

*Investments 1 LLC ("TELI") v. Commonwealth Bank & Trust,* 384 S.W.3d 141, 143 (Ky. 2012),

quoting *In re Pappas Senate Comm.,* 488 N.W.2d 795, 797 (Minn.1992). The counterclaimants

"interest in the outcome 'must be ... present or substantial' rather than just a 'mere expectancy.'"

*Id.,* quoting *City of Ashland v. Ashland F.O.P. # 3, Inc.,* 888 S.W.2d 667, 668 (Ky.1994).

"Additionally, there must have been shown a causal relationship between [the counterclaimants']

alleged injury and the activity about which it complains." *Id.,* quoting *Associated Indus. of Ky. v.*

*Commonwealth,* 912 S.W.2d 947, 951 (Ky. 1995).

Counterclaimants have not explained in their briefs or at oral argument how TELS' pre-

litigation claims for inflated attorneys' fees and costs could affect the value of their property, and

the Court is unable to discern how any damage could proximately result from a mere demand

letter. It is undisputed that Jefferson County placed the liens on the properties before defendant

TELS purchased the certificates of delinquency, and that neither TELS nor anyone else has

amended the liens to include the disputed fees and costs. Moreover, aside from the obvious legal

difficulties associated with claiming attorneys' fees as an item of damage sufficient to confer

standing,[2] the counterclaimants' assertion in their counterclaim that the pre-litigation demands

proximately resulted in "the need to hire counsel" stops far short of claiming that they have paid

---

[2] Attorneys' fees are not generally considered an item of damage under Kentucky law. *See Gibson v. Kentucky Farm Bureau Mutual Ins. Co.,* 328 S.W.3d 195, 204 (Ky. App. 2010); and *Lyon v. Whitsell,* 245 S.W.2d 926 (Ky. 1952). There is a split of authority whether incurring legal fees constitutes an injury sufficient to confer RICO standing. *See* cases collected in *Walter v. Palisades Collection,* LLC, 480 F.Supp. 797, 804 n. 11 (E.D. Penn. 2007); and *Dunmore v. Dunmore,* 2013 WL 5569979 at *6-*7 (E.D. Cal. 2013).

4

or promised to pay their attorney anything out-of-pocket.[3] While it is safe to assume that counterclaimants and their attorney have some type of fee arrangement, absent an express description of the fees paid or agreed to be paid, the Court will not infer that the arrangement is anything but contingent on the recovery of money in this litigation. A fee arrangement contingent on recovery on the counterclaim would obviously not constitute legal injury sufficient to confer standing on the RICO count or any other count in the counterclaim. *See Walter, supra,* 480 F.Supp. at 805. Therefore, the Court will not consider the allegation that the "need to hire counsel" constitutes a legal injury.

To support their claim of injury, the counterclaimants rely almost exclusively on the Kentucky Supreme Court decision of *Tax Ease Lien Investments 1 LLC ("TELI") v. Commonwealth Bank & Trust,* 384 S.W.3d 141 (Ky. 2012). While counterclaimants contend that this case "ends any argument by the TELS Defendants based on standing," (Harper Counterclaimants Response to TELS Defendants' Motion to Dismiss at 9), the Court finds the decision to be readily distinguishable. In *TELI,* the plaintiff in the circuit court was an entity that is a counterclaim defendant in the instant case, and filed a foreclosure suit against a homeowner to collect a delinquent tax bill. Commonwealth Bank, as the owner of a mortgage lien against the property, was named as a defendant, and subsequently filed its answer and cross-claim that asserted its interest in the home. TELI and the homeowner then entered into an agreed judgment that awarded TELI a monetary amount that included the principal balances owed, interest on the principal amounts, administrative fees, pre-litigation fees, actual and reasonable attorney's fees, legal expenses for a title search, and court costs and filing fees.

---

[3] Counterclaim defendants' counsel stated at oral argument that counterclaimants' counsel had "admitted" that he "recruited" at least some of the counterclaimants to join this litigation, a statement that counterclaimants' counsel did not respond to one way or another.

However, Commonwealth Bank did not receive notice of the judgment until after it was entered by the court. Therefore, Commonwealth was unable to contest the reasonableness of the fees and costs agreed to in the settlement. Commonwealth Bank then filed a motion to vacate the judgment, arguing that the monetary amount awarded exceeded the amount permissible under KRS 134.452. The trial court, however, found in favor of Tax Ease, holding, in part, that Commonwealth Bank lacked standing to assert its motion. The Court of Appeals subsequently reversed the trial court's judgment and held that Commonwealth Bank had first-party standing. The Supreme Court affirmed, saying, first, that Commonwealth had standing to object to the agreed judgment since it was a lienholder statutorily entitled to assert its lien interest in a foreclosure action. Most important to the instant action, the Supreme Court also held the following:

> Second, Commonwealth Bank has a present interest in the Agreed Judgment because it suffered a direct financial injury as a result of its existence. Under KRS 134.420(3), the state's tax lien is superior to Commonwealth Bank's recorded mortgage lien. Thus, by purchasing the certificate of delinquency, Tax Ease acquired a lien that is superior to Commonwealth Bank's lien. *The award of attorneys' fees and costs—an amount which Commonwealth Bank contends is unreasonable—increases the amount of Tax Ease's lien, and consequently impairs Commonwealth Bank's mortgage security.* Accordingly, the reduction of Commonwealth Bank's security interest in the property is an injury that merits its right to participate in the necessary determination. As a result, we hold that Commonwealth Bank has standing to contest the Agreed Judgment.

384 S.W.3d at 143-44 (emphasis added). The crucial difference between the disputed attorneys' fees and costs in *TELI* and those in the instant case is that, here, the fees and costs have not been reduced to a final judgment that legally entitles TELS to foreclose on counterclaimants' property. Like Commonwealth Bank in *TELI*, the counterclaimants undoubtedly have standing to contest the validity of the fees and costs when TELS seeks them. Nothing within the *TELI* decision,

6

though, supports counterclaimants' claim that a mere pre-litigation demand for fees and costs causes them any legal injury.

To support their RICO claim, the counterclaimants cite *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008), saying "[t]here is no better case to cite for the premise that impairment of value without actual payment supports a RICO claim." The facts in *Bridge*, however, are also readily distinguishable from those present here. *Bridge* was a suit between two tax lien purchasers, the business in which TELS is engaged. One of the purchasers, Bridge, allegedly committed fraud during the bidding process that deprived the plaintiff of the opportunity to obtain its fair share of the tax liens. Since the fraudulent statements at issue were made to the county selling the liens and not to the plaintiff, the issue in *Bridge* was whether the plaintiff could maintain a RICO action based on mail fraud when there was no proof of first-party reliance. The Supreme Court held:

> [A] person can be injured "by reason of" a pattern of mail fraud even if he has not relied on any misrepresentations. This is a case in point. Accepting their allegations as true, *respondents clearly were injured by petitioners' scheme: As a result of petitioners' fraud, respondents lost valuable liens they otherwise would have been awarded.* And this is true even though they did not rely on petitioners' false attestations of compliance with the county's rules.

553 U.S. at 649 (emphasis added). So, while it is true, as counterclaimants argue, that "impairment of value" of a property interest is recoverable under RICO, the impairment must be real. There is nothing within the *Bridges* decision that can be reasonably construed as meaning that a claim for attorneys' fees and costs, even if fraudulent, impairs the value of property if the claim is not contained in a judgment or a recorded lien.

The counterclaimants have not contested the fact that in order to have standing to proceed with their counterclaim, including their class action count, they must demonstrate that TELS' pre-litigation demands for attorneys' fees and costs proximately resulted in their injury. The

7

counterclaimants have failed to demonstrate any legally cognizable injury at all, even in theory, so this Court must **DISMISS** the counterclaim.

B.

The claims of intervenor Brown (which the Court will now consider to be contained in an intervening complaint) stand on very different ground. Brown alleges that in January of 2012 he entered into a "forbearance agreement" with TELS via TELS' attorney of record in this action, defendant Craig, that included "bogus" charges for attorneys fees and costs that inflated the amount of the original lien, plus interest, from $1512.80 to $3658.48. Among other allegedly fraudulent items, these fees and costs allegedly included a $500 charge for a complaint that was never prepared; $400 for an unauthorized title search that is yet to be completed and, in any event, would only cost TELS approximately $100; a $100 fee for verifying Brown's address; and a $300 fee for Craig to draft the three-page forbearance agreement. Craig's initial demand upon Brown also allegedly violated KRS 134.490 in that many of the demanded amounts were contained in a lump sum and not itemized. (Second Amended Counterclaim at ¶¶ 103, 104, 107, and 108; *see also, id.* at Exhibits 22, 23, and 24). Brown alleges that TELS, via Craig and other defendants, falsely represented that these charges were authorized by statute and, further, that he relied on these representations to his detriment when he entered into the forbearance agreement and paid TELS according to its terms. (*Id.* at ¶¶ 109-113). These allegations and the attached documentation all demonstrate prima facie injury that confers legal standing upon intevenor Brown to proceed on all counts of his intervening complaint.

Citing *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781 (6th Cir. 2000), the counterclaim defendants also allege that the intervenor's complaint does not sufficiently plead a RICO enterprise distinct from the person or entity committing the alleged RICO violations. This

8

argument stems from 18 U.S.C. § 1962(c) of RICO, which makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs" through the commission of two or more statutorily defined crimes— which RICO calls "a pattern of racketeering activity." The language suggests, and courts have held, that this provision foresees two separate entities, a "person" and a distinct "enterprise." *See Begala, supra,* 214 F.3d at 781. According to the defendants here, the RICO allegations are deficient because the "enterprise is not defined. . . . Counterclaimants make no distinction between the enterprise and the 'persons' committing the affairs [sic] of the enterprise. Counterclaimants offer no concrete allegations regarding the alleged enterprise or actions taken by any supposed member of that enterprise, make merely conclusory and generic assertions." (Motion to Dismiss at 10-11).

The Court believes that the separateness requirement has been adequately pled. All that is needed to meet the separateness requirement is that the RICO plaintiff prove there are "legally different entit[ies] with different rights and responsibilities due to [their] different legal statuses," who join together to commit the predicate acts." *Cedric Kushner Promotions, LTD v. King,* 533 U.S. 158, 163 (2001). Contrary to what some courts have held, corporations, their employees and their agents are all separate persons and can be found to be separately liable under RICO. *Id.* With this said, the Court believes there are sufficient allegations in the complaint against TELS, TELI, BGA, Craig, SSA, Sherrow, and Migicovsky, to state a claim under 18 U.S.C. 1962(c) that they were all distinct "persons," both natural and corporate, who were associated with an "enterprise" that is not simply the same "person" referred to by a different name, to commit RICO violations. Counterclaim defendants have presented no contrary proof, and their motion to dismiss the RICO count is **DENIED**.

9

**C.**

Finally, Migicovsky alleges there have been no allegations in the intervening complaint that he has done anything individually, and that the intervening complaint, therefore, states no claim against him. Since there is no claim pending against him and he resides out-of-state, Migicovsky further argues that the Court lacks jurisdiction over his person. While the allegations against Migicovsky are sparse, when taken as true the Court finds they are sufficient to state a claim against him. Paragraph 9 of the second amended counterclaim alleges that Migicovsky "controls TELS, TELI, BGA, and LDS and their business transactions in Kentucky either as a manager or the sole manager of those entities." The RICO counts at paragraphs 125 through 129 allege that Migicovsky, along with the other defendants, committed the predicate acts necessary to state a claim under RICO. If true, then it is undeniable that the claims against Migicovsky arise from, among other things, transacting business in Kentucky or by causing tortious injury from acts committed outside Kentucky, both within the meaning of Kentucky's Long Arm Statute, KRS 454.210(2)(a) 1. and 4. *See, also, Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011).

Migicovsky's motion to dismiss is therefore **DENIED**.

\*   \*   \*   \*

**IT IS THEREFORE ORDERED AND ADJUDGED** that the summary judgment motions of the defendants are **GRANTED** in part and **DENIED** in part, all in accordance with the findings made in the forgoing opinion.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

JAN 1 5 2014

BY _____
DEPUTY CLERK

**FREDERIC J. COWAN, JUDGE**

_____
**DATE**

10

cc:    John H. Dwyer, *Esq.*
        Chadwick A. McTighe, *Esq.*
        J. Andrew White, *Esq.*
        David W. Brangers, *Esq.*
        John M. Schardein, *Esq.*
        Shannon Upton Johnson, *Esq.*
        Scott T. Roby, *Esq.*
        David J. Hale, *Esq.*
        John E. Ramsey, *Esq.*
        Michael B. Fox, *Esq.*

Case No. 13-CI-400421                                 Jefferson Circuit Court, Division 13
    C/W 13-CI-400451                                      Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC                                                    Plaintiff

v.          **Order Allowing Permissive Intervention of James Brown**

Rose Harper                                                                     Defendants
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

and

Rose Harper                                                          Counterclaim Plaintiffs
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

v.

Tax Ease Lien Servicing, LLC,                                     Counterclaim Defendants
Tax Ease Lien Investments 1, LLC, Blue Grass
Abstract, LLC, Lien Data Services, LLC, Phil
Migicovsky, Hayden Craig & Grant, PLLC,
Richard Eric Craig

* * * * * *

James Brown, having moved to permissively intervene in this action as a

counterclaim plaintiff, pursuant to CR 24.02, and the Court being otherwise sufficiently

advised:

IT IS ORDERED THAT James Brown's motion to intervene is granted, and he shall

intervene as a counterclaim plaintiff as set forth in the counterclaim plaintiff's tendered

second amended counterclaim.

_____
JUDGE FREDERICK J. COWAN

Tendered By:

_____
John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 S. Fourth Street, Suite 1250
Louisville, KY 40202
(502) 589-4600
(502) 584-0422 – fax
  jdwyer@zielkefirm.com

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB - 6 2014

BY _____
       DEPUTY CLERK

# EXHIBIT 13 - INDEX

### PROCESS, PLEADINGS, ORDERS

### TAX EASE VS. HARPER
### JEFFERSON CIRCUIT COURT NO. 13-CI-400421

| Tab | Description |
|-----|-------------|
| 1. | Commonwealth of Kentucky's  Answer. |
| 2. | Answer of Vesta Holdings I, LLC. |
| 3. | Answer, Counterclaim and Cross-Claim of Defendant Southern Tax Services, LLC. |
| 4. | Order Joining Counterclaim Defendants Tax Ease Lien Investments 1, LLC; Blue Grass Abstract, LLC;  Lien Data Service, LLC; Philip S. Migicovsky; Hayden Craig & Grant, PLLC (n/k/a Craig Law Office, PLLC); and Richard Eric Craig. |
| 5. | Summons re Tax Ease Lien Investments 1, LLC; Blue Grass Abstract, LLC;  Lien Data Service, LLC; Philip S. Migicovsky; Billy Sherrow and Sherrow Sutherland & Associates. |
| 6. | Agreed Order re Filing Deadlines. |
| 7. | Order Continuing Hearing on Motion for Pretrial Conference. |
| 8. | Order  on 01/07/14 Hearing on Various Motions. Time to File Answers & Counterclaims. |
| 9. | Order  Allowing Second Amended Complaint & Counterclaim. Billy Sherrow and Sherrow Sutherland & Assoc. are Joined as Counterclaim Defendants. |
| 10. | Order on 02/10/14 Hearing. Continuing Harper's Motion to Reconsider. |
| 11. | Order  Granting Motion to Confirm Continuance of Stay Pending Motion to Reconsider and Motion to Sever. |
| 12. | Order  Compelling Video Conference Deposition of Trey Gulledge  on or Before 03/19/2014. |
| 13. | Order  Granting Sherrow's Motion to Confirm the Applicability of Stay Orders to Newly Added Defendants. |
| 14. | Order Denying Sherrow's Motion to Dismiss. |
| 15. | Order  Bifurcating Actions and Granting Amended Intervening Complaint. |

# EXHIBIT 13

# TAB 1

NO.  13CI-400421

CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2013 MAR 29 A 10: 32

CLERK 8

JEFFERSON CIRCUIT COURT

DIVISION THIRTEEN (13)

JUDGE FREDERIC COWAN

TAX EASE LIEN SERVICING, LLC                              PLAINTIFF

VS.                          **ANSWER**

ROSE HARPER, ET AL                                       DEFENDANTS

* * * * * * * * * *

        Comes the Commonwealth of Kentucky, Department of Revenue;
the County of Jefferson and City of Louisville n/k/a the
Louisville/Jefferson County Metro Government, by counsel, and for its
Answer to the Complaint of the Plaintiff herein, in regard to its
interest by reason of delinquent State, County, Urban Service
District and City of Louisville Real Estate Taxes represented by
Certificates of Delinquency and recorded in the Jefferson County
Clerk's Office, states as follows:

        1.    This Defendant does not have sufficient knowledge and
information to form a belief as to the truth of the allegations
contained in the Complaint and, therefore, neither admits nor denies
same except that the tract of property involved is subject to State,
County and Urban Service District Real Estate Tax liens Attached:

**DISTRICT: 03     BLOCK: 015F     LOT: 0232     SUBLOT: 0000**
**PROPERTY ADDRESS:     304 NORTH 17TH STREET**

**MARCH 2013 AMOUNT IS $8,131.71**

**A list of taxes due is attached as Exhibit "A"**

Said claims bear interest at the rate of one percent (1%) per month on the sold amount from the date shown in the last column of the above.

2.     Said tax claims constitute a lien on the above mentioned property which has priority over any other obligation or liability for which the property is liable except the lien of any city or other taxing districts which has equal rank under the provisions of KRS 134.420.

3.     KRS 134.470 prohibits enforcement of said liens for one year after the tax bills become delinquent.

4.     In the event the property which is the subject matter of this action is sold at the courthouse door, any unpaid State, County and Urban Service District Real Estate Taxes should be paid out of the proceeds of the sale, pursuant to KRS 451.190.

In regard to its interest by reason of delinquent City of Louisville Real Estate Taxes, this Defendant states as follows:

1.     This Defendant does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in the Complaint and, therefore, neither admits nor denies same except that the tract of property involved is subject to City of Louisville Real Estate Tax liens **Attached:**

**DISTRICT: 03   BLOCK: 015F   LOT: 0232   SUBLOT: 0000**
**PROPERTY ADDRESS:   304 NORTH 17ᵀᴴ STREET**

**MARCH 2013 AMOUNT IS $521.35**

**A list of taxes due is attached as Exhibit "B"**

Said claims bear interest at the rate of 1.5% per month on the face amount from the date shown in the last column of the above.

2.   Said tax claims constitute a lien on the above mentioned property which has priority over any other obligation or liability for which the property is liable except the lien of any city or other taxing districts which has equal rank under the provisions of KRS 134.420.

3.   In the event the property which is the subject matter of this action is sold at the courthouse door, any unpaid City of Louisville Real Estate Taxes should be paid out of the proceeds of the sale, pursuant to KRS 451.190.

WHEREFORE, the Defendant, the Commonwealth of Kentucky, Department of Revenue; the County of Jefferson and City of Louisville n/k/a the Louisville/Jefferson County Metro Government, demands as follows:

(1)   In the event of sale at the courthouse door, any unpaid State, County, Urban Service District and City of Louisville Real Estate Taxes be paid out of the proceeds of the sale, pursuant to KRS 451.190.

(2)   That its liens be held superior to any and all other liens, except for the liens of **Vesta Holdings, Southern Tax Services, LLC and Tax Ease Lien Servicing, LLC** for ad valorem taxes which are of equal dignity.

(3)   That it be awarded its costs herein.

(4)   That it receive any and all other relief to which it may appear entitled.

MICHAEL J. O'CONNELL,
Jefferson County Attorney

BY: _____
JOHN M. SCHARDEIN
WILLIAM P. O'BRIEN
Assistant Jefferson County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
Phone:  (502) 574-6331

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed this ___28th___ day of ___March___, _2013_, to:

HON. R. ERIC CRAIG
HON. P. BLAINE GRANT
HON. J. SHANNON BOUCHILLON
HAYDEN CRAIG & GRANT, PLLC
718 WEST MAIN STREET, STE. 202
LOUISVILLE, KY 40202
**COUNSEL FOR PLAINTIFF**

ROSE HARPER
304 NORTH 17TH STREET
LOUISVILLE, KY 40203

DEDDO GOLDSMITH
304 NORTH 17TH STREET
LOUISVILLE, KY 40203

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE
SERVE: ERIC H. HOLDER, JR.
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE
SERVE: KERRY B. HARVEY
U.S. ATTORNEY'S OFFICE
260 WEST VINE STREET, STE. 300
LEXINGTON, KY 40507

TRINITY CHRISTIAN ACTION, INC.
SERVE: SHELLY RADER
529 N. 19TH STREET
LOUISVILLE, KY 40203

SOUTHERN TAX SERVICES, LLC
SERVE: WILLIAM MILES ARVIN, JR.
108 WEST MAPLE STREET
NICHOLASVILLE, KY 40356

VESTA HOLDINGS I, LLC
1266 WEST PACES FERRY ROAD, #517
ATLANTA, GA 30327

MICHAEL J. O'CONNELL,
Jefferson County Attorney

BY: _____

        JOHN M. SCHARDEIN
        WILLIAM P. O'BRIEN
        Assistant Jefferson County Attorneys
        Fiscal Court Building
        531 Court Place, Suite 900
        Louisville, KY  40202
        Phone:   (502) 574-6331

# JEFFERSON COUNTY CLERK'S OFFICE
## TOTAL TAXES DUE STATEMENT

**OWNER NAME & ADDRESS:**
TRINITY CHRISTIAN ACTION
INC 529 N 19TH ST
LOUISVILLE, KY 40203

DESCRIPTION OF PROPERTY:  304 N 17TH ST
PARCEL ID:  03015F02320000
CALCULATED AS OF:  3/26/2013

*County Taxes*

| Tax Year | Bill Number | Assessment Value | Tax | Penalties | Payments | Current Total | Apr-13 Total | May-13 Total | Jun-13 Total | Jul-13 Total | Suit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2001 | 2001030014149 | 34,120.00 | 273.29 | 682.72 | 0.00 | 956.01 | 960.13 | 964.24 | 968.36 | 972.47 | O |
| 2002 | 2002030015262 | 34,120.00 | 284.90 | 658.07 | 0.00 | 942.97 | 947.26 | 951.54 | 955.82 | 960.10 | O |
| | | | | | | | | | | | |
| 2003 | 2003030002276 | 34,120.00 | 413.29 | 858.35 | 0.00 | 1,271.64 | 1,277.76 | 1,283.87 | 1,289.99 | 1,296.11 | O |
| 2004 | 2004030002096 | 34,120.00 | 418.07 | 793.49 | 0.00 | 1,211.56 | 1,217.74 | 1,223.93 | 1,230.12 | 1,236.30 | O |
| 2006 | 2006030001992 | 45,280.00 | 562.06 | 1,008.56 | 0.00 | 1,570.62 | 1,579.91 | 1,589.21 | 1,598.51 | 1,607.80 | O |
| 2007 | 2007030002064 | 45,280.00 | 557.90 | 782.44 | 0.00 | 1,340.34 | 1,348.78 | 1,357.21 | 1,365.64 | 1,374.07 | O |
| 2011 | 2011030002541 | 34,000.00 | 438.97 | 399.60 | 0.00 | 838.57 | 845.65 | 852.73 | 859.81 | 866.89 | O |

Totals:  0.00

*8131.71   8177.23   8,222.73   8,268.25   8313.74*

## SOLD BILLS

| Bill Number | Tax Year | Lien Amount | Purchaser Name | Purchaser Phone |
|---|---|---|---|---|
| 2005030002047 | 2005 | $0.00 | *Vesta Holdings* | |
| 2008030002224 | 2008 | $992.94 | Southern Tax Services, LLC | 859-885-1616 |
| 2009030007099 | 2009 | $855.76 | Tax Ease Lien Servicing, LLC | 214-420-5927 |

**MAIL CERTIFIED CHECK OR MONEY ORDER TO:**
Jefferson Co Clerk
527 West Jefferson St Room 100
Louisville, KY 40202



# JEFFERSON COUNTY CLERK'S OFFICE
## TOTAL TAXES DUE STATEMENT

**OWNER NAME & ADDRESS:**
TRINITY CHRISTIAN ACTION
INC 529 N 19TH ST
LOUISVILLE, KY 40203

DESCRIPTION OF PROPERTY: 304 N 17TH ST
PARCEL ID: 03015F02320000
CALCULATED AS OF: 3/26/2013

*City Taxes*

| Tax Year | Bill Number | Assessment Value | Tax | Penalties | Payments | Current Total | Apr-13 Total | May-13 Total | Jun-13 Total | Jul-13 Total | Suit |
|----------|-------------|------------------|-----|-----------|----------|---------------|--------------|--------------|--------------|--------------|------|
| | | 34 | | 302.72 | | | 900.13 | 904.24 | 9 | | |
| 2003 | 200303UG69225 | 34,120.00 | 127.71 | 393.64 | 0.00 | 521.35 | 524.09 | 526.83 | 529.57 | 532.31 | C |
| | | | | 305.50 | | | | | 1,209.00 | | |
| | | | | 502.57 | | 1001.00 | | | | | |
| | | 46,250.00 | 562.06 | 1002.50 | | 1970.02 | 1979.91 | 1,508.09 | 1000.01 | | |
| 2003 | | 46,250.00 | | 102.17 | 0.00 | 1,310.01 | 1010.78 | 1001.01 | | | |
| | | 34,000.00 | 430.07 | | | 000.00 | 850.70 | 859.01 | | | |

| | | | | Totals: | 0.00 | 9,050.00 | 0,010.00 | 0,710.50 | | 0,910.00 | |
| | | | | | | *521.35* | *524.09* | *526.83* | *529.57* | *532.31* | |

Bill Number           Tax Year                         Purchaser Phone

**MAIL CERTIFIED CHECK OR MONEY ORDER TO:**
Jefferson Co Clerk
527 West Jefferson St Room 100
Louisville, KY 40202



# EXHIBIT 13

# TAB 2

MTD

NO. 13 CI 400421

JEFFERSON CIRCUIT COURT

DIVISION THIRTEEN (13)

TAX EASE LIEN SERVICING, LLC

**PLAINTIFF**

vs.

ROSE HARPER,
ET AL.

**DEFENDANTS**

ANSWER

\* \* \* \* \* \* \* \* \* \* \* \*

    Comes Vesta Holdings I, LLC as nominee for Heartwood 16, LLC ("Vesta"), by counsel, and for its Answer to the Complaint of the Plaintiff herein, states as follows:

    1. Vesta does not have sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraphs 1-15 and 17-18 of the Complaint and, therefore, neither admits nor denies same.

    2. By way of response to paragraph 16, Vesta shows the Court that it is the holder of a Real Estate Tax Certificate for the year 2005 against a certain property (the "Property") located in Jefferson County, Kentucky and known as **304 N 17TH STREET** (Tax Parcel # **03015F02320000**). A true and correct copy of Vesta's Tax Certificate is attached hereto as "Exhibit A". Vesta purchased this Tax Certificate from the Jefferson County Clerk on or about July 8, 2007 in accordance with applicable State law. Said lien bears interest at the rate of one percent (1%) per month from the date sold. Vesta is presently owed $2,969.98 on its Certificate. A current payoff statement of the amounts owed to Vesta is attached as "Exhibit B". Vesta's Certificate constitutes a lien against the Property, which is superior to any claim Plaintiff may have thereon except to the extent Plaintiff's claim is for unpaid Real Estate taxes, in which case Plaintiff's claim is of equal priority with Vesta's. In the event the Property, which is the subject matter of this action, is sold at the courthouse door, all amounts due Vesta with respect to its Certificate should be paid out of the proceeds of the sale, pursuant to KRS 451.190.

WHEREFORE, Vesta prays as follows:

(1) That it be adjudged to have a lien on the Property, prior and superior to all other liens and encumbrances, with the exception of liens for any other unpaid real estate taxes which are of equal priority with its liens.

(2) In the event the Property, which is the subject matter of this action, is sold at the courthouse door, all amounts due to Vesta with respect to its Certificate should be paid out of the proceeds of the sale, pursuant to KRS 451.190.

(3) That it recover its costs incurred herein and a reasonable fee for its attorneys, pursuant to KRS 134.452(1)(c)(3).

(4) That it receive any and all other relief to which it may appear entitled.

This 2ⁿᵈ day of April, 2013

John E. Ramsey
The McDeer Firm
Suite J-505
4355 Cobb Parkway
Atlanta, Georgia 30339
Phone: 404.604.3015
Fax: 404.949.3851



FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 APR 4 PM 2 06

CLERK 15

BY _____ D.C.

EXHIBIT A



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, Jefferson County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY
PER KRS 134.480

Date of Assignment:  2007-07-08 00:00:00.000

**Assignee Information**

VESTA HOLDINGS AS NOMINEE FOR
1266 WEST PACES FERRY ROAD #51
ATLANTA GA 30327
HEARTWOOD 16  404-949-3850

**Description of Property**

304 N 17TH ST

**Parcel ID**

03015F02320000

| Year | Bill No. | Assessed in the name of | Original Assignment Fee | Total Paid |
|------|----------|-------------------------|-------------------------|------------|
| 2005 | 2005030002047 | TRINITY CHRISTIAN ACTION | | |
| | | | $11.00 | 982.34 |
| | | | TOTAL | 982.34 |

Assigned by: _____
                                    Deputy Clerk

This instrument was prepared by: Bobbie Holsclaw, Jefferson County Clerk
527 W. Jefferson Street, Room 100.
Louisville, KY 40202

_Bobbie Holsclaw_
                                    Clerk

Document No.: DN2009164149
Lodged By: VESTA HOLDINGS
Recorded On:  11/02/2009    08:18:46
Total Fees:              .00
Transfer Tax:            .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: KELTAR

END OF DOCUMENT

EXHIBIT B

# VESTA HOLDINGS

Payoff Request



EXHIBIT B
13 CI 400421

## Liens payable to Vesta Holdings

03015F02320000
304 N 17TH ST
Jefferson, KY

| Description | Principal | Interest | Premium / Penalty | Fees | Payments | Total |
|---|---|---|---|---|---|---|
| 2005 Tax Certificate | $982.34 | $687.64 | $0.00 | $0.00 | $0.00 | $1,669.98 |
| Administration Fee | $0.00 | $0.00 | $0.00 | $100.00 | $0.00 | $100.00 |
| KY Atty Pre-Litigation Fee | $0.00 | $0.00 | $0.00 | $200.00 | $0.00 | $200.00 |
| KY Title Work / Litigation Notice Fees | $0.00 | $0.00 | $0.00 | $250.00 | $0.00 | $250.00 |
| KY Litigation Fee | $0.00 | $0.00 | $0.00 | $750.00 | $0.00 | $750.00 |
| Total for 03015F02320000 | $982.34 | $687.64 | $0.00 | $1,300.00 | $0.00 | $2,969.98 |
| Total for Vesta Holdings | $982.34 | $687.64 | $0.00 | $1,300.00 | $0.00 | $2,969.98 |

Please make check payable to Vesta Holdings.

## Payment Instructions

- This payoff is valid if payment is **RECEIVED ON OR BEFORE 5/31/2013**

- Incorrect payments and those received after the due date will be refused and additional interest and charges will apply.

- Please do NOT staple checks to any documents.

- Include a copy of this payoff request and the Parcel ID clearly identified on each check.

- Please make checks payable as instructed above and send to:

    **Vesta Holdings**
    **1266 West Paces Ferry Rd Box 517**
    **Atlanta, GA  30327**

    Phone:  404-949-3850
    Fax:    404-949-3851

    **(Use this address for mail, UPS, FedEx, DHL only.**
    **There are no Vesta Holdings employees at this mail drop.)**

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed this 3rd day of April, 2013, to:

Rose Harper
304 N. 17th St
Louisville, KY  40203

Deddo Goldsmith
304 N. 17th St
Louisville, KY  40203

Internal Revenue Service
Eric Holder
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

Kerry B. Harvey
U.S. Attorney's Office
260 West Vine Street, Suite 300
Lexington, KY 40507

Southern Tax Services, LLC
C/O William Miles Arvin, Jr.
108 West Maple Street
Nicholasville, KY 40356

Trinity Christian Action, Inc.
C/O Shelly Rader
529 N. 19th Street
Louisville, KY  40203

Commonwealth of Kentucky
C/O Mayor Greg Fischer
527 W. Jefferson Street, Suite 105
Metro Hall/4th Floor
Louisville, KY 40202

John E. Ramsey
The McDeer Firm
Suite J-505
4355 Cobb Parkway
Atlanta, Georgia 30339
Phone: 404.604.3015
Fax: 404.949.3851



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Jefferson County, Division: 13
700 West Jefferson St.
Louisville, KY 40202

FROM:  SUMMONS DIVISION
SECRETARY OF STATE

RE:  CASE NO: 13-CI-400421

DEFENDANT:  VESTA HOLDINGS I, LLC

DATE:  April 1, 2013

USPS Certified Mail ID: 71922677001001705726

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

March 25, 2013

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

March 25, 2013

The US Postal Service has provided a scanned image of the return receipt confirming receipt of summons. The image is provided to the right of this page.



Date Produced: 04/01/2013

FILED IN CLERK'S OFFICE
JEFFERSON CIRCUIT CT.

2013 APR  5  AM 11 35

KENTUCKY SECRETARY OF STATES OFFICE - CO
CLERK 13

The following is the delivery information for Certified Mail™ item number 7192 2677 0010 0170 5726. Our records indicate that this item was delivered on 03/27/2013 at 10:25 a.m. in ATLANTA, GA, 30327. The scanned image of the recipient information is provided below.

Signature of Recipient:



Address of Recipient:



Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service



# EXHIBIT 13

# TAB 3

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION 13
CIVIL ACTION NO. 13-CI-400421

TAX EASE LIEN SERVICING, LLC                                  PLAINTIFF

V.        **ANSWER, COUNTERCLAIM AND CROSS-CLAIM
          OF DEFENDANT, SOUTHERN TAX SERVICES, LLC**

ROSE HARPER, ET AL.                                          DEFENDANTS

* * * * * * * * * *

Comes the Defendant, Southern Tax Services, LLC, (hereinafter "STS"), by Counsel, and

for its Answer, Counterclaim and Cross-Claim, states as follows:

### ANSWER

1.      The Defendant, STS, lacks sufficient knowledge and/or information to form or base

an opinion as to the allegations made in numerical paragraphs 1, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15,

16, 17 and 18 of the Complaint and therefore denies same.

2.      The Defendant, STS, admits allegations made in numerical paragraph 2 in regards

to the property description but lacks sufficient knowledge and/or information to form or base an

opinion as to the allegations made in the remaining paragraph.

3.      The Defendant, STS, admits allegations made in numerical paragraphs 3 and 10 of

the Complaint.

### COUNTERCLAIM and CROSS-CLAIM

Comes the Defendant, STS, by counsel, and for its Counterclaim and Cross-Claim states as

follows:

1.     The Defendant, STS, by reference, reiterates and incorporates herein its Answer contained in numerical paragraphs 1 and 2 herein in their entirety.

2.     The Defendant, STS, is a limited liability company organized and existing under the laws of Kentucky, whose principal office is located at 108 West Maple Street, Nicholasville, KY, 40356. Defendant, STS, is duly authorized to transact business in the Commonwealth of Kentucky.

3.     The Defendants, Rose Harper and Deddo Goldsmith, are Kentucky residents with an address of 304 N 17th Street, Louisville, Kentucky 40203 and are also the current owner of the real property more particularly described in the Complaint, (hereinafter "Real Property").

4.     The said Defendants owe certain delinquent real estate taxes as hereinafter set forth and pursuant to KRS Chapter 134, a lien for all such unpaid property tax against the Real Property was created in favor of Jefferson County, Kentucky; that the Defendant, STS, herein purchased the property taxes described below from the Jefferson County Clerk and pursuant to KRS Chapter 134 is entitled to enforce the lien created by said statute.

5.     The Defendant, STS, is the holder of a Certificate of Delinquency for the tax year 2008; that more than one year has passed since STS acquired said Certificate and STS is entitled to enforce its lien based on the following:

A Certificate of Delinquency purchased on August 11, 2009, for real estate taxes due for the tax year 2008, Tax Bill Number 2008030002224. The Defendant, STS, is entitled to its acquisition costs of $964.94, an administration fee of $100.00, prelitigation attorney fees of $110.95, and interest to date of $434.22, which interest on the original acquisition costs continues to accrue at the rate of 12% per annum. The Certificate of Delinquency is attached hereto as Exhibit A.

2

6.     The said Defendants, Rose Harper and Deddo Goldsmith, failed to pay the above-described taxes and STS has elected to exercise its rights under KRS Chapter 134 to enforce its lien as against the Real Property. In addition to the amounts described above, STS is entitled to collect court costs and reasonable attorneys' fees that it incurs in the prosecution of this matter.

7.     STS has referred its claim to the undersigned attorney, who is not a salaried employee of STS.

8.     The Real Property is indivisible and cannot be divided without materially impairing its value.

9.     All notices required by KRS Chapter 134 were properly and timely provided.

10.    STS'S COUNSEL IS ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED BY STS'S COUNSEL WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

WHEREFORE, the Defendant, Southern Tax Services, LLC, prays for judgment as follows:

1.     Against the Defendants, Rose Harper and Deddo Goldsmith, in rem, in the amount of $1,610.11, plus its attorney's fees and court costs incurred in the prosecution of this action, plus interest on the original acquisition costs accruing at the rate of 12% per annum from April, 2013, until the date of judgment, and then at the rate of 12% per annum until paid; for any other certificates of delinquency that are purchased by Southern Tax Services, LLC, during the pendency of this action on the subject Real Property; and for the costs of sale expended herein.

2.     That it be adjudged to have a lien on the Real Property in the amounts set forth above, and that this lien of Southern Tax Services, LLC, be adjudged prior and superior to all other liens and interests set forth herein, other than other liens for ad valorem property taxes which are of equal

3

priority to the lien of Southern Tax Services, LLC.

    3.   That all other parties named herein claiming an interest in said Real be required to come

forward and assert their claims or be forever barred.

    4.   That the Master Commissioner of this Court sell the Real Property; that the proceeds of

any sale ordered herein be applied in accordance with the priority rights of the parties herein;

    5.   Any and all other relief to which it appears entitled.

                            Respectfully submitted,

                            OVERLY & JOHNSON, LLC
                            104 WEST MAPLE STREET
                            NICHOLASVILLE, KY  40356
                            Phone: (859) 305-6238

                      BY: _____
                            SHANNON UPTON JOHNSON
                            ZACH WEBSTER
                            ERIN E. TIBE
                            *Attorneys for Southern Tax Services, LLC*

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing has been served on the parties to this action this 4th day of April, 2013, by mailing a true copy thereof to the following:

R. Eric Craig, Esq.
Hayden & Craig, PLLC
718 West Main Street, Suite 202
Louisville, Kentucky  40202
*Attorney for Plaintiff*

Rose Harper
304 N 17th Street
Louisville, Kentucky  40203

Deddo Goldsmith
304 N 17th Street
Louisville, Kentucky 40203

Eric H. Holder, U.S. Attorney General
Internal Revenue Service
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Kerry B. Harvey, U.S. Attorney's Office
Internal Revenue Service
260 West Vine Street, Suite 300
Lexington, Kentucky 40507

Shelly Rader, Registered Agent
Trinity Christian Action, Inc.
529 N 19th Street
Louisville, Kentucky 40203

Highest Ranking Officer
Vesta Holdings I, LLC
1266 W Paces Ferry Road, 517
Atlanta, Georgia 30327

John M. Schardein, Esq.
531 Court Place, Suite 900
Louisville, KY 40202

ATTORNEY FOR SOUTHERN TAX SERVICES

5

LB01097PG0487

803474



## JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, County Clerk

### ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/11/2009

**Assignee Information**
Southern Tax Services, LLC
108 West Maple Street
Nicholasville, KY 40356
859-885-1616

**Description of Property**
304 N 17TH ST

**Parcel ID**
03015F02320000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total Paid |
|----------|-------------|-------------------------|------------|----------|-----------|---------|------------|
| 2008 | 2008030002224 | TRINITY CHRISTIAN ACTION | 45,280.00 | 696.57 | 258.37 | 10.00 | 964.94 |
| | | | | | Certification/Assignment Fee: | | 28.00 |
| | | | | | | TOTAL: | 992.94 |

Assigned by: _____

Deputy Clerk

This instrument was prepared by:     Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

_____
Clerk

Document No.: DN2009126897
Lodged By: SOUTHERN TAX SERVICES LLC
Recorded On:   08/28/2009       11:42:47
Total Fees:                        .00
Transfer Fee:                      .00
County Clerk: BOBBI HOLSCLAW-JEFF CO KY
Deputy Clerk: CARHAR

END OF DOCUMENT

EXHIBIT A

*Jefferson County PVA Property Valuation Administrator*

# 304 N 17TH ST



## Property Details

| | |
|---|---|
| **TYPE** | 1 : Single family |
| **YEAR BUILT** | 1900 |
| **EXTERIOR WALL** | W2 Wood siding |
| **ROOFING STRUCTURE** | Gable |
| **BASEMENT FOUNDATION** | Full Crawl |
| **CONDITION** | normal for age |
| **CONSTRUCTION FRAME** | Wood frame w/sheath |
| **HEATING TYPE** | 1 Central Warm Air |
| **CENTRAL AIR** | N |
| **FIREPLACE** | N |
| **BUILDING TYPE** | 22 Older convent'l 2/2+ story |
| **STORIES** | 2.00 |
| **FULL BATHROOMS** | 1 |
| **HALF BATHROOMS** | 0 |

| | | |
|---|---|---|
| **MAILING ADDRESS** | | 304 N 17TH ST<br>LOUISVILLE, KY 40203 |
| **OWNER** | | HARPER ROSE &<br>GOLDSMITH DEDDO |
| **PARCEL ID** | | 015F02320000 |
| **LAND VALUE** | | $5,000 |
| **IMPROVEMENTS VALUE** | | $29,000 |
| **ASSESSED VALUE** | | $34,000 |
| **APPROXIMATE ACREAGE** | | 0.0401 |
| **PROPERTY CLASS** | | 520 Res 2 family dwell<br>Duplex |
| **DEED BOOK/PAGE** | | 9714 0619 |
| **DISTRICT NUMBER** | | 100023 |
| **OLD DISTRICT** | | 03 |
| **FIRE DISTRICT** | | City of Louisville |
| **SCHOOL DISTRICT** | | Jefferson County |
| **NEIGHBORHOOD** | | 105124 /<br>18TH/MARKET |
| **SATELLITE CITY** | | Urban Service District |
| **SHERIFF'S TAX INFO** | | View Tax Information |

| AREA TYPE | GROSS AREA | FINISHED AREA |
|---|---|---|
| **MAIN UNIT** | | 1,690 |
| **BASEMENT** | 0 | 0 |
| **ATTIC** | None | 0 |
| **ATTACHED GARAGE** | | |
| **DETACHED GARAGE** | | |



The Jefferson County PVA property maps are temporarily unavailable. Please use the Lojic Online Maps.

EXHIBIT C

# EXHIBIT 13

# TAB 4

CASE NO.   13-CI-400421

JEFFERSON CIRCUIT COURT
DIVISION 13
JUDGE FREDERICK J. COWAN

TAX EASE LIEN SERVICING, LLC

PLAINTIFF

V.   ORDER JOINING COUNTERCLAIM DEFENDANTS

ROSE HARPER
DEDDO GOLDSMITH

DEFENDANTS

\* \* \* \* \* \*

Defendants, Rose Harper and Deddo Goldsmith, having moved the Court for an order joining counterclaim defendants, and the Court being otherwise sufficiently advised:

IT IS ORDERED THAT; Tax Ease Lien Investments 1 LLC; Blue Grass Abstract LLC; Lien Data Services LLC; Philip S. Migicovsky; Hayden Craig & Grant PLLC (n/k/a Craig Law Office, PLLC); and Richard Eric Craig are joined as counterclaim defendants in this action, and the clerk shall issue summons on Ms. Harper and Mr. Goldsmith's counterclaim to those defendants.

JUDGE FREDERICK J. COWAN

4-8-13

Tendered By:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 S. Fourth Street, Suite 1250
Louisville, KY 40202
(502) 589-4600
(502) 584-0422 – fax
   jdwyer@zielkefirm.com

4

# EXHIBIT 13

# TAB 5

| AOC-105          Doc. Code: CI | | Case No. 13-CI-400421 |
| :--- | :--- | :--- |
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | **CIVIL SUMMONS** | |
| Commonwealth of Kentucky | | County Jefferson ☑ |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

VS.

**DEFENDANT**

LIEN DATA SERVICES LLC

14901 Quorum Drive, Suite 900

Dallas                          Texas              ☑ 75254

Service of Process Agent for Defendant:
CT CORPORATION SYSTEM

306 W. Main Street, Suite 512

Frankfort                                    Kentucky          ☑ 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _APR 11 2013_, 2____

DAVID L. NICHOLSON, CLERK

By: _____ Clerk

_____ D.C.

| **Proof of Service** |
| :--- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this ____ day of _____, 2____. |
| Served by: _____ |
| _____ Title |

| AOC-105           Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 13-CI-400421<br><br>Court  ☑ Circuit  ☐ District<br><br>County  Jefferson  ☑ |
|---|---|---|

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

JEFFERSON CIRCUIT COURT<br>DIVISION THIRTEEN (13)

VS.

**DEFENDANT**

TAX EASE LIEN INVESTMENTS 1 LLC

14901 Quorum Drive, Suite 900

Dallas                    Texas          ☑ 75254

**Service of Process Agent for Defendant:**
CT CORPORATION SYSTEM

306 W. Main Street, Suite 512

Frankfort                              Kentucky       ☑ 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _____ APR 1 1 2013 _____          DAVID L. NICHOLSON, CLERK          Clerk

               By: _____          D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

             Served by: _____

             _____Title

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 13-CI-400421<br><br>Court  ☑ Circuit ☐ District<br><br>County  Jefferson  ☑ |
|---|---|---|

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

**VS.**

**DEFENDANT**

BLUE GRASS ABSTRACT LLC

14901 Quorum Drive, Suite 900

Dallas                    Texas             ☑ 75254

**Service of Process Agent for Defendant:**
CT CORPORATION SYSTEM

306 W. Main Street, Suite 512

Frankfort                              Kentucky        ☑ 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:  APR 11 2013                    DAVID L. NICHOLSON, CLERK          Clerk
                                      By:  _____       D.C.

---

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____Title |



Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 16, 2013

PHILIP S MIGICOVSKY
14901 QUORUM DRIVE, SUITE 900
DALLAS, TX 75254


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 13-CI-400421

COURT:  Circuit Court Clerk
        Jefferson County, Division: 13
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1)  Your attorney, or**
    **(2)  The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
    **(3)  The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Case No. 13-CI-400421<br>Court  ☑ Circuit ☐ District<br>County  Jefferson ▾ |

**PLAINTIFF**

TAX EASE LIEN SERVICING, LLC

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

**VS.**

**DEFENDANT**

PHILIP              S          MIGICOVSKY
14901 Quorum Drive, Suite 900

RECEIVED

Dallas          Texas          ▾  75254

APR 16 2013

Service of Process Agent for Defendant:          SECRETARY OF STATE
KENTUCKY SECRETARY OF STATE

P.O. Box 718

Frankfort                                    Kentucky          ▾  40602   0718

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

    You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

    The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

**DAVID L. NICHOLSON, CLERK**

Date: _____APR 11 2013_____                                          _____ Clerk

By: _____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.          Served by: _____ |
| _____Title |

Serve

| AOC-105      Doc. Code: CI | | Case No. 13-CI-400421 |
| Rev. 1-07 | | |
| Page 1 of 1 | | Court   JEFFERSON CIRCUIT COURT |
| Commonwealth of Kentucky | CIVIL SUMMONS | DIVISION THIRTEEN (13) |
| Court of Justice   www.courts.ky.gov | | County  Jefferson |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

ROSE HARPER; DEDDE GOLDSMITH; PHILLIP R. JULIAN; KARYN JULIAN; AND
JAMES BROWN

Vs.

DEFENDANT

SHERROW, SUTHERLAND & ASSOCIATES, PSC
c/o Billy W. Sherrow
200 Southland Drive
Lexington                     Kentucky          ☒ 40503

Service of Process Agent for Defendant:
Fayette County Sheriff

150 N. Limestone Street, Suite 265

Lexington                                Kentucky          ☒ 40507

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date: FEB 13 2014 , 2___                                DAVID L. NICHOLSON, CLERK
                                                                                            Clerk
                                           By: _____ D.C.

| Proof of Service | |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | |
| this _____ day of _____, 2___ | |
| | Served by: _____ |
| | _____ Title |

FEB-13-2014 THU 02:08 PM PZGP                    FAX NO. 5025840422                    P. 02

*return to Attorney*

| AOC-105          Doc. Code: CI | | Case No. 13-CI-400421 |
| Rev. 1-07 | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | County JEFFERSON CIRCUIT COURT |
| Commonwealth of Kentucky | | DIVISION THIRTEEN (13) |
| Court of Justice  www.courts.ky.gov | | |
| CR 4.02, CR Official Form 1 | | |

PLAINTIFF

ROSE HARPER; DEDDE GOLDSMITH; PHILLIP R. JULIAN; KARYN JULIAN; AND
JAMES BROWN

VS.

DEFENDANT

BILLY                    W.                    SHERROW
200 Southland Drive

Lexington _____ Kentucky    ☒ 40503

Service of Process Agent for Defendant:
Fayette County Sheriff

150 N. Limestone Street, Suite 265 _____

Lexington _____ Kentucky    ☒ 40507

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

        You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on
the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on
your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.            DAVID L. NICHOLSON, CLERK

Date: FEB 13 2014, 2____                                                              Clerk

                                        By: _____ D.C.

┌─────────────────────────────────────────────────────────────────────┐
│                          Proof of Service                            │
│ This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: │
│                                        BILLY W. SHERROW              │
│ this 17 day of FEBRUARY, 2014                                        │
│                              Served by: _____      │
│                                        DEPUTY SHERIFF        Title    │
└─────────────────────────────────────────────────────────────────────┘

# EXHIBIT 13

# TAB 6

NO. 13-CI-400421     CIRCUIT CLERK'S OFFICE
                     JEFFERSON CIRCUIT COURT

                     2013 APR 26  P 3: 46

                                CLERK 6
TAX EASE LIEN SERVICING, LLC

v.                              AGREED ORDER

ROSE HARPER
DEDDO GOLDSMITH

v.

TAX EASE LIEN SERVICING, LLC
TAX EASE LIEN INVESTMENTS 1, LLC
BLUEGRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC
PHILLIP S. MIGICOVSKY
HAYDEN CRAIG & GRANT, PLLC (n/k/a)
CRAIG LAW OFFICE, PLLC
RICHARD ERIC CRAIG

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)
JUDGE FREDERICK J. COWAN

PLAINTIFF

DEFENDANTS/COUNTERCLAIM
PLAINTIFFS

COUNTERCLAIM DEFENDANTS

*     *     *     *     *

Upon agreement of the parties, Plaintiff and Counterclaim Defendant, Tax Ease Lien

Servicing, LLC, Counterclaim Defendants, Tax Ease Lien Investments 1, LLC, Bluegrass

Abstract, LLC, Lien Data Services, LLC, and Phillip S. Migicovsky, and Defendants and

Counterclaim Plaintiffs, Rose Harper and Deddo Goldsmith, as reflected by the signatures of

their counsel below, and after being fully advised in the premises,

IT IS HEREBY AGREED AND ORDERED that:

1.     The Plaintiff, Tax Ease Lien Servicing, LLC, shall have an extension of time until

May 10, 2013 within which to serve a response to the Defendants' Motion to Dismiss;

2.     The Defendants shall have to and including May 24, 2013, within which to serve

a reply on their Motion to Dismiss;

3.     The Plaintiff and the Counterclaim Defendants, Tax Ease Lien Servicing, LLC,

Tax Ease Lien Investments 1, LLC, Bluegrass Abstract, LLC, Lien Data Services, LLC, and



Phillip S. Migicovsky, shall have an extension of time until May 20, 2013, within which to serve an answer or other response to the counterclaim filed by the Counterclaim Plaintiffs and Defendants;

    4.    The Counterclaim Defendants, Tax Ease Lien Investments 1, LLC, Bluegrass Abstract, LLC, Lien Data Services, LLC, and Phillip S. Migicovsky, shall have an extension of time until June 10, 2013, within which to serve answers, responses, and/or objections to the first set of interrogatories, document production requests, and requests for admissions served by the Defendants and Counterclaim Plaintiffs, Rose Harper and Deddo Goldsmith.

    5.    The Plaintiff and Counterclaim Defendant, Tax Ease Lien Servicing, LLC, shall have an extension of time until May 8, 2013 within which to serve answers, responses, and/or objections to the first set of interrogatories, document production requests, and requests for admissions served by the Defendants and Counterclaim Plaintiffs, Rose Harper and Deddo Goldsmith, and this new agreed deadline will be subject to further negotiations between the parties.

                                Judge, Jefferson Circuit Court

                                Date: 5-1-13

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

MAY 02 2013

BY _____
        DEPUTY CLERK

SEEN AND AGREED TO:

Joseph L. Hamilton
Marjorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone:   (502) 587-3400
COUNSEL FOR PLAINTIFF AND
COUNTERCLAIM DEFENDANTS,
TAX EASE LIEN SERVICING, LLC,
TAX EASE LIEN INVESTMENTS 1,
LLC,
BLUE GRASS ABSTRACT LLC,
LIEN DATA SERVICES LLC, AND
PHILIP S. MIGICOVSKY

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville, KY 40202
Telephone:   (502)589-4600
COUNSEL FOR DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS, ROSE
HARPER AND DEDDO GOLDSMITH

926914:1:LOUISVILLE

# EXHIBIT 13

# TAB 7

NO.    13CI400421                                   JEFFERSON CIRCUIT COURT
       13CI400451                                   DIVISION THIRTEEN (13)
                                                    FREDERIC J. COWAN, JUDGE


TAX EASE LIEN SERVICING, LLC                                    PLAINTIFFS

V.                        **ORDER**

ROSE HARPER                             DEFENDANTS/COUNTERCLAIM
DEDDO GOLDSMITH                                 PLAINTIFFS

V.

TAX EASE LIEN SERVICING, LLC, ET AL                            DEFENDANTS


                          *******


        This matter came before the Court on *May 28, 2013* for the Plaintiff's Motion for a

pretrial conference. The Plaintiffs was represented by the Honorable John Dwyer.   The

Defendants were represented by the Honorable Joseph Hamilton and the Honorable Chad

McTighe.

        **IT IS HEREBY ORDERED** that this matter is continued to *July 25, 2013 at 1:30 p.m.*

for a pretrial conference hearing.

                                        FREDERIC J. COWAN, JUDGE
                                        JEFFERSON CIRCUIT COURT

                                        5-29-13
                                        DATE


cc:   *John Dwyer*
      *Counsel for the Plaintiffs*

      *Joseph Hamilton*
      *Chad McTighe*
      *Counsel for Defendants*

# EXHIBIT 13

# TAB 8

NO.   13CI400421                                          JEFFERSON CIRCUIT COURT
      13CI400451                                            DIVISION THIRTEEN (13)
                                                          FREDERIC J. COWAN, JUDGE


TAX EASE LIEN SERVICING, LLC                                              PLAINTIFF

V.                                      ORDER


ROSE HARPER, ET AL                                                       DEFENDANTS


                                  *******


    This matter came before the Court on *January 27, 2014* on various motions. Having

considered arguments of counsel, and otherwise being duly advised;

    **IT IS HEREBY ORDERED** that parties shall have *ten (10) days* to file answers and

counterclaims after the Court rules on the Defendant, Rose Harper's Motion for Reconsideration


                                                _____
                                                         FREDERIC J. COWAN, JUDGE
                                                         JEFFERSON CIRCUIT COURT

                                                         _____
                                                         DATE


                        ENTERED IN COURT
                     DAVID L. NICHOLSON, CLERK

                           FEB  5 2014

                     BY_____
                          DEPUTY CLERK


1

cc:     Joseph L. Hamilton
        Marjorie A. Farris
        Chadwick A. McTighe
        Counsel for Plaintiff

        John H. Dwyer, Jr.
        Terri Geraghty
        William P. O'Brien
        David W. Brangers
        Shannon Upton Johnson
        Zachary Webster
        Scott T. Roby
        J. Andrew White
        David J. Hale
        John E. Ramsey
        Michael B. Fox
        Counsel for Defendants

2

# EXHIBIT 13

# TAB 9

Case No. 13-CI-400421                                 Jefferson Circuit Court, Division 13
     C/W 13-CI-400451                                   Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC                                 Plaintiff

v.          **Order Allowing Second Amended Counterclaim**

Rose Harper                                            Defendants
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

and

Rose Harper                                   Counterclaim Plaintiffs
Deddo Goldsmith
Phillip R. Julian
Karyn Julian

v.

Tax Ease Lien Servicing, LLC,                     Counterclaim Defendants
Tax Ease Lien Investments 1, LLC, Blue Grass
Abstract, LLC, Lien Data Services, LLC, Phil
Migicovsky, Hayden Craig & Grant, PLLC,
Richard Eric Craig

                        * * * * * *

      Counterclaim plaintiffs, Rose Harper, Deddo Goldsmith, Phillip R. Julian, and Karyn Julian, by counsel, having moved the Court for an order amending their counterclaim and joining additional counterclaim defendants, and the Court being otherwise sufficiently advised:

IT IS ORDERED THAT the counterclaim plaintiffs' motion is granted and that the second amended complaint is hereby filed;

IT IS FURTHER ORDERED THAT Sherrow Sutherland & Associates P.S.C. and Billy W. Sherrow are joined as counterclaim defendants in this action and that the clerk shall issue summons for the newly joined counterclaim defendants.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB - 6 2014

BY _____
DEPUTY CLERK

_____
JUDGE FREDERICK J. COWAN

# EXHIBIT 13

# TAB 10

NO.   13CI400421

**JEFFERSON CIRCUIT COURT**
**DIVISION THIRTEEN (13)**
**FREDERIC J. COWAN, JUDGE**

TAX EASE LIEN SERVICING, LLC                                    PLAINTIFF

V.                                    <u>ORDER</u>

ROSE HARPER, ET AL                                    DEFENDANTS

*******

This matter came before the Court on *February 10, 2014* for the Harper
Counterclaimants' motion to reconsider. Having considered arguments of counsel, and otherwise
being duly advised;

IT IS HEREBY ORDERED that this matter is continued to *March 19, 2014 at 11:00*
*a.m.* for a hearing on the Harper Counterclaimant's motion to reconsider.

FREDERIC J. COWAN, JUDGE
JEFFERSON CIRCUIT COURT

2-11-14

DATE

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB 19 2014

DEPUTY CLERK

1

# EXHIBIT 13

# TAB 11

No. 13-CI-400421, c/w 13-CI-400451 CIRCUIT CLERK'S OFFICE
JEFFERSON CIRCUIT COURT

2014 FEB 13 A 11: 50

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)
JUDGE FREDERIC J. COWAN

TAX EASE LIEN SERVICING, LLC          CLERK 6                                          PLAINTIFF

———————— D.C

v.                                                    **ORDER**

ROSE HARPER and                                          DEFENDANTS/COUNTERCLAIM-
DEDDO GOLDSMITH                                                                    PLAINTIFFS

v.

TAX EASE LIEN SERVICING, LLC                          COUNTERCLAIM DEFENDANTS
TAX EASE LIEN INVESTMENTS 1, LLC
BLUE GRASS ABSTRACT, LLC
LIEN DATA SERVICES, LLC
PHILIP S. MIGICOVSKY
HAYDEN CRAIG & GRANT, PLLC
  (n/k/a) CRAIG LAW OFFICE, PLLC
RICHARD ERIC CRAIG

*    *    *    *    *

Upon motion of Counterclaim Defendants to confirm the continuance of the stay of

discovery previously entered by the Court, or, in the alternative, to continue the stay, while the

Court resolves Counterclaimants' motion to reconsider the January 15, 2014 Opinion and Order

and the Tax Ease Defendants' motion to sever, and the Court having considered the submissions

and arguments of the parties, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Counterclaim Defendants' motion is GRANTED. The

discovery stay previously entered by the Court shall remain in force until the Court rules on the

pending motion to reconsider and motion to sever. No discovery shall proceed at this time, and

no party shall issue any discovery requests of any nature, until the Court rules upon these

motions.  No party shall have any obligation to respond to any discovery requests, regardless of when such requests were served, until such time as the Court rules on the pending motions.  At that time, discovery may proceed on whatever claims are remaining and in whichever action(s) exist at that time.

Judge, Jefferson Circuit Court

Date: 12-17-14

Tendered by:

Joseph L. Hamilton
Marjorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
*Counsel for Tax Ease Lien Servicing, LLC,
Tax Ease Lien Investments 1, LLC, Blue
Grass Abstract, LLC, Lien Data Services,
LLC, and Philip S. Migicovsky*

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

FEB 19 2014

DEPUTY CLERK

# EXHIBIT 13

# TAB 12

Case No. 13-CI-400421
   C/W 13-CI-400451

Jefferson Circuit Court, Division 13
Judge Frederick J. Cowan

Tax Ease Lien Servicing, LLC

Plaintiff

v.    **Order Compelling Video Conference Deposition of Trey Gulledge**
**On or Before March 18, 2014**

Rose Harper, Deddo Goldsmith
Phillip R. Julian, Karyn Julian
James Brown
v.

Defendants/Counterclaim
and Intervening Plaintiffs

Tax Ease Lien Servicing, LLC;
Tax Ease Lien Investments 1, LLC; Blue
Grass Abstract, LLC; Lien Data Services,
LLC; Phil Migicovsky; Hayden Craig &
Grant, PLLC; Richard Eric Craig; Billy W.
Sherrow; and Sherrow, Sutherland &
Associates, PSC

Counterclaim Defendants

\*   \*   \*   \*   \*   \*

Upon motion by the Harper Counterclaimants, and the Court being otherwise sufficiently

advised:

IT IS ORDERED THAT TELS shall produce Chief Operating Officer Trey Gulledge for

video teleconference deposition at a location in Dallas, Texas to be agreed upon by counsel

on or before March 18, 2014. The scope of the deposition is limited to the subjects of Mr.

Gulledge's February 20, 2014 affidavit tendered in connection with TELS's response to

motion to compel. *insofar as they*
*relate to TELS' failure to*
*provide requested discovery.*

Tendered By:

_____
John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 S. Fourth Street, Suite 1250
Louisville, KY 40202
(502) 589-4600
(502) 584-0422 – fax
  jdwyer@zielkefirm.com

_____
JUDGE FREDERICK J. COWAN

3 – 11 – 14

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

MAR 11 2014

BY _____
    DEPUTY CLERK

# EXHIBIT 13

# TAB 13

13-CI-400421, c/w 13-CI-400451

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)
JUDGE FREDERIC J. COWAN

TAX EASE LIEN SERVICING, LLC

PLAINTIFF

v.                                        **ORDER**

ROSE HARPER, DEDDO GOLDSMITH,                           DEFENDANTS
PHILLIP R. JULIAN, AND KARYN JULIAN

and

ROSE HARPER, DEDDO GOLDSMITH,               COUNTERCLAIM PLAINTIFFS
PHILLIP R. JULIAN, KARYN JULIAN,
AND JAMES BROWN

v.

TAX EASE LIEN SERVICING, LLC, TAX          COUNTERCLAIM DEFENDANTS
EASE LIEN INVESTMENTS 1, LLC, BLUE
GRASS ABSTRACT, LLC, LIEN DATA
SERVICES, LLC, PHIL MIGICOVSKY,
HAYDEN CRAIG & GRANT, PLLC,
RICHARD ERIC CRAIG, SHERROW,
SUTHERLAND & ASSOCIATES, P.S.C.
AND BILLY W. SHERROW

---

Upon motion of Sherrow, Sutherland & Associates, P.S.C. and Billy W. Sherrow to

confirm the applicability of the stay of discovery previously entered by the Court to them

specifically, being parties that were added to the action subsequent to the entry of the order

staying discovery, and the Court having considered the submissions, and arguments of the

parties, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion is GRANTED. The discovery stay

previously entered by the Court shall apply to Sherrow, Sutherland & Associates, P.S.C. and

Billy W. Sherrow until the Court rules on the pending motion to reconsider and motion to sever.

No discovery shall proceed against Sherrow, Sutherland & Associates, P.S.C. and Billy W. Sherrow at this time, and no party shall issue any additional discovery requests of any nature, until the Court rules upon these motions. Sherrow, Sutherland & Associates, P.S.C. and Billy W. Sherrow shall not have any obligation to respond to any discovery requests, regardless of when such requests were served, until such time as the Court rules on the pending motions. At that time, discovery may proceed on whatever claims are remaining and in whichever action(s) exist at that time.

IT IS FURTHER ORDERED that Sherrow, Sutherland & Associates, P.S.C. shall have ten (10) days following the Court's ruling on Rose Harper's Motion for Reconsideration to file an answer or a responsive motion to the Second Amended Counterclaim. Billy W. Sherrow shall have ten (10) days following the Court's ruling on Rose Harper's Motion for Reconsideration, or twenty (20) days following proper service of summons on the Second Amended Counterclaim, whichever comes later, to file an answer or a responsive motion to the Second Amended Counterclaim.

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

MAR 1 8 2014

BY _____
DEPUTY CLERK

_____
Judge Frederic J. Cowan,
Jefferson Circuit Court
Division 13

This the ___ day of _____ 2014

Tendered by,

_____
Ryan A. Schwartz
SHERROW, SUTHERLAND & ASSOCIATES, P.S.C.
200 Southland Drive
Lexington, Kentucky 40503
Phone: 859-685-0035
Email: rschwartz@tripleslaw.com

# EXHIBIT 13

# TAB 14

NO. 13-CI-400421                              JEFFERSON CIRCUIT COURT
c/w                                                 DIVISION THIRTEEN
NO. 13-CI-400451                            JUDGE FREDERIC COWAN


TAX EASE LIEN SERVICING, LLC                                    PLAINTIFF

VS.

ROSE HARPER and DEDDO GOLDSMITH,
and PHILLIP and KARYN JULIAN                                   DEFENDANTS

and

JAMES BROWN, et al                                             INTERVENOR

VS.

TAX EASE LIEN SERVICING, LLC,  et al                          DEFENDANTS


### ORDER DENYING BILLY W. SHERROW'S
### MOTION TO DISMISS

*    *    *

Defendant to the Intervening Complaint Billy W. Sherrow having moved to dismiss the

claims against him pursuant to CR 12.02(f) and the Court being sufficiently advised, **IT IS**

**HEREBY ORDERED** that the Motion is **DENIED.**

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

APR 17 2014

BY _____
DEPUTY CLERK

_____
FREDERIC J. COWAN, JUDGE

4-18-14
_____
**DATE**


cc:    John H. Dwyer, *Esq.*
       Chadwick A. McTighe, *Esq.*
       J. Andrew White, *Esq.*
       David W. Brangers, *Esq.*
       John M. Schardein, *Esq.*

Shannon Upton Johnson, *Esq.*
Scott T. Roby, *Esq.*
David J. Hale, *Esq.*
John E. Ramsey, *Esq.*
Michael B. Fox, *Esq.*

NO. 13-CI-400421                                JEFFERSON CIRCUIT COURT
c/w                                                    DIVISION THIRTEEN
NO. 13-CI-400451                              JUDGE FREDERIC COWAN

TAX EASE LIEN SERVICING, LLC                                       PLAINTIFF

VS.

ROSE HARPER and DEDDO GOLDSMITH,
and PHILLIP and KARYN JULIAN                                      DEFENDANTS

and

JAMES BROWN, et al
INTERVENOR

VS.

TAX EASE LIEN SERVICING, LLC, et al                              DEFENDANTS

### ORDER BIFURCATING ACTIONS
### AND GRANTING AMENDED
### INTERVENING COMPLAINT

\*   \*   \*

The plaintiffs have moved to sever the consolidated foreclosure actions from what were previously the defendants' counterclaims before the Court dismissed them pursuant to its Opinion and Order of January 15, 2014; the Court now considers the counterclaim to be an intervening complaint filed pursuant to CR 24.02. Being sufficiently advised, the Court **GRANTS** the plaintiffs' motion to the extent that the intervening complaint and the consolidated foreclosure actions are hereby bifurcated pursuant to CR 42.02.

The Harper Counterclaimants Motion to File a Third Amended Counterclaim/Intervening Complaint is **SUSTAINED** to the extent that the amended pleading purports to state claims on behalf of Intervenors Brown, Cambron, Leigh, and Walther. The motion is otherwise **DENIED**.

**IT IS SO ORDERED.**

ENTERED IN COURT
DAVID L. NICHOLSON, CLERK

APR 17 2014

BY _____
DEPUTY CLERK

**FREDERIC J. COWAN, JUDGE**

4-16-14

**DATE**

cc:    John H. Dwyer, *Esq.*
        Chadwick A. McTighe, *Esq.*
        J. Andrew White, *Esq.*
        David W. Brangers, *Esq.*
        John M. Schardein, *Esq.*
        Shannon Upton Johnson, *Esq.*
        Scott T. Roby, *Esq.*
        David J. Hale, *Esq.*
        John E. Ramsey, *Esq.*
        Michael B. Fox, *Esq.*

2

# EXHIBIT 14 - INDEX

### PROCESS, PLEADINGS, ORDERS

### RE: TAX EASE VS. JULIAN, ET AL.
### JEFFERSON CIRCUIT COURT NO. 13-CI-400451

| Tab | Description |
|-----|-------------|
| 1. | Answer of Kentucky Department of Revenue. |
| 2. | Answer Counter Claim And Cross-Claim of Defendant Mid South Capital Partners, LP. |
| 3. | Answer Counter Claim And Cross-Claim of Defendant Jamos Fund I, LP. |
| 4. | Julian's Answer. |
| 5. | Mid-South Capital Partner's Answer To Cross-claim of Jamos Fund I, LP. |

# EXHIBIT 14

# TAB 1

3/14

NO.  13CI-400451                                    JEFFERSON CIRCUIT COURT

                     CIRCUIT CLERK'S OFFICE            DIVISION SEVEN (7)
                     JEFFERSON CIRCUIT COURT

                     2013 MAR 18  P 4:15               JUDGE AUDRA ECKERLE

                          CLERK'S

TAX EASE LIEN SERVICING, LLC                               PLAINTIFF

VS.                          **ANSWER**

PHILLIP R. JULIAN, ET AL                                   DEFENDANTS

                     *  *  *  *  *  *  *  *  *

          Comes  the  Commonwealth  of  Kentucky,  Department  of

Revenue;  the  County  of  Jefferson  and  City  of  Louisville  n/k/a

the  Louisville/Jefferson  County  Metro  Government,  by  counsel,

and  for  its  Answer  to  the  Complaint  of  the  Plaintiffs  herein

states as follows:

          1.  This  Defendant  is  without  sufficient  information  or

knowledge  so  as  to  form  a  belief  as  to  the  truth  of  the

allegations  set  out  in  the  Complaint  and,  therefore,  denies

same,  except  that  said  denial  is  in  no  way  intended  to  deny

matters of public record.

          2.  In  the  event  the  property  **(District 07; Block 038B;**

**Lot  0041;  Sublot  0000;  Property  Address:  2219 WEST KENTUCKY**

**STREET)**  which  is  the  subject  matter  of  this  action  is  sold  at

the  courthouse  door,  the  property  should  be  sold  subject  to  the



**2012** and subsequent State, County and Urban Service District Real Estate Taxes and any future Louisville/Jefferson County Metro Government Department of Codes and Regulations liens, fines and penalties on the property pursuant to KRS 82.720.

WHEREFORE, the Defendant, the Commonwealth of Kentucky, Department of Revenue; the County of Jefferson and City of Louisville n/k/a the Louisville/Jefferson County Metro Government, demands as follows:

(1) In the event of sale at the courthouse door, the property be sold subject to the **2012** and subsequent State, County and Urban Service District Real Estate Taxes and any future Louisville/Jefferson County Metro Government Department of Codes and Regulations liens, fines and penalties on the property pursuant to KRS 82.720.

(2) That it be awarded its costs herein.

(3) That it receive any and all other relief to which it may appear entitled.

MICHAEL J. O'CONNELL
Jefferson County Attorney

BY: _____
JOHN M. SCHARDEIN
WILLIAM P. O'BRIEN
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Ste. 900
Louisville, KY 40202
Phone: (502) 574-6331

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was mailed this ____8th____ day of ____March____, 2013, to:

HON R ERIC CRAIG
HON P BLAINE GRANT
HON J SHANNON BOUCHILLON
HAYDEN CRAIG & GRANT PLLC
718 W MAIN ST STE 202
LOUISVILLE KY  40202
**ATTORNEYS FOR PLAINTIFF**

PHILLIP R JULIAN
2219 W KENTUCKY ST
LOUISVILLE KY  40210

KARYN JULIAN
2219 W KENTUCKY ST
LOUISVILLE KY  40210

AMERIQUEST MORTGAGE COMPANY
C/O  NATIONAL REGISTERED AGENTS INC
400 W MARKET ST STE 1800
LOUISVILLE KY  40202

DEUTSCHE BANK NATIONAL TRUST CO
3 PARK PLAZA 16TH FL
IRVINE CA  92614

JAMOS FUND I LP
C/O  CT CORPORATION
306 W MAIN ST STE 512
FRANKFORT KY  40601

MIDSOUTH CAPITAL PARTNERS LP
C/O  MICHAEL FOX
185 W TOM T HALL BLVD
OLIVE HILL KY  41164

MICHAEL J. O'CONNELL
Jefferson County Attorney

BY: _____
JOHN M. SCHARDEIN
WILLIAMS P. O'BRIEN
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Ste 900
Louisville, KY  40202
Phone:  (502) 574-6331

# EXHIBIT 14

# TAB 2

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION 7
CASE NO. 13-CI-400451

FILED IN CLERK'S OFFICE
TAX EASE LIEN SERVICING, LLC JEFFERSON CIRCUIT CT.                    **PLAINTIFF**

VS.                                        2013 MAR 21   AM 10 18

PHILLIP R. JULIAN, ET AL.                        CLERK IS                **DEFENDANTS**

<u>ANSWER, COUNTERCLAIM AND CROSS-CLAIM OF DEFENDANT</u>
<u>MID SOUTH CAPITAL PARTNERS, LP</u>

ANSWER

Comes the Defendant, Mid South Capital Partners, LP, (hereinafter referred to as MSCP) by counsel, and

for its Answer to the Complaint filed herein against Phillip R Julian (hereinafter Delinquent Taxpayer), et al,

states as follows:

1.      MSCP is without sufficient knowledge or information to admit or deny the material allegations

        contained in numerical paragraphs 1, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 17, 18, 19 and 20 of the

        Complaint and therefore denies same.

2.      MSCP states that the allegations contained in numerical paragraph(s) 2 and 8 reference

        documents the terms of which are best evidenced by the documents themselves and which speak for

        themselves and therefore Defendant pleads the terms and conditions of said documents in response to

        the allegations contained in said paragraphs.

3.      MSCP admits the material allegations contained in numerical paragraph 10 and 16 of the

        Complaint and incorporates by reference its Counterclaim and Cross-Claim as if set forth in its entirety

        herein.

4.      Any material allegations contained in the Complaint which are not specifically admitted are

        hereby denied, with the exception of matters of public record, which MSCP does not wish to deny.

## COUNTERCLAIM AND CROSS-CLAIM

Comes the Defendant, Mid South Capital Partners, LP, by counsel, and for its Counterclaim and Cross-Claim states as follows:

1.      MSCP is the holder and owner of a Certificate of Delinquency for the 2010 state and county taxes in the principal amount of $883.65 (Bill Number 2010070004102) against the real property identified as Map Number 07038B00410000 situated in Jefferson County, KY, which is the subject of this lawsuit and which is owned by Delinquent Taxpayer.   A copy of the Certificate of Delinquency issued by the Jefferson County Clerk and recorded in the Jefferson County Clerk's Office in Enc. Book LB1294, Page 510 is attached as Exhibit A.

2.      Pursuant to KRS 134.420, the Certificate of Delinquency held by MSCP is a first priority lien against the real property identified above, which lien shall include all interest, penalties, fees, and other expenses incurred in collecting said tax bill, including attorney's fees, and which lien has priority over any other obligation or liability to which the property may be subject, except other liens for ad valorem taxes which are of equal dignity.

3.      Pursuant to KRS 134.125 and KRS 134.452, MSCP is entitled to collect interest on its Certificate of Delinquency at the rate of twelve percent (12%) per annum simple interest from the date of purchase (February 28, 2012) until paid, along with all interest, penalties, fees, and other expenses incurred in collecting said tax bill, including an administrative fee of $100.00 per Certificate and all reasonable attorney's fees. MSCP therefore states that it is entitled to a judgment against Delinquent Taxpayer in the amount of $883.65 plus twelve percent (12%) simple interest from February 28, 2012 until date of payment, plus all interest, penalties, fees, and other expenses incurred in collecting said tax bill, including attorney's fees.

4.      Pursuant to KRS 134.546, upon the passage of one (1) year's time from the date the taxes became delinquent, MSCP is entitled to have the property foreclosed upon and sold to satisfy MSCP's

lien as set forth above. The subject property cannot be divided without materially impairing its value and if MSCP's lien has not been satisfied on or before one (1) year's time from the date the taxes became delinquent, the property should be sold as a whole, free and clear of all liens and encumbrances, in satisfaction of the lien held hereunder by MSCP.

WHEREFORE, Mid South Capital Partners, LP respectfully demands as follows:

1.      That the Certificate of Delinquency held by MSCP be adjudged a first priority lien against the real property identified above which is the subject of this lawsuit.

2.      Judgment on its Counterclaim and Cross-Claim against Delinquent Taxpayer in the amount of $883.65, plus twelve percent (12%) simple interest from February 28, 2012 until date of payment, plus all interest, penalties, fees, and other expenses incurred in collecting said tax bill, including an administrative fee of $100.00 per Certificate and all reasonable attorney's fees.

3.      That if the subject property is ordered sold as a whole by this Court, the amount owed to MSCP should be paid out of the proceeds of such judicial sale.

Respectfully submitted,

MICHAEL B. FOX

Michael B. Fox
185 West Tom T. Hall Boulevard
P.O. Box 1450
Olive Hill, KY 41164-1450
Attorney for Defendant,
Mid South Capital Partners, LP

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was this 18 day of March, 2013, deposited in the United States mail, properly addressed and with postage prepaid to:

| | |
|---|---|
| Hayden Craig & Grant, PLLC<br>718 West Main Street, Suite 202<br>Louisville, KY 40202 | Phillip R. Julian<br>2219 W. Kentucky Street<br>Louisville, KY 40210 |
| Karyn Julian<br>2219 W. Kentucky Street<br>Louisville, KY 40210 | Scott T. Roby<br>WOA<br>600 W. Main St, 2nd Floor<br>Louisville, KY 40202 |
| Ameriquest Mortgage Company<br>C/O National Registered Agents, Inc<br>400 West Markes St. , Suite 1800<br>Louisville, KY 40202 | Duetche Bank National Trust Co.<br>C/O Kentucky Secretary of State<br>P.O. Box 718<br>Frankfort, KY 40602 |
| Jamos Fund I, LP<br>CT Corporation<br>306 W Main St, Suite 512<br>Frankfort, KY 40601 | Commonwealth of Kentucky<br>Mayor Greg Fischer, Metro Hall 4th Floor<br>527 West Jefferson Street<br>Louisville, KY 40202 |

and the original to the Clerk of the Jefferson Circuit Court.

MICHAEL B. FOX

LB: 1294PG-510



# JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw,  County Clerk

## ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 2/28/2012  10:17:22AM

**Assignee Information**
Mid South Capital Partners, LP
P O Box 1450
Olive Hill, KY  41164-1450
866-286-5351

**Description of Property**
2219 W KENTUCKY ST

**Parcel ID**
07038B00410000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Rel Fee | Total |
|---|---|---|---|---|---|---|---|
| 2010 | 2010070004102 | JULIAN KARYN D & PHILLIP R | 36,650.00 | 586.72 | 286.93 | 10.00 | 883.65 |

Certification/Assignment Fee: 28.00

Pre Payments

| Payment Date | Amount Paid |
|---|---|
| 2/28/2012 | 911.65 |

TOTAL: 0.00

Assigned by: _Sandra L Byerly_
Deputy Clerk

This instrument was prepared by     Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY  40202

_Bobbie Holsclaw_
Clerk

Document No.: DN2012029055
Lodged By: MID SOUTH CAPITAL PARTNER
Recorded On: 02/29/2012      09:28:52
Total Fees:         .00
Transfer Tax:        .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: JOLCAR

END OF DOCUMENT



EXHIBIT
A

# EXHIBIT 14

# TAB 3

CASE NO. 13-CI-400451                     JEFFERSON CIRCUIT COURT
                                                DIVISION SEVEN (7)
                                            JUDGE AUDRA ECKERLE

TAX EASE LIEN SERVICING, LLC                  PLAINTIFF

v.

PHILLIP R. JULIAN, et al                        DEFENDANT(S)

---

JAMOS FUND I, LP                             DEFENDANT
                                        COUNTERCLAIMANT/
                                        CROSS-CLAIMANT

v.

TAX EASE LIEN SERVICING, LLC        COUNTERCLAIM DEFENDANT
Serve: CT Corporation System, Registered Agent
306 W. Main St.
Frankfort, KY 40601
      **SERVE BY:** CERTIFIED MAIL

PHILLIP R. JULIAN                     CROSS-CLAIM DEFENDANTS
2219 W. Kentucky St.
Louisville, KY 40210-1158
      **SERVE BY:** JEFFERSON COUNTY SHERIFF

KARYN D. JULIAN
2219 W. Kentucky St.
Louisville, KY 40210-1158
      **SERVE BY:** JEFFERSON COUNTY SHERIFF

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT
Serve: Mayor Greg Fischer
Metro Hall, 4th Floor
527 W. Jefferson Street
Louisville, KY 40202
      **SERVE BY:** CERTIFIED MAIL

MID SOUTH CAPITAL PARTNERS, LP
Serve: Michael Fox, Registered Agent
185 W. Tom T. Hall Blvd.
Olive Hill, KY 41164
      **SERVE BY:** CERTIFIED MAIL

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE
REGISTERED HOLDERS OF AMERIQUEST MORTGAGE SECURITIES, INC., QUEST
TRUST 2006-X1, ASSET BACKED CERTIFICATES, SERIES 2006-X1
Serve: Any Officer or Managing Agent
10801 E. 6th St.
Rancho Cucamonga, CA 91730
        **SERVE BY:** SECRETARY OF STATE

### ANSWER, COUNTERCLAIM AND CROSS-CLAIM OF JAMOS FUND I, LP

Defendant/Counterclaimant/Cross-Claimant, Jamos Fund I, LP ("Jamos"), by counsel, for

its Answer to the Complaint filed herein, states as follows:

1.      Jamos is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16,

18, 19 and 20 of the Complaint and, therefore, denies same; however, Jamos does not deny

matters accurately and properly reflected by public record.

2.      Jamos, as an Intervening Defendant, states that it is the owner of Certificates of

Delinquency for unpaid 2008 *ad valorem* taxes (the "2008 Certificate") on the property subject

to this action.  A copy of the 2008 Certificate is attached hereto as **Exhibit A**.

3.      Each and every allegation of the Complaint not expressly admitted herein is

hereby denied.

### COUNTERCLAIM AND CROSS-CLAIM

Jamos Fund I, LP ("Jamos"), for its Counterclaim against the Plaintiff and Cross-Claim

against each of the Defendants herein, states as follows:

4.      On August 11, 2009, Jamos purchased delinquent taxes for the year 2008 on the

parcel which is the subject of this action located at: 2219 W. Kentucky St., in the county of

2

Jefferson (the "Property") for the tax year 2008 (the "2008 Taxes") from the Jefferson County Clerk.

5.      The Certificate of Delinquency for the year 2008 owned by Jamos are recorded in the Office of the Jefferson County Clerk.

6.      Jamos is owed the amount of $1,075.65 for the 2008 taxes, plus interest accruing at the rate of 12% simple interest per annum from August 11, 2009, being the date of assignment of the Certificate of Delinquency held by Jamos for the 2008 taxes, until paid, plus all expenses, costs and reasonable attorney fees pursuant to KRS Chapter 134.

7.      By virtue of its purchase of the 2008 taxes, Jamos has a lien on the Property which is prior and superior to all other interests therein and liens thereon, except liens for other *ad valorem* taxes which are of equal priority to Jamos' lien.

8.      The Property cannot be divided without materially impairing its value and value of the interest of the parties hereto, and the Property should be sold as a whole under proper order of this Court, free and clear of all liens and interests of all parties hereto, except current taxes and assessments on the Property which may be due at the time of sale.

9.   Counterclaim Defendant, Tax Ease Lien Servicing, LLC, may be claiming an interest in and to the Property by virtue of a Certificate of Delinquency for the year 2009, and said Counterclaim Defendant should be required to come forth and assert a claim or be forever barred.

10.      Cross-Defendant, Phillip R. Julian, may be claiming an interest in and to the Property by virtue of a Quitclaim Deed, recorded in Deed Book 8682, Page 119, all in the Office of the Jefferson County Clerk, and said Cross-Defendant should be required to come forth and

3

assert a claim or forever be barred. Further, said Defendant is personally liable for the unpaid 2008 *ad valorem* tax Certificate of Delinquency owned by Jamos pursuant to KRS Ch. 134.

11. Cross-Defendant, Karyn D. Julian, may be claiming an interest in and to the Property by virtue of a Quitclaim Deed, recorded in Deed Book 8682, Page 119, all in the Office of the Jefferson County Clerk, and said Cross-Defendant should be required to come forth and assert a claim or forever be barred. Further, said Defendant is personally liable for the unpaid 2008 *ad valorem* tax Certificate of Delinquency owned by Jamos pursuant to KRS Ch. 134.

12. Cross-Defendant, Louisville/Jefferson County Metro Government, may be claiming an interest in and to the Property by virtue of any unpaid *ad valorem* taxes, and said Cross-Defendant should be required to come forth and assert a claim or be forever barred.

13. Cross-Defendant, Deutsche Bank National Trust Company, as Trustee for the registered holders of Ameriquest Mortgage Securities Inc., Quest Trust 2006-X1. Asset Backed Certificates, Series 2006-X1, may be claiming an interest to the Property by virtue of an Assignment of Mortgage, recorded in Deed Book 9185, Page 723, in the Office of the Jefferson County Clerk, and said Cross-Defendant should be required to come forth and assert a claim or forever be barred.

14. Cross-Defendant, Mid South Capital Partners, LP, may be claiming an interest in and to the Property by virtue of a Certificate of Delinquency for the year 2010, and said Cross-Defendant should be required to come forth and assert a claim or be forever barred.

**WHEREFORE,** Defendant/Counterclaimant/Cross-Claimant, Jamos Fund I, LP ("Jamos"), demands as follows:

1. Judgment against the Defendants, Phillip R. Julian and Karyn D. Julian, jointly and severally, in the amount of $1,075.65 for the tax years 2008, plus simple interest at the rate of

4

12% interest per annum from the date of assignment of the Certificate of Delinquency to Jamos until paid, plus all costs, expenses and reasonable attorney fees pursuant to KRS Chapter 134; further, judgment against all other Counterclaim and Cross-Claim Defendants, *in rem*, as to the priority of claims on the property subject to this action;

2.   To secure the Judgment hereinabove prayed for, Jamos be adjudged to have a lien on the real property described in Plaintiff's Complaint and Jamos' Answer/Counterclaim/Cross-Claim, which lien is first, prior and superior to all other liens (except for other liens for delinquent *ad valorem* taxes which are of equal priority to Jamos' liens asserted for collection herein), if any, on said property;

3.   That the real property described in Plaintiff's Complaint and Jamos' Answer/Counterclaim/Cross-Claim herein should be sold as a whole under proper order of this Court, free and clear of all liens and claims of the parties hereto;

4.   That the lien of Jamos be adjudged herein to be transferred to the proceeds of said sale and the sufficiency of said proceeds shall first be applied to satisfy the claim of Jamos herein; and that a personal judgment be entered against the Defendants, Phillip R. Julian and Karyn D. Julian, jointly and severally, for any balance or deficiency owed on the Judgment;

5.   That the Defendants be required to come forth and assert their claims, if any, in and to the subject property or be forever barred;

6.   That Jamos be allowed leave to amend this Answer/Counterclaim/Cross-Claim to add additional parties or assert additional claims as becomes necessary through the course of this litigation;

7.   That pursuant to KRS 134.420 *et seq.*, Jamos be awarded all costs, expenses and reasonable attorney fees incurred herein;

8.  Any and all other relief to which Jamos may appear entitled.

Respectfully submitted,

Jerry N. Higgins, MSSW, JD
Terra L. Meek
Law Office of Jerry N. Higgins, PLLC
3426 Paoli Pike
Floyds Knobs, IN 47119
Phone: (502) 625-3065
Facsimile: (812) 542-1595
jnh@jerryhigginslaw.com
terra.meek@jerryhigginslaw.com
**Counsel for Jamos Fund I, LP**

6

DB 01095PG0635



### JEFFERSON COUNTY CLERK'S OFFICE
Bobbie Holsclaw, County Clerk

### ASSIGNMENT OF CERTIFICATE OF DELINQUENCY

PER KRS 134.480

Date of Assignment: 8/11/2009

**Assignee Information**
Jamos Fund I
PO Box 76100
Highland Heights, KY 41076
859-341-0186

**Description of Property**
2219 W KENTUCKY ST

**Parcel ID**
07038RC0410000

| Tax Year | Bill Number | Assessed in the name of | Assessment | Sale Amt | Fees & Int | Ref Fee | Total Paid |
|----------|-------------|-------------------------|------------|----------|------------|---------|------------|
| 2008 | 2008070003793 | JULIAN KARYN D & PHILLIP R | 49,360.00 | 759.33 | 278.32 | 10.00 | 1,047.65 |
| | | | | Certification/Assignment Fee: | | | 28.00 |
| | | | | | | TOTAL: | 1,075.65 |

Assigned by: _____  _____
Deputy Clerk

This instrument was prepared by:   Bobbie Holsclaw, Jefferson County Clerk
527 West Jefferson St Room 100
Louisville, KY 40202

_Bobbie Holsclaw_ _____
Clerk

Document No.: DN2009125104
Lodged By: JAMOS FUND I
Recorded On: 06/20/2009    09:08:14
Total Fees:            .00
Transfer Tax:          .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: TERHIG

END OF DOCUMENT

**EXHIBIT**

A



**CERTIFIED MAIL**

7012 2210 0002 7254 4717

U.S. POSTAGE >> PITNEY BOWES

ZIP 40202
02 1W
0001376043 MAR 26 2013

$ 006.31 [0]

David L. Nicholson
Jefferson County Circuit Court Clerk
Louis D. Brandeis Hall of Justice
600 West Jefferson Street
Louisville, Kentucky 40202

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

TAX EASE LIEN SERVICING, LLC
Serve: CT Corporation System, Registered Agent
306 W. Main St.
Frankfort, KY 40601

40E.013.1895 C003

 CT Corporation

**Service of Process Transmittal**
03/28/2013
CT Log Number 522410087

TO: Peggy Heller
Tax Ease, LP
14901 Quorum Drive, Suite 900
Dallas, TX 75254

RE: **Process Served in Kentucky**

FOR: TAX EASE LIEN SERVICING, LLC (Domestic State: KY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tax Ease Lien Servicing, LLC, Pltf. vs. Phillip R. Julian, et al., Dfts., Jamos Fund I, LP, Dft./Counterclaimant/Cross-Claimant v. Tax Ease Lien Servicing, LLC, et al., Counterclaim Dfts./Cross-Claim Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Answer, Exhibit |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY
Case # 13CI400451 |
| **NATURE OF ACTION:** | Foreclosure Litigation - Property Tax Lien - Answer counterclaim and cross-claim of Jamos Fund I, LP is hereby served |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/28/2013 postmarked on 03/26/2013 |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Jerry N. Higgins
Law Office of Larry N. Higgins, PLLC
3426 Paoli Pike
Floyd Knobs, IN 47119
502-625-3065 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/28/2013, Expected Purge Date: 04/02/2013
Image SOP
Email Notification, Amanda Michael Amanda.Michael@macquarie.com
Email Notification, Ryan Seaholm ryan.seaholm@macquarie.com
Email Notification, Eileen Plaza eileen.plaza@macquarie.com
Email Notification, Peggy Heller peggy.heller@taxease.com
Email Notification, Jeannine Goodfriend Jeannine.Goodfriend@taxease.com
Email Notification, Tanya Johnson tanya.johnson@taxease.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 306 W. Main Street
Suite 512
Frankfort, KY 40601 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| AOC-105            Doc. Code: CI | | Case No. | 13-CI-400451 |
| Rev. 1-07 | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | CIVIL SUMMONS | County | Jefferson |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

*cick*

*Cross* — **PLAINTIFF**

JAMOS FUND I, LP

**VS.**

*Cross*   **DEFENDANT**

Tax Ease Lien Servicing, LLC

Serve:  CT Corporation System, Registered Agent

307 W. Main Street

Frankfort                    Kentucky                    40601

**Service of Process Agent for Defendant:**
Certified Mail

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: MAR 2 0 2013 _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

# EXHIBIT 14

# TAB 4

NO. **13-CI-400451**          CIRCUIT CLERK'S OFFICE JEFFERSON CIRCUIT COURT
                              JEFFERSON CIRCUIT COURT      DIVISION SEVEN (7)

**TAX EASE LIEN SERVICING, LLC** 2013 MAR 27  P 1: 42          PLAINTIFF

vs.                                    **ANSWER**

**PHILLIP & KAREN JULIAN**                              DEFENDANTS

*** *** ***

Comes the defendants, Phillip and Karen Julian and for their answer states as follows:

1. Admits paragraphs 1, 2, and 3 of the Complaint.

2. Is without knowledge as to the truthfulness of paragraphs 4 thru 20 and therefore deny same.

3. That the Defendant filed a Chapter 13 bankruptcy in the Western District of Kentucky at Louisville Case No. 08-33489 which is still pending.

4. That the Automatic Stay is in effect in this matter and no motion for relief has been filed.

5. That the Defendants may be entitled to any Exemption because of disability.

6. That the attorney fees sought to be recovered are exorbitant and in excess of Statutory Limitations.

WHEREFORE defendants demands as follows:

1.   The Matter be dismissed.

2.   Their costs expended and a reasonable attorney fee.

3.   All other relief to which they are entitled.


DAVID W. BRANGERS
ATTORNEY AT LAW
436 South Seventh Street
Louisville, Kentucky 40203
PHONE:  (502) 588-2465


## CERTIFICATE OF SERVICE

I, David Brangers, do hereby certify that a true copy of the foregoing was mailed U.S. first class postage prepaid to R. Eric Craig, P. Blaine Grant, J. Shannon Bouchillon, HAYDEN CRAIG & GRANT, PLLC, 718 West Main Street, Suite 202, Louisville, KY 40202 on this **27th** day of **March**, 2013.


DAVID W. BRANGERS
ATTORNEY AT LAW

# EXHIBIT 14

# TAB 5

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION SEVEN
CASE NO. 13-CI-400451

TAX EASE LIEN SERVICING, LLC                                          PLAINTIFF

VS.

PHILLIP R. JULIAN, ET AL.                                           DEFENDANTS

**ANSWER TO CROSS-CLAIM OF JAMOS FUND I, LP**

ANSWER

    Comes the Defendant, Mid South Capital Partners, LP, (hereinafter referred to as MSCP) by counsel, and for its Answer to the Cross-Claim of Jamos Fund I, LP herein, states as follows:

1.      MSCP is without sufficient knowledge or information to admit or deny the material allegations contained in numerical paragraphs 4, 5, 6, 7, 9, 10, 11, 12 and 13 of the Cross-Claim and therefore denies same.

2.      MSCP admits the material allegations contained in numerical paragraph 8 and 14 of the Cross-Claim.

3.      Any material allegations contained in the Cross-Claim which are not specifically admitted are hereby denied, with the exception of matters of public record, which MSCP does not wish to deny.

WHEREFORE, Mid South Capital Partners, LP respectfully demands as follows:

1.      Any and all appropriate Orders of the Court.

Respectfully submitted,

MICHAEL B. FOX

Michael B. Fox
185 West Tom T. Hall Boulevard
P.O. Box 1450
Olive Hill, KY 41164-1450
Attorney for Defendant,
Mid South Capital Partners, LP

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this 3 day of April, 2013, deposited in the United States mail, properly addressed and with postage prepaid to:

| | |
|---|---|
| Hayden Craig & Grant, PLLC<br>718 West Main Street, Suite 202<br>Louisville, KY 40202 | Phillip R. Julian<br>2219 W. Kentucky Street<br>Louisville, KY 40210 |
| Karyn Julian<br>2219 W. Kentucky Street<br>Louisville, KY 40210 | Scott T. Roby<br>WOA<br>600 W. Main St, 2nd Floor<br>Louisville, KY 40202 |
| Ameriquest Mortgage Company<br>C/O National Registered Agents, Inc<br>400 West Markes St. , Suite 1800<br>Louisville, KY 40202 | Duetche Bank National Trust Co.<br>C/O Kentucky Secretary of State<br>P.O. Box 718<br>Frankfort, KY 40602 |
| Jamos Fund I, LP<br>CT Corporation<br>306 W Main St, Suite 512<br>Frankfort, KY 40601 | Commonwealth of Kentucky<br>Mayor Greg Fischer, Metro Hall 4th Floor<br>527 West Jefferson Street<br>Louisville, KY 40202 |

and the original to the Clerk of the Jefferson Circuit Court.

MICHAEL B. FOX