*ELECTRONICALLY FILED*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:14-CV-335-JGH**

---

| | |
|---|---|
| **JAMES BROWN, THERESA CAMBRON, PHILIP LEIGH, AND EMIL WALTHER III,**<br>**On Behalf of Themselves and All Others Similarly Situated,** | **PLAINTIFFS** |
| **V.** | |
| **TAX EASE LIEN SERVICING, LLC, TAX EASE LIEN INVESTMENTS 1, LLC, BLUEGRASS ABSTRACT, LLC, LIEN DATA SERVICES, LLC, PHIL MIGICOVSKY, HAYDEN CRAIG & GRANT, PLLC (N/K/A CRAIG LAW OFFICE, PLLC), RICHARD ERIC CRAIG, SHERROW, SUTHERLAND & ASSOCIATES, PSC, AND BILLY W. SHERROW** | **DEFENDANTS** |

---

### ANSWER OF SHERROW, SUTHERLAND & ASSOCIATES, P.S.C. AND BILLY W. SHERROW TO THE "HARPER COUNTERCLAIMANTS' THIRD AMENDED COUNTERCLAIM AND INTERVENING COMPLAINT"

---

The Defendants, Sherrow, Sutherland & Associates, P.S.C. (hereafter referred to as "SSA") and Billy W. Sherrow (hereafter referred to as "BWS"), by counsel, submit the following Answer to the document styled "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint:"

### Rule 12 Defense

The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", in whole or in part, fails to state a claim upon which relief can be granted against these Defendants and, as such, should be dismissed pursuant to Fed Rules Civ Proc R 12(b)(6).

*ELECTRONICALLY FILED*

### Rule 8(b) Defenses

SSA and BWS respond to each respective numbered paragraph of the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" as follows:

1.  SSA and BWS affirmatively state that the claims of Ms. Harper, Mr. Goldsmith, Mr. Julian and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014. SSA and BWS deny the remaining allegations of this paragraph.

2.  SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

3.  SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

4.  SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

5.  SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

6.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

7.  SSA and BWS do not deny any matters of public record, which documents speak for

*ELECTRONICALLY FILED*

themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

8.  SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

9.  SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

10. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

11. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations, save that LDS does provide support services in connection with SSA's representation of TELS and TELI.

12. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

13. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

14. SSA and BWS do not deny any matters of public record, which documents speak for

*ELECTRONICALLY FILED*

themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

15. SSA and BWS admit that SSA is a profession service corporation with a principle office at 200 Southland Drive, Lexington, Kentucky 40503.  SSA and BWS deny the remaining allegations of this paragraph.

16. SSA and BWS admit that BWS is the president of SSA.  SSA and BWS deny the remaining allegations of this paragraph.

17. SSA and BWS deny the allegations of this paragraph.

18. SSA and BWS admit that they reside and/or transact business in Kentucky.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

19. SSA and BWS admit the allegations of this paragraph.

20. SSA and BWS admit the allegations of this paragraph.

21. SSA and BWS admit the allegations of this paragraph.

22. SSA and BWS admit the allegations of this paragraph, to the extent that it accurately represents the language of the Kentucky Revised Statutes and the Rules of the Kentucky Supreme Court, which speak for themselves.  SSA and BWS deny that they have been involved in any "abuses" of these statutes and rules.

23. SSA and BWS deny the allegations of this paragraph.

24. SSA and BWS deny the allegations of this paragraph.

25. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

26. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of

the allegations of this paragraph.

27. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

28. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

29. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

30. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

31. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

32. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

33. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

34. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

35. SSA and BWS admit that Kentucky law does allow third party purchasers to recover some pre-litigation attorney fees.  SSA and BWS deny the remaining allegations of this paragraph.

36. SSA and BWS do not deny the content of the documents attached as Exhibit 11 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS deny the remaining allegations of this

paragraph.

37. SSA and BWS deny the allegations of this paragraph to the extent that it is alleged that the letters are "bogus" or that the work was not performed at the direction and under the supervision of SSA. SSA and BWS admit the remaining allegations of this paragraph.

38. SSA and BWS deny that they simply "allow [their] name to be used." SSA and BWS admit that BWS's scanned signature and SSA'a firm name appear at the top of pre-litigation collection and notice letters that SSA prepares on behalf of TELS and TELI. SSA and BWS admit that LDS provides support services in connection with SSA's representation of TELS and TELI. SSA and BWS deny the remaining allegations of this paragraph or any characterization of the facts that is inconsistent with the admissions made by SSA and BWS herein.

39. SSA and BWS deny the allegations of this paragraph.

40. SSA and BWS do not deny any matters of public record, which documents speak for themselves. Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

41. SSA and BWS do not deny any matters of public record, which documents speak for themselves. Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations. However, SSA and BWS admit that the information contained in paragraphs 3 through 5 of the affidavit of Trey Gullege appears to be consistent with the records of SSA.

42. SSA and BWS deny that the letters were "prepared" by Michelle Le. SSA and BWS admit that LDS provides support services in connection with SSA's representation of TELS and TELI. SSA and BWS lack knowledge or information sufficient to form a belief about the

truth of the remaining allegations or any characterization of the facts that is inconsistent with the admissions made by SSA and BWS herein.

43. SSA and BWS deny the allegations of this paragraph.

44. SSA and BWS deny the allegations of this paragraph to the extent that it is alleged that the pre-litigation attorney fees are "phony" or that work was not performed by SSA and BWS. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

45. SSA and BWS deny the allegations of this paragraph to the extent that it is alleged that the pre-litigation attorney fees charged by SSA are "neither actual nor reasonable, nor authorized by statute." SSA and BWS deny the allegations of this paragraph to the extent that it is implied that work was not performed by SSA and BWS. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

46. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

47. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

48. SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

49. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

50. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of

*ELECTRONICALLY FILED*

the allegations of this paragraph.

51. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

52. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

53. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

54. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS do not deny the content of the documents attached as Exhibit 11 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

55. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS deny these

*ELECTRONICALLY FILED*

allegations.

56. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS deny these allegations.

57. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS deny these allegations.

58. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

59. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

60. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

61. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this

*ELECTRONICALLY FILED*

paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

62. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

63. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

64. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

65. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

66. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

67. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of

*ELECTRONICALLY FILED*

the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

68. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

69. SSA and BWS affirmatively state that the claims of Ms. Harper were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS deny these allegations.

70. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

71. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

72. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

73. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

74. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

75. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

*ELECTRONICALLY FILED*

76. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

77. SSA and BWS admit that LDS provides support services in connection with SSA's representation of TELS and TELI including storing copies of pre-litigation collection letters sent by SSA on behalf of TELS and TELI. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

78. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

79. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

80. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

81. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

82. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

83. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

84. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

85. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

86. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of

*ELECTRONICALLY FILED*

these allegations.

87. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

88. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

89. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

90. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

91. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

92. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

93. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

94. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of

ELECTRONICALLY FILED

this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

95. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

96. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

97. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

98. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

99. SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

100.    SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed

*ELECTRONICALLY FILED*

by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

101.    SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

102.    SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

103.    SSA and BWS affirmatively state that the claims of Mr. and Ms. Julian were dismissed by Order of the Jefferson Circuit Court on January 15, 2014 and a response to the allegations of this paragraph is not required. To the extent a response is required; SSA and BWS deny these allegations.

104.    To the extent a response is required; SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

105.    SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

106.    SSA and BWS do not deny any matters of public record, which documents speak for themselves.  Apart from their access to such matters of public record, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

*ELECTRONICALLY FILED*

107.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

108.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

109.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

110.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

111.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

112.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

113.   SSA and BWS do not deny the content of the documents attached as Exhibit 23 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. Apart from that, SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

114.   SSA and BWS deny that any of the fees they charged to TELS or TELI were "fabricated." SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

115.   SSA and BWS deny that they made any representations directly to Mr. Brown apart from any pre-litigation notice and collection letters that they may have sent.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

116.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

117.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

118.    SSA and BWS deny that the letters were "prepared" by LDS.  SSA and BWS deny any implication that work was not actually performed by SSA and BWS.  SSA and BWS admit that LDS provides support services in connection with SSA's representation of TELS and TELI.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations or any characterization of the facts that is inconsistent with the admissions made by SSA and BWS herein.

119.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

120.    SSA and BWS do not deny the content of the documents attached as Exhibit 25 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS deny that the letters in question are "LDS letters" or any implication that SSA and BWS did not perform actual work.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

121.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

122.    SSA and BWS do not deny the content of the documents attached as Exhibit 27 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information

*ELECTRONICALLY FILED*

sufficient to form a belief about the truth of the remaining allegations of this paragraph.

123.    SSA and BWS do not deny the content of the documents attached as Exhibit 27 to the

"Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint",

which documents speak for themselves.

124.    SSA and BWS do not deny the content of the documents attached as Exhibit 27 to the

"Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint",

which documents speak for themselves.

125.    SSA and BWS deny the allegations of this paragraph.

126.    SSA and BWS do not deny the content of the documents attached as Exhibits 28 and 29

to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint",

which documents speak for themselves. SSA and BWS lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations of this paragraph.

127.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth

of these allegations.

128.    SSA and BWS deny that they made any representations directly to Ms. Cambron apart

from any pre-litigation notice and collection letters that they may have sent.  SSA and BWS

lack knowledge or information sufficient to form a belief about the truth of the remaining

allegations of this paragraph.

129.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth

of these allegations.

130.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth

of these allegations.

131.    SSA and BWS deny that they have "victims" of any kind.  SSA and BWS lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

132.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of these allegations.

133.    SSA and BWS do not deny the content of the documents attached as Exhibit 30 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

134.    SSA and BWS do not deny the content of the documents attached as Exhibit 30 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

135.    SSA and BWS do not deny the content of the documents attached as Exhibit 30 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

136.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

137.    SSA and BWS do not deny the content of the documents attached as Exhibits 31 and 32 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

138.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth

*ELECTRONICALLY FILED*

of the allegations of this paragraph.

139.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

140.   SSA and BWS do not deny the content of the documents attached as Exhibit 33 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS deny the allegations of this paragraph to the extent that it is alleged that the letters are "bogus," that fees were "racked up," or that work was not performed by SSA. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

141.   SSA and BWS do not deny the content of the documents attached as Exhibit 34 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

142.   SSA and BWS do not deny the content of the documents attached as Exhibit 34 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

143.   SSA and BWS do not deny the content of the documents attached as Exhibit 35 to the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", which documents speak for themselves. SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

144.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

145.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

146.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

147.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

148.   SSA and BWS deny the allegations of this paragraph.

149.   SSA and BWS deny the allegations of this paragraph.

150.   SSA and BWS deny the allegations of this paragraph.

151.   SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

152.   SSA and BWS deny the allegations of this paragraph.

153.   SSA and BWS restate every defense made in this Answer.

154.   SSA and BWS deny the allegations of this paragraph.

155.   SSA and BWS deny the allegations of this paragraph.

156.   SSA and BWS deny the allegations of this paragraph.

157.   SSA and BWS deny the allegations of this paragraph.

158.   SSA and BWS deny the allegations of this paragraph.

159.   SSA and BWS admit that they sent notice and collection letters to various individuals and entities in connection with SSA's representation of TELI and TELS, but such letters were lawfully sent.  SSA and BWS deny any allegations of this paragraph explicitly or implicitly alleging fraudulent activity on the part of SSA and BWS.

160.   SSA and BWS deny any allegations of this paragraph explicitly or implicitly alleging

fraudulent activity on the part of SSA and BWS.

161.    SSA and BWS deny any allegations of this paragraph explicitly or implicitly alleging that they are involved in a "scheme."  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

162.    SSA and BWS deny any allegations of this paragraph explicitly or implicitly alleging that they are involved in a "scheme."  SSA and BWS deny any allegations of this paragraph explicitly or implicitly alleging fraudulent activity on the part of SSA and BWS.  SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

163.    SSA and BWS deny the allegations of this paragraph.

164.    SSA and BWS restate every defense made in this Answer.

165.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

166.    SSA and BWS deny the allegations of this paragraph.

167.    SSA and BWS deny the allegations of this paragraph.

168.    SSA and BWS deny the allegations of this paragraph.

169.    SSA and BWS deny the allegations of this paragraph.

170.    SSA and BWS restate every defense made in this Answer.

171.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

172.    SSA and BWS lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

173.    SSA and BWS deny the allegations of this paragraph.

174.    SSA and BWS deny the allegations of this paragraph.

175.    SSA and BWS deny the allegations of this paragraph.

176.    SSA and BWS deny the allegations of this paragraph.

177.    SSA and BWS deny the allegations of this paragraph.

178.    SSA and BWS restate every defense made in this Answer.

179.    SSA and BWS deny the allegations of this paragraph.

180.    SSA and BWS deny the allegations of this paragraph.

181.    SSA and BWS deny the allegations of this paragraph.

182.    SSA and BWS restate every defense made in this Answer.

183.    SSA and BWS deny the allegations of this paragraph.

184.    SSA and BWS deny the allegations of this paragraph.

185.    SSA and BWS deny the allegations of this paragraph.

186.    SSA and BWS restate every defense made in this Answer.

187.    SSA and BWS deny the allegations of this paragraph.

188.    SSA and BWS deny the allegations of this paragraph.

189.    SSA and BWS deny the allegations of this paragraph.

190.    SSA and BWS restate every defense made in this Answer.

191.    SSA and BWS deny the allegations of this paragraph.

192.    SSA and BWS deny the allegations of this paragraph.

193.    SSA and BWS deny the allegations of this paragraph.

194.    SSA and BWS deny the allegations of this paragraph.

195.    SSA and BWS restate every defense made in this Answer.

196.    SSA and BWS deny the allegations of this paragraph.

*ELECTRONICALLY FILED*

197.    SSA and BWS deny the allegations of this paragraph.

198.    All allegations of the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" which are not specifically addressed are denied.

## Rule 8(c) Affirmative Defenses

1.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of accord and satisfaction.

2.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of estoppel.

3.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of res judicata.

4.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the applicable statute of limitations.

5.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of waiver.

6.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by their failure to mitigate their damages.

7.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of laches.

8.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by the doctrine of unclean hands.

9.  The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by their knowing, intentional and voluntary waiver of their rights or claims.

10. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, by their own acts or omissions.

11. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as they have not suffered any damage.

12. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as the actions of SSA and BWS were reasonable or justified under the circumstances.

13. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as the actions of SSA and BWS were in compliance with KRS 134, the rules of the Kentucky Supreme Court, 18 U.S.C. 1341, and any other applicable law.

14. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as there is no actual controversy between SSA/BWS and the members of the purported class.

15. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as SSA/BWS has not encumbered or otherwise impaired the Plaintiffs' ability to use their real property.

16. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as SSA/BWS's representations were not material to the entry of any alleged forbearance agreement or agreed judgment.

17. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as they did not rely upon representations allegedly made by SSA/BWS's in the entry of any alleged forbearance agreement or agreed judgment.

*ELECTRONICALLY FILED*

18. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as any material representations made by SSA or BWS were true and lawful.

19. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as the statements complained of by the Plaintiff's concerning the "reasonableness" of attorney fees charged by SSA/BWS were not of past or present material fact, but were instead opinion.

20. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as the statements complained of by the Plaintiff's concerning the "reasonableness" of attorney fees charged by SSA/BWS were representations of law, not fact.

21. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as the Plaintiffs' claim for fraud is not actionable because Plaintiffs suffered no actual pecuniary harm.

22. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as an action based on a theory of unjust enrichment is not available when there is an express, written agreement.

23. The "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" may be barred, in whole or in part, as they are not "consumers" as contemplated by the Kentucky Consumer Protection Act.

24. These Defendants plead, reserve, assert, rely upon and incorporate by reference each and every defense set forth in the Federal Rules of Civil Procedure, including but not limited to Rules 8 and 12, as well as any defenses in common-law, Federal law, or the laws of the

*ELECTRONICALLY FILED*

Commonwealth of Kentucky which are supported by the facts, as if fully set forth.  Because these Defendants have yet to avail themselves of their right to discovery, and do not fully know the circumstances of the allegations in the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint", these Defendants notify the Plaintiffs that until they can avail themselves of their right to discovery, it cannot be determined whether or not these Defendants will assert the above stated affirmative and other defenses at trial or whether those will be the only such defenses asserted.  Such defenses are asserted in this Answer to preserve these Defendants' right to assert such defenses at trial and to provide the Plaintiff with notice of these Defendants' intention to assert such defenses and to avoid a waiver of any such defenses.

**WHEREFORE,** these Defendants demand as follows:

1.     Dismissal of the "Harper Counterclaimants' Third Amended Counterclaim and Intervening Complaint" with prejudice;

2.     A reasonable attorney fee;

3.     Costs expended in this action; and,

4.     Any and all other relief to which these Defendants appear entitled.

Respectfully submitted,

s/ Ryan A. Schwartz
**Ryan A. Schwartz**
SHERROW, SUTHERLAND &
ASSOCIATES, P.S.C.
200 Southland Drive
Lexington, KY 40503
rschwartz@tripleslaw.com
Telephone: (859) 685-0035
*Counsel for Sherrow, Sutherland &*
*Associates, P.S.C. and Billy Sherrow*

*ELECTRONICALLY FILED*

<u>**CERTIFICATE OF SERVICE**</u>

   This is to certify by the undersigned that on May 2, 2014 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville, KY 40202
jdwyer@zielkefirm.com, belindab@zielkefirm.com

Joseph L. Hamilton
Marjorie A. Farris
Chadwick A. McTighe
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
jhamilton@stites.com, cmctighe@stites.com, rblackwell@stites.com, mfarris@stites.com, dwohner@stites.com, docketclerk@stites.com, swilliams@stites.com

Jerry N. Higgins
LAW OFFICE OF JERRY N. HIGGINS, PLLC
3426 Paoli Pike
Floyds Knobs, IN 47119
jnh@jerryhigginslaw.com

Terri Geraghty
William P. O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
terri.geraghty@louisvilleky.gov, sestes@jeffersoncountyclerk.org, bill.obrien@louisvilleky.gov, judi.johnson@louisvilleky.gov

J. Andrew White
Marion Wesley White Bldg.
734 S. First Street
Louisville, KY 40202
jawlaw@iglou.com, JohnAndrewWhite_ecf@hotmail.com

David W. Brangers
David W. Brangers Law Office
436 South 7th Street

*ELECTRONICALLY FILED*

Louisville, KY 40203
dbrangers@lawyer.com

Shannon Upton Johnson
OVERLY & JOHNSON, LLC
2201 Regency Road, Suite 603
Lexington, Kentucky 40503
sjohnson@oj-law.com

I hereby certify that a true and accurate copy of the foregoing was served by US Mail, postage prepaid, on this 2nd day of May, 2014 upon the following non-CM/ECF users:

Terra L. Meek
LAW OFFICE OF JERRY N. HIGGINS, PLLC
3426 Paoli Pike
Floyds Knobs, IN 47119

David J. Hale,
U.S. Attorney's Office Western District of Kentucky
717 West Broadway
Louisville, KY 40202

Scott T. Roby
600 W. Main Street #100
Louisville, KY 40202

John E. Ramsey
THE MCDEER FIRM
Suite J-505
4355 Cobb Parkway
Atlanta, GA 30339

Zachary C. Webster
OVERLY & JOHNSON, LLC
2201 Regency Road, Suite 603
Lexington, Kentucky 40503

Michael B. Fox
Fox Law Office
185 W. Tom T. Hall Boulevard
P.O. Box 1450
Olive Hill, KY 41164-1450

s/ Ryan A. Schwartz
**Ryan A. Schwartz**
*Counsel for Sherrow, Sutherland & Associates, P.S.C. and Billy Sherrow*