UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES BROWN, THERESA CAMBRON,
PHILIP LEIGH, AND EMIL WALTHER III,
On Behalf of Themselves and All Others
Similarly Situated,

PLAINTIFFS

v.

TAX EASE LIEN SERVICING, LLC, TAX
EASE LIEN INVESTMENTS 1, LLC, BLUE
GRASS ABSTRACT, LLC, LIEN DATA
SERVICES, LLC, PHIL MIGICOVSKY,
HAYDEN CRAIG & GRANT, PLLC (N/K/A
CRAIG LAW OFFICE, PLLC), RICHARD
ERIC CRAIG, SHERROW, SUTHERLAND
& ASSOCIATES, PSC, AND BILLY W.
SHERROW,

DEFENDANTS

CIVIL ACTION NO. 3:14-CV-335-
JGH

ELECTRONICALLY FILED

**ANSWER BY TAX EASE LIEN SERVICING, LLC, TAX EASE LIEN INVESTMENTS
1, LLC, BLUE GRASS ABSTRACT, LLC, LIEN DATA SERVICES, LLC, AND PHIL
MIGICOVSKY**

Defendants Tax Ease Lien Servicing, LLC ("TELS"), Tax Ease Lien Investments 1, LLC

("TELI"), Blue Grass Abstract, LLC ("BGA"), Lien Data Services, LLC ("LDS"), and Phil

Migicovsky (collectively, the "Tax Ease Defendants"), for their answer to the complaint filed

against them by James Brown, Theresa Cambron, Philip Leigh, and Emil Walther III, state as

follows:

**PRELIMINARY STATEMENT**

The complaint contains an unnumbered introductory section purporting to set forth a

partial quotation from a legislative preamble, identifying parties to this action, and setting forth

abbreviations for the various parties.  The Tax Ease Defendants admit that Plaintiffs James

Brown, Theresa Cambron, Philip Leigh, and Emil Walther III have brought the complaint against the defendants named in the unnumbered opening paragraph of the complaint but deny that Rose Harper, Deddo Goldsmith, and Phillip and Karyn Julian have done so, as the claims of these parties were dismissed by the Jefferson Circuit Court prior to the Circuit Court's order realigning the parties and bifurcating the actions.  The Tax Ease Defendants state that the complaint's reference to Plaintiffs as the "Harper Counterclaimants" is a misnomer in light of the Jefferson Circuit Court's orders, but the Tax Ease Defendants will treat all references to the Harper Counterclaimants made in the complaint as being references to the actual plaintiffs in this action at this time.

With respect to Plaintiffs' partial quotation to legislative history, the Tax Ease Defendants refer to the applicable legislative history and statutes for their terms and deny any allegations inconsistent with those terms.  The Tax Ease Defendants state in response to legislative "preamble" cited by Plaintiffs that the Kentucky General Assembly, by statute, has set forth the public policy supporting the third party purchaser system that Plaintiffs assail in KRS 134.452(5):

> The General Assembly recognizes that third-party purchasers play an important role in the delinquent tax collection system, allowing taxing districts to receive needed funds on a timely basis.  The General Assembly has carefully considered the fees and charges authorized by this section, and has determined that the amounts established are reasonable based on the costs of collection and fees and charges incurred in litigation.

### RESPONSES TO NUMBERED ALLEGATIONS

1.      In response to paragraph 1 of the complaint, the Tax Ease Defendants deny that the complaint is brought on behalf of Harper, Goldsmith, or the Julians, but otherwise admit that Plaintiffs characterize the complaint in the manner set forth in paragraph 1, and they deny any wrongful conduct alleged in the complaint or characterized in paragraph 1 of the complaint and

otherwise deny the allegations in paragraph 1.

2.     In response to paragraph 2 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

3.     In response to paragraph 3 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

4.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 4 of the complaint. In response to the allegations in the final sentence of paragraph 4, the Tax Ease Defendants admit that TELI purchased certificates of delinquency arising from Cambron's failure to pay property taxes for tax years 2004, 2005, 2006, and 2008 and deny any allegations in paragraph 4 inconsistent with this express admission.

6.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint.

7.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint.

8.     The Tax Ease Defendants admit the allegations in the first two sentences of paragraph 8 of the complaint.  In response to the allegations in the third sentence of paragraph 8, the Tax Ease Defendants admit that TELS is a registered third party purchaser of certificates of delinquency arising from property owners' failure to pay their property taxes in Kentucky, but deny any allegations in the third sentence of paragraph 8 to the extent they are inconsistent with this express admission.  The Tax Ease Defendants deny the allegations in the fourth sentence of paragraph 8.  The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 8 of the complaint, except that they admit that TELS was the largest purchaser, by the total dollar amount of certificates purchased, of certificates of delinquency in Jefferson County in 2012.  In response to the sixth sentence of paragraph 8, the Tax Ease Defendants admit that Migicovsky is a manager of TELS, admit that he is identified as the organizer of TELS in records on file with the Kentucky Secretary of State, and otherwise deny the allegations in paragraph 8.

9.     The Tax Ease Defendants admit the allegations in the first two sentences of paragraph 9 of the complaint.  The Tax Ease Defendants deny the allegations in the third sentence of paragraph 9 of the complaint.  The Tax Ease Defendants admit that there are two otherwise unidentified documents attached as Exhibits 1 and 2 to the complaint, refer to those documents for their terms, and deny any allegations inconsistent with those terms, and they expressly deny that TELI is an "a/k/a" for TELS, as TELS and TELI are different companies.  In response to the fourth sentence of paragraph 8, the Tax Ease Defendants admit that Migicovsky is a manager of TELI, admit that he is identified as the organizer of TELI in records on file with

the Kentucky Secretary of State, and otherwise deny the allegations in the fourth sentence of paragraph 9.  In response to the fifth sentence of paragraph 9 of the complaint, the Tax Ease Defendants admit that the complaint appears to refer to TELS and TELI interchangeably at times, but deny that this reference has any basis in law or logic, as TELS and TELI are separate entities, as reflected in the very Secretary of State filings referenced in the complaint.

10.     The Tax Ease Defendants admit the allegations in the first two sentences of paragraph 10 of the complaint.  In response to the third sentence of paragraph 10, the Tax Ease Defendants admit that BGA does not have a physical office in Kentucky, admit that BGA provides title-related services on behalf of TELS, TELI, and their attorneys, and otherwise deny the allegations in the third sentence of paragraph 10 to the extent they are inconsistent with these express admissions.  In response to the fourth sentence of paragraph 10, the Tax Ease Defendants admit that Migicovsky is a manager of BGA and otherwise deny the allegations in the fourth sentence of paragraph 10.  The Tax Ease Defendants admit that there is an otherwise unidentified document attached as Exhibit 3 to the complaint, refer to that document for its terms, and deny any allegations inconsistent with those terms.

11.     The Tax Ease Defendants admit the allegations in the first two sentences of paragraph 11 of the complaint.  In response to the third sentence of paragraph 11, the Tax Ease Defendants admit that LDS does not have a physical office in Kentucky, admit that LDS provides various services on behalf of TELS, TELI, their attorneys, and other entities, and otherwise deny the allegations in the third sentence of paragraph 11 to the extent they are inconsistent with these express admissions.  In response to the fourth sentence of paragraph 11, the Tax Ease Defendants admit that Migicovsky is a manager of LDS and otherwise deny the allegations in the fourth sentence of paragraph 11.  The Tax Ease Defendants admit that there is

an otherwise unidentified document attached as Exhibit 4 to the complaint, refer to that document for its terms, and deny any allegations inconsistent with those terms.

12.     The Tax Ease Defendants admit the allegations in the first sentence of paragraph 12 of the complaint.  The Tax Ease Defendants deny the allegations in the second sentence of paragraph 12 of the complaint, except that they admit that Migicovsky is a manager of TELS, TELI, BGA, and LDS and admit that he is identified as the organizer of TELS and TELI in records filed with the Kentucky Secretary of State.  The Tax Ease Defendants deny the allegations in the fourth sentence of paragraph 12 of the complaint.

13.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint, except that they admit that Hayden, Craig & Grant PLLC has performed legal services on behalf of TELS and TELI.

14.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except that they admit that Eric Craig has performed legal services on behalf of TELS and TELI.

15.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 of the complaint and deny the remaining allegations in paragraph 15.

16.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 of the complaint and deny the remaining allegations in paragraph 16.

17.     The Tax Ease Defendants deny the allegations in paragraph 17 of the complaint.

18.     In response to paragraph 18 of the complaint, the Tax Ease Defendants admit that TELS and TELI transact business in the Commonwealth of Kentucky, deny that TELS and TELI

reside in Kentucky, deny that BGA, LDS, or Migicovsky transact business or reside in Kentucky, and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 18.

19.     In response to paragraph 19 of the complaint, the Tax Ease Defendants refer to the applicable statutes regarding the effect of non-payment of property taxes in Kentucky and deny any allegations inconsistent with the law that is characterized in paragraph 19.  The Tax Ease Defendants admit, as a general matter, that failure to pay property taxes in Kentucky results in the creation of a certificate of delinquency and that certificates of delinquency can be sold, but are not always sold, to third party purchasers who pay the taxing authority the full amount owed at the time of purchase, including all principal, interest, and fees.

20.     In response to paragraph 20 of the complaint, the Tax Ease Defendants refer to the applicable statutes regarding the effect of non-payment of property taxes in Kentucky and deny any allegations inconsistent with the law that is characterized in paragraph 20.  The Tax Ease Defendants admit, as a general matter, that certificates of delinquency bear interest at 12% *per annum*, that they constitute a lien on real property superior to other liens or mortgages, and support an *in personam* claim against the owner of the property on the date of the tax assessment.

21.     In response to paragraph 21 of the complaint, the Tax Ease Defendants refer to the applicable statutes regarding the effect of non-payment of property taxes in Kentucky and deny any allegations inconsistent with the law that is characterized in paragraph 21.

22.     In response to paragraph 22 of the complaint, the Tax Ease Defendants admit that various statutes regarding certificates of delinquency and third party purchasers have been amended at various times since 2007 and otherwise refer to the statutes and Supreme Court Rules referred to in paragraph 22 for their terms and deny any allegations inconsistent with those

terms.

23.    The Tax Ease Defendants deny the allegations in paragraph 23 of the complaint.

24.    The Tax Ease Defendants deny the allegations in paragraph 24 of the complaint.

25.    The Tax Ease Defendants deny the allegations in paragraph 25 of the complaint, except that they admit that BGA is a company that performs title-related work in connection with enforcing certificates of delinquency in Kentucky, admit that BGA does not have a Kentucky office, and deny any allegations in paragraph 25 inconsistent with these express admissions.

26.    In response to the first sentence in paragraph 26 of the complaint, the Tax Ease Defendants admit that they subcontract certain work to Court Street USA, LLC, d/b/a Document Retrieval Network, but otherwise deny the allegations in the first sentence of paragraph 26 to the extent that they are inconsistent with this express admission.  The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 26 of the complaint.  In response to the third and fourth sentences of paragraph 26 of the complaint, the Tax Ease Defendants admit that Court Street USA has performed thousands of title searches for BGA since 2010, but state that BGA does not have a tabulation of the number of title searches performed for it by Court Street USA and does not have an estimate of any "average" amount charged by Court Street USA because different properties present different circumstances to evaluate, and, therefore, the Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third and fourth sentences of paragraph 26.  In response to the fifth sentence of paragraph 26 of the complaint, the Tax Ease Defendants admit that a title report relating to property owned by Rose Harper is attached to the complaint as Exhibit 5 and deny any allegations inconsistent with that exhibit.  The Tax Ease Defendants deny the allegations in the

sixth sentence of paragraph 26 of the complaint.

27.     The Tax Ease Defendants deny the allegations in paragraph 27 of the complaint.

28.     The Tax Ease Defendants deny the allegations in paragraph 28 of the complaint.

29.     The Tax Ease Defendants deny the allegations in paragraph 29 of the complaint, except that they admit that documents identified as Exhibits 6 and 7 are attached to the complaint and deny any allegations inconsistent with the exhibits.

30.     The Tax Ease Defendants deny the allegations in paragraph 30 of the complaint.

31.     The Tax Ease Defendants deny the allegations in paragraph 31 of the complaint, except that they admit that a document identified as Exhibit 8 is attached to the complaint and deny any allegations inconsistent with the exhibit.

32.     The Tax Ease Defendants deny the allegations in paragraph 32 of the complaint, except that they admit that a document identified as Exhibit 9 is attached to the complaint and deny any allegations inconsistent with the exhibit.

33.     The Tax Ease Defendants deny the allegations in paragraph 33 of the complaint, except that they admit that a document identified as Exhibit 10 is attached to the complaint and deny any allegations inconsistent with the exhibit.

34.     The Tax Ease Defendants deny the allegations in paragraph 34 of the complaint, except that they admit that TELS, TELI, BGA, and LDS maintain computer databases to track certain information and deny any allegation inconsistent with this express admission.

35.     The Tax Ease Defendants deny the allegations in paragraph 35 of the complaint, except that they refer to the unspecified "Kentucky law" referenced in paragraph 35 for its terms and deny any allegations inconsistent with that law.

36.     In response to the allegations in paragraph 36 of the complaint, the Tax Ease

Defendants admit that documents are attached to the complaint as Exhibit 11, deny any allegations inconsistent with those documents, and expressly deny Plaintiffs' characterization of the documents.

37.    The Tax Ease Defendants deny the allegations in paragraph 37 of the complaint.

38.    In response to the allegations in paragraph 38 of the complaint, the Tax Ease Defendants admit that Billy Sherrow and SSA have performed legal services on behalf of TELS and TELI, that the names of Sherrow and SSA accordingly "appear" in some correspondence sent on behalf of TELS and TELI, and that LDS performs various support services on behalf of SSA, but otherwise deny the allegations in paragraph 38 of the complaint.

39.    The Tax Ease Defendants deny the allegations in paragraph 39 of the complaint.

40.    The Tax Ease Defendants deny the allegations in paragraph 40 of the complaint, except that they refer to the complete record in the case purportedly cited in paragraph 40 and KRS 134.452 for their terms and deny any allegations in paragraph 40 that are inconsistent with the court record and the terms of KRS 134.452.

41.    In response to the allegations in paragraph 41 of the complaint, the Tax Ease Defendants admit that Trey Gulledge is currently the COO of TELS and that Mr. Gulledge signed the affidavit attached as Exhibit 12 to the complaint, and they otherwise refer to that affidavit for its terms and deny any allegations inconsistent with those terms.

42.    The Tax Ease Defendants deny the allegations in paragraph 42 of the complaint, except that they admit that Michelle Le is not an attorney, they admit that documents identified as Exhibits 13 and 14 are attached to the complaint and deny any allegations inconsistent with those documents, and they state that they lack knowledge or information sufficient to form a belief as to the truth of the allegation that Exhibit 13 was "obtained through subpoena of the

Lexington mailing vendor."

43.    The Tax Ease Defendants deny the allegations in paragraph 43 of the complaint, except that they refer to the unspecified "Kentucky law" referenced in paragraph 43 for its terms and deny any allegations inconsistent with those terms.

44.    The Tax Ease Defendants deny the allegations in paragraph 44 of the complaint, except that they admit that various documents identified as Exhibits 1, 18, 20, 23, 30, 31, and 32 are attached to the complaint and deny any allegations inconsistent with the terms of those documents.

45.    The Tax Ease Defendants deny the allegations in paragraph 45 of the complaint, including all subparts.

46.    The Tax Ease Defendants deny the allegations in paragraph 46 of the complaint.

47.    The Tax Ease Defendants deny the allegations in paragraph 47 of the complaint.

48.    The Tax Ease Defendants deny the allegations in paragraph 48 of the complaint, except that they admit that documents identified as Exhibits 7 and 15 are attached to the complaint, refer to those documents for those terms, and deny any allegations inconsistent with those terms.

49.    The Tax Ease Defendants deny the allegations in paragraph 49 of the complaint.

50.    The Tax Ease Defendants deny the allegations in paragraph 50 of the complaint.

51.    In response to paragraph 51 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot

and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

52.     In response to paragraph 52 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

53.     In response to paragraph 53 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

54.     In response to paragraph 54 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

55.     In response to paragraph 55 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper

and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

56.     In response to paragraph 56 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

57.     In response to paragraph 57 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

58.     In response to paragraph 58 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

59.     In response to paragraph 59 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by

the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

60.    In response to paragraph 60 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

61.    In response to paragraph 61 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

62.    In response to paragraph 62 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

63.    In response to paragraph 63 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the

Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

64.     In response to paragraph 64 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

65.     In response to paragraph 65 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

66.     In response to paragraph 66 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

67.     In response to paragraph 67 of the complaint, the Tax Ease Defendants state that

all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

68.     In response to paragraph 68 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

69.     In response to paragraph 69 of the complaint, the Tax Ease Defendants state that all claims asserted by Rose Harper and Deddo Goldsmith were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, Harper and Goldsmith are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

70.     The Tax Ease Defendants deny the allegations in paragraph 70 of the complaint, including the allegation that there is any "scheme."

71.     In response to paragraph 71 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to

the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

72.     In response to paragraph 72 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

73.     In response to paragraph 73 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

74.     In response to paragraph 74 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

75.     In response to paragraph 75 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper,

fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

76.     In response to paragraph 76 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

77.     In response to paragraph 77 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

78.     In response to paragraph 78 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

79.     In response to paragraph 79 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and

is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

80.     In response to paragraph 80 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

81.     In response to paragraph 81 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

82.     In response to paragraph 82 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

83.     In response to paragraph 83 of the complaint, the Tax Ease Defendants state that

Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint. Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case. Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

84.     In response to paragraph 84 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint. Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case. Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

85.     In response to paragraph 85 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint. Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case. Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

86.     In response to paragraph 86 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint. Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case. Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

87.     In response to paragraph 87 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

88.     In response to paragraph 88 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

89.     In response to paragraph 89 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent pursuant to Rule 12(f).

90.     In response to paragraph 90 of the complaint, the Tax Ease Defendants state that Habitat for Humanity of Metro Louisville, Inc. has never been joined as a party to this action and is not a party to the complaint.  Accordingly, any allegations pertaining to Habitat are improper, fail to comport with Rule 8, and are otherwise moot because Habitat was never made a party to the case.  Any allegations pertaining to Habitat should be stricken as immaterial or impertinent

pursuant to Rule 12(f).

91.     In response to paragraph 91 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

92.     In response to paragraph 92 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

93.     In response to paragraph 93 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

94.     In response to paragraph 94 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to

the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

95.     In response to paragraph 95 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

96.     In response to paragraph 96 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

97.     In response to paragraph 97 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

98.     In response to paragraph 98 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit

Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

99.      In response to paragraph 99 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

100.      In response to paragraph 100 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

101.      In response to paragraph 101 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

102.      In response to paragraph 102 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court

prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

103.    In response to paragraph 103 of the complaint, the Tax Ease Defendants state that all claims by Phillip and Karyn Julian were previously dismissed by the Jefferson Circuit Court prior to the realignment of the parties and bifurcation of the actions by the Jefferson Circuit Court and the subsequent removal by all Defendants.  Accordingly, the Julians are not parties to the complaint, and any allegations pertaining to them are moot and should be stricken as immaterial or impertinent pursuant to Rule 12(f).

104.    The Tax Ease Defendants deny the allegations in paragraph 104 of the complaint, except that they admit that TELS and TELI incur fees to "prepare and file complaints."

105.    The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the complaint.

106.    The Tax Ease Defendants admit the allegations in paragraph 106 of the complaint.

107.    In response to the allegations in paragraph 107 of the complaint, the Tax Ease Defendants admit that a document identified as Exhibit 22 is attached to the complaint, but state that the copy of the exhibit served on them contains an unreadable second page that makes it impossible to identify the complete exhibit.  The Tax Ease Defendants refer to the letter identified in paragraph 107 of the complaint for its terms and deny any allegations inconsistent with those terms, and they specifically deny Plaintiffs' characterizations of the letter as having violated any law.

108.    In response to the allegations in paragraph 108 of the complaint, the Tax Ease

Defendants admit that a document identified as Exhibit 22 is attached to the complaint, but state that the copy of the exhibit served on them contains an unreadable second page that makes it impossible to identify the complete exhibit. The Tax Ease Defendants refer to the letter identified in paragraph 108 of the complaint for its terms and deny any allegations inconsistent with those terms, and they specifically deny Plaintiffs' characterizations of the letter as having violated any law.

109.   The Tax Ease Defendants deny the allegations in paragraph 109 of the complaint.

110.   The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 110 of the complaint. In response to the allegations in the second and third sentences of paragraph 110 of the complaint, the Tax Ease Defendants admit that documents identified as Exhibit 23 are attached to the complaint, refer to those documents for their terms, and deny any allegations inconsistent with those terms, and specifically deny that any "overcharges" were sought from Brown.

111.   In response to the allegations in paragraph 111 of the complaint, the Tax Ease Defendants refer to the documents attached to the complaint as Exhibit 23 and deny any allegations inconsistent with those documents. The Tax Ease Defendants deny that Craig charged Brown for a complaint that had not been written.

112.   In response to the allegations in the first sentence of paragraph 112 of the complaint, the Tax Ease Defendants refer to the documents attached to the complaint as Exhibit 23 and deny any allegations inconsistent with those documents. The Tax Ease Defendants deny the remaining allegations in paragraph 112 of the complaint.

113.   In response to the allegations in paragraph 113 of the complaint, the Tax Ease Defendants refer to the settlement agreements referenced in paragraph 113 and deny any

allegations inconsistent with the agreements.

114.    The Tax Ease Defendants deny the allegations in paragraph 114 of the complaint.

115.     The Tax Ease Defendants deny the allegations in paragraph 115 of the complaint.

116.    The Tax Ease Defendants deny the allegations in paragraph 116 of the complaint.

117.    In response to paragraph 117 of the complaint, the Tax Ease Defendants admit that Brown paid TELI some of the amounts that he agreed to pay under his forbearance agreement and otherwise deny the allegations in paragraph 117.

118.    In response to the allegations in paragraph 118 of the complaint, the Tax Ease Defendants admit that a document identified as Exhibit 24 is attached to the complaint, refer to that document for its terms, and deny any allegations inconsistent with those terms, admit that TELI has received certain sums from Brown, deny that those sums are allocable to any particular line-item charge, and otherwise deny the allegations in paragraph 118.

119.    The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 119 of the complaint.  In response to the allegations in the second sentence of paragraph 119, the Tax Ease Defendants admit that TELI purchased certificates of delinquency associated with Cambron's unpaid taxes for the years 2004, 2005, 2006, and 2008, and deny any allegations inconsistent with this express admission.

120.    The Tax Ease Defendants deny the allegations in paragraph 120 of the complaint, except that the Tax Ease Defendants admit that copies of several letters are attached to the complaint as Exhibit 25, refer to those letters for their terms, and expressly deny any allegations inconsistent with those terms.

121.    The Tax Ease Defendants deny the allegations in paragraph 121 of the complaint,

except that the Tax Ease Defendants admit a copy of a complaint is attached to the complaint as Exhibit 26, refer to the exhibit for its terms, and expressly deny any allegations inconsistent with those terms.

122.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the complaint, except that they admit that a copy of an agreed judgment is attached to the complaint as Exhibit 27, refer to the agreed judgment for its terms, and deny any allegations inconsistent with those terms.

123.     In response to paragraph 123 of the complaint, the Tax Ease Defendants refer to the agreed judgment attached to the complaint as Exhibit 27 for its terms and deny any allegations inconsistent with those terms.

124.     In response to paragraph 124 of the complaint, the Tax Ease Defendants refer to the agreed judgment attached to the complaint as Exhibit 27 for its terms and deny any allegations inconsistent with those terms.

125.     The Tax Ease Defendants deny the allegations in paragraph 125 of the complaint.

126.     The Tax Ease Defendants deny the allegations in paragraph 126 of the complaint, except that they admit that documents identified as Exhibits 28 and 29 are attached to the complaint, refer to those exhibits for their terms, and expressly deny any allegations inconsistent with those terms.

127.     The Tax Ease Defendants deny the allegations in paragraph 127 of the complaint.

128.     The Tax Ease Defendants deny the allegations in paragraph 128 of the complaint.

129.     The Tax Ease Defendants deny the allegations in paragraph 129 of the complaint, except that the Tax Ease Defendants admit that Cambron signed the agreed judgment attached to the complaint as Exhibit 27.

130.     In response to the allegations in paragraph 130 of the complaint, the Tax Ease Defendants admit that Cambron paid amounts agreed upon in the agreed judgment and otherwise deny the allegations in paragraph 130 to the extent that they are inconsistent with this express admission.

131.     The Tax Ease Defendants deny the allegations in the first sentence of paragraph 131 of the complaint alleging the existence of any "victims" but admit that TELS and TELI purchase certificates of delinquency associated with different types of properties and arising from widely varying circumstances and otherwise deny the allegations in the first sentence of paragraph 131.  The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 131.

132.     The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the complaint, except that they deny the allegations in paragraph 132 referring to an effort to "get at" Leigh.

133.     In response to the allegations in paragraph 133 of the complaint, the Tax Ease Defendants admit that a document identified as Exhibit 30 is attached to the complaint, refer to that document for its terms, and deny any allegations inconsistent with those terms.  The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 that pertain to Leigh's apparent efforts to sell a particular parcel of property on which he failed to pay property taxes as required by law.

134.     In response to the allegations in paragraph 134 of the complaint, the Tax Ease Defendants refer to Exhibit 30 for its terms, deny any allegations inconsistent with those terms, and deny all allegations implying that any charge sought by TELS in Exhibit 133 was "illegal" or improper in any way.

135.    In response to paragraph 135 of the complaint, the Tax Ease Defendants admit that Exhibit 30 reflects that there was $126.54 in accrued interest at the time Exhibit 30 was prepared and deny the remaining allegations in paragraph 135.

136.    In response to the allegations in paragraph 136 of the complaint, the Tax Ease Defendants admit that they agreed to accept a lower sum than originally demanded in order to settle the certificate of delinquency at issue and otherwise deny the allegations in paragraph 136 to the extent that they are contrary to this express admission.

137.    In response to paragraph 137 of the complaint, the Tax Ease Defendants admit that documents identified as Exhibits 31 and 32 are attached to the complaint, refer to those documents for their terms, deny any allegations inconsistent with those terms, and otherwise deny the allegations in paragraph 137.

138.    The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the complaint, except that they deny that Leigh has suffered any injury.

139.    The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the complaint except that they admit that TELS purchased a certificate of delinquency resulting from Walther's failure to pay property taxes.

140.    The Tax Ease Defendants deny the allegations in paragraph 140 of the complaint, except that they admit that documents identified as Exhibit 33 are attached to the complaint and refer to those documents for their terms.

141.    The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the complaint, except that they admit

that a copy of a forbearance agreement between Walther and TELS is attached to the complaint as Exhibit 34, refer to that document for its terms, and deny any allegations inconsistent with those terms.

142. The Tax Ease Defendants deny the allegations in paragraph 142 of the complaint, except that they refer to Exhibit 34 to the complaint for its terms.

143. In response to the allegations in paragraph 143 of the complaint, the Tax Ease Defendants admit that Walther has made payments pursuant to his forbearance agreement but deny that he continues to pay anything.  The Tax Ease Defendants also admit that documents identified as Exhibit 35 are attached to the complaint, refer to those documents for their terms, and deny any allegations inconsistent with those terms.

144. In response to paragraph 144 of the complaint, the Tax Ease Defendants admit that Plaintiffs are seeking class certification but deny that class certification would be proper in this action.

145. In response to paragraph 145 of the complaint, the Tax Ease Defendants admit that Plaintiffs are seeking class certification but deny that class certification would be proper in this action and deny that the proposed class definition is appropriate.

146. In response to paragraph 146 of the complaint, the Tax Ease Defendants admit that Plaintiffs are seeking class certification but deny that class certification would be proper in this action and deny that the proposed class definition is appropriate.

147. The Tax Ease Defendants deny the allegations in paragraph 147 of the complaint, except that they admit that they have purchased more than 4,000 certificates of delinquency in Jefferson County since 2000 and that they have purchased certificates of delinquency in other counties as well.

148. The Tax Ease Defendants deny the allegations in paragraph 148 of the complaint, including all subparts.

149. The Tax Ease Defendants deny the allegations in paragraph 149 of the complaint.

150. The Tax Ease Defendants deny the allegations in paragraph 150 of the complaint.

151. The Tax Ease Defendants deny the allegations in paragraph 151 of the complaint.

152. The Tax Ease Defendants deny the allegations in paragraph 152 of the complaint.

153. The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 153 of the complaint.

154. The Tax Ease Defendants deny the allegations in paragraph 154 of the complaint, but admit that Plaintiffs have named them as defendants to a RICO claim.

155. The Tax Ease Defendants deny the allegations in paragraph 155 of the complaint.

156. The Tax Ease Defendants deny the allegations in paragraph 156 of the complaint.

157. The Tax Ease Defendants deny the allegations in paragraph 157 of the complaint.

158. The Tax Ease Defendants deny the allegations in paragraph 158 of the complaint, including all subparts.

159. In response to paragraph 159 of the complaint, the Tax Ease Defendants refer to KRS 134.452 and 134.490 for their terms, deny any allegations inconsistent with those terms, admit that TELS and TELI send statutorily-required letters as well as non-mandatory letters to property owners whose certificates of delinquency are purchased by TELS and TELI, admit that counsel for TELS and TELI may use the United States mail to effect service of process in some foreclosure cases, and otherwise deny any allegations in paragraph 159 that are inconsistent with these express admissions.

160. The Tax Ease Defendants deny the allegations in paragraph 160 of the complaint.

161.   The Tax Ease Defendants deny the allegations in paragraph 161 of the complaint.

162.   The Tax Ease Defendants deny the allegations in paragraph 162 of the complaint, except that they admit that TELS purchased over $250,000 worth of certificates of delinquency in Jefferson County in 2013.

163.   The Tax Ease Defendants deny the allegations in paragraph 163 of the complaint.

164.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 164 of the complaint.

165.   The Tax Ease Defendants deny the allegations in paragraph 165 of the complaint.

166.   The Tax Ease Defendants deny the allegations in paragraph 166 of the complaint.

167.   The Tax Ease Defendants deny the allegations in paragraph 167 of the complaint.

168.   The Tax Ease Defendants deny the allegations in paragraph 168 of the complaint.

169.   The Tax Ease Defendants deny the allegations in paragraph 169 of the complaint.

170.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 170 of the complaint.

171.   The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the complaint as they have no way of knowing what any particular putative class member's rights are with respect to a particular property, but the Tax Ease Defendants deny that they have committed any "unlawful interference" with any rights with respect to anyone.

172.   The Tax Ease Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 of the complaint as they have no way of knowing what any particular putative class member's rights are with respect to a particular property, but the Tax Ease Defendants deny that they have committed any improper acts with

respect to any rights with respect to anyone.

173.   The Tax Ease Defendants deny the allegations in paragraph 173 of the complaint.

174.   The Tax Ease Defendants deny the allegations in paragraph 174 of the complaint.

175.   The Tax Ease Defendants deny the allegations in paragraph 175 of the complaint.

176.   The Tax Ease Defendants deny the allegations in paragraph 176 of the complaint.

177.   The Tax Ease Defendants deny the allegations in paragraph 177 of the complaint.

178.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 178 of the complaint.

179.   The Tax Ease Defendants deny the allegations in paragraph 179 of the complaint.

180.   The Tax Ease Defendants deny the allegations in paragraph 180 of the complaint.

181.   The Tax Ease Defendants deny the allegations in paragraph 181 of the complaint.

182.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 182 of the complaint.

183.   The Tax Ease Defendants deny the allegations in paragraph 183 of the complaint.

184.   The Tax Ease Defendants deny the allegations in paragraph 184 of the complaint.

185.   The Tax Ease Defendants deny the allegations in paragraph 185 of the complaint.

186.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 186 of the complaint.

187.   The Tax Ease Defendants deny the allegations in paragraph 187 of the complaint.

188.   The Tax Ease Defendants deny the allegations in paragraph 188 of the complaint.

189.   The Tax Ease Defendants deny the allegations in paragraph 189 of the complaint.

190.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 190 of the complaint.

191.   The Tax Ease Defendants deny the allegations in paragraph 191 of the complaint.

192.   The Tax Ease Defendants deny the allegations in paragraph 192 of the complaint.

193.   The Tax Ease Defendants deny the allegations in paragraph 193 of the complaint.

194.   The Tax Ease Defendants deny the allegations in paragraph 194 of the complaint.

195.   The Tax Ease Defendants incorporate their responses to all previous paragraphs in response to paragraph 195 of the complaint.

196.   The Tax Ease Defendants deny the allegations in paragraph 196 of the complaint.

197.   The Tax Ease Defendants deny the allegations in paragraph 197 of the complaint.

198.   Any allegations not expressly admitted above are denied.

### FIRST AVOIDANCE OR AFFIRMATIVE DEFENSE

The complaint fails to state a claim on which relief can be granted.

### SECOND AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and voluntary payment.  Plaintiffs and members of the putative class defined in the complaint have agreed to pay amounts sought by TELS and TELI in a wide variety of ways (such as lump-sum or periodic payments, forbearance agreements and other settlements, agreed judgments, litigated judgments, and other means) with knowledge of the specific amounts (including all fees and charges) being sought.

### THIRD AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their voluntary settlement and/or release of any claims, and by the doctrine of accord and satisfaction.  Plaintiffs and members of the putative class defined in the complaint have entered into various agreed resolutions of claims by TELS and TELI.

## FOURTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Different Plaintiffs lack standing to assert some of their claims against some Tax Ease Defendants.  Based on Plaintiffs' own allegations, they cannot individually prove every element of every claim against every Tax Ease Defendant and cannot prove an individual injury caused by every Tax Ease Defendant.  Plaintiffs also lack standing to seek some of the relief sought in the complaint.  For example, no Plaintiff has standing to seek statutory penalties that would be due only to the Commonwealth of Kentucky.  Plaintiffs also lack standing to seek injunctive relief to the extent that they have no existing obligations to TELS or TELI arising from any certificates of delinquency.

## FIFTH AVOIDANCE OR AFFIRMATIVE DEFENSE

The claims of one or more Plaintiffs are barred by the doctrines of *res judicata* or collateral estoppel.  Many members of the putative class, like Cambron, have been involved in litigation in which issues relating to any fees or charges claimed by TELS or TELI were litigated or should have been litigated.

## SIXTH AVOIDANCE OR AFFIRMATIVE DEFENSE

The claims of some members of the putative class defined in the complaint are barred because any fees and charges obtained by TELS or TELI were determined and awarded as part of a judicial resolution of claims brought by TELS or TELI, and Plaintiffs cannot seek to overturn those judicial determinations here.

## SEVENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims, as well as claims by many putative class members, are barred by the applicable statutes of limitations.

## EIGHTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, losses, or damages, if any, were caused by the negligence, carelessness, fault, or omissions of third parties for which the Tax Ease Defendants have no responsibility.  Such conduct is a substantial contributing factor to any harm suffered by Plaintiffs.  The Tax Ease Defendants are entitled, at a minimum, to apportionment of fault and/or indemnity.

## NINTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative fault and by the failure to mitigate damages.  Plaintiffs failed to pay property taxes, which resulted in a certificate of delinquency, a lien on their properties, and TELS or TELI's subsequent right to enforce the purchased certificates and recover the amounts allowed by statute.  Plaintiffs failed to make any effort to satisfy their tax liabilities until various stages in TELS or TELI's enforcement efforts, resulting in the accrual of additional fees, charges, and interest.  Plaintiffs also ultimately chose to pay the amounts sought, including fees and charges, after being provided with line-item breakdowns of the amounts that TELS or TELI was seeking.  Claims by many members of the putative class defined in the complaint would be barred for similar reasons.

## TENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred to the extent that they seek an award of punitive damages that would not comport with due process and other requirements contained in the Constitution of the United States of America and the Constitution of the Commonwealth of Kentucky and the applicable statutes and case law.

## ELEVENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

Plaintiffs' fraud and RICO claims fail because Plaintiffs fail to allege fraud with sufficient particularity against all Tax Ease Defendants, as required by Rule 9(b).

## TWELFTH AVOIDANCE OR AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims rest on allegations made in pleadings or any other matters raised as part of the judicial process, the claims are barred by the Kentucky judicial statements privilege and/or the *Noerr-Pennington* doctrine.

## THIRTEENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims rest on allegations that any Tax Ease Defendant has sought and/or obtained unreasonable attorneys' fees, the Kentucky Rules of Professional Conduct set forth the requirements regarding reasonable attorneys' fees. Alleged violations of the Rules of Professional Conduct are not a valid basis for any private right of action by Plaintiffs or the class that they seek to represent.

## FOURTEENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

The Tax Ease Defendants affirmatively state that TELS and TELI have sought only the amounts, interest, fees (including attorneys' fees), and expenses authorized by the Kentucky General Assembly as being recoverable by third party purchasers of certificates of delinquency. The General Assembly has made an express statement of the policy underlying the authorization of such recovery in KRS 134.452(5):

> The General Assembly recognizes that third-party purchasers play an important role in the delinquent tax collection system, allowing taxing districts to receive needed funds on a timely basis. The General Assembly has carefully considered the fees and charges authorized by this section, and has determined that the amounts established are reasonable based on the costs of collection and fees and charges incurred in litigation.

## FIFTEENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

There is no personal jurisdiction over Phil Migicovsky in Kentucky.

## SIXTEENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

The Tax Ease Defendants state that there may be additional affirmative defenses or other

avoidances available against specific class members if a class is certified in this matter.  The Tax Ease Defendants may assert such defenses if and when a class is certified.

### SEVENTEENTH AVOIDANCE OR AFFIRMATIVE DEFENSE

The Tax Ease Defendants state that the foregoing defenses and avoidances are being asserted based on the Tax Ease Defendants' knowledge at this time and investigation to date.  If additional affirmative defenses or other avoidances are revealed in discovery or otherwise appear available during this action, the Tax Ease Defendants may assert such defenses as they become apparent or available.

WHEREFORE, the Tax Ease Defendants demand:

(1)     That the complaint against them be dismissed, in its entirety, with prejudice;

(2)     Costs incurred in this action;

(3)     Reasonable attorneys' fees pursuant to KRS 367.220(3) and any other applicable law; and

(4)     Any and all other relief to which they are entitled.

Respectfully submitted,

/s/ Chadwick A. McTighe
Joseph L. Hamilton (jhamilton@stites.com)
Marjorie A. Farris (mfarris@stites.com)
Chadwick A. McTighe (cmctighe@stites.com)
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
*Counsel for Tax Ease Lien Servicing, LLC, Tax Ease Lien Investments 1, LLC, Blue Grass Abstract, LLC, Lien Data Services, LLC, and Philip S. Migicovsky*

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June 2014, I served a copy of the foregoing through the ECF System for the United States District Court for the Western District of Kentucky, which will send an electronic notice of filing to:

John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville, KY 40202
jdwyer@zielkefirm.com
*Counsel for James Brown, Theresa Cambron, Philip Leigh, Emil Walther III, Rose Harper, Deddo Goldsmith, and Phillip and Karyn Julian*

Jerry N. Higgins
Terra L. Meek
LAW OFFICE OF JERRY N. HIGGINS, PLLC
3426 Paoli Pike
Floyds Knobs, IN 47119
jnh@jerryhigginslaw.com
*Counsel for Jamos Fund I, LP*

Ryan A. Schwartz
SHERROW, SUTHERLAND &
ASSOCIATES, P.S.C.
200 Southland Drive
Lexington, KY 40503
rschwartz@tripleslaw.com
*Counsel for Sherrow, Sutherland &*
*Associates, P.S.C. and Billy Sherrow*

J. Andrew White
Marion Wesley White Bldg.
734 S. First Street
Louisville, KY 40202
*Counsel for Hayden Craig & Grant,*
*PLLC n/k/a Craig Law Office, PLLC*
*and Richard Eric Craig*

Terri Geraghty
William P. O'Brien
Assistant County Attorneys
Fiscal Court Building
531 Court Place, Suite 900
Louisville, KY 40202
*Counsel for Commonwealth of Kentucky,*
*County of Jefferson*

David W. Brangers
David W. Brangers Law Office
436 South 7th Street
Louisville, KY 40203
*Counsel for Phillip and Karyn Julian*

I hereby certify that on the 16th day of June 2014, I served a copy of the foregoing via United States first class mail, postage prepaid, upon:

David J. Hale
U.S. Attorney's Office
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
*Counsel for Internal Revenue Service*

Michael B. Fox
Fox Law Office
185 W. Tom T. Hall Boulevard
P.O. Box 1450
Olive Hill, KY 41164-1450
*Counsel for Southern Tax Services/Mid*
*South Capital Partners*

Scott T. Roby
600 W. Main Street #100
Louisville, KY 40202
*Warning Order Attorney/Military*
*Attorney*

John E. Ramsey
THE MCDEER FIRM
Suite J-505
4355 Cobb Parkway
Atlanta, GA 30339
*Counsel for Vesta Holdings I, LLC*

/s/ Chadwick A. McTighe
Chadwick A. McTighe